# WilmerHale

**Randall R. Lee**

+1 213 443 5301 (t)
+1 213 443 5400 (f)
randall.lee@wilmerhale.com

December 21, 2018

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 619
New York, NY 10007

*SEC v. Honig, et al.*, 18 Civ. 8175 (S.D.N.Y.) (ER)

Judge Ramos:

We are counsel to Defendant Robert Ladd, and we write in opposition to the request by the SEC to extend the deadline to amend its complaint from January 4, 2019 to February 8, 2019.

The SEC filed its original complaint on September 7, 2018 without providing advance notice to Mr. Ladd or any of the other Defendants. This was highly unusual because the SEC did not provide Defendants with a so-called Wells notice, which would have allowed Mr. Ladd to respond in writing to the charges the SEC was contemplating.[1] Because the Commission did not have the benefit of a Wells Submission from any of the Defendants, it is not surprising that it approved the filing of a complaint containing serious factual errors. Despite our repeated requests, the SEC has refused to provide any explanation as to why it bypassed the Wells process in filing its complaint in this case.

After filing its complaint, the SEC took no further steps to prosecute this action until early December, when it determined that its complaint required amendment. On December 7, 2018, the Court granted the parties' stipulation proposing a January 4, 2019 deadline for the SEC to amend its complaint. (Mr. Ladd agreed to the stipulation because it established a specific date in

---

[1] *See* SEC Enforcement Manual, Section 2.4 (describing the Wells Process, which ordinarily allows individuals under investigation to submit a written Wells Submission to the Commission responding to the Staff's recommended charges before a complaint is filed), *available at* https://www.sec.gov/divisions/enforce/enforcementmanual.pdf.

WILMERHALE

Hon. Edgardo Ramos
December 21, 2018
Page 2


the near term for the SEC to file its amended complaint and included a reasonable briefing schedule for motions to dismiss.)  The January 4, 2019 deadline gave the SEC plenty of time—almost four months from the filing of the original complaint—to amend its allegations.  At this stage, any further extensions of time are unwarranted and will only delay the opportunity for Mr. Ladd to respond to the SEC's charges.

The reasons the SEC provides in support for an extension are not compelling.  Its letter states that an extension should be given because certain Defendants have agreed to settlements in principle that require Commission approval, and that the SEC is currently engaged in settlement discussions with other Defendants.  But it is common practice for selected defendants in an SEC enforcement action to settle charges with the SEC after a complaint is filed, and there is nothing preventing that from happening in this case after the SEC files its amended complaint on January 4, 2019.

The SEC's letter acknowledges that its deadline is rapidly approaching, requests a pre-motion conference, and asks to adjourn its deadline to file its amended complaint pending resolution of its request.  We respectfully submit that the Court may rule on the SEC's request for an extension of time based on the letters that have been submitted by the parties, obviating the need for a pre-motion conference or any temporary adjournment of the SEC's January 4, 2019 deadline.

Accordingly, Mr. Ladd opposes the SEC's request for an extension of time and respectfully submits that the parties should adhere to the deadline and briefing schedule ordered by the Court on December 7, 2018.  *See* Dkt. 65.


Respectfully submitted,

*/s/ Randall R. Lee*

Randall R. Lee
*Counsel for Defendant Robert Ladd*