UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                    Plaintiff,           :
                                         :          18 Civ. 8175 (ER)
          -- against --                  :
                                         :          ECF CASE
BARRY C. HONIG, JOHN STETSON,            :
MICHAEL BRAUSER, JOHN R. O'ROURKE III,   :
MARK GROUSSMAN, PHILLIP FROST,           :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,  :
JOHN H. FORD, ALPHA CAPITAL ANSTALT, ATG :
CAPITAL LLC, FROST GAMMA INVESTMENTS     :
TRUST, GRQ CONSULTANTS, INC.,            :
HS CONTRARIAN INVESTMENTS, LLC,          :
GRANDER HOLDINGS, INC., MELECHDAVID,     :
INC., OPKO HEALTH, INC.,                 :
SOUTHERN BIOTECH, INC., and              :
STETSON CAPITAL INVESTMENTS INC.,        :
                                         :
                    Defendants.          :

------------------------------------------------------------------- x

### FINAL JUDGMENT AS TO OPKO HEALTH, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant

OPKO Health, Inc. having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78m(d)] and Rule 13d-1(a)

promulgated thereunder [17 C.F.R. § 240.13d-1(a)] by failing to file with the Commission a

statement containing the information required by Schedule 13D (as provided in 17 C.F.R. §

240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of

more than five percent of any equity security of a class which is specified in Exchange Act Rule

13d-1(I) [17 C.F.R. § 240.13d-1(i)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

civil penalty in the amount of $100,000 to the Securities and Exchange Commission pursuant to

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this

payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; OPKO Health, Inc. as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest

on any delinquent amounts pursuant to 28 USC § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein, including, but not

limited to, the undertakings to:

> a.      Establish a "Management Investment Committee" that will make recommendations to an "Independent Investment Committee" of the Board of Directors to handle existing and future strategic minority investments for so long as Dr. Phillip Frost ("Frost") is a shareholder in or holds any management or board-level position at Defendant.
>
> b.      Within thirty (30) days of the date hereof,  retain an Independent Compliance Consultant ("ICC"), not unacceptable to the Commission staff to do the following:
>
> > (i)      Review, within forty-five (45) days of retention,  prior strategic minority investments by Defendant made at the suggestion of and in tandem with Frost and advise Defendant on whether filings under Exchange Act Section 13(d) in connection with such investments should be made or amended on the basis of a grouping of such investments by Defendant and Frost, Frost Gamma Investments Trust, The Frost Group LLC, and/or any members of Frost's immediate family.

3

     (ii)     Review, within forty-five (45) days of retention, Defendant's existing policies and procedures to determine whether they are sufficient to ensure compliance with Exchange Act Section 13(d).

     (iii)     Review, within forty-five (45) days of retention, the independence of the Management Investment Committee and Independent Investment Committee of the Board of Directors solely for purposes of the handling of strategic minority investments.

     (iv)     Report, within fifteen (15) days of completion of the ICC's work, findings on the issues set forth in Paragraphs III(b)(i)–(iii) above (including recommendations as to filings, amendments, improvements to policies and procedures and improvements to composition of the Management Investment Committee and Independent Investment Committee of the Board of Directors) to the Commission staff.

    c.     Implement, within thirty (30) days of receipt of the ICC's report, the ICC's recommendations.

    d.     Certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Michael Paley, Esq., with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

5

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,    :
    :
         Plaintiff,    :
    :    **18 Civ. 8175 (ER)**
    -- against --    :
    :    **ECF CASE**
BARRY C. HONIG, JOHN STETSON,    :
MICHAEL BRAUSER, JOHN R. O'ROURKE III,    :
MARK GROUSSMAN, PHILLIP FROST,    :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER, :
JOHN H. FORD, ALPHA CAPITAL ANSTALT, ATG :
CAPITAL LLC, FROST GAMMA INVESTMENTS    :
TRUST, GRQ CONSULTANTS, INC.,    :
HS CONTRARIAN INVESTMENTS, LLC,    :
GRANDER HOLDINGS, INC., MELECHDAVID,    :
INC., OPKO HEALTH, INC.,    :
SOUTHERN BIOTECH, INC., and    :
STETSON CAPITAL INVESTMENTS INC.,    :
    :
         Defendants.    :
------------------------------------------------------------------- x

### CONSENT OF DEFENDANT OPKO HEALTH, INC.

1.      Defendant OPKO Health, Inc. ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)      permanently restrains and enjoins Defendant from violations of Section 13(d) of the Securities Exchange Act ("Exchange Act") [15 U.S.C. § 78m(d)], and Rule 13d-1(a) thereunder [17 C.F.R. § 240.13d-1(a)];

(b)   requires Defendant to comply with the undertakings set forth in this

Consent and incorporated in the Final Judgment; and

(c)   orders Defendant to pay a civil penalty in the amount of $100,000 under

Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)].

3.      Defendant agrees that it shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

4.      Defendant undertakes to:

(a)   Establish a "Management Investment Committee" that will make

recommendations to an "Independent Investment Committee" of the

Board of Directors to handle existing and future strategic minority

investments for so long as Dr. Phillip Frost ("Frost") is a shareholder in or

holds any management or board-level position at Defendant.

(b)   Within thirty (30) days of the date of the Final Judgment, retain an

Independent Compliance Consultant ("ICC"), not unacceptable to

Commission staff to do the following:

(i)      Review, within forty-five (45) days of retention, prior
strategic minority investments by Defendant made at the

2

suggestion of and in tandem with Frost and advise Defendant on whether filings under Exchange Act Section 13(d) in connection with such investments should be made or amended on the basis of a grouping of such investments by Defendant and Frost, Frost Gamma Investments Trust, The Frost Group LLC, and/or any members of Frost's immediate family.

(ii)     Review, within forty-five (45) days of retention, Defendant's existing policies and procedures to determine whether they are sufficient to ensure compliance with Exchange Act Section 13(d).

(iii)    Review, within forty-five (45) days of retention, the independence of the Management Investment Committee and Independent Investment Committee of the Board of Directors solely for purposes of the handling of strategic minority investments.

(iv)    Report, within fifteen (15) days of completion of the ICC's work, findings on the issues set forth in Paragraphs 4(b)(i)-(iii) above (including recommendations as to filings, amendments, improvements to policies and procedures and improvements to composition of the Management Investment Committee and Independent Investment Committee of the Board of Directors) to Commission staff.

(c)     Implement, within thirty (30) days of receipt of the ICC's report, the

ICC's recommendations.

(d)     Certify, in writing, compliance with the undertakings set forth above.  The

certification shall identify the undertakings, provide written evidence of

compliance in the form of a narrative, and be supported by exhibits

sufficient to demonstrate compliance.  The Commission staff may make

reasonable requests for further evidence of compliance, and Defendant

agrees to provide such evidence.  Defendant shall submit the certification

and supporting material to Michael Paley, Esq., with a copy to the Office

of Chief Counsel of the Enforcement Division, no later than sixty (60)

3

days from the date of the completion of the undertakings.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty (30) days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations.  Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization.  This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that it shall not be permitted to contest the factual allegations of

the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the

complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendant does not admit the allegations of the complaint, or that this Consent

contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

OPKO HEALTH, INC.

Dated: __12/14/18__        By: _____

Steven D. Rubin
Executive Vice President, Administration
4400 Biscayne Blvd.
Miami, FL 33137

On December 14, 2018, Steven D. Rubin, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of OPKO Health, Inc. as its Executive Vice President, Administration.



_____
Diana M. Rosado
Notary Public in and for the State of Florida
Commission expires:   December 11, 2019

Approved as to form:

David Brodsky /MG        Matthew C. Solomon /MG
_____        _____
David Brodsky, Esq.        Matthew C. Solomon, Esq.
Cleary Gottlieb Steen & Hamilton LLP        Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza        2112 Pennsylvania Avenue, NW
New York, NY 10006        Washington, DC 20037

*Attorneys for Defendant*

7