UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
            Plaintiff,               :
                                     :    18 Civ. 8175 (ER)
    -- against --                    :
                                     :    ECF CASE
BARRY C. HONIG, JOHN STETSON,        :
MICHAEL BRAUSER, JOHN R. O'ROURKE III, :
MARK GROUSSMAN, PHILLIP FROST,       :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER, :
JOHN H. FORD, ALPHA CAPITAL ANSTALT, ATG :
CAPITAL LLC, FROST GAMMA INVESTMENTS :
TRUST, GRQ CONSULTANTS, INC.,        :
HS CONTRARIAN INVESTMENTS, LLC,      :
GRANDER HOLDINGS, INC., MELECHDAVID, :
INC., OPKO HEALTH, INC.,             :
SOUTHERN BIOTECH, INC., and          :
STETSON CAPITAL INVESTMENTS INC.,    :
                                     :
            Defendants.              :
------------------------------------------------------------------- x

**FINAL JUDGMENT AS TO ALPHA CAPITAL ANSTALT**

The Securities and Exchange Commission having filed a Complaint and Defendant Alpha Capital Anstalt having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of

any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $708,470.07, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $149,788.44, and a civil penalty in the amount of $50,000 pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. § 77t(d)(2)].  Defendant shall satisfy this obligation by paying $908,258.51 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Alpha Capital Anstalt as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

- a. Within forty-five (45) days of the date of the Final Judgment, retain an Independent Compliance Consultant ("ICC"), (not counsel for the Defendant in connection with the transactions alleged in the Complaint involving the Defendant, who would not be independent), not unacceptable to the Commission staff to do the following:

    - (i) Review, within sixty (60) days of retention, Defendant's policies and procedures respecting its investments in any penny stock (which is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 [17 C.F.R. § 240.3a51-1]) to determine whether they are sufficient to ensure Defendant's compliance with the federal securities laws in the purchase and sale of such securities;

    - (ii) Report, within fifteen (15) days of completion of the ICC's work, findings on the issues set forth above in Paragraph III(a)(i) (including recommendations as to enhanced policies and/or procedures) to the Commission staff.

- b. Implement, within thirty (30) days of receipt of the ICC's report, the ICC's recommendations.

- c. Certify, in writing, compliance with the undertaking(s) set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Michael Paley, Esq., with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,  :
  :
                        Plaintiff,  :
  :        18 Civ. 8175 (ER)
-- against --  :
  :        ECF CASE
BARRY C. HONIG, JOHN STETSON,  :
MICHAEL BRAUSER, JOHN R. O'ROURKE III,  :
MARK GROUSSMAN, PHILLIP FROST,  :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,  :
JOHN H. FORD, ALPHA CAPITAL ANSTALT, ATG  :
CAPITAL LLC, FROST GAMMA INVESTMENTS  :
TRUST, GRQ CONSULTANTS, INC.,  :
HS CONTRARIAN INVESTMENTS, LLC,  :
GRANDER HOLDINGS, INC., MELECHDAVID,  :
INC., OPKO HEALTH, INC.,  :
SOUTHERN BIOTECH, INC., and  :
STETSON CAPITAL INVESTMENTS INC.,  :
  :
                        Defendants.  :
------------------------------------------------------------------ x

## CONSENT OF DEFENDANT ALPHA CAPITAL ANSTALT

1. Defendant Alpha Capital Anstalt ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c)];

    (b)    requires Defendant to comply with the undertakings set forth in this Consent and incorporated in the Final Judgment;

    (c)    orders Defendant to pay disgorgement in the amount of $708,470.07, plus prejudgment interest thereon in the amount of $149,788.44; and

    (d)    orders Defendant to pay a civil penalty in the amount of $50,000 under Securities Act Section 20(d)(2) [15 U.S.C. §77t(d)(2)].

3.    Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.    Defendant undertakes to:

    (a)    Within forty-five (45) days of the date of the Final Judgment, retain an Independent Compliance Consultant ("ICC"), (not counsel for the Defendant in connection with the transactions alleged in the Complaint involving the Defendant, who would not be independent), not unacceptable to the Commission staff to do the following:

        (i)    Review, within sixty (60) days of retention, Defendant's policies and procedures respecting its investments in any penny stock (which is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities

2

        Exchange Act of 1934 [17 C.F.R. § 240.3a51-1]) to determine whether they are sufficient to ensure Defendant's compliance with the federal securities laws in the purchase and sale of such securities;

        (ii)    Report, within fifteen (15) days of completion of the ICC's work, findings on the issues set forth above in Paragraph 4(a)(i) (including recommendations as to enhanced policies and/or procedures) to the Commission staff.

    (b)    Implement, within thirty (30) days of receipt of the ICC's report, the ICC's recommendations.

    (c)    Certify, in writing, compliance with the undertaking(s) set forth above. The certification shall identify the undertaking(s), provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Michael Paley, Esq., with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

5.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty (30) days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 17. JAN. 2019

ALPHA CAPITAL ANSTALT

By: _____
Konrad Ackerman
Managing Director
Alpha Capital Anstalt
Lettstrasse 32
9420 Vaduz
Principality of Lichtenstein

On January, 2019, 17th, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Alpha Capital Anstalt as its _____.

NOTARIAT ARBON
Der Notar
_____
Notary Public
Commission expires: Not applicable (lifetime commission)

Official legalization see back of the page

Approved as to Form

_____
Andrew J. Levander
Dechert LLP
3 Bryant Park
New York, New York 10019
Attorney for Defendant

7

## Official legalization

Seen for legalization of the signature, given by Mister

**Konrad Georg Ackermann**, born February 05th, 1958, origin of Egnach TG, domiciled and resident in 9315 Neukirch (Egnach), Gristenbühl 1,

who is personally known to me.

CH-9320 Arbon, January 17th, 2019

**NOTARY PUBLIC**
NOTARIAT ARBON
Der Notar

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

ALPHA CAPITAL ANSTALT

Dated:_____

By: _____
Konrad Ackerman
Managing Director
Alpha Capital Anstalt
Lettstrasse 32
9420 Vaduz
Principality of Lichtenstein

On _____, 2019, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Alpha Capital Anstalt as its _____.

_____
Notary Public
Commission expires:

Approved as to Form

Andrew J. Levander
Dechert LLP
3 Bryant Park
New York, New York 10019
Attorney for Defendant