**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x
**SECURITIES AND EXCHANGE COMMISSION,**    :
                                                                            :
                                     **Plaintiff,**                    :
                                                                            :          **18 Civ. 8175 (ER)**
                     **-- against --**                                 :
                                                                            :          **ECF CASE**
**BARRY C. HONIG, JOHN STETSON,**          :
**MICHAEL BRAUSER, JOHN R. O'ROURKE III,** :
**MARK GROUSSMAN, PHILLIP FROST,**         :
**ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,** :
**JOHN H. FORD, ALPHA CAPITAL ANSTALT, ATG** :
**CAPITAL LLC, FROST GAMMA INVESTMENTS**   :
**TRUST, GRQ CONSULTANTS, INC.,**          :
**HS CONTRARIAN INVESTMENTS, LLC,**        :
**GRANDER HOLDINGS, INC., MELECHDAVID,**   :
**INC., OPKO HEALTH, INC.,**               :
**SOUTHERN BIOTECH, INC., and**            :
**STETSON CAPITAL INVESTMENTS INC.,**      :
                                                                            :
                                     **Defendants.**                   :
------------------------------------------------------------------------ x

**FINAL JUDGMENT AS TO DEFENDANT MELECHDAVID, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant

Melechdavid, Inc. having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1(a) promulgated thereunder [17 C.F.R. § 240.13d-1(a)] by failing to file with the Commission a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred, for five years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock (which is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1)]; provided, however, that such bar shall not prohibit Defendant from holding or selling the securities of, or providing additional funding to, any issuer whose securities are owned by Defendant as of the date of this Final Judgment; provided further, however, that, any sale of securities hereafter shall be limited to the number of shares of such issuer held by Defendant as of the date of this Final Judgment, and, furthermore, for any additional funding provided by Defendant hereafter to any such issuer, Defendant shall receive debt securities with no current or future equity conversion feature.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                              Plaintiff,     :
                                             :          **18 Civ. 8175 (ER)**
               -- against --                 :
                                             :          **ECF CASE**
BARRY C. HONIG, JOHN STETSON,                :
MICHAEL BRAUSER, JOHN R. O'ROURKE III,       :
MARK GROUSSMAN, PHILLIP FROST,               :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,      :
JOHN H. FORD, ALPHA CAPITAL ANSTALT, ATG     :
CAPITAL LLC, FROST GAMMA INVESTMENTS         :
TRUST, GRQ CONSULTANTS, INC.,                :
HS CONTRARIAN INVESTMENTS, LLC,              :
GRANDER HOLDINGS, INC., MELECHDAVID,         :
INC., OPKO HEALTH, INC.,                     :
SOUTHERN BIOTECH, INC., and                  :
STETSON CAPITAL INVESTMENTS INC.,            :
                                             :
                              Defendants.    :
------------------------------------------------------------------------ x

## CONSENT OF DEFENDANT MELECHDAVID, INC.

1.      Defendant Melechdavid, Inc. ("Defendant") acknowledges having been served

with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction

over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to

personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to

the entry of the final Judgment in the form attached hereto (the "Final Judgment") and

incorporated by reference herein, which, among other things:

> (a)     permanently restrains and enjoins Defendant from violation of Sections
>
>          5(a) and (c) and 17(a) of the Securities Act of 1933 ("Securities Act) [15

1

U.S.C. §§ 77e(a) and (c) and 77q(a)] and Sections 10(b) and 13(d) of the

Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)

and 78m(d)] and Rules 10b-5 and 13d-1(a) thereunder [17 C.F.R. §§

240.10b-5 and 240.13d-1(a)]; and

(b)     bars Defendant, for five years following the date of entry of the Final

Judgment, from participating in any offering of penny stock pursuant to

Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section

21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], except as specified

in the Final Judgment.

3.     Defendant waives the entry of findings of fact and conclusions of law pursuant to
Rule 52 of the Federal Rules of Civil Procedure.

4.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of
the Final Judgment.

5.     Defendant enters into this Consent voluntarily and represents that no threats,
offers, promises, or inducements of any kind have been made by the Commission or any
member, officer, employee, agent, or representative of the Commission to induce Defendant to
enter into this Consent.

6.     Defendant agrees that this Consent shall be incorporated into the Final Judgment
with the same force and effect as if fully set forth therein.

7.     Defendant will not oppose the enforcement of the Final Judgment on the ground,
if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and
hereby waives any objection based thereon.

8.     Defendant waives service of the Final Judgment and agrees that entry of the Final

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims

asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations.  Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization.  This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that it shall not be permitted to contest the factual allegations of

the complaint in this action.

10.      Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that it neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

MELECHDAVID, INC.

Dated: _1 - 18 - 2019_

By: _____

[Name of Signatory]  _MARK Grossman_
[Title]  _President_
[Address]  _5154 LA Goce Drive Miami Beach FL 33140_

On _Jan 18th_, 2019, _Mark Grossman_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of Melechdavid, Inc. as its _President_.

Notary Public State of Florida
Melanie Perello
My Commission GG 190623
Expires 02/27/2022

_____
Notary Public
Commission expires: _02/27/2022_

Approved as to form:

_____
Sean Hecker
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118

Attorneys for Defendant