# Cooley

Randall R. Lee                                                                                                                By ECF
+1 310 883 6485
randall.lee@cooley.com


May 7, 2019

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:  SEC v. Honig, et al., Case No. 1:18-cv-08175-ER (S.D.N.Y.)**

Dear Judge Ramos:

Earlier today, the parties jointly filed a report pursuant to Federal Rule of Civil Procedure 26(f).  As stated in the report, the parties were unable to reach agreement on a Discovery Plan and agreed to file separate statements describing their respective positions.  Defendant Robert Ladd submits this letter in support of his proposed Discovery Plan, which is attached as Exhibit 1.

The differences between Mr. Ladd's plan and the SEC's plan boil down to one principal issue: whether the Defendants should be allowed to proceed with discovery immediately, as Mr. Ladd believes is appropriate, and as the Federal Rules of Civil Procedure provide, or whether discovery should be stayed for anywhere from several months (in the case of document production) to up to seven months (in the case of written discovery), as the SEC proposes.  For the reasons described below, the desire of the government to delay discovery for many months – after conducting its own multi-year investigation – is highly irregular and unwarranted.

**Background**

The SEC's investigation of this case began in or before 2016.  Through its subpoena power and other investigative methods, the SEC has presumably gathered numerous documents and witness statements. On the basis of that investigation, the SEC filed a civil enforcement action against ten individual defendants and ten entity defendants on September 7, 2018, followed by an amended complaint on March 8, 2019. The very filing of that action by the SEC, along with its inflammatory press release, inflicted significant damage to Mr. Ladd's career and reputation.[1]  And thus far, *none* of the evidence collected by the SEC has been produced to the defense.

At Mr. Ladd's request, the SEC agreed to hold a Rule 26(f) conference to discuss a plan for discovery, which occurred on April 9, 2019.  During that conference, the SEC took the novel position that it would not promptly produce its investigative file, that requests for production of documents should not be served before July 23, 2019, and that it would not produce documents until after Labor Day.  *See* Ex. 2.  On April 17, 2019, Mr. Ladd served the SEC with his First Requests for the Production of Documents.  After the SEC took the position that Mr. Ladd's document request was premature because it believed the Rule 26(f)

---

[1] The SEC filed its action without providing any defendant with the opportunity to make a Wells submission, contrary to its longstanding practice, and refused to provide an explanation for that decision.



May 7, 2019
Page Two

conference had not "concluded," the parties held a second conference on April 23, 2019, after which the SEC acknowledged that the Rule 26(f) process was complete.  *See* Ex. 3.  The parties did not reach agreement on a discovery plan, and that evening, the SEC served five separate First Requests for Production of Documents on the remaining Defendants.  On April 24, 2019, Mr. Brauser served the SEC with First Requests for the Production of Documents.  Thus, both the SEC and multiple defendants are currently engaged in discovery, as contemplated by the Federal Rules of Civil Procedure.[2]

**Mr. Ladd's Proposed Discovery Plan**

*RFPs: Served no later than January 31, 2020*

Mr. Ladd's proposal allows the parties to promulgate RFPs as and when they believe appropriate, with a cut-off date of January 31, 2020, well before the proposed discovery cut-off of April 30, 2020.  As outlined above, fact discovery is currently open, and there are seven pending requests for production of documents.  Indeed, the SEC agreed that it must respond to Mr. Ladd's pending document request within 30 days of service.  *See* Ex. 3.  There is no basis under the Federal Rules, or otherwise, to interrupt and halt this process or to prevent the parties from promulgating RFPs at their discretion.

The SEC's proposal – that all parties be *prohibited* from serving any requests for production until July 23, 2019 – is unfair and unwarranted.  Under that highly irregular approach, the SEC informed the parties that it would not produce any documents until at least September 3, 2019 (almost a year after filing its complaint).  The only basis identified by the SEC during the Rule 26(f) conference was that it did not want the burden of producing documents during the same time that it was responding to Defendants' motions to dismiss.  Not only is that a meritless basis to delay its discovery obligations, it is no longer an issue: now that the briefing schedule for motions to dismiss has been moved back six weeks, the SEC has ample time to respond to Mr. Ladd's requests for production.

The unfairness of the SEC's proposal for document discovery is compounded by its proposed discovery cut-off of January 20, 2020, which unnecessarily narrows the window of time between when documents are produced and the close of fact discovery.  The SEC's proposal would leave only a few months for the SEC to complete its entire production, for Defendants to review the adequacy of that production, and for the parties to engage in any necessary motion practice.  Mr. Ladd's proposal, which calls for the SEC to respond to discovery requests as contemplated by the Federal Rules, provides an appropriate amount of time for the parties to identify, narrow, and resolve any issues.

*Interrogatories and Requests to Admit: Served no later than January 31, 2020*

Mr. Ladd's Discovery Plan proposes that interrogatories and requests to admit may be served no later than January 31, 2020.  This proposal allows the parties to begin promulgating written discovery as they deem appropriate, while also setting an outside deadline for doing so well before the proposed discovery cut-off of April 30, 2020.  This approach comports with the Court's standard form Civil Case Discovery Plan and Scheduling Order, which contemplates "no later than" dates for the various elements of discovery.  By contrast, the SEC's proposal would *prohibit* the parties from serving any requests for written discovery until "45 days prior to the fact discovery cut-off, or December 2, 2019."  Ex. 4.  This unconventional approach has no basis in either the Federal Rules or the Local Rules.

---

[2] The provisions of the Private Securities Litigation Reform Act staying discovery during the pendency of a motion to dismiss in a private securities class action do not apply to SEC enforcement actions.



May 7, 2019
Page Three

What's more, because the Federal Rules provide 30 days to respond to requests for discovery, the SEC's proposal that interrogatories may not be served until 45 days prior to the close of fact discovery would allow only 15 days for the parties to address any deficiencies and, if necessary, raise them with the Court. The SEC's proposal also would leave no time for any appropriate follow-up discovery requests.

*Contention Interrogatories Should be Permitted at Defendants' Discretion*

Mr. Ladd requests that Local Civil Rule 33.3 not apply to this case. After more than three years of investigation, the SEC has filed a 100-page complaint against 13 Defendants with fifteen different and often overlapping claims for relief under nearly twenty different statutory and regulatory provisions of the securities laws. Dkt. 105. Interrogatories are a practical and efficient way of obtaining information about the SEC's claims and contentions, and the SEC has cited no reason it cannot provide interrogatory responses about its claims and contentions now.

The Court's standard form Discovery Plan expressly contemplates that the constraints of Local Rule 33.3 may not be appropriate for every case. Indeed, this Court has ordered that this rule not apply, in multiple cases. *See, e.g., Severini v. Pennsylvania Higher Education Assistance Agency*, No. 18 Civ. 2775 (ER/KNF), Dkt. 11; *Shawnlee Construction LLC v. J.K. Scanlan Co., Inc.*, No. 12 Civ. 3346 (ER), Dkt. 15. Given the complexity and number of the charges and allegations, prohibiting contention interrogatories until 30 days prior to the discovery cut-off would make the litigation unnecessarily inefficient.

*Deposition Schedule*

Mr. Ladd has proposed a logical sequence for depositions in this case. Mr. Ladd proposes that all non-party depositions be completed by December 13, 2019, with party depositions to follow from February 10 to 28, 2020, and expert depositions to be completed by April 30, 2020. Mr. Ladd's proposal allows Defendants to review documents produced by the SEC, identify and depose non-party witnesses, and then schedule their own depositions during a pre-determined period well before the discovery cut-off. This approach will give Defendants sufficient time to review the documents to be produced by the SEC, eliminate time-consuming scheduling disputes, and provide all parties enough time to prepare for these significant depositions.

By contrast, because the SEC's proposal does not contain any specific window in its schedule for party depositions, it could serve deposition notices on Defendants immediately, before producing a single document or answering any written discovery about its claims and contentions. The fair and efficient approach is to conduct party depositions during a designated window of time near the end of fact discovery.

In sum, the SEC has had a three year head start on this case. Mr. Ladd simply asks for the opportunity to begin discovery promptly, as contemplated by the Federal Rules, and requests the opportunity to be heard on this issue at the initial conference. The government chose to file a case in federal court against Mr. Ladd over seven months ago. The Court should reject the government's attempts to delay and defer its discovery obligations any further.

Respectfully,

*/s/ Randall R. Lee*

Randall R. Lee



May 7, 2019
Page Four


Cc:   George Canellos, Milbank LLP, gcanellos@milbank.com
      Michael Sommer, Wilson Sonsini Goodrich & Rosati, msommer@wsgr.com
      Michael Osnato, Simpson Thacher & Bartlett LLP, michael.osnato@stblaw.com
      Dennis Richard, Richard and Richard, P.A., dennis@richardandrichard.com
      Gregory Morvillo, Orrick Herrington & Sutcliffe LLP, gmorvillo@orrick.com