# EXHIBIT 2

# Cooley

Randall R. Lee                                                                                                                                          By Email
+1 310 883 6485
randall.lee@cooley.com

April 16, 2019

Nancy A. Brown, Esq.
Katherine Bromberg, Esq.
U.S. Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022

**Re:** SEC v. Honig, et al., Case No. 1:18-cv-08175-ER (S.D.N.Y.)

Dear Ms. Brown and Ms. Bromberg:

We write on behalf of Defendant Robert Ladd as a follow-up to the parties' April 9, 2019 conference pursuant to Federal Rule of Civil Procedure 26(f). In particular, we write to respond to the Commission's position on the discovery plan that Defendants proposed prior to the Rule 26(f) conference.

Defendants' proposal, which we provided to you on March 28, envisioned that, among other things, the Commission would produce the non-privileged portions of its investigative file by April 17, 2019, and that initial requests for production would be served by May 31, 2019. Under the plan, the majority of fact discovery would be completed by the end of 2019. As we explained in the Rule 26(f) conference, this proposal was based on our experience in other cases we have litigated against the Commission, in which it has promptly produced its investigative file following the Rule 26(f) conference.

During the Rule 26(f) conference, however, and in the comments on Defendants' proposed plan that you sent on April 10, the Commission took the novel position that it would not produce its investigative file absent a request for production, and that requests for production should be served "no earlier than" July 23, 2019 – three-and-a-half months after the Rule 26(f) conference, and nearly one year since the Commission filed its Complaint. The Commission also stated at the conference that it would not agree to produce documents until "after Labor Day." Similarly, the Commission proposed that interrogatories and requests to admit could be served "no earlier than" December 2, 2019, which would mean that written discovery responses would be provided no earlier than 2020.[1]

The Commission's position seeking to delay the production of any documents until nearly one year after it filed the Complaint is unreasonable and untenable. During the Rule 26(f) conference, the Commission did not articulate any reason for its unwillingness to produce promptly documents it has already collected in the course of its investigation, except to state that it did not want to have to produce documents while also working on the motion to dismiss briefing. That rationale has no basis in the facts or the law.

---

[1] We note that the Court's template for a discovery plan does not even contemplate that any element of discovery would occur "no earlier than" a particular date. Rather, the Court's template provides for each element of discovery to occur "no later than" a particular date. The Court's template thus illustrates that the Commission's novel proposal is entirely inappropriate.

# Cooley

Nancy Brown
April 16, 2019
Page Two

As you know, the Commission issued its Formal Order of Investigation in the matter of Mr. Ladd's employer, MGT Capital, in June 2016, nearly three years ago.  The Commission filed its initial complaint on September 7, 2018, and its Amended Complaint on March 8, 2019.  For at least the last three years, and likely longer, the Commission has amassed documents and evidence that relate to the allegations in the Complaint and the Amended Complaint.  Yet, to date, the Commission has refused to produce a single document from its investigation, and now proposes an additional delay of five more months, until after Labor Day, despite repeated requests by Mr. Ladd.

By letter dated September 18, 2018, Mr. Ladd requested that the Commission participate in a conference pursuant to Federal Rule of Civil Procedure 26(f) during the week of September 24, 2018.  Mr. Ladd requested that the Commission produce basic discovery—the non-privileged portions of its investigative file—prior to the conference.  In response, the Commission did not agree to hold a Rule 26(f) conference in September 2018 and declined to provide an alternative date.  The Commission also refused to produce its investigative file to Mr. Ladd until "required" to do so.

The Commission then advised that it planned to amend its complaint, and Mr. Ladd consented to a date for that amendment.  Now, having filed its amended complaint, and despite having been on notice since September 2018 of Mr. Ladd's request for the Commission's investigative file, the Commission has proposed to *begin* producing documents *in September 2019*, five months after the Rule 26(f) conference and one year since bringing this action.  The Commission has also proposed that written discovery, in the form of responses to interrogatories and requests for admission, not commence until 2020.

The Commission determined when to initiate this case and, having filed its complaint, it must be prepared to litigate it.  Yet the Commission's proposed discovery schedule suggests that the Commission is unprepared to litigate the case on its merits.  At each step, the <u>Defendants</u> have had to push for the case to advance in the litigation process.

The Commission's refusal to commence discovery in a timely manner has been, and remains, severely prejudicial to Mr. Ladd, particularly in light of the unorthodox manner in which the Commission commenced this action in the first place.  As you know, the Commission filed this action without providing Mr. Ladd with an opportunity to make a Wells submission – a startling and unjustified departure from normal procedure.  What's worse, the Commission issued an inflammatory and inaccurate press release trumpeting the filing of the Complaint.  The result is that, since September 2018, Mr. Ladd has been a named party in a complaint that alleges knowing violations of the securities laws.  This has had a serious and damaging effect on Mr. Ladd's reputation and ability to pursue his career.  Yet at the same time, the Commission has refused to afford Mr. Ladd the process he deserves when accused of serious wrongdoing, by declining promptly to provide documents gathered during its investigation so that Mr. Ladd can prepare his defense.

In the spirit of compromise, and in response to certain of the Commission's concerns, we enclose a modified proposed discovery plan for your consideration.  Please let us know as soon as possible whether you will agree to our proposed plan or if you believe it would be fruitful to discuss the timing for discovery further.  Otherwise, we will assume there is no agreement and will proceed in accordance with the Federal Rules of Civil Procedure.

Finally, during the Rule 26(f) conference you volunteered to prepare a draft of the Rule 26(f) statement to be submitted to the Court.  By our calculation, that statement must be submitted by April 23.  Please let us know when you anticipate circulating a draft.  To the extent the parties are not in agreement as to the timing for discovery, we suggest that the Commission and any Defendant that opposes the Commission's plan for discovery each have up to two pages in the Rule 26(f) statement (single-spaced) to outline their respective positions for the Court.



Nancy Brown
April 16, 2019
Page Three

Very truly yours,

*/s/ Randall R. Lee*

Randall R. Lee


Cc:     George Canellos, Milbank LLP, gcanellos@milbank.com
        Michael Sommer, Wilson Sonsini Goodrich & Rosati, msommer@wsgr.com
        Michael Osnato, Simpson Thacher & Bartlett LLP, michael.osnato@stblaw.com
        Dennis Richard, dennis@richardandrichard.com
        Gregory Morvillo, Orrick Herrington & Sutcliffe LLP, gmorvillo@orrick.com