

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

May 7, 2019

**Via ECF and UPS Overnight**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    SEC v. Honig, et al.;
              No. 18 Civ. 8175 (ER)

Dear Judge Ramos:

    We represent the Plaintiff, Securities and Exchange Commission ("Commission"), in this action. We write to present the Commission's proposed Discovery Schedule. While we typically discuss these matters in the parties' Joint Rule 26(f) Conference Report, we have acceded to the Defendants' request that we do so by individual correspondence with the Court.

    The Commission's schedule largely tracks the original proposal presented to us by Defendants in that both set a ten month discovery schedule.[1] For fact discovery, it begins with the exchange of document requests, and closes six months later on January 20, 2020.[2] Expert discovery, if any, would begin in early February with the exchange of Expert reports, and conclude by April 1, 2020.

    Since Defendants Ladd and Brauser, and the Commission have already served Rule 34

---

[1] Defendants offered two proposed Discovery Plans with the first delivered on March 28, 2019 and the second on April 16, 2019. Both call for an eleven month discovery period, although both Plans required that the Commission immediately produce its "investigative file," subjecting the Commission to early and unilateral discovery obligations.

[2] Because Defendant Ladd already served document requests as of April 23, 2019, pursuant to Fed. R. Civ. P. 26(d)(1), the discovery period is actually three months longer than that contemplated by the Commission's Discovery Plan, but only because it begins earlier. The Commission proposed delaying the start of document discovery until briefing on the Motions to Dismiss was complete. Now that those Motions have been pushed back (DE 117), the Commission does not object to the beginning of document discovery now, even though no Initial Disclosures have been exchanged, no Rule 16(b) Conference with the Court has been scheduled, and no Scheduling Order issued.

Requests,[3] two main areas of disagreement remain: (1) the timing of written discovery in the form of Interrogatories and Requests to Admit; and (2) the timing of Defendants' depositions.

Written Discovery Should Be Preceded by Document Requests and Depositions

The Commission has proposed that written discovery in the form of Interrogatories and Requests to Admit be reserved for the latter period of the fact discovery period, and the Commission does not agree to waive the restrictions of Local Civil Rule 33.3. "The Local Rules reflect a preference for other forms of discovery, such as depositions and document requests. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ('District Courts have also typically treated oral depositions as a means of obtaining discoverable information that is preferable to written interrogatories.') . . . [Local Rule 33.3] establish[es] a policy that most discovery should be conducted through depositions and documents requests . . . " Erchonia Corp. v. Bissoon, 07 Civ. 8696 (DLC), 2011 WL 3904600, at *7-8 (S.D.N.Y. Aug. 26, 2011), aff'd, 458 F. App'x 58 (2d Cir. 2012). While courts in the Southern District hold that contention interrogatories should not be permitted until *after* the close of fact discovery, e.g. In re Facebook, Inc., 12 Civ. 2389 (RWS), 2016 WL 5080152, at *3-4 (S.D.N.Y. July 7, 2016) (collecting cases), the Commission has proposed allowing the parties to serve all interrogatories 45 days *prior* to the close of fact discovery.

The Commission believes that the most efficient discovery schedule will follow the long-standing practice in this District that favors document exchange followed by depositions, with written discovery in the form of Requests to Admit and Interrogatories exchanged at the end of the period when the facts have been more fully developed.

The Defendants' Depositions Should Not Be Restricted to a Three Week Period at the End of Fact Discovery

Defendants' current proposed Discovery Plan provides that Defendants' depositions be restricted to the last weeks of the fact discovery period in February 2020 – a little less than a year from now – and calls for all 11 of them (both individual and corporate) to be scheduled in a three week period. During the parties' Rule 26(f) conference, Defendant Ladd argued that the restriction was necessary because the Commission had not given Defendants the opportunity to make a Wells submission prior to bringing charges, although he did not explain how that would affect any Defendant's deposition testimony or its timing. He also argued that depositions should follow the Defendants' receipt of documents and written discovery from the Commission because both would help them prepare for their depositions. But since the Commission's case is built largely on documents in Defendants' custody and control, including emails and trading records, Ladd's assertion that Defendants need written discovery before they sit for depositions

---

[3] The Commission served its own Document Requests on April 23, 2019 to ensure that all parties were on the same discovery schedule and that discovery would be reciprocal. In our Rule 26(f) Conference, none of the Defendants was willing to say whether he would assert an "act of production privilege" under the Fifth Amendment until he saw the Commission's Document Requests. Accordingly, the Commission served its Requests so that Defendants could make that choice.

Hon. Edgardo Ramos  May 7, 2019
Page 3

is perplexing. And the Commission's proposed Discovery Plan already contemplates the exchange of documents prior to the start of depositions.

In short, Defendant Ladd offers no reason why these Defendants are in any different position from any other defendant in cases filed in this District, or why the Commission should be precluded from taking their depositions until the end of the discovery period.

For the Court's convenience, the Commission submits the comments it made to Defendants' initial proposed Discovery Plan as Exhibit A. As Exhibit B, the Commission submits a clean version of its proposed Discovery Plan. The Commission is available for a Rule 16(b) Conference at the Court's convenience.

Respectfully submitted,

*/s/ Nancy A. Brown*

Nancy A. Brown

Enclosures

cc: All Defendants via email