UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
:
              **Plaintiff,**  :
:
     – against –  :
:
BARRY C. HONIG, MICHAEL BRAUSER,  :
JOHN STETSON, JOHN R. O'ROURKE III,  :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,  :
JOHN H. FORD, ATG CAPITAL LLC, GRQ  :
CONSULTANTS, INC., HS CONTRARIAN  :
INVESTMENTS, LLC, GRANDER HOLDINGS, INC., :
and STETSON CAPITAL INVESTMENTS INC.,  :
:
              **Defendants.**  :
------------------------------------------------------------------x

**MEMO ENDORSED**

18 Civ. 8175 (ER)

ECF CASE

> An initial conference is scheduled for May 15, 2019, at 10:30 a.m.
>
> It is SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 5/8/2019
> New York, New York

## PARTIES' JOINT RULE 26(f) REPORT

Pursuant to Fed. R. Civ. P. 26(f), the parties present the following report regarding case management issues and a plan for discovery. As detailed below, the parties have conducted a Rule 26(f) conference, but are unable to agree on a plan for discovery and will therefore submit separately their scheduling proposals to the Court later today.

    **1.**    **Magistrate Judge**

The parties do not consent to conduct all further proceedings before a Magistrate Judge.

    **2.**    **Jury**

The parties agree that this case shall be tried before a jury.

    **3.**    **Initial Disclosures**

The parties agree that initial disclosures will be served on May 13, 2019.

4. **The possibilities for promptly settling or resolving the case**

The parties do not believe there is a possibility of a prompt settlement of this case, although the Commission has noted its willingness to discuss settlement with any Defendant.

5. **Preserving discoverable information and the Manner of Production**

The parties identified no issues regarding preservation of electronically stored information and the manner of production.

6. **Subjects of Discovery**

The parties discussed certain subjects about which discovery may be needed, including the allegations in the Complaint, the financings and co-investors referenced therein, trading by investors in the relevant securities, the SEC's interpretation of Section 13(d) of the Securities Exchange Act of 1934 and its development of associated rules, and any potential advice of counsel defense Defendants may assert in any Answer that will be filed after the Motions to Dismiss are resolved.

The parties also discussed the potential effects on discovery if any Defendant asserted a Fifth Amendment "act of production" privilege. The Defendants indicated that it was premature to discuss whether they will or will not assert such a defense prior to service of document requests.

7. **Protective Order**

The parties discussed the need for a protective order. The parties anticipate that they will submit a confidentiality stipulation for the Court's consideration prior to production of documents to protect confidential and personal identifying information.

## 8. Depositions

The Defendants contemplate that the 10 deposition limitation in Fed. R. Civ. P. 30(a)(1) and (2) on the number of Defendants' depositions may have to be modified in this case. The parties will endeavor to reach agreement on the number of depositions Defendants will need, and the parties will prepare and submit a stipulation to the Court for its approval if they are able to reach agreement.

## 9. Plan for Discovery

On March 28, 2019, Defendants made a written proposal relating to a plan for discovery. The parties met-and-conferred on discovery issues on April 9, 2019.[1] Plaintiff provided Defendants with a counterproposal on April 10, 2019, and Defendant Ladd provided the parties with a revised proposal on April 16, 2019. The parties met-and-conferred on discovery issues again on April 23, 2019.

At the April 23, 2019 telephonic conference, Defendant Brauser noted his agreement to Defendant Ladd's proposal, under which discovery may proceed immediately. The Commission's proposal called for the parties to exchange Rule 34 document requests immediately after the contemplated Motions to Dismiss are fully briefed (which was then July 23, 2019). Defendants Honig, Stetson and O'Rourke agreed with the Commission's proposal to

---

[1] The following parties participated in the Rule 26(f) conference: Plaintiff Securities and Exchange Commission (the "Commission"); Defendant Robert Ladd; Defendants John Stetson, Stetson Capital Investments, Inc., and HS Contrarian Investments, LLC; Defendants Barry Honig, and GRQ Consultants, Inc.; Defendants Michael Brauser and Grander Holdings, Inc.; and Defendants John R. O'Rourke III and ATG Capital LLC. Defendants Elliot Maza, Brian Keller and John H. Ford did not participate in the call. Each has consented to a partial Judgment on his liability, leaving resolution of the Commission's monetary relief claims to a later date. See Docket Entries 28 (Ford); 110 (Maza); and 113 (Keller).

start discovery after completion of briefing, but agreed with other aspects of Defendant Ladd's April 16, 2019 proposal.

The parties have been unable to resolve their differences with respect to the timing and mechanisms for discovery. Defendant Ladd proposed that the parties file separate letters of no more than two-and-a-half, single-spaced pages (plus any exhibits) setting out their respective proposed discovery plans, and any facts or arguments supporting such proposals. The Commission agreed to the proposal and no other Defendant objected.

**10.    Rule 16 Conference**

The parties are all available for a Rule 16 conference at a time of the Court's convenience on May 15 or the afternoon of May 22. The parties are also available on the following dates:

| | |
|---|---|
| Plaintiff SEC: | Any day between May 8, 2019 and May 10, 2019; May 15, 22, 23, and 24. |
| Defendant Ladd: | May 15, 16, 17, 21, 22, 23, 24, 29, 30 |
| Defendant Brauser: | May 15, 22 (afternoon), 23 (morning) |
| Defendant Stetson: | May 15, 20, 21, 22, 24, 29, 30 |
| Defendant Honig: | Any of the above dates except May 24 |
| Defendant O'Rourke: | Any day between May 13 through June 7 |

Dated: New York, New York
      May 7, 2019

Respectfully submitted,

| | |
|---|---|
| JOHN STETSON, HS CONTRARIAN INVESTMENTS, LLC, and STETSON CAPITAL INVESTMENTS INC. | SECURITIES AND EXCHANGE COMMISSION |

By:     */s/ George Canellos*
      George Canellos
Milbank LLP
55 Hudson Yards
New York, New York 10021-2163
212-530-5000

Attorneys for Defendants John Stetson, HS Contrarian Investments, LLC, and Stetson Capital Investments Inc.

By:     */s/ Nancy A. Brown*
      Nancy A. Brown
200 Vesey Street
Suite 400
New York, NY 10281
212-336-1023

Attorneys for Plaintiff Securities and Exchange Commission

BARRY C. HONIG and GRQ CONSULTANTS, INC.

MICHAEL BRAUSER and GRANDER HOLDINGS, INC.

By:     */s/ Michael Osnato*
      Michael Osnato
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
212-455-2200

Attorneys for Defendants Barry C. Honig and GRQ Consultants, Inc.

By:     */s/ Dennis Richard*
      Dennis Richard, Esq.
Richard and Richard, PA
Tower III – 17th Floor
825 Brickell Bay Drive
Miami, FL 33131
305-374-6688

Attorneys for Defendants Michael Brauser and Grander Holdings, Inc.

| JOHN R. O'ROURKE III and ATG CAPITAL LLC | ROBERT LADD |
|---|---|
| By: _/s/ Gregory Morvillo_<br>Gregory Morvillo<br>Orrick, Herrington & Sutcliffe LLP<br>51 W. 52nd Street<br>New York, NY  10019-6142<br>212-506-3552 | By: _/s/ Randall R. Lee_<br>Randall R. Lee<br>Cooley LLP<br>1333 2nd Street<br>Santa Monica, CA  90401<br>310-883-6400 |
| Attorneys for Defendants John R. O'Rourke III and ATG Capital LLC | Attorneys for Defendant Robert Ladd |