# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
:
                **Plaintiff,** :
: 18 Civ. 8175 (ER)
– against – :
: ECF CASE
BARRY C. HONIG, MICHAEL BRAUSER, :
JOHN STETSON, JOHN R. O'ROURKE III, :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER, :
JOHN H. FORD, ATG CAPITAL LLC, GRQ :
CONSULTANTS, INC., HS CONTRARIAN :
INVESTMENTS, LLC, GRANDER HOLDINGS, INC., :
and STETSON CAPITAL INVESTMENTS INC., :
:
                **Defendants.** :
---------------------------------------------------------------x

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
RESPONSES TO THE FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS OF DEFENDANT ROBERT LADD**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules"), Plaintiff Securities and Exchange Commission ("Commission") hereby responds to First Request for Production of Documents to Plaintiff (the "Requests") of Defendant Robert Ladd ("Defendant") as follows:

**PRELIMINARY STATEMENT**

1. The Commission reserves the right at any time to revise, supplement, correct, clarify, or add to its responses and objections, or to revise, supplement, correct, clarify, or add to any production of documents made in response to the Requests, as the Commission deems necessary and appropriate as additional facts are ascertained and documents collected in the course of this litigation.

1

2. The Commission's responses and objections do not constitute an admission or acknowledgement that any particular document, thing or fact exists, is relevant, non-privileged, or admissible in evidence, or that any statement or characterization of the facts, events, circumstances, or issues described in the Requests is relevant, accurate, or complete.

3. The Commission makes these responses and objections subject to, and without waiving, all objections as to competence, relevance, materiality, propriety, privilege, authenticity, or admissibility, and any and all other objections on any grounds that may be applicable at a trial of this action or any other proceeding, all of which objections and grounds the Commission expressly reserves and may interpose at any time in this action or in any other proceeding.

## **GENERAL OBJECTIONS**

The Commission asserts the following objections to the Requests in their entirety:

1. The Commission objects to the Requests, including the Definitions and Instructions, to the extent that they seek to expand upon or alter, or are inconsistent with, the Commission's disclosure obligations under the Federal Rules of Civil Procedure, the Local Civil Rules, other applicable law or rules or Orders entered in this matter. The Commission will respond to the Requests to the extent required by the Federal Rules of Civil Procedure, the Local Civil Rules, other applicable law or rules, and the terms of the Court's Orders.

2. The Commission objects to the Requests, including the Definitions and Instructions, to the extent they seek documents or information outside the time period relevant to this action or that post-date the filing of the Commission's Complaint or Amended Complaint (collectively, "Complaint") in this action, except as otherwise required by the Federal Rules of Civil

Procedure. The production of any documents or information by the Commission that pre-date or post-date the relevant time period shall not be deemed to constitute a waiver of this objection.

3. The Commission objects to the Requests to the extent they seek documents and information not within the Commission's possession, custody or control or are more appropriately sought from third parties or other sources to whom requests for documents may be directed.

4. The Commission objects to the Requests to the extent that they seek documents and information that are publicly available or are equally available to, or within the possession, custody or control of Defendant.

5. The Commission objects to the Requests to the extent that they seek documents that are not relevant to any party's claims or defenses and that they are not proportional to the needs of the case.

6. The Commission objects to the Requests to the extent they are overly broad, duplicative, unduly burdensome, ambiguous, vague, seek information that is not described with reasonable particularity or accurately premised, lack a readily discernible meaning, or require the Commission to speculate as to the information sought.

7. The Commission objects to the Requests to the extent that they seek information protected by any privilege, protection or immunity, including without limitation the attorney-client privilege, work product doctrine, deliberative process privilege, common interest privilege, confidential informant privilege, or law enforcement privilege. To the extent that documents or information that are protected from disclosure are inadvertently disclosed in response to the Requests, such disclosure shall not constitute a waiver of any privilege or any other ground for objection with respect to such document or any other document, or with respect to the subject

matter thereof, or with respect to the information contained therein. Inadvertent production of such documents shall not waive the Commission's right to object to the use of such documents or information contained therein during any subsequent proceeding, whether related to this case or not. Upon the Commission's notification to Defendant of such inadvertent disclosure, or upon discovery thereof, Defendant shall promptly return to the Commission and refrain from using, sharing or disclosing such documents and copies thereof, and shall also destroy any electronic versions of such documents in Defendant's custody, control or possession.

8. The Commission objects to the Requests to the extent that they require the Commission to respond by compiling, analyzing, computing, and/or summarizing voluminous data or information on the ground that they are unduly burdensome. The Commission further objects to the Requests to the extent that responding to them would entail unreasonable expense by the Commission.

9. The Commission objects to the Requests to the extent that they ask the Commission to segregate or otherwise identify documents differently from the manner in which the Commission keeps its documents in the usual course of its recordkeeping. The Commission is producing documents in the manner in which it received them during its investigation of this case, in a searchable electronic format.

10. The Commission objects to the Requests to the extent that they purport to require the Commission to produce documents in an electronic or other format not previously agreed upon by Defendants and the Commission.

11. The Commission objects to the definition of "Plaintiff," "SEC," "You," and "Your" to the extent that it purports to include within its scope Commission divisions, offices, and

persons not involved in the Commission's investigation and litigation of this matter, and is therefore overly broad and unduly burdensome.

12. The Commission objects to the Requests as overbroad and not proportional to the needs of the case to the extent that they seek documents that do not concern *SEC v. Honig, et al.*, 18 Civ. 8175 (ER) (S.D.N.Y.) ("*SEC v. Honig*"), or the investigations that led to the filing of the Complaint, either because such documents pre-date the events at issue in *SEC v. Honig*, concern matters otherwise unrelated to *SEC v. Honig*, or both. The Commission is producing to Defendants all non-privileged documents concerning *SEC v. Honig*. For the purpose of the Commission's responses and objections to the Requests, the phrase "documents concerning *SEC v. Honig*" means all responsive documents that the Commission staff collected through its investigations that led to the filing of *SEC v. Honig*, captioned "NY-9240 (L.H. Financial Services Corporation); NY-9507 (MGT Capital Investments, Inc.); NY-9830 (MabVax Therapeutics Holdings, Inc.)."[1] Those documents are comprised of:

- all documents that the Commission obtained originally through the investigations captioned NY-9240, NY-9507, and NY-9830 (prior to filing *SEC v. Honig*); and

- all documents that the Commission staff collected for the NY-9240, NY-9507, and NY-9830 investigations files from other Commission investigations, examinations or inspections.

Except as expressly provided in the Commission's individual responses to the Requests, the Commission objects on relevance and proportionality grounds to producing, and is not

---

[1] Included in the definition of "documents concerning *SEC v. Honig*" are documents collected from a forensic copy of a hard drive produced by Wiley Livingston. While a forensic copy of the hard drive will be made available to Defendant if requested, the Commission has readied for production only certain documents from that device and excluded certain files that were unreadable or which were produced with potential viruses that the Commission's IT staff was unable to clean.

producing, any additional documents from SEC investigations other than NY-9240, NY-9507 and NY-9830. During the course of its NY-9240, NY-9507 and NY-9830 investigations, the Commission staff obtained from certain other Commission investigations, and from an examination conducted by the Commission's Office of Compliance, Inspections and Examinations, documents potentially related to the NY-9240, NY-9507 and NY-9830 investigations (and, thus, concerning *SEC v. Honig*). If Commission counsel comes to learn of any previously-unproduced documents in its possession, custody or control that relate to *SEC v. Honig* (whether from other SEC investigation files or otherwise), the Commission will produce such documents to Defendant or identify them as withheld on privilege grounds.

13. Each of the General Objections above is incorporated into each of the Specific Responses and Objections below to the Requests.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to the foregoing Preliminary Statement and General Objections, and without waiving any of the General Objections, which are expressly preserved and incorporated by reference in each and every response below as if fully set forth herein, the Commission responds to each of the Requests as follows:

### Request No. 1

The non-privileged portions of YOUR investigative file in connection with the INQUIRY, including but not limited to the following:

(a) Subpoenas issued in connection with the INQUIRY;

(b) Other written requests to provide documents or to be interviewed in connection with the INQUIRY;

(c) Documents received in response to any such subpoenas or other written requests;

(d) Transcripts and transcript exhibits from testimony taken in connection with the INQUIRY;

6

(e) Any other documents obtained by YOU in connection with the INQUIRY;

(f) Correspondence sent in connection with the INQUIRY; and

(g) All factual portions of any notes or summaries prepared in connection with interviews YOU conducted or attended in the course of the INQUIRY.

**Response**

In addition to the General Objections, the Commission objects to this Request to the extent it seeks any documents protected from disclosure by the attorney-client privilege, work product doctrine, deliberative process privilege, common interest privilege, confidential informant privilege, or law enforcement privilege and will not produce any such documents. The Commission further objects to this Request to the extent it seeks any documents that are not concerning *SEC v. Honig* as overly broad and unduly burdensome and disproportional to the needs of the case. The Commission further objects to this Request to the extent that it seeks documents from Commission divisions or offices other than the Commission Division of Enforcement, or from persons or divisions or offices otherwise not involved in the Commission's investigation and litigation of this matter, and is therefore overly broad and unduly burdensome and disproportional to the needs of the case.

Subject to and without waiving these objections and the General Objections, the Commission will produce to Defendant all such responsive, non-privileged documents concerning *SEC v. Honig* in the Commission's possession, custody, or control, in the manner the Commission keeps such documents in the usual course of the Commission's recordkeeping at a mutually

agreeable date and time.

Date: New York, New York
May 23, 2019

Respectfully submitted,

SECURITIES AND EXCHANGE
COMMISSION

By: /s/ Nancy A. Brown
Nancy A. Brown
Katherine Bromberg
Jon Daniels
200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-1023 (Brown)

Attorneys for Plaintiff Securities and
Exchange Commission