# Exhibit B

| | |
|---|---|
| **From:** | Brown, Nancy A <BrownN@SEC.GOV> |
| **Sent:** | Wednesday, June 12, 2019 3:50 PM |
| **To:** | Berkovits, Michael; Lee, Randall R. |
| **Cc:** | Chandrasekhar, Charu; Paley, Michael D.; Bromberg, Katherine; Daniels, Jon; Johnstone, Chris |
| **Subject:** | RE: SEC v. Honig |

Michael and Randall,
Thank you for your email.
Our need for the stipulation to be so ordered is both reasonable and understandable, and your agreement to its form reflects your understanding that the Judge's approval was a pre-requisite to our proceeding the production of documents to you.
Your refusal to accept our offer to jointly call chambers is inconsistent with your stated interest in obtaining our production as quickly as possible.  So was your delay in returning comments to our proposed Confidentiality Stipulation and Order which we first circulated to all Defendants on April 30, 2019.  We received no comments from you until nearly a month later, on May 21, 2019.  (That "red-line" as you'll recall, did not in fact reflect all of your revisions to the document and you provided the complete red-line the next day, May 22, 2019.)  We promptly responded to those comments on May 23, 2019, and then you proposed further edits on May 24, 2019.  On May 29, 2019, we responded to those comments, which you ultimately accepted on May 31, 2019.  You made no efforts to assist in obtaining any of the other Defendants' agreement to the draft Stipulation, although we understand that you have previously negotiated with us on other issues in this action on behalf of other defendants, necessitating a further delay while we reached out to them for their sign off.  When we finally obtained all of their agreements to the form of the Stipulation, and received their signatures, on June 4, 2019, we submitted it on ECF, along with the Stipulation on Non-sharing that you returned on May 29, 2019.  The Court so ordered the Confidentiality Stipulation and the Brauser Non-sharing Stipulation on June 5, 2019.
In the meantime, on behalf of your client, you have produced a total of 12 documents.  You contend that Mr. Ladd has no authority to produce documents in his possession as CEO of MGT, although we understand that Mr. Ladd made no request to the Company for authorization to do so, if such authorization was in fact necessary.  You also have refused to provide the documents in the form we requested (which preserves key metadata that the Commission is entitled to obtain), although you made no objection to that request in your Response to our First Request.
We will go ahead and follow up with Chambers ourselves, alerting the Court that you advised that you did not need to be on the call.

**From:** Berkovits, Michael <mberkovits@cooley.com>
**Sent:** Tuesday, June 11, 2019 11:08 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>
**Cc:** Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Lee, Randall R. <randall.lee@cooley.com>; Johnstone, Chris <Chris.Johnstone@wilmerhale.com>
**Subject:** RE: SEC v. Honig

Nancy,

The SEC may not refuse to produce documents indefinitely on the basis you have identified – namely, the fact that the Court has not yet stamped "so ordered" on our agreement not to

1

share the SEC's documents with non-producing defendants.  We have already agreed not to share documents with non-producing defendants, executed the stipulation, and are bound by it.  You have not contended otherwise.

Delaying your production any longer is unacceptable.  If you will not agree to make your production by Friday, we will seek appropriate relief from the Court.  Please let us know by close of business on Thursday if you will do so.  We are available to meet-and-confer about this matter, if you so desire.

If you wish to call the Court's clerk about the pending stipulation, you may do so without us.  We do not believe the pending stipulation provides the SEC with any excuse to delay its production of documents in this case any longer.

Regards,
Michael

**Michael J. Berkovits**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Direct: +1 212 479 6234 • Fax: +1 212 479 6275
Email: MBerkovits@cooley.com • www.cooley.com

---

**From:** Brown, Nancy A <BrownN@SEC.GOV>
**Sent:** Tuesday, June 11, 2019 12:04 PM
**To:** Berkovits, Michael <mberkovits@cooley.com>
**Cc:** Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Lee, Randall R. <randall.lee@cooley.com>; Johnstone, Chris <Chris.Johnstone@wilmerhale.com>
**Subject:** RE: SEC v. Honig

Michael,
Thank you for your email.
We cannot send out our documents until the stip is so ordered by the Court.  We're happy to make ourselves available to do a joint call to chambers if you'd like
As to the meta data we require, attached again are our data delivery standards.  Since you did not object to them and since Rule 34(b((1)(C) permits us to specify the form in which the documents should be produced, we ask that you comply with those standards as soon as possible.
Thank you.

---

**From:** Berkovits, Michael <mberkovits@cooley.com>
**Sent:** Monday, June 10, 2019 7:13 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>
**Cc:** Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Lee, Randall R. <randall.lee@cooley.com>; Johnstone, Chris <Chris.Johnstone@wilmerhale.com>
**Subject:** RE: SEC v. Honig

Nancy,

Responding to your points in order:

Thank you for confirming that you will make your production shortly.  We assume that you will produce documents no later than the end of this week.  If that is not correct, please let us know promptly.

We have not seen the Court enter the Ladd stipulation restricting sharing the SEC's production with certain other defendants.  The Court may have missed it given its similarity with the Brauser stipulation.

With respect to metadata, LADD000000148, -152, -156, -161, -168, and -175 are Mr. Ladd's brokerage statements that were in Mr. Ladd's possession, custody, or control.  These brokerage statements were, at one point, retrieved from Mr. Ladd's online accounts and thus do not contain any additional "metadata" that was accessible to Mr. Ladd.  We note that, as stated in Mr. Ladd's responses and objections to the SEC's document requests, Mr. Ladd has not had current access to his brokerage records since the Fall of 2018, because after the SEC filed its Complaint, the brokerage firms where Mr. Ladd's accounts were held terminated his access.  LADD000000001, -002, -003, -008, -015, and -022 are emails and their attachments.  Relevant metadata is visible on the face of the emails.  We believe that this covers all of the relevant metadata for Mr. Ladd's production.  If you believe that any additional information is warranted, please specifically identify such information and why it is relevant.

Mr. Ladd did not withhold any documents from his production based on an assertion of privilege.

Thanks,
Michael

**Michael J. Berkovits**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Direct: +1 212 479 6234 • Fax: +1 212 479 6275
Email: MBerkovits@cooley.com • www.cooley.com

---

**From:** Brown, Nancy A <BrownN@SEC.GOV>
**Sent:** Friday, June 7, 2019 1:50 PM
**To:** Berkovits, Michael <mberkovits@cooley.com>
**Cc:** Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Lee, Randall R. <randall.lee@cooley.com>; Johnstone, Chris <Chris.Johnstone@wilmerhale.com>
**Subject:** RE: SEC v. Honig

Thank you for your email.
Having obtained your harddrive and the Court's entry of the confidentiality stipulation, we will produce shortly.  I have not yet seen the Court's entry of the stipulation with Ladd on sharing the production with others.  Have you?  As you know, we submitted it at the same time we submitted the Confidentiality stip and the Brauser Stip, both of which were entered this week.
We have had no response from you on when you plan to produce your few documents according to the data delivery standards we included in our request.  You did not object to that requirement, and the rules require your production of all non-identical copies, which means, of course, the documents with their metadata.
As to the privilege log, we should have that to you some time next week.  When will you be providing yours?
Please let us know.

**From:** Berkovits, Michael <mberkovits@cooley.com>
**Sent:** Friday, June 7, 2019 10:59 AM
**To:** Brown, Nancy A <BrownN@SEC.GOV>
**Cc:** Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>; Lee, Randall R. <randall.lee@cooley.com>; Johnstone, Chris <Chris.Johnstone@wilmerhale.com>
**Subject:** RE: SEC v. Honig

Nancy,

We are writing to follow up on the SEC's document production in response to Mr. Ladd's first set of requests for production, which is now overdue by 14 days. The SEC's production of responsive documents, and log of any privileged documents withheld, were due on May 23. While the SEC served responses and objections on that date and stated that it would produce its investigative file, the SEC has, to date, still not produced any documents to Mr. Ladd.

At the May 15, 2019 conference before the Court, the SEC explained that it already knew the page count for its forthcoming production, and advised the Court that it was "working on" making its production within 30 days of Mr. Ladd's RFPs, i.e., by May 23, 2019. See H'rg Tr. at 15. The Court also stated its expectation that the production would be made on time or at least "shortly thereafter." Id. at 18. When the SEC did not make its production on time, we followed up with you on May 31 requesting that the SEC advise when it expected to do so, but you have not responded to that request.

The Court has adopted the parties' joint confidentiality order, Mr. Ladd has provided a hard drive so that the SEC can copy over its production, and there are no obstacles to the SEC making the production that it has had ready since at least May 15. We expect to receive this production promptly. Please advise when you will begin producing documents responsive to Mr. Ladd's first set of requests for production. Please also advise when your production, including a privilege log for any documents withheld, will be completed.

Thanks,
Michael


**Michael J. Berkovits**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Direct: +1 212 479 6234 • Fax: +1 212 479 6275
Email: MBerkovits@cooley.com • www.cooley.com

**From:** Berkovits, Michael
**Sent:** Friday, May 31, 2019 2:55 PM
**To:** 'Brown, Nancy A' <BrownN@SEC.GOV>
**Cc:** 'Chandrasekhar, Charu' <ChandrasekharC@SEC.GOV>; 'Paley, Michael D.' <PaleyM@SEC.GOV>; 'Bromberg, Katherine' <BrombergK@SEC.GOV>; 'Daniels, Jon' <danielsj@SEC.GOV>; Lee, Randall R. <randall.lee@cooley.com>; 'Johnstone, Chris' <Chris.Johnstone@wilmerhale.com>
**Subject:** RE: SEC v. Honig

Nancy,

Although we note that your position is inconsistent with the SEC's own responses to Mr. Ladd's RFPs, which state that in the event of inadvertent disclosure by the SEC, Mr. Ladd should "destroy any electronic versions of such documents in Defendant's custody, control or possession," in the interest of moving forward promptly with the SEC's production, we

are willing to accept the SEC's proposed language in the confidentiality order, which we assume will trump that contained in the SEC's responses to Mr. Ladd's RFPs.

We understand that the SEC has received the hard drive that we provided for the SEC's initial production, and we have already executed the stipulation you provided setting out restrictions on sharing discovery with codefendants invoking the act of production privilege.

Therefore, please advise when the SEC will make its production in response to Ladd's First RFPs. Please also advise when the SEC will produce a privilege log for any documents withheld from that production.

Thanks,
Michael


**Michael J. Berkovits**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
Direct: +1 212 479 6234 • Fax: +1 212 479 6275
Email: MBerkovits@cooley.com • www.cooley.com

---

**From:** Brown, Nancy A <BrownN@SEC.GOV>
**Sent:** Wednesday, May 29, 2019 6:24 PM
**To:** Lee, Randall R. <randall.lee@cooley.com>; Johnstone, Chris (Chris.Johnstone@wilmerhale.com) <Chris.Johnstone@wilmerhale.com>; Berkovits, Michael <mberkovits@cooley.com>
**Cc:** 'gcanellos@milbank.com' <gcanellos@milbank.com>; Fee, Adam (AFee@milbank.com) <AFee@milbank.com>; nlloret@orrick.com; 'gmorvillo@orrick.com' <gmorvillo@orrick.com>; DENNIS RICHARD (dennis@richardandrichard.com) <dennis@richardandrichard.com>; MELISSA MACKIEWICZ (Melissa@richardandrichard.com) <Melissa@richardandrichard.com>; Osnato, Michael J. (Michael.Osnato@stblaw.com) <Michael.Osnato@stblaw.com>; Patel, Anar Rathod (apatel@stblaw.com) <apatel@stblaw.com>; Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>
**Subject:** RE: SEC v. Honig

Randall,
What happens if we discover the document. By definition, we will already have reviewed it. We will agree to sequester it, but we can't agree to not review something we've already reviewed.
Similarly, what happens if you move to claw back a document that we would argue, if we could review it, wasn't actually privileged? How do we argue that if we haven't seen the document.
Sequestration protects you because we can't use the document while you seek (and we either agree or object to) an order authorizing its return.
Thank you.

---

**From:** Lee, Randall R. <randall.lee@cooley.com>
**Sent:** Wednesday, May 29, 2019 2:32 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>; Johnstone, Chris (Chris.Johnstone@wilmerhale.com) <Chris.Johnstone@wilmerhale.com>; Berkovits, Michael <mberkovits@cooley.com>
**Cc:** 'gcanellos@milbank.com' <gcanellos@milbank.com>; Fee, Adam (AFee@milbank.com) <AFee@milbank.com>; nlloret@orrick.com; 'gmorvillo@orrick.com' <gmorvillo@orrick.com>; DENNIS RICHARD (dennis@richardandrichard.com) <dennis@richardandrichard.com>; MELISSA MACKIEWICZ (Melissa@richardandrichard.com) <Melissa@richardandrichard.com>; Osnato, Michael J. (Michael.Osnato@stblaw.com) <Michael.Osnato@stblaw.com>; Patel, Anar Rathod (apatel@stblaw.com) <apatel@stblaw.com>; Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>;

5

Daniels, Jon <danielsj@SEC.GOV>
**Subject:** RE: SEC v. Honig

Why can't you accept the change? Are you unwilling to agree that "sequester" means that you may not review the materials? If not, how do you interpret the term "sequester"?

Randall

---

**From:** Brown, Nancy A <BrownN@SEC.GOV>
**Sent:** Wednesday, May 29, 2019 11:30 AM
**To:** Lee, Randall R. <randall.lee@cooley.com>; Johnstone, Chris (Chris.Johnstone@wilmerhale.com) <Chris.Johnstone@wilmerhale.com>; Berkovits, Michael <mberkovits@cooley.com>
**Cc:** 'gcanellos@milbank.com' <gcanellos@milbank.com>; Fee, Adam (AFee@milbank.com) <AFee@milbank.com>; nlloret@orrick.com; 'gmorvillo@orrick.com' <gmorvillo@orrick.com>; DENNIS RICHARD (dennis@richardandrichard.com) <dennis@richardandrichard.com>; MELISSA MACKIEWICZ (Melissa@richardandrichard.com) <Melissa@richardandrichard.com>; Osnato, Michael J. (Michael.Osnato@stblaw.com) <Michael.Osnato@stblaw.com>; Patel, Anar Rathod (apatel@stblaw.com) <apatel@stblaw.com>; Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>
**Subject:** RE: SEC v. Honig

Great. Please execute and return.
We cannot accept your change to Paragraph 7 of the Confidentiality Stip. Where are the rest of the Defendants on it?
Thank you.

---

**From:** Lee, Randall R. <randall.lee@cooley.com>
**Sent:** Wednesday, May 29, 2019 2:14 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>; Johnstone, Chris (Chris.Johnstone@wilmerhale.com) <Chris.Johnstone@wilmerhale.com>; Berkovits, Michael <mberkovits@cooley.com>
**Cc:** 'gcanellos@milbank.com' <gcanellos@milbank.com>; Fee, Adam (AFee@milbank.com) <AFee@milbank.com>; nlloret@orrick.com; 'gmorvillo@orrick.com' <gmorvillo@orrick.com>; DENNIS RICHARD (dennis@richardandrichard.com) <dennis@richardandrichard.com>; MELISSA MACKIEWICZ (Melissa@richardandrichard.com) <Melissa@richardandrichard.com>; Osnato, Michael J. (Michael.Osnato@stblaw.com) <Michael.Osnato@stblaw.com>; Patel, Anar Rathod (apatel@stblaw.com) <apatel@stblaw.com>; Chandrasekhar, Charu <ChandrasekharC@SEC.GOV>; Paley, Michael D. <PaleyM@SEC.GOV>; Bromberg, Katherine <BrombergK@SEC.GOV>; Daniels, Jon <danielsj@SEC.GOV>
**Subject:** RE: SEC v. Honig

Nancy,

The stipulation on the sharing of discovery is fine with us.

Randall

---

**From:** Brown, Nancy A <BrownN@SEC.GOV>
**Sent:** Thursday, May 23, 2019 1:44 PM
**To:** Lee, Randall R. <randall.lee@cooley.com>; Johnstone, Chris (Chris.Johnstone@wilmerhale.com) <Chris.Johnstone@wilmerhale.com>; Berkovits, Michael <mberkovits@cooley.com>
**Cc:** 'gcanellos@milbank.com' <gcanellos@milbank.com>; Fee, Adam (AFee@milbank.com) <AFee@milbank.com>; nlloret@orrick.com; 'gmorvillo@orrick.com' <gmorvillo@orrick.com>; DENNIS RICHARD (dennis@richardandrichard.com) <dennis@richardandrichard.com>; MELISSA MACKIEWICZ

(<Melissa@richardandrichard.com>) <<Melissa@richardandrichard.com>>; Osnato, Michael J. (<Michael.Osnato@stblaw.com>) <<Michael.Osnato@stblaw.com>>; Patel, Anar Rathod (<apatel@stblaw.com>) <<apatel@stblaw.com>>; Chandrasekhar, Charu <<ChandrasekharC@SEC.GOV>>; Paley, Michael D. <<PaleyM@SEC.GOV>>; Bromberg, Katherine <<BrombergK@SEC.GOV>>; Daniels, Jon <<danielsj@SEC.GOV>>
**Subject:** SEC v. Honig

Please see attached.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.