UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,         :
                                            :
                    Plaintiff,              :
                                            :        **18 Civ. 8175 (ER)**
        – against –                         :
                                            :        **ECF CASE**
                                            :
BARRY C. HONIG, MICHAEL BRAUSER,            :
JOHN STETSON, JOHN R. O'ROURKE III,         :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,     :
JOHN H. FORD, ATG CAPITAL LLC, GRQ          :
CONSULTANTS, INC., HS CONTRARIAN            :
INVESTMENTS, LLC, GRANDER HOLDINGS, INC.,   :
and STETSON CAPITAL INVESTMENTS INC.,       :
                                            :
                    Defendants.             :
-------------------------------------------------------------------- x

### JUDGMENT AS TO DEFENDANT GRQ CONSULTANTS, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant GRQ

Consultants, Inc. having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Judgment without

admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings

of fact and conclusions of law; and waived any right to appeal from this Judgment:


I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1(a) promulgated thereunder [17 C.F.R. § 240.13d-1(a)] by failing to file with the Commission a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently barred from participating in an offering of penny stock, including engaging in

activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase or sale of any penny stock (defined as any equity security that

has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act

[17 C.F.R. § 240.3a51-1] ("Penny Stock")).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently prohibited from, directly or indirectly:

(a)      holding any beneficial ownership in any issuer of Penny Stock that amounts to

greater than 4.99 percent of that issuer's outstanding stock as calculated pursuant to Rule 13d-

3(d)(1)(i) under the Exchange Act [17 C.F.R. § 240.13d-3(d)(1)(i)], provided, however, that such

bar shall not apply to Defendant's holdings in PolarityTE, Inc. and Americas Silver Corp.;

(b)      advertising, marketing, or otherwise promoting any issuer of Penny Stock;

causing the advertising, marketing or promotion of any issuer of Penny Stock; or deriving

compensation from the advertising, marketing or promotion of any issuer of Penny Stock;

(c)      exercising control, including the power to direct or cause the direction of the

management and policies, of any issuer of Penny Stock; and

(d)      providing funding to any issuer of Penny Stock, except funding that results in the

issuance of debt securities with no current or future equity conversion feature;

provided, however, that nothing herein shall prohibit Defendant from holding or selling the

securities of any issuer of Penny Stock whose securities are owned by Defendant as of the date

of this Judgment, so long as any sale by Defendant of any such securities, at such time as

Defendant's direct or indirect beneficial ownership exceeds 4.99 percent of that issuer's

outstanding stock as calculated pursuant to Rule 13d-3(d)(1)(i) under the Exchange Act [17

C.F.R. § 240.13d-3(d)(1)(i)], comports with the volume limitations set out in Rule 144(e) under

the Securities Act [17 C.F.R. § 230.144(e)] regardless of whether Rule 144 would otherwise

apply to any such sale and regardless of whether Defendant is an affiliate of the issuer.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the

disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be

calculated from September 23, 2013, based on the rate of interest used by the Internal Revenue

Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In

connection with the Commission's motion for disgorgement and/or civil penalties, and at any

hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not

violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge

the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the

allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the

Court may determine the issues raised in the motion on the basis of affidavits, declarations,

excerpts of sworn deposition or investigative testimony, and documentary evidence, without

regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of

Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil

penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                         Plaintiff,          :
                                             :          18 Civ. 8175 (ER)
        – against –                          :
                                             :          ECF CASE
BARRY C. HONIG, MICHAEL BRAUSER,             :
JOHN STETSON, JOHN R. O'ROURKE III,          :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,      :
JOHN H. FORD, ATG CAPITAL LLC, GRQ           :
CONSULTANTS, INC., HS CONTRARIAN             :
INVESTMENTS, LLC, GRANDER HOLDINGS, INC.,    :
and STETSON CAPITAL INVESTMENTS INC.,        :
                                             :
                         Defendants.         :

---------------------------------------------------------------- x

### CONSENT OF DEFENDANT GRQ CONSULTANTS, INC.

1.      Defendant GRQ Consultants, Inc. ("Defendant") acknowledges having been

served with the complaint in this action, enters a general appearance, and admits the Court's

jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to

personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to

the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by

reference herein, which, among other things:

> (a)      permanently restrains and enjoins Defendant from violations of Section
>
> 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]
>
> and Sections 10(b) and 13(d) of the Securities Exchange Act of 1934
>
> ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78m(d)] and Rules 10b-5 and
>
> 13d-1(a) thereunder [17 C.F.R. §§ 240.10b-5 and 240.13d-1(a)]; and

(b) permanently bars Defendant from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], and, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], associated conduct as specified in the Judgment.

3. Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from September 23, 2013, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

2

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that it neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers

4

filed in this action to the extent that they deny any allegation in the complaint. If Defendant

breaches this agreement, the Commission may petition the Court to vacate the Judgment and

restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i)

testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal

proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.

Dated: 5-23-2019                      GRQ CONSULTANTS, INC.


By: _____
    Barry C. Honig
    [Title] President
    [Address] 215 SE Spanish Trail
              Boca Raton, FL 33432

On May 23 , 2019, Barry Honig              , a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full

5

authority to do so on behalf of GRQ Consultants, Inc. as its ___President___.

_____
Notary Public
Commission expires:

LINETTE MARINUS
Notary Public - State of Florida
Commission # FF 989054
My Comm. Expires May 4, 2020

Approved as to form:

_____
Michael J. Osnato, Jr.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017
212.455.3252

Attorney for Defendant

6