

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

August 19, 2019

**Via ECF and UPS Overnight**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    SEC v. Honig, et al.;
             No. 18 Civ. 8175 (ER)

Dear Judge Ramos:

      We represent the Plaintiff, Securities and Exchange Commission ("Commission"), in this action.

      We write pursuant to the Court's Individual Practice 2(a)(i) to request a pre-motion conference with the Court to discuss the Commission's planned Motion to Compel, pursuant to Fed. R. Civ. P. 37, Defendant Robert Ladd to produce documents responsive to the Commission's Rule 34 Document Request.

The Grounds for the Motion to Compel

      On April 23, 2019, the Commission served its Request for Production of Documents on Ladd, seeking documents relating to his role during the relevant period as an officer of MGT, "Company B" in the Commission's Amended Complaint. In response to that Request, Ladd produced 15 documents, declining to produce any documents from the files of MGT. Ladd, who is MGT's CEO, President and Board Member, maintains that he "does not have unilateral authority to produce MGT documents . . . and thus lacks the 'practical ability,' as a matter of law to produce such documents." See Exhibit A (Ladd's Response at 3) (citing Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007).) In fact, however, Ladd's lack of unilateral authority does not impair his practical ability to produce MGT documents because, according to MGT's counsel, Ladd never asked for authority to produce the documents, and Ladd has not disputed that this is the case. Cf. Shcherbakovskiy v. Seitz., 450 F. App'x 87, 89 (2d Cir. 2011) (affirming district court's dismissal of plaintiff's claims as sanction for failure to produce documents in the possession of a Russian corporation of which he was non-executive chairman and minority shareholder and which had refused his request).

      While the Commission subsequently served a third-party subpoena on MGT for the same records, Ladd likely has MGT-related documents on his laptop that are not housed on MGT's servers. In addition, between September 10, 2018 and April 30, 2019, Ladd was on leave from

Hon. Edgardo Ramos                August 19, 2019
                                                      Page 2

his role as an officer of MGT (although he remained a board member), so it is likely that documents he created during that period that are responsive to the Commission's Requests were not even captured by MGT's systems. Moreover, MGT's status as a non-party to the underlying litigation entitles it to consideration regarding expense and inconvenience not applicable to Ladd as a Defendant, limiting the Commission's ability to demand the full complement of relevant documents from it. Concord Boat Corp. v. Brunswick Corp., 169 F. R.D. 44, 49 (S.D.N.Y. 1996).

Ladd has also refused to produce any responsive documents found or created after September 7, 2018 – the date the Commission's Complaint was filed – on the grounds that "[d]ocuments created following the filing of the Complaint are highly likely to be protected by attorney-client privilege or as attorney work product." (Exhibit A at 5.) Whether that is true cannot be determined since Ladd has maintained that he will not even search for responsive documents during that period. (See Exhibit B.)

Finally, Ladd has refused to produce any documents relating to the 2012 and 2013 period because that period "includes events outside the applicable statute of limitations." (Exhibit A at 4.) However, as the Commission has explained in its August 2, 2019 Opposition to Ladd's Motion to Dismiss, whether events alleged in a complaint fall outside a statute of limitations applicable to a claim or cause of action does not make them irrelevant to claims falling within the statute of limitations, as here. (DE 156 at 6-9.) Because the events from that time period are relevant to the Commission's claims, they are appropriate areas for discovery.

<u>The Parties' Meet and Confer</u>
The Commission has met and conferred with Ladd's attorneys by both email and on the telephone, most recently on August 8, 2019, about his Responses. With respect to each of these issues, counsel agreed to reconsider his position, but the Commission has heard nothing further.

<u>The Status of the Other Defendants' Document Productions and the Commission's Production</u>
In response to the April 23 Rule 34 Document Requests served by the Commission on each of the four Defendants – Ladd, Brauser, Stetson and O'Rourke – only Ladd has produced a single email. (He produced three.) Brauser has now agreed to produce all of his documents relating to the three issuers named in the Complaint by the week of September 6, 2019. Stetson has promised to produce all of his responsive documents, as limited for the initial production, by September 4, 2019. O'Rourke has not responded to numerous requests for an estimated date of production.

On June 13, 2019, the Commission produced the vast majority of its "investigative file" as sought by the April 23, 2019 Requests of Ladd and Brauser. It has made small supplemental productions on July 2, 2019 and August 2, 2019. All of the productions were made electronically, with load files that provide meta-data and other information such as producing party, date of production, document type, etc., and are fully searchable.

If Defendants Brauser and Stetson are unable to fulfill these promised delivery dates, the Commission will attempt to meet and confer to resolve the dispute, but the delays are inhibiting

Hon. Edgardo Ramos												August 19, 2019
														Page 3

the Commission's ability to pursue discovery on the schedule entered by the Court on May 20, 2019. (DE 126.) However, as to Ladd, the meet and confer process has not been fruitful, and the Court's intervention is now appropriate.

										Respectfully submitted,

										Nancy A. Brown

Enclosures

cc:     All Defendants via ECF