# EXHIBIT A

RANDALL R. LEE
COOLEY LLP
1333 2nd Street
Suite 400
Santa Monica, CA
randall.lee@cooley.com
+1 310 883 6485
+1 213 369 2897

CHRIS JOHNSTONE
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
+1 650 858 6147

*Attorneys for Defendant Robert Ladd*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** : | |
| : | |
| **Plaintiff,** : | |
| : | 18 Civ. 8175 (ER) |
| -against- : | |
| : | ECF CASE |
| : | |
| **BARRY C. HONIG, MICHAEL BRAUSER,** : | |
| **JOHN STETSON, JOHN R. O'ROURKE III,** : | |
| **ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,** : | |
| **JOHN H. FORD, ATG CAPITAL LLC, GRQ** : | |
| **CONSULTANTS, INC., HS CONTRARIAN** : | |
| **INVESTMENTS, LLC, GRANDER HOLDINGS,** : | |
| **INC., and STETSON CAPITAL INVESTMENTS** : | |
| **INC.,** : | |
| : | |
| **Defendants.** : | |

----------------------------------------------------------------------x

**DEFENDANT ROBERT LADD'S RESPONSES AND OBJECTIONS TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY:   SECURITIES AND EXCHANGE COMMISSION
RESPONDING PARTY:   DEFENDANT ROBERT LADD
SET NO:          ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's Local Rules, Defendant Robert Ladd hereby objects and responds to Plaintiff the Securities and Exchange Commission's ("SEC") First Set of Requests for the Production of Documents ("Requests for Production" or "Requests").

## GENERAL RESPONSES

**1.** Mr. Ladd's response to the Requests is made to the best of Mr. Ladd's present knowledge, information, and belief. This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Mr. Ladd's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Mr. Ladd's further discovery or investigation.

**2.** Mr. Ladd reserves the right to make any use of, or to introduce at trial, documents responsive to the Requests but discovered subsequent to the date of Mr. Ladd's initial production, including, but not limited to, any documents obtained in discovery herein.

**3.** Mr. Ladd will not produce documents that are subject to the work product doctrine, attorney-client privilege, or any other applicable privilege or protection. Any inadvertent production thereof shall not be deemed a waiver of any privilege or protection with respect to such documents or information.

**4.** Mr. Ladd reserves the right to decide whether documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests, in accordance with Federal Rule of Civil Procedure 34(b).

**5.** Mr. Ladd reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

**6.**     Mr. Ladd's failure to make a specific objection to a particular Request for Production is not, and shall not be construed as, an admission that responsive information exists. None of these Responses is an admission relative to the existence of any information or documents or to the relevance or admissibility of any information or documents referred to in Plaintiff's First Set of Requests for the Production of Documents.

**7.**     Mr. Ladd will not make a production from any email account, computer, or other electronic device owned or controlled by MGT Capital, Inc. ("MGT"), as any documents and information contained therein are the property of MGT.

Among other reasons, MGT is a distinct legal entity. Mr. Ladd does not have unilateral authority to produce MGT documents in this litigation and does not control MGT's board, and thus lacks the "practical ability," as a matter of law, to produce such documents in response to these Requests. *See, e.g.*, *Shcherbakovskiy v. Da Capo Al Fine*, Ltd., 490 F.3d 130, 138 (2d Cir. 2007). As a separate entity with its own rights and responsibilities, MGT was represented in the SEC's investigation, and is represented in this action, by separate counsel.

Moreover, Plaintiff had access to MGT documents during its investigation, including by subpoena of MGT and through negotiations with counsel for MGT, and has made use of such materials in this action. Plaintiff continues to have access to any relevant MGT records, documents, and information by way of the Federal Rules of Civil Procedure, and thus may not compel Mr. Ladd to undertake the burden of providing such materials under Rule 26. *See, e.g.*, *SEC v. Strauss*, No. 09 Civ. 4150, 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009); *GenOn Mid-Atl., LLC v. Stone & Webster, Inc.*, 282 F.R.D. 346, 356 (S.D.N.Y. 2012), *aff'd*, 2012 WL 1849101 (S.D.N.Y. May 21, 2012).

Mr. Ladd will make reasonable efforts, if necessary, to cooperate with any future

production of relevant materials by MGT in this matter.

8. Mr. Ladd has made General Objections and specific objections herein so as to preserve his rights. In compliance with the revised Federal Rules of Civil Procedure, unless specifically noted, Mr. Ladd will not, on the basis of any particular objection, withhold documents that are otherwise responsive to any Request for Production.

## GENERAL OBJECTION

1. Mr. Ladd objects to each Request for Production as unreasonably cumulative and duplicative, and overly burdensome, in light of the SEC's extensive collection of documents and other information in the course of its investigation. Among other subpoenas issued in the course of its investigation, the SEC issued a subpoena to MGT on September 14, 2016. MGT produced more than 4000 documents to the SEC. According to the SEC's initial disclosures in this action, the SEC obtained document productions from more than 100 distinct individuals and entities and also obtained testimony from witnesses. Accordingly, the SEC's untargeted and unfocused Requests are inappropriate given the history of the SEC's investigation of this case.

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

Mr. Ladd objects to Definition No. 2, of "You" or "Your," to the extent it purports to define those terms more broadly than permitted by Rule 26.3 of the Local Rules of the Southern District of New York. Mr. Ladd will interpret these terms consistent with the Local Rules.

Mr. Ladd objects to Definition No. 4 to the extent it defines the "Relevant Period" to encompass a period that includes events outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Mr. Ladd objects to Instruction No. 4, and will not provide the requested information about documents that are not in his possession, custody, or control. The request is not within the

scope of Federal Rule of Civil Procedure 34. Complying with the request would be unduly burdensome, and likely impossible.

Mr. Ladd objects to Instruction No. 5 to the extent it suggests that Mr. Ladd bears responsibility for the production of MGT documents, for the reasons discussed above.

Mr. Ladd objects to Instruction No. 6 because it purports to require Mr. Ladd to "continue to produce responsive documents as they are found or created on an ongoing basis." Documents created following the filing of the Complaint are highly likely to be protected by attorney-client privilege or as attorney work product. Mr. Ladd will therefore not produce documents created after September 7, 2018.

## DOCUMENTS AND THINGS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

All documents concerning communications with or about the following entities (or any of each of their respective officers, directors, employees, partners, corporate parent, subsidiaries or affiliates) and individuals during or concerning the Relevant Period, including emails, texts, chats, telephone records, audio recordings, contracts and/or agreements:

- a. Barry Honig
- b. Jonathan Honig
- c. Alan Honig
- d. Michael Brauser
- e. Ben Brauser
- f. Mark Groussman
- g. John Stetson
- h. John O'Rourke
- i. John Ford
- j. Drew Ciccarelli
- k. Rick Allison
- l. George Antonopolous
- m. Yoav Roth
- n. Richard Abbe
- o. Joshua Silverman
- p. Michael Rappaport
- q. John McAfee
- r. Harvey Kesner
- s. Tara Guerneri-Ferrara
- t. Jay Kaplowitz

      u.    Arthur Marcus
      v.    Avital Even-Shoshan
      w.    Stockbeast.com
      x.    SmallCapleader
      z.    GRQ Consultants, Inc.
      aa.    Four Kids Investment Funds LLC
      bb.    Grander Holdings, Inc.
      cc.    Melechdavid Inc.
      dd.    Stetson Capital Investments Inc.
      ee.    ATG Capital LLC
      ff.    Barry and Renee Honig Charitable Foundation
      gg.    Broadband Capital Management
      hh.    Chardan Capital Markets LLC
      ii.    D-Vasive, Inc.
      jj.    Hudson Bay Capital Management LP
      kk.    Iroquois Capital Management, LLC
      ll.    Future Tense Secure Systems, Inc.
      mm.    TSX Ventures LLC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Mr. Ladd objects to Request for Production No. 1 on the grounds that it is grossly overbroad, oppressive, and unduly burdensome in requesting "All documents concerning" 39 separate individuals and entities, in light of the fact that the SEC investigated the matters raised in the Complaint for several years, during which time it had the authority to issue an unlimited number of subpoenas. In this context, such an untargeted and unfocused Request is inappropriate given the history of the SEC's investigation of this case.

Mr. Ladd further objects to this Request to the extent it calls for documents in the SEC's possession. The SEC obtained more than 2000 documents that Mr. Ladd sent or received when it subpoenaed MGT during its investigation. The Request is duplicative of requests the SEC made during its investigation and is thereby cumulative.

Mr. Ladd further objects to this request because it calls for MGT documents as to which the SEC has equal or superior access than Mr. Ladd, via the Federal Rules of Civil Procedure.

Mr. Ladd further objects to this Request to the extent it calls for documents throughout the "Relevant Period," as defined, and to the extent it calls for documents concerning individuals or entities whose relevance, if any, is to events described in the allegations in the Amended Complaint with respect to Company B occurring outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Mr. Ladd further objects to Request for Production No. 1 as calling for the production of information that is not relevant to matters raised in the Amended Complaint, including by listing certain individuals or entities that Mr. Ladd has never even heard of, has never had any interactions with, and/or has no understanding of why they are named.

Mr. Ladd further objects to Request for Production No. 1 as calling for the production of documents that are protected by attorney-client privilege.

Subject to the foregoing General Responses, General Objections, Objections to Plaintiff's Definitions and Instructions, and specific objections, Mr. Ladd is producing documents responsive to this Request for Production along with these Responses and Objections. Mr. Ladd is not withholding any otherwise responsive documents on the basis of his objections.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning Your acquisition, beneficial ownership and trading of MGT securities during the Relevant Period, including but not limited to, brokerage records; employment agreements; or stock grants; and communications with any representative of any transfer agent or broker-dealer concerning such acquisition, beneficial ownership and trading.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Mr. Ladd objects to Request for Production No. 2 on the grounds that it is grossly overbroad, oppressive, and unduly burdensome in requesting "All documents concerning" certain matters, in light of the fact that the SEC investigated the matters raised in the Complaint for several years, during which time it had the authority to issue an unlimited number of

subpoenas. In this context, such an untargeted and unfocused Request is inappropriate given the history of the SEC's investigation of this case.

Mr. Ladd further objects to this Request to the extent it calls for documents in the SEC's possession. The SEC obtained more than 2000 documents that Mr. Ladd sent or received when it subpoenaed MGT during its investigation. The Request is duplicative of requests the SEC made during its investigation and is thereby cumulative.

Mr. Ladd further objects to this request because it calls for documents from MGT, brokerage firms, and transfer agents as to which the SEC has equal or superior access than Mr. Ladd, via the Federal Rules of Civil Procedure.

Mr. Ladd further objects to this Request to the extent it calls for documents throughout the "Relevant Period," as defined, and to the extent it calls for documents concerning individuals or entities whose relevance, if any, is to events described in the allegations in the Amended Complaint with respect to Company B occurring outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Subject to the foregoing General Responses, General Objections, Objections to Plaintiff's Definitions and Instructions, and specific objections, and following a reasonable search, Mr. Ladd is producing documents responsive to this Request for Production along with these Responses and Objections. Mr. Ladd is not withholding any otherwise responsive documents on the basis of his objections. Mr. Ladd further states that he has not had access to his brokerage records since in or about the Fall of 2018, because after the SEC filed its Complaint, the brokerage firms where Mr. Ladd's accounts were held terminated his access.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning communications with any of the following individuals or entities (or anyone acting on each of his or its behalf) concerning any acquisition of securities in the

securities offering, private placement or other kind of acquisition transaction involving a securities issuer during the Relevant Period:

    Barry Honig
    Michael Brauser
    John Stetson
    John O'Rourke
    Mark Groussman
    Richard Abbe
    Yoav Roth
    George Antonopoulos
    Bay Capital
    White Trout Lake LLC
    Sandor Capital Miramar Investors

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Mr. Ladd objects to Request for Production No. 3 on the grounds that it is grossly overbroad, oppressive, and unduly burdensome in requesting "All documents concerning" communications with 11 separate individuals and entities, in light of the fact that the SEC investigated the matters raised in the Complaint for several years, during which time it had the authority to issue an unlimited number of subpoenas. In this context, such an untargeted and unfocused Request is inappropriate given the history of the SEC's investigation of this case.

Mr. Ladd further objects to this Request to the extent it calls for documents in the SEC's possession. The SEC obtained more than 2000 documents that Mr. Ladd sent or received when it subpoenaed MGT during its investigation. The Request is duplicative of requests the SEC made during its investigation and is thereby cumulative.

Mr. Ladd further objects to this request because it calls for MGT documents as to which the SEC has equal or superior access than Mr. Ladd, via the Federal Rules of Civil Procedure.

Mr. Ladd further objects to this Request to the extent it calls for documents throughout the "Relevant Period," as defined, and to the extent it calls for documents concerning individuals or entities whose relevance, if any, is to events described in the allegations in the Amended

Complaint with respect to Company B occurring outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Mr. Ladd further objects to this Request as calling for the production of information that is not relevant to matters raised in the Amended Complaint, including by listing certain individuals or entities that Mr. Ladd has never even heard of, has never had any interactions with, and/or has no understanding of why they are named, and by calling for documents related to any "securities issuer" as opposed to MGT.

Subject to the foregoing General Responses, General Objections, Objections to Plaintiff's Definitions and Instructions, and specific objections, and following a reasonable search, Mr. Ladd states that he has no responsive documents within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning communications with any of the following individuals or entities (or anyone acting on each of his or its behalf) concerning Your, his or its intention to sell, dispose or convert any securities during the Relevant Period:

>Barry Honig
>Michael Brauser
>John Stetson
>John O'Rourke
>Mark Groussman
>Richard Abbe
>Yoav Roth
>George Antonopoulos
>Bay Capital
>White Trout Lake LLC
>Sandor Capital Miramar Investors

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Mr. Ladd objects to Request for Production No. 4 on the grounds that it is grossly overbroad, oppressive, and unduly burdensome in requesting "All documents concerning" communications with 11 separate individuals and entities, in light of the fact that the SEC investigated the matters raised in the Complaint for several years, during which time it had the

authority to issue an unlimited number of subpoenas. In this context, such an untargeted and unfocused Request is inappropriate given the history of the SEC's investigation of this case.

Mr. Ladd further objects to this Request to the extent it calls for documents in the SEC's possession. The SEC obtained more than 2000 documents that Mr. Ladd sent or received when it subpoenaed MGT during its investigation. The Request is duplicative of requests the SEC made during its investigation and is thereby cumulative.

Mr. Ladd further objects to this request because it calls for MGT documents as to which the SEC has equal or superior access than Mr. Ladd, via the Federal Rules of Civil Procedure.

Mr. Ladd further objects to this Request to the extent it calls for documents throughout the "Relevant Period," as defined, and to the extent it calls for documents concerning individuals or entities whose relevance, if any, is to events described in the allegations in the Amended Complaint with respect to Company B occurring outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Mr. Ladd further objects to this Request as calling for the production of information that is not relevant to matters raised in the Amended Complaint, including by listing certain individuals or entities that Mr. Ladd has never even heard of, has never had any interactions with, and/or has no understanding of why they are named, ad by seeking information relating to the intention to sell, dispose, or convert "any" securities as opposed to those issued by MGT.

Subject to the foregoing General Responses, General Objections, Objections to Plaintiff's Definitions and Instructions, and specific objections, and following a reasonable search, Mr. Ladd states that he has no responsive documents within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning communications with any of the following individuals or entities (or anyone acting on each of his or its behalf) concerning voting on shareholder proposals in connection with any corporation in which You had an investment during the Relevant Period:

    Barry Honig
    Michael Brauser
    John Stetson
    John O'Rourke
    Mark Groussman
    Richard Abbe
    Yoav Roth
    George Antonopoulos
    Bay Capital
    White Trout Lake LLC
    Sandor Capital Miramar Investors

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Mr. Ladd objects to Request for Production No. 5 on the grounds that it is grossly overbroad, oppressive, and unduly burdensome in requesting "All documents concerning" communications with 11 separate individuals and entities, in light of the fact that the SEC investigated the matters raised in the Complaint for several years, during which time it had the authority to issue an unlimited number of subpoenas. In this context, such an untargeted and unfocused Request is inappropriate given the history of the SEC's investigation of this case.

Mr. Ladd further objects to this Request to the extent it calls for documents in the SEC's possession. The SEC obtained more than 2000 documents that Mr. Ladd sent or received when it subpoenaed MGT during its investigation. The Request is duplicative of requests the SEC made during its investigation and is thereby cumulative.

Mr. Ladd further objects to this request because it calls for MGT documents as to which the SEC has equal or superior access than Mr. Ladd, via the Federal Rules of Civil Procedure.

Mr. Ladd further objects to this Request to the extent it calls for documents throughout the "Relevant Period," as defined, and to the extent it calls for documents concerning individuals

or entities whose relevance, if any, is to events described in the allegations in the Amended Complaint with respect to Company B occurring outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Mr. Ladd further objects to this Request as calling for the production of information that is not relevant to matters raised in the Amended Complaint, including by listing certain individuals or entities that Mr. Ladd has never even heard of, has never had any interactions with, and/or has no understanding of why they are named, and by seeking information concerning voting on shareholder proposals in connection with "any" corporation in which Mr. Ladd had an investment as opposed to MGT.

Subject to the foregoing General Responses, General Objections, Objections to Plaintiff's Definitions and Instructions, and specific objections, and following a reasonable search, Mr. Ladd states that he has no responsive documents within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning press releases issued by MGT during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Mr. Ladd objects to Request for Production No. 6 on the grounds that it is grossly overbroad, oppressive, and unduly burdensome in requesting "All documents concerning" a matter that the SEC investigated for several years, during which time it had the authority to issue an unlimited number of subpoenas. In this context, such an untargeted and unfocused Request is inappropriate given the history of the SEC's investigation of this case.

Mr. Ladd further objects to this Request to the extent it calls for documents in the SEC's possession. The SEC obtained more than 4000 documents from MGT during its investigation. The Request is duplicative of requests the SEC made during its investigation and is thereby cumulative.

Mr. Ladd further objects to this request because it calls for MGT documents as to which the SEC has equal or superior access than Mr. Ladd, via the Federal Rules of Civil Procedure.

Mr. Ladd further objects to this Request to the extent it calls for documents throughout the "Relevant Period," as defined, and to the extent it calls for documents concerning individuals or entities whose relevance, if any, is to events described in the allegations in the Amended Complaint with respect to Company B occurring outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Subject to the foregoing General Responses, General Objections, Objections to Plaintiff's Definitions and Instructions, and specific objections, and following a reasonable search, Mr. Ladd states that he has no responsive documents within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning Your efforts to enhance investor awareness of any corporation in which You or MGT had an investment during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Mr. Ladd objects to Request for Production No. 7 on the grounds that it is grossly overbroad, oppressive, and unduly burdensome in requesting "All documents concerning" a matter that the SEC investigated for several years, during which time it had the authority to issue an unlimited number of subpoenas. In this context, such an untargeted and unfocused Request is inappropriate given the history of the SEC's investigation of this case.

Mr. Ladd further objects to this Request to the extent it calls for documents in the SEC's possession. The SEC obtained more than 4000 documents from MGT during its investigation. The Request is duplicative of requests the SEC made during its investigation and is thereby cumulative.

Mr. Ladd further objects to this request because it calls for MGT documents as to which the SEC has equal or superior access than Mr. Ladd, via the Federal Rules of Civil Procedure.

Mr. Ladd further objects to this Request to the extent it calls for documents throughout the "Relevant Period," as defined, and to the extent it calls for documents concerning individuals or entities whose relevance, if any, is to events described in the allegations in the Amended Complaint with respect to Company B occurring outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Mr. Ladd further objects to this Request to the extent it calls for documents relating to efforts to enhance investor awareness of "any" corporation in which Mr. Ladd had an investment, as opposed to MGT.

Subject to the foregoing General Responses, General Objections, Objections to Plaintiff's Definitions and Instructions, and specific objections, and following a reasonable search, Mr. Ladd states that he has no responsive documents within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning matched, coordinated, contemporaneous or simultaneous trading between You and any person or entity in MGT securities during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Mr. Ladd objects to Request for Production No. 8 on the grounds that it is grossly overbroad, oppressive, and unduly burdensome in requesting "All documents concerning" a matter that the SEC investigated for several years, during which time it had the authority to issue an unlimited number of subpoenas. In this context, such an untargeted and unfocused Request is inappropriate given the history of the SEC's investigation of this case.

Mr. Ladd further objects to this request because it calls for MGT documents as to which the SEC has equal or superior access than Mr. Ladd, via the Federal Rules of Civil Procedure.

Mr. Ladd further objects to this Request to the extent it calls for documents throughout the "Relevant Period," as defined, and to the extent it calls for documents concerning individuals or entities whose relevance, if any, is to events described in the allegations in the Amended Complaint with respect to Company B occurring outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Mr. Ladd further objects to this Request as seeking irrelevant information and representing a fishing expedition, because, in contrast to other named co-defendants, there is no allegation in the Amended Complaint that Mr. Ladd coordinated trading activity in MGT securities with any other person.

Subject to the foregoing General Responses, General Objections, Objections to Plaintiff's Definitions and Instructions, and specific objections, and following a reasonable search, Mr. Ladd states that he has no responsive documents within his possession, custody, or control.

Dated: May 23, 2019                     Respectfully submitted,

                                        /s/ Randall R. Lee
                                        Randall R. Lee
                                        COOLEY LLP
                                        1333 2nd Street
                                        Suite 400
                                        Santa Monica, CA
                                        randall.lee@cooley.com
                                        +1 310 883 6485
                                        +1 213 369 2897

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 23, 2019, the foregoing document, entitled "Defendant Robert Ladd's Responses To Plaintiff Securities And Exchange Commission's First Set Of Requests For The Production Of Documents," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the plaintiff in the above-entitled action by electronic mail.

DATED:    May 23, 2019
               New York, New York

                                      By: */s/ Michael Berkovits*
                                              Michael Berkovits