

# SALLAH ASTARITA & COX
### LLC

3010 North Military Trail, Suite 210 | Boca Raton, Florida 33431
Phone: (561) 989-9080 | Fax: (561) 989-9020 | www.sallahlaw.com

ATTORNEYS AT LAW    Florida | New York | New Jersey

August 26, 2019

**VIA ECF AND FEDERAL EXPRESS**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

*Re:    SEC v. Honig, et al.   (No. 18 Civ. 8175 (ER)).*

Dear Judge Ramos:

My firm, along with Richard & Richard, P.A., represents Michael Brauser and Grander Holdings, LLC ("Brauser") in connection with the above-referenced matter. This correspondence concerns Plaintiff's letter of August 8, 2019 to the Court. Brauser joins in the letter from Randall Lee, counsel for Robert Ladd to the Court dated August 20, 2019 and add the following comments.

In Plaintiff's letter, it advises that the New York Regional Office ("NERO") "continues to investigate matters that involve conduct of certain Defendants that is distinct from and post-dates that charged in the Commission's Amended Complaint" and that if the staff becomes aware of documents gathered in that investigation that "are relevant to the matters alleged in the Amended Complaint" that they will be produced to the Defendants.

While we appreciate the NERO staff's making us aware of the "distinct" investigation into certain Defendants, the letter raises obvious concerns that we think need to be addressed. As the Court is aware, when litigation has been commenced and is pending, utilization of investigative subpoena to gather evidence is impermissible under the Commission's authority and directly circumvents the Federal Rules of Civil Procedure ("FRCP"). The Commission itself has recognized that issuing investigative subpoenas in the context of litigation may not be used as an end around the mandates set forth by the FRCP, because *"[a] court might conclude that the use of investigative subpoenas to conduct discovery is a misuse of the SEC's investigative powers and circumvents the court's authority and limits on discovery in the Federal Rules of Civil Procedure."* SEC Enforcement Manual.[1]

---

[1]    We are familiar with the frequent government rejoinder that government manuals such as the SEC Enforcement Manual do not create substantive rights. However, we cannot ignore the applicable legal authority and the potential for abuse of the use of administrative subpoenas.

Hon. Edgardo Ramos
August 26, 2019
Page 2 of 2

Moreover, courts have raised the same concerns. See SEC v. Life Partners Holdings, Inc. et al., 2012 WL 12850253 (W.D. Texas Aug. 17, 2012). In Life Partners, the Court held that the issuance of an administrative, or "investigative," subpoena constituted an improper attempt to obtain "investigative" information that may be used by the SEC in contemporaneous litigation, where discovery is subject to the limitations and protections provided by the FRCP. 2012 WL 12850253 at *2-3. The Life Partners court found the type of administrative subpoena issued against the backdrop of litigation to be an "end-run" around governing discovery rules. Id. The Life Partners court prohibited the Commission from using information gathered from the abusive administrative subpoenas and awarded attorney fees of $5,000 to the defendants. Id. at 4.

In a similar situation, an Administrative Law Judge ("ALJ") found that two investigations by the Commission were "functionally identical" and that the Commission's use of investigative subpoenas constituted impermissible gathering of evidence. As a result, the ALJ issued various prohibitions on the use of documents and information derived from the investigative subpoena in the second matter. In the Matter of Morgan Asset Mgmt., Inc., Admin. Proceeding File No. 3-13847 (July 12, 2010), a copy of which is attached hereto.

While we understand that Plaintiff's August 8, 2019 letter represented that the investigation is "distinct" from the current litigation and involves "certain Defendants," the fact that it may generate documents "relevant" to the pending litigation raises serious questions. Is Brauser among the Defendants involved in the separate investigation? If so, what is the time frame of the conduct being investigated? Does the subject matter involve the same potential violations being alleged in the Amended Complaint? Is this another "investigation" where Brauser will be denied the opportunity to submit a Wells Notice response to convince the Commission to abstain filing an action against him? This is particularly poignant here, considering that the SEC failed to responsibly provide Brauser with the customary Wells Notice designed to allow prospective defendants to show the SEC, pre-filing, the lack of merit in such claims before becoming public. See MNYM Guide to SEC Investigations, § 1020, p. 10 ("Although not an absolute legal right, the Wells notification requirement is a matter of long-standing SEC policy").

To determine whether the investigation is truly "distinct" or simply involves the same parties and different companies, Brauser would need access to a copy of the Formal Order of Investigation.

We, as counsel for Brauser, will be prepared to address this issue at the September 11, 2019, Pre-Motion Conference before the Court.

Sincerely,

James D. Sallah