

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

September 4, 2019

**Via ECF and UPS Overnight**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    SEC v. Honig, et al.;
              <u>No. 18 Civ. 8175 (ER)</u>

Dear Judge Ramos:

        We represent the Plaintiff, Securities and Exchange Commission ("Commission"), in this action. We write to respond to the letters of counsel of Defendant Ladd, dated August 20, 2019 (DE 160), and Defendant Brauser, dated August 26, 2019 (DE 165) (collectively "Defendants"), respecting the Commission's notification of its ongoing investigation into certain Defendants' conduct that post-dates and is distinct from the conduct alleged in the Commission's Amended Complaint. (DE 105.)

        The Commission advised the Court and the parties of its non-public investigation precisely so that Defendants were on notice of it and could make their objections for the Court's consideration. The Commission will be prepared to address these issues at the September 11 Conference, as Defendants proposed. In advance of the Conference, the Commission provides the following response to the Defendants' Letters.

        <u>First</u>, the Commission is not using its administrative powers to take any discovery related to this case. Rather, and as noted in our Letter, the Commission plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint. Because those matters are unrelated to the instant matter, they are not the subject of this litigation nor subject to the Federal Rules of Civil Procedure.

        <u>Second</u>, settled law in this Circuit and others is clear that the Commission is free to conduct administrative, non-public investigations regarding any matter, even matters directly relevant to the instant proceedings. Sections 20(a) of the Securities Act of 1933 and 21(a) of the Securities Exchange Act of 1934 grant the Commission independent authority to investigate potential securities law violations, including through its own subpoena power. Federal courts have recognized that federal agencies may employ their independent power to investigate defendants in pending actions, even with respect to matters related to the ongoing litigation. <u>Bowles v. Bay of NY Coal & Supply Corp.</u>, 152 F.2d 330, 331 (2d Cir. 1945) (Federal Rules of

Civil Procedure did not preclude agency from issuing and enforcing its own administrative subpoena against party defendant in agency's directly-related pending District Court enforcement proceeding); Porter v. Mueller, 156 F.2d 278, 279-80 (3rd Cir. 1946) (same); SEC v. Badian, No. 06 Civ. 2621 (LTS)(JLC) (S.D.N.Y. May 22, 2010) (Exhibit A hereto) (permitting SEC to make administrative request for assistance to foreign regulator to obtain documents relevant to existing litigation); SEC v. F.N. Wolf & Co., No. 93 Civ. 379 (LLS), 1993 WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993) (citing Bowles, Court held that the institution of civil litigation "did not shrink the scope of the investigative resources available to the SEC, nor limits its use of information obtained from those resources to purposes other than the litigation"); SEC v. Loyd, No. 8:02 Civ. 1613-T-26EAJ (M.D. Fla. Dec. 3, 2002) (Exhibit B hereto) (Federal Rules of Civil Procedure "do not apply to restrict or control administrative subpoenas").

As Defendant Brauser notes, the court in SEC v. Life Partners Holdings, Inc., No. 12 Civ. 00033 (JRN), 2012 WL 12850253 (W.D. Texas Aug. 17, 2012) prohibited the Commission from using its administrative subpoena power to take testimony during the pendency of a litigation, but that prohibition applied only where the "primary" purpose of the subpoena was "to conduct discovery with respect to the claims alleged in the Complaint against Defendants." Id., 2012 WL 12918375 (W.D. Texas Sept. 27, 2012). Here, of course, the Commission intends to use its administrative powers solely to investigate matters post-dating, and distinct from, the conduct at issue in the Amended Complaint. If the Commission were unable to conduct a non-public investigation of different conduct perpetrated by the defendants it sues, then those defendants would have a free pass to violate the law pending the litigation of the Commission's claims -- a result inconsistent with the public interest and the Commission's mission to protect investors.

Nor does the Commission's Enforcement Manual limit the staff's ability to conduct non-public investigations of existing litigants. Rather, it provides: "The [SEC Division of Enforcement] may continue to investigate and issue investigative subpoenas pursuant to a formal order of investigation while simultaneously litigating a related civil action if there is an independent, good-faith basis for the continued investigation. An independent, good-faith basis may include the possible involvement of additional persons or entities in the violations alleged in the complaint, <u>or additional potential violations by one or more of the defendants in the litigation</u>." Enforcement Manual at 32-33 (available at https://www.sec.gov/divisions/enforce/enforcementmanual.pdf) (emphasis added).[1] Because "additional potential violations" is the focus of the non-public investigation, the Commission staff is not prohibited by Commission policy from issuing administrative subpoenas by the pendency of this action.

---

[1] Defendant Brauser's reliance on the Administrative Proceeding decision in In the Matter of Morgan Asset Mgmt., Inc., 2010 WL 3405823 (July 12, 2010), is misplaced. In that matter, the ALJ determined that Commission Rule of Practice 230(g), 17 C.F.R. § 201.230(g) – a Rule that does not apply in the federal courts – prohibited the Enforcement Division from continuing its investigation to uncover evidence for the purposes of a filed administrative proceeding. In any event, as that court noted, Rule 230(g) would permit investigations of "distinct areas of potential violations," even where an administrative proceeding has been instituted. Id., at *3 n.4.

Defendants' Letters seek to compel the Commission to advise the parties "of the additional matters the Commission is continuing to investigate," (Ladd Letter (DE 160), at 1-2), and "access to a copy of the Formal Order of Investigation." (Brauser Letter (DE 165), at 2.) The Commission is prepared to provide that information to the Court in camera.

Respectfully submitted,

Nancy A. Brown

cc: All Defendants via ECF