# EXHIBIT B



FILED

02 DEC -3 AM 10: 45

. . . . . . COURT
. . . . . OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                              CASE NO: 8:02-cv-1613-T-26EAJ

THOMAS E. LOYD, individually, and d/b/a
INVESTORS' ALERT; PAUL A. SPRAY,
individually, and d/b/a OTC INVESTOR'S EDGE;
MARC BARHONOVICH; INVESTORS' ALERT, INC.;
VANTAGE INTERNATIONAL CONSULTANTS, INC.;
EQUITY ADVISORS, INC.; and OTC CONSULTING, INC.;

    Defendants.
_____/

## **O R D E R**

    Before the Court is the Defendants' Amended Motion for Protective Order (Dkt. 54) in which they seek an order from this Court requiring the Plaintiff to comply with the Federal Rules of Civil Procedure ("the Rules") and to exclude all evidence obtained by the Plaintiff in violation of the Rules. The core of the Defendants' complaint regarding the Plaintiff's claimed circumvention of the Rules centers on the Plaintiff's issuance of subpoenas duces tecum without notice to third parties under the guise of an administrative investigation. The Defendants claim that because the subpoenaed documents relate directly to this action, the Plaintiff must give the Defendants prior notice of any subpoena issued to a third party in compliance with Rule 45(b).

    The Plaintiff has filed a Response (Dkt. 61) in which it advances the basic contention that even though it has instituted this action against the Defendants, it continues to enjoy the absolute

71

right, unfettered by the Rules, to issue investigative subpoenas seeking information and documentation about additional potential violations involving the Defendants and other parties. The Plaintiff's argument carries the day.

The Court, through its own independent research, has discovered the case of <u>Securities and Exchange Commission v. F.N. Wolf & Co.</u>, 1993 WL 568717 (S.D. N.Y. 1993). In that case, as in this case, the SEC instituted an action against the defendant but apparently continued to issue investigative subpoenas to gather information and documentation. The defendant, as the Defendants here, sought to curtail the SEC's use of its investigative subpoena power, contending "that the SEC, after filing suit as a civil litigant, is limited to discovery conducted pursuant to the Federal Rules of Civil Procedure and may not issue subpoenas or other information requests beyond the scope of those rules." <u>Id.</u> at *1. The specific relief sought by the defendant is similar to the relief sought by the Defendants in this case, including an order prohibiting the SEC from utilizing any evidence obtained by an investigative subpoena issued without notice.

In denying the motion for protective order, the district court, relying on <u>Bowles v. Bay of New York Coal & Supply Corp.</u>, 152 F. 2d 330 (2nd Cir. 1945), recognized the well settled proposition that the Rules do not apply to restrict or control administrative subpoenas. <u>Wolf</u> at *1. It also acknowledged the statutory grant of authority bestowed on the SEC by 15 U.S.C. § 78u(a)(1) to "'make such investigations as it deems necessary to determine whether any person has violated, is violating or is about to violate any provision' of the act or rules regulating securities exchanges." <u>Id.</u> The district court concluded, therefore, that the "institution of civil litigation did not shrink the scope of the investigative resources available to the SEC, nor limit its

use of information obtained from those resources to purposes other than litigation. On the contrary, it is free to proceed as it has been doing in this case." Id. at *2.

The Court agrees with the reasoning of the district court in Wolf. Accordingly, the Amended Motion for Protective Order (Dkt. 54) is denied. As in Wolf, the Plaintiff "is free to proceed as it has been doing in this case."

**DONE AND ORDERED** at Tampa, Florida, on December 2, 2002.

RICHARD A. LAZZARA
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

-3-

FILE COPY

Date Printed: 12/04/2002

Notice sent to:

    Robert K. Levenson, Esq.
    Securities & Exchange Commission
    Miami Branch Office
    801 Brickell Ave., Suite 1800
    Miami, FL  33131

    Burton Webb Wiand, Esq.
    Fowler White Boggs Banker, P.A.
    501 E. Kennedy Blvd.
    P.O. Box 1438
    Tampa, FL  33601-1438

    Michael S. Lamont, Esq.
    Fowler White Boggs Banker, P.A.
    501 E. Kennedy Blvd.
    P.O. Box 1438
    Tampa, FL  33601-1438

    Peter B. King, Esq.
    Fowler White Boggs Banker, P.A.
    501 E. Kennedy Blvd.
    P.O. Box 1438
    Tampa, FL  33601-1438

    Brian P. Miller, Esq.
    Akerman, Senterfitt & Eidson
    Suntrust International Center
    One S.E. 3rd Ave., 28th Floor
    Miami, FL  33131-1714