September 4, 2019

**BY ECF**

Chris Johnstone

+1 650 858 6147 (t)
+1 650 858 6100 (f)
chris.johnstone@wilmerhale.com

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  <u>SEC v. Honig, et al.</u>, Case No. 1:18-cv-08175-ER (S.D.N.Y.)

Dear Judge Ramos:

We write in response to the SEC's letter dated August 19, 2019, requesting a pre-motion conference concerning Mr. Ladd's production of documents, which has been set for September 11, 2019 at 10:00 a.m. Dkt. Nos. 158 and 159. As set forth below, the SEC's pre-motion letter was premature, and the SEC's requests are now moot. Instead, the SEC seeks to raise a new issue – whether Mr. Ladd is obligated to produce documents belonging to his employer, MGT – without disclosing to the Court that MGT is separately represented by the firm of Kramer Levin Naftalis & Frankel LLP, and without engaging in a proper meet and confer process. As such, the SEC's pre-motion letter was both unnecessary and highly misleading.

As an initial matter, the SEC filed its pre-motion letter before receiving Mr. Ladd's responses to the concerns it raised, in direct violation of the Local Rules and this Court's Individual Practices. *See* Local Civil Rule 37.3(a) ("Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties . . . shall attempt to confer *in good faith*") (emphasis added); Individual Practices § 2(A)(i) ("Strict adherence to Fed. R. Civ. P. 37(a)(1), the 'meet and confer' rule, is required."). The record is clear: The parties met-and-conferred about the issues in the SEC's letter on August 12, 2019. Ex. 1 at 1. At that time, Mr. Ladd advised the SEC that he was evaluating the SEC's requests and would need additional time to respond. *Id.* The SEC made no objection to this proposal, did not impose any specific deadline for a response, and did not indicate any intention to seek the Court's relief. Instead, just one week later, the SEC filed its pre-motion letter, without even following up with counsel. As such, its pre-motion letter violated the Court's Individual Practices and the Local Rules of this district.

Not only was the pre-motion letter procedurally improper, it was unnecessary, because the four specific issues it raised have now been resolved:

1. The first issue raised in the SEC's pre-motion letter was that "Ladd likely has MGT-related documents on his laptop that are not housed on MGT's servers." Dkt. No. 158 at 1. In his August 23, 2019 letter, Mr. Ladd advised the SEC that "Mr. Ladd does not have a personal computer; he uses a laptop which is the property of MGT." Ex. 1 at 1.

2. The second issue raised in the SEC's pre-motion letter was that "between September 10, 2018 and April 30, 2019, Ladd was on leave from his role as an officer of MGT . . . so it is likely that documents he created during that period . . . were not even captured by MGT's systems." Dkt. No. 158 at 1-2. In his August 23, 2019 letter, Mr. Ladd "confirm[ed] that the only sources of potentially responsive documents that MGT does not have possession or control over are Mr. Ladd's two personal email accounts, which he occasionally uses for MGT business and which we have searched." Ex. 1 at 1; Ex. 2 at 1.

3. The third issue raised in the SEC's pre-motion letter was that "Ladd has . . . refused to produce any responsive documents found or created after September 7, 2018." Dkt. No. 158 at 2. In his August 23, 2019 letter, Mr. Ladd agreed to produce documents created up to the filing of the amended complaint on March 8, 2019. Ex. 1 at 2.

4. The fourth issue raised in the SEC's pre-motion letter was that Mr. Ladd "refused to produce any documents relating to the 2012 and 2013 period because that period 'includes events outside the applicable statute of limitations.'" Dkt. No. 158 at 2. In his August 23, 2019 letter, Mr. Ladd advised the SEC that there are no such documents that were withheld from production. Ex. 1 at 2.

Yet without meeting and conferring, the SEC now apparently contends that a *new* issue should be addressed at the upcoming conference. On August 28, 2019, nearly ten days *after* the SEC filed its pre-motion letter, the SEC requested for the very first time that Mr. Ladd produce "MGT documents" – *i.e.*, documents in the custody of MGT, a non-party corporation for which Mr. Ladd serves as CEO – which "pre-dat[e] August 1, 2013 and post-dat[e] September 28, 2016." Ex. 3 (Aug. 28, 2019 email from Nancy Brown). This belated request is procedurally improper and contrary to law.

*First*, the SEC's August 28, 2019 request was the first time that the SEC ever asked for these specific MGT documents from Mr. Ladd. Indeed, the SEC's pre-motion letter does not point to any specific MGT documents that the SEC contends Mr. Ladd should have produced. Rather, it focuses entirely on the *possibility* that Mr. Ladd withheld MGT documents that were in his own custody that MGT did not have – an issue that is now moot. *See* Dkt. No. 158 at 1-2 (noting that "Ladd likely has MGT-related documents on his laptop that are not housed on MGT's servers" and that certain other documents "that are responsive to the Commission's Requests were not even captured by MGT's systems").

What the SEC astonishingly fails to disclose to the Court is that it served a subpoena on MGT for documents, that MGT retained Kramer Levin to respond to that subpoena, and that Kramer Levin has already made substantial productions of documents to the SEC. The SEC's pre-motion letter not only omits any reference to the production of MGT documents by Kramer Levin, it does not explain why this belated request for additional documents could not have been handled by company counsel.

*Second*, the SEC's request that Mr. Ladd produce MGT's documents is contrary to Second Circuit law. MGT is a public company with a Board of Directors. It has engaged experienced counsel from Kramer Levin, which has been representing MGT in this matter since at least 2016, and which has already produced a significant number of MGT documents.[1] For his part, Mr. Ladd has collected and produced documents from his non-MGT email accounts because they were *not* available to MGT. But with respect to MGT documents, Mr. Ladd made clear to the SEC months ago in his objections and responses that (1) MGT documents were "the property of MGT," (2) "Mr. Ladd does not have unilateral authority to produce MGT documents in this litigation and does not control MGT's board," and (3) "MGT was represented in the SEC's investigation, and is represented in this action, by separate counsel." Ex. 4 at 3.

Accordingly, the SEC has no basis to demand that Mr. Ladd produce the same documents that are the subject of the subpoena to MGT, particularly where the documents in question are controlled by MGT and MGT is represented by separate and reputable counsel. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) (party may be required to produce documents where "a party has access and the practical ability to possess documents **not available to the party seeking them**") (emphasis added); *SEC v. Strauss*, 2009 WL 3459204, at *10-12 (S.D.N.Y. Oct. 28, 2009) (SEC not required to produce documents at issue because documents were equally available to the defendant via subpoena); *GenOn Mid-Atl., LLC v. Stone & Webster, Inc.*, 282 F.R.D. 346, 356 (S.D.N.Y. 2012), *aff'd*, 2012 WL 1849101 (S.D.N.Y. May 21, 2012) (court observed that party was not required to produce documents where requesting party had already subpoenaed the documents from a third-party and engaged in discussions with that third-party's counsel). Here, the entity that controls the documents in question is MGT; Mr. Ladd is merely an employee and director of the company; the attorneys that are handling the production of MGT documents work at MGT's counsel, Kramer Levin; and there is no reason why the SEC cannot obtain the MGT documents at issue directly from MGT.

Respectfully,

Chris Johnstone

Cc: Counsel of record

---

[1] In fact, even during the SEC's investigation, Kramer Levin produced documents on behalf of MGT – another relevant fact the SEC omits.