# EXHIBIT 1

Case 1:18-cv-08175-ER   Document 172-1   Filed 09/04/19   Page 1 of 3

**WILMERHALE**

August 23, 2019

**BY EMAIL**

Chris Johnstone

+1 650 858 6147 (t)
+1 650 858 6100 (f)
chris.johnstone@wilmerhale.com

Nancy Brown
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022

Re: *SEC v. Honig, et al.*, No. 1:18-cv-08175 (ER)

Dear Counsel:

We write regarding the letter you filed with the Court requesting a pre-motion conference to discuss a motion to compel the production of documents by Mr. Ladd.  (ECF No. 158.)  As you know, we had been engaged in discussions with you about the issues raised in your letter.  In fact, at the end of our meet and confer on August 12, 2019, we stated that we were considering the issues you had raised; that we needed additional time to determine our responses to your questions; and that we would provide a response to your request.  Rather than waiting for a response, following up with us, or even providing any deadline for us to respond, you filed a request with the Court for a pre-motion hearing just one week after we said we needed more time to respond.

Given that you did not receive a response from us on the items you raised, the issues were never joined, and your letter to the Court was improper.  *See* Fed. R. Civ. P. 37(a)(1) (requiring a movant to certify that she has conferred "in good faith").  More importantly, your request for a pre-motion conference involved the Court in issues that the parties had the potential to resolve through the meet and confer process.  By contrast, we have given you time to respond to the issues we raised during the meet and confer process (some of which are still outstanding, as outlined in our August 21, 2019 letter).

In any event, we have now had time to consider the issues you raised with our production of documents.

*First*, you asked whether Mr. Ladd possesses any MGT documents that MGT itself does not have possession or control over, such as MGT documents saved on a personal computer but not on MGT's cloud account or documents created during the period when he was on leave from MGT.  We can confirm that the only sources of potentially responsive documents that MGT does not have possession or control over are Mr. Ladd's two personal email accounts, which he occasionally uses for MGT business and which we have searched.  Mr. Ladd does not have a personal computer; he uses a laptop which is the property of MGT.

Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

WILMERHALE

August 23, 2019
Page 2

*Second*, you requested that Mr. Ladd produce documents that post-date the filing of the complaint on September 7, 2018. We have considered your request and will agree to produce responsive, non-privileged documents created up to the filing of the amended complaint on March 8, 2019. We intend to make this production by September 6, 2019.

*Third*, you requested that Mr. Ladd produce documents even if they were created before the statute of limitations period (*e.g.*, in 2012 and 2013). There are no such documents in the two email accounts described above.

We now believe there are no pending issues that require the Court's attention. If you disagree, please advise us by August 27, 2019 of specifically what issues you believe remain unresolved.

Very truly yours,

*[signature]*

Chris Johnstone