# EXHIBIT 2

WILMERHALE

August 27, 2019

**BY EMAIL**

Chris Johnstone

+1 650 858 6147 (t)
+1 650 858 6100 (f)
chris.johnstone@wilmerhale.com

Nancy Brown
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022

> Re: *SEC v. Honig, et al.*, No. 1:18-cv-08175 (ER)

I write in response to your August 26, 2019 email, which followed up on our August 23, 2019 letter.

First, you ask that we confirm that we searched two of Mr. Ladd's personal (i.e., non-MGT) email accounts and that there were "no responsive documents." Our August 23, 2019 letter states explicitly that we searched those two email accounts. The email accounts in question are the ones from which we produced documents on May 23, 2019, with a replacement production volume on July 8, 2019. As is apparent from the documents, the email accounts are rladd@laddcapvalue.com and laddcap@gmail.com. Mr. Ladd does not use any email accounts to discuss MGT-related business apart from these two non-MGT email accounts and his MGT email account.

As we further stated in our August 23, 2019 letter, Mr. Ladd will produce all responsive, non-privileged documents that post-date the filing of the complaint on September 7, 2018, up through the filing of the amended complaint on March 8, 2019. We expect to make that production by September 6, 2019. At that point, Mr. Ladd will have produced all responsive, non-privileged documents from his two non-MGT email accounts. In light of this representation, please confirm your agreement, by the close of business tomorrow, that the final two paragraphs setting out the grounds for the SEC's motion to compel in your August 19, 2019 letter requesting a pre-motion conference (Docket No. 158) are moot and do not require the Court's attention.

Second, you advise that "Mr. Ladd's access to MGT's records" is a subject of the SEC's motion to compel and requires a response. We did not address this issue in our August 23 letter because we did not understand your August 19 letter requesting a pre-motion conference to be making any request to Mr. Ladd or the Court with respect to this issue. Regarding the issues your letter does raise, we have already clarified that Mr. Ladd does not use a personal computer and that we are producing additional documents from Mr. Ladd's non-MGT email accounts.

As to the suggestion that Mr. Ladd produce MGT's corporate records, we made clear that Mr. Ladd would not produce MGT's own records, citing to authority from the Second Circuit, in Mr. Ladd's responses and objections to the SEC's first set of document requests, which we served on

WilmerHale

August 27, 2019
Page 2

May 23, 2019.  In response, you immediately issued a subpoena for the same records to MGT.  We understand that, since that time, counsel for MGT at Kramer Levin Naftalis & Frankel LLP has been working on responding to the SEC's document requests, at considerable expense, and has already made substantial productions of documents.  Your pre-motion letter fails to explain that you are moving to compel Mr. Ladd to produce MGT's records; it fails to specify any particular relief you are seeking from the Court; and it provides no authority for the notion that the SEC may compel the production of company documents from the CEO where the company has engaged its own separate counsel and has been duly responding to a subpoena.  Please confirm by close of business tomorrow that you are not moving to compel such materials so that we can advise the Court that all issues raised in your pre-motion letter have been resolved.  If not, we request that you meet and confer with us on Friday at 3:30 p.m. ET.

Very truly yours,

Chris Johnstone