# EXHIBIT 4

RANDALL R. LEE
COOLEY LLP
1333 2nd Street
Suite 400
Santa Monica, CA
randall.lee@cooley.com
+1 310 883 6485
+1 213 369 2897

CHRIS JOHNSTONE
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
+1 650 858 6147

*Attorneys for Defendant Robert Ladd*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | 18 Civ. 8175 (ER) |
| -against- | : | |
| | : | ECF CASE |
| | : | |
| | : | |
| **BARRY C. HONIG, MICHAEL BRAUSER, JOHN STETSON, JOHN R. O'ROURKE III, ROBERT LADD, ELLIOT MAZA, BRIAN KELLER, JOHN H. FORD, ATG CAPITAL LLC, GRQ CONSULTANTS, INC., HS CONTRARIAN INVESTMENTS, LLC, GRANDER HOLDINGS, INC., and STETSON CAPITAL INVESTMENTS INC.,** | : : : : : : : | |
| | : | |
| **Defendants.** | : | |

------------------------------------------------------------------------x

**DEFENDANT ROBERT LADD'S RESPONSES AND OBJECTIONS TO
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

PROPOUNDING PARTY:    SECURITIES AND EXCHANGE COMMISSION
RESPONDING PARTY:     DEFENDANT ROBERT LADD
SET NO:               ONE

**6.** Mr. Ladd's failure to make a specific objection to a particular Request for Production is not, and shall not be construed as, an admission that responsive information exists. None of these Responses is an admission relative to the existence of any information or documents or to the relevance or admissibility of any information or documents referred to in Plaintiff's First Set of Requests for the Production of Documents.

**7.** Mr. Ladd will not make a production from any email account, computer, or other electronic device owned or controlled by MGT Capital, Inc. ("MGT"), as any documents and information contained therein are the property of MGT.

Among other reasons, MGT is a distinct legal entity. Mr. Ladd does not have unilateral authority to produce MGT documents in this litigation and does not control MGT's board, and thus lacks the "practical ability," as a matter of law, to produce such documents in response to these Requests. *See, e.g.*, *Shcherbakovskiy v. Da Capo Al Fine*, Ltd., 490 F.3d 130, 138 (2d Cir. 2007). As a separate entity with its own rights and responsibilities, MGT was represented in the SEC's investigation, and is represented in this action, by separate counsel.

Moreover, Plaintiff had access to MGT documents during its investigation, including by subpoena of MGT and through negotiations with counsel for MGT, and has made use of such materials in this action. Plaintiff continues to have access to any relevant MGT records, documents, and information by way of the Federal Rules of Civil Procedure, and thus may not compel Mr. Ladd to undertake the burden of providing such materials under Rule 26. *See, e.g.*, *SEC v. Strauss*, No. 09 Civ. 4150, 2009 WL 3459204, at *7 (S.D.N.Y. Oct. 28, 2009); *GenOn Mid-Atl., LLC v. Stone & Webster, Inc.*, 282 F.R.D. 346, 356 (S.D.N.Y. 2012), *aff'd*, 2012 WL 1849101 (S.D.N.Y. May 21, 2012).

Mr. Ladd will make reasonable efforts, if necessary, to cooperate with any future

production of relevant materials by MGT in this matter.

    **8.**    Mr. Ladd has made General Objections and specific objections herein so as to preserve his rights.  In compliance with the revised Federal Rules of Civil Procedure, unless specifically noted, Mr. Ladd will not, on the basis of any particular objection, withhold documents that are otherwise responsive to any Request for Production.

## GENERAL OBJECTION

    1.    Mr. Ladd objects to each Request for Production as unreasonably cumulative and duplicative, and overly burdensome, in light of the SEC's extensive collection of documents and other information in the course of its investigation.  Among other subpoenas issued in the course of its investigation, the SEC issued a subpoena to MGT on September 14, 2016.  MGT produced more than 4000 documents to the SEC.  According to the SEC's initial disclosures in this action, the SEC obtained document productions from more than 100 distinct individuals and entities and also obtained testimony from witnesses.  Accordingly, the SEC's untargeted and unfocused Requests are inappropriate given the history of the SEC's investigation of this case.

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

Mr. Ladd objects to Definition No. 2, of "You" or "Your," to the extent it purports to define those terms more broadly than permitted by Rule 26.3 of the Local Rules of the Southern District of New York.  Mr. Ladd will interpret these terms consistent with the Local Rules.

Mr. Ladd objects to Definition No. 4 to the extent it defines the "Relevant Period" to encompass a period that includes events outside the applicable statute of limitations, such as the allegations concerning events in 2012 and 2013.

Mr. Ladd objects to Instruction No. 4, and will not provide the requested information about documents that are not in his possession, custody, or control.  The request is not within the