SALLAH ASTARITA COX LLC

3010 North Military Trail, Suite 210 | Boca Raton, Florida 33431
Phone: (561) 989-9080 | Fax: (561) 989-9020 | www.sallahlaw.com

ATTORNEYS AT LAW    Florida | New York | New Jersey

September 9, 2019

<u>VIA EMAIL ONLY</u>
Nancy A. Brown, Esq.
Securities and Exchange Commission
200 Vesey Street, Ste. 400
New York, NY 10281
Email: <u>brownn@sec.gov</u>

Dear Ms. Brown:

In your September 4th letter to the Court you state that "the Commission plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint." *Your Letter to Court*, 9/4/19, p. 1.

In the Amended Complaint the SEC has alleged wrongdoing that Brauser and other Co-Defendants "followed a pattern . . . [t]ypically" involving "some kind of transaction" such as "an acquisition or merger," manipulative trading and/or "paid writers, bloggers or" others to write about the transaction, and sale of stock into an "artificially inflated market." *Amended Compl.*, ¶ 55. The SEC also alleges that the Defendants "agreed to act as a group in holding, disposing and voting the stock they acquired . . . ." *Id.*, ¶ 57. The SEC also asserts that some of the Defendants' activities with "more than 40 issuers" are related to the claims in the Amended Complaint, "[f]or some of which "Brauser took an active role" and for others "Brauser was content to let Honig direct the steps in the scheme . . . ." *Id.*, ¶ 60-61. In the SEC's opposition to Brauser's motion to dismiss, the SEC similarly asserts that "Brauser co-invested with Honig in over 40 different issuers" and that "[t]hose investments followed a pattern similar to the three schemes alleged in the complaint," that "Honig or Brauser, along with other favored investors . . . jointly acquired a controlling position in a target issuer's stock," "jointly voted their shares," "dictated the issuer's management and policies," "engineered a publicity generating transaction," "secretly compensated bloggers and promoters," and were often "in frequent contact." *SEC Memo of Law In Opp. to Brauser MTD*, p. 2.

Moreover, the SEC argues that the Amended Complaint "alleges a common pattern among the many schemes Brauser perpetrated with Honig . . . ." *Id.* Given the SEC's description of its own Amended Complaint, as well as the allegations in the Amended Complaint, we must conclude that the SEC is saying that it is using its administrative powers to investigate matters that do not fall within this alleged pattern in any way, shape or form. Given the SEC's obligation of candor with the Court, please answer the following question:

When you represent to the Court that "the Commission plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint," does that mean that such matters are outside of the alleged pattern? If your answer to this question is yes,

**EXHIBIT A**

September 9, 2019
Nancy A. Brown, Esq.
Page 2 of 2

that would mean that none of the evidence you gather could be used to establish habit or routine practice under Fed. R. Evid. 406, *modus operandi*, or course of business.  Presumably, moreover, if the matters are <u>unrelated</u>, then the evidence gathered in this litigation, including the allegations of the prior deals that have been highlighted in the Amended Complaint, ought not to be utilized in the current investigation.  If this is not the case, your representation to the Court was not candid.

    We look forward to your reply in advance of Wednesday morning's hearing.

                Sincerely,

                James D. Sallah, Esq.

Cc:    Randall Lee, Esq.