

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

JACK KAUFMAN
TELEPHONE: (212) 336-0106
EMAIL: KAUFMANJA@SEC.GOV

September 19, 2019

**Via ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

Re:   SEC v. Honig, et al., No. 18 Civ. 8175 (ER) (S.D.N.Y.)

Dear Judge Ramos:

Pursuant to the Court's directive at its September 11, 2019 hearing, Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this response to the letter filed yesterday by Defendants Michael Brauser and Grander Holdings, LLC ("Defendants") (DE 178). The Commission writes primarily to address Defendants' requested relief at the end of their letter: "If the Court determines that the SEC's investigation is 'wholly unrelated' to the pending civil action, then the SEC should be restricted from using the fruits of that *ex parte* investigation in this case." The Commission objects to Defendants' request as contrary to precedent, public policy, and common sense.

If the Court determines that the Commission's investigation is not related to the subject matter of this case and – as the Commission has offered – simply orders the Commission to turn over to defendants any documents relevant to this case that it might (inadvertently) receive through the investigation, Defendants cannot possibly be prejudiced.[1] If, however, the Court grants Defendants' request and precludes the Commission from using such materials in this case, it would be penalizing the Commission (and the public it serves) simply for carrying out its statutory obligation to investigate potential violations of the federal securities laws.

Thus, the court in SEC v. F.N. Wolf & Co., No. 93 Civ. 379 (LLS), 1993 WL 568717 (S.D.N.Y. Dec. 14, 1993), rejected the very relief Defendants request here – to preclude the Commission from using evidence it gathered through administrative subpoenas in a pending District Court action. Id. at *1. In so holding, the F.N. Wolf Court reasoned:

---

[1] By *ex parte* submission on September 17, 2019, the Commission explained to the Court why its pending non-public investigation is not related to the subject matter of this case. If – as Defendants alternatively request – the Court were to order the Commission to conduct its investigation through litigation subpoenas in this case, the Commission could expect to receive objections that its subpoenas exceed the scope of the Amended Complaint – thus setting up unnecessary discovery disputes for the Court to resolve.

Hon. Edgardo Ramos
September 19, 2019
Page 2

> Section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(a)(1), provides that the SEC 'may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating or is about to violate any provision' of the act or rules regulating securities exchanges.
>
> Accordingly, its institution of civil litigation did not shrink the scope of the investigative resources available to the SEC, nor limit its use of information obtained from those resources to purposes other than the litigation. On the contrary, it is free to proceed as it has been doing in this case.

Id. at *1-2; see also SEC v. Lloyd, 82-cv-1613-T-26EAJ (M.D. Fla. Dec. 3, 2002) (attached as Ex. B to Commission Sept. 4, 2019 letter, DE 171) (following F.N. Wolf to reach the same holding).

    The extraordinary relief Defendants request would be contrary to public policy, as it would interfere unnecessarily with Commission's statutory mission to protect the investing public from potential securities law violations. We therefore urge the Court to reject Defendants' proposed relief and, instead, simply require the Commission to comply with its ongoing obligation under the Federal Rules of Civil Procedure to produce to Defendants any documents it might receive that are relevant to this case.

    Respectfully submitted,
/s/
Jack Kaufman
Senior Trial Counsel
Division of Enforcement