

Randall R. Lee                                                      By ECF
+1 310 883 6485
randall.lee@cooley.com

September 19, 2019

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: <u>SEC v. Honig, et al.</u>, Case No. 1:18-cv-08175-ER (S.D.N.Y.)**

Dear Judge Ramos:

We write on behalf of Defendant Robert Ladd both in response to the SEC's September 11, 2019 letter, which attempted to explain its decision to file a letter in the public record disclosing the existence of an ongoing administrative investigation into certain Defendants in this case, and at the Court's invitation to the parties to provide the Court with information to assist in its review of the SEC's *in camera* submission. *See* September 11, 2019 Hearing Transcript (hereinafter, "Hr.'g Tr.") 20:8-12. Given the unusual nature of the SEC's actions, we request that the Court closely review the information the SEC has submitted about its ongoing investigation and make a ruling as to whether the SEC has adequately demonstrated that its ongoing investigation has no conceivable relevance to the current litigation.

First, we ask the Court to consider the sweeping and expansive scope of the SEC's original investigation that led to the filing of this case in assessing whether the SEC's ongoing administrative investigation can legitimately be considered "unrelated" to the current litigation. In the current litigation, the SEC's initial disclosures indicate that it obtained documents during its investigation from *106* entities and people. The Amended Complaint identifies a total of 19 issuers (not just the three named in the Amended Complaint) through which certain Defendants engaged in a broad range of purported misconduct. Additionally, in its brief in opposition to Mr. Ladd's motion to dismiss, the SEC argued that allegations in the Amended Complaint that are not charged as violations of law and appear unrelated to the events giving rise to Mr. Ladd's liability are nonetheless relevant because they provide evidence of the Honig Group's "pattern" of behavior. *See* Dkt. 156 at 6. Given the breadth of the investigation and the SEC's expansive view of what it deems to be relevant to this case, we have serious concerns that the SEC is seeking or obtaining evidence in the ongoing administrative investigation that is relevant to the current litigation but is being obtained in a manner inconsistent with the Federal Rules of Civil Procedure.

Second, during the September 11, 2019 hearing, the SEC represented to the Court that its August 8, 2019 letter, in which it *sua sponte* stated in a public filing that it was investigating one or more Defendants, was "not that unusual." Hr'g Tr. 18:23-24. Following the hearing, the SEC filed a letter dated September 11, 2019 identifying recent matters that purportedly demonstrate that its August 8, 2019 letter was "not that unusual." In fact, contrary to the SEC's representations to this Court, the cases the SEC cites in its September 11, 2019 letter prove our concern—that the August 8, 2019 letter was extraordinarily unusual and irregular. As the following summary reflects, *none* of the cases cited by the SEC is analogous to the current situation—namely, the unprompted disclosure by the SEC of an ongoing investigation into the conduct of certain defendants during an active litigation in federal court:



September 19, 2019
Page Two

- *SEC v. Archer*, 16 Civ. 3505 (WHP) (S.D.N.Y) (Dkt. 51) (where the *defendant* chose to disclose an administrative subpoena, and the SEC provided an explanation on the record as to how the investigation was unrelated to the litigation).

- *SEC v. Taub*, 16 Civ.9130 (JMV) (JBC) (D.N.J.) (Dkt. 25) (where the disclosure occurred while the litigation was stayed pending criminal proceedings).

- *SEC v. Fixelle*, 18 Civ. 15026 (CCC) (D.N.J.) (Dkt. 7) (where the investigation did not involve defendants in active litigation with the SEC).

- *SEC v. Blakstad*, 19 Civ. 6387 (DLC) (S.D.N.Y.) (Dkt. 14) (where the investigation focused on *uncharged* individuals).

- *SEC v. Morgan*, 19 Civ. 661 (W.D.N.Y.) (Dkt. 40) (where the investigation involved *uncharged* individuals, and the SEC provided an explanation on the record as to how the investigation was unrelated to the litigation).

- *SEC v. Premium Point Investments LP*, 18 Civ. 4145 (AJN) (S.D.N.Y.) (Dkt. 17) (where the government sought a stay, the investigation involved *uncharged* individuals, and the SEC provided an explanation on the record as to how the investigation was unrelated to the litigation).

- *SEC v. Merrill*, 18 Civ. 02844 (RDB) (D. Md.) (Dkt. 40 at ¶ 11) (where a stay of the federal case was imminent, and the investigation involved *uncharged* individuals).

Simply put, the SEC's representation that it could provide examples of "additional cases in which [it has] done a similar thing" that would make its August 8, 2019 letter "not that unusual" (Hr'g Tr. 19:11-12, 18:23) was inaccurate.

Accordingly, given the unusual nature of the SEC's recent actions, Mr. Ladd requests that the Court review the information the SEC has submitted under seal and make a ruling as to whether the SEC's ongoing administrative investigation is unrelated to the current litigation. We request that the Court's ruling be made under seal (but shared with the parties) to balance the Defendants' right to understand the basis for the SEC's decision to seek evidence concerning certain Defendants outside the Federal Rules of Civil Procedure and the SEC's desire to keep the nature of its investigation non-public.

Respectfully,

*/s/ Randall R. Lee*

Randall R. Lee


Cc: Counsel of Record (via ECF)