UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

    – against –

BARRY C. HONIG, MICHAEL BRAUSER,
JOHN STETSON, JOHN R. O'ROURKE III,
ROBERT LADD, ELLIOT MAZA, BRIAN
KELLER, JOHN H. FORD, ATG CAPITAL
LLC, GRQ CONSULTANTS, INC., HS
CONTRARIAN INVESTMENTS, LLC,
GRANDER HOLDINGS, INC. and STETSON
CAPITAL INVESTMENTS INC.,

                Defendants.

**ORDER**

18 Civ. 8175 (ER)

Ramos, D.J.:

      This order concerns a letter sent by plaintiff Securities and Exchange Commission on August 8, 2019. Doc. 157. The SEC letter describes an ongoing investigation it claims is distinct from this case:

> We write to advise the Court and the parties that the Commission's New York Regional Office continues to investigate matters that involve conduct of certain Defendants that is distinct from and post-dates that charged in the Commission's Amended Complaint. If the Commission staff representing the Commission in this matter becomes aware of documents collected in that investigation that are relevant to matters alleged in the Amended Complaint, we will produce them to Defendants.

*Id.* Defendants Robert Ladd and Michael Brauser immediately objected to the letter, arguing that the SEC should not have made the above statements in a public filing with this Court, in part because it could cause "reputational harm" to the defendants. Doc. 160. Ladd and Brauser have also raised concerns that any evidence collected through this other investigation that could be

used in this case would be collected outside of the protections of the Federal Rules of Civil Procedure.  Docs. 160, 165.

The Court held a discovery hearing on September 11, during which the SEC briefed the Court *in camera* and *ex parte* on the subject matter of the ongoing investigation.  The SEC further briefed the Court on the investigation in a sealed and *ex parte* September 20 filing.  Doc. 177.  Brauser, who has not seen the filing and was not present at the *ex parte* briefing, responded by moving this Court to determine whether the SEC's investigation is "wholly unrelated" to this case.  Doc. 178.  He urges the Court to order the SEC to conduct its investigation under the Federal Rules of Civil Procedure if the investigation is related.  In the alternative, he asks the Court to restrict the SEC from using any fruits of the investigation in this case.

Because the parties have not identified, in open court or *ex parte*, any specific discovery that the SEC intends to use in this case at this time, the Court DENIES Brauser's motion without prejudice.  If and when any party becomes aware of a subpoena, deposition, interrogatory, or other manner of discovery related to this case and taken in a manner violating the Federal Rules, the party may file an appropriate motion for relief.  *See, e.g.*, *S.E.C. v. Life Partners Holdings, Inc.*, No. 12 Civ. 33, 2012 WL 12850253 (W.D. Tex. Aug. 17, 2012) (ruling on relatedness of SEC investigation *after* depositions of non-party witnesses had been taken).  The Court does order, however, that the parties file any additional communication regarding the substance of the SEC's investigation under seal in a form available to both parties until and unless the

investigation becomes public or the Court orders otherwise.

It is SO ORDERED.

Dated:  September 30, 2019
        New York, New York

_____
Edgardo Ramos, U.S.D.J.