# EXHIBIT C

WILMERHALE

August 21, 2019

**BY EMAIL**

Chris Johnstone

+1 650 858 6147 (t)
+1 650 858 6100 (f)
chris.johnstone@wilmerhale.com

Nancy Brown
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, NY 10281-1022

Re:   *SEC v. Honig, et al.*, No. 1:18-cv-08175-ER (S.D.N.Y.)

Dear Ms. Brown:

We are writing to follow up on the meet and confer held on August 12, 2019 with respect to certain deficiencies in the Commission's responses to Mr. Ladd's First and Second Requests for the Production of Documents. After further consideration of the positions you set forth in your August 8, 2019 letter and at the meet and confer, we request that you supplement your responses as follows:

Requests 4, 5, 6, 7, and 8:  Each of these requests seeks information relating to the Commission's application and interpretation of Sections 13(d)(1), 13(d)(3), 13(g)(1), and/or 13(g)(3) of the Securities Exchange Act and/or 17 C.F.R. §§ 240.13d-1(a) and 240.13d-5 thereunder. During the meet and confer, you explained that your searches for documents responsive to these requests were limited to the Office of Mergers and Acquisitions within the Division of Corporation Finance, because you understood that that office was the group most likely to have responsive documents. We request that you expand your search to include the Office of Chief Counsel (OCC) within the Division of Corporation Finance. According to the SEC's website, OCC addresses questions submitted by an online form, telephone, and mail, and considers requests for no-action, interpretive and exemptive letters, among other activities. *See* https://www.sec.gov/divisions/corpfin/cflegalregpolicy.htm. Given OCC's role within the Division of Corporation Finance, we believe it is reasonable and appropriate to expand your search to include OCC. We also request that you describe the searches you have conducted, and will agree to conduct, with greater particularity, *e.g.*, by identifying the relevant search terms and custodians used in responding to each of these five requests.[1]

Requests 4, 5, 6, 7, 17, 18, and 19:  Each of these requests either explicitly or potentially calls for statements or presentations to third parties. In your August 8, 2019 letter, you stated that you "will neither look for, nor produce, publicly available documents." During the August 12, 2019

---

[1] As you should know, the SEC's internal emails are not exempt from discovery in federal litigation. *See SEC v. Goldstone*, 12-cv-257 (D.N.M.) ECF No. 209 at 2 (stating that the SEC produced 18,000 pages of emails from 19 SEC employees in response to Rule 34 document requests); *see also* ECF No. 276 (granting motion to compel searches of *additional* SEC emails).

Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

WilmerHale

Nancy Brown
August 21, 2019
Page 2

meet and confer, we asked you to explain how you were determining what was "publicly available." You stated that you were using the "commonly understood" definition, and you stated that if a document were available on the SEC's website or through Google, it was publicly available. We pointed out that not all SEC statements and presentations to third parties would necessarily be available on the SEC's website or through Google (for example, we noted that SEC officials frequently give speeches that are not on the website), and we asked what search you had conducted for any such materials. You responded that you were not aware of any repository of all public statements, did not search email for responsive documents, and did not make any other inquiries to find responsive documents. By your own admission, there may be responsive materials that you did not search for. We request that you search the emails of the Commissioners, their staff, and Senior Officers within the Divisions of Enforcement and Corporation Finance for responsive documents. This request is narrowly tailored to a small number of SEC officials who are most likely to be making public statements responsive to the requests at issue.

Requests 13, 19, and 20: These requests generally relate to "efforts to enhance investor awareness (through promotions or otherwise)" of a publicly traded security. During the meet and confer, you stated that you made certain "inquiries" of the Divisions of Corporation Finance and Trading and Markets for responsive documents, and that those divisions told you they did not understand the request. You also acknowledged that the language of our requests mirrored the language of one of the Commission's requests, and that you understood the intent was to seek documents relating to promotional activity concerning a stock. In light of that acknowledgement, we request that you make further inquiries within the Divisions of Corporation Finance and Trading and Markets (including by explaining the nature of what we are seeking), and that you specify more particularly what inquiries you have made to search for responsive materials.

Request 15: This request seeks documents and communications between the SEC and any self-regulatory agency concerning MGT. In your August 8, 2019 letter and again during the August 12, 2019 meet and confer, you requested more specificity in our request, such as what Divisions of the Commission and which self-regulatory agencies may yield responsive documents. In response to your request, we ask that you specifically search for documents and communications involving the Commission's Division of Trading and Markets and/or Division of Corporation Finance, and the New York Stock Exchange or any of its markets.

Request 22: This request calls for documents and communications concerning filings by MGT with the SEC. During the meet and confer, you stated that you would be asserting privilege over all responsive internal communications. We explained that for this request, a blanket assertion of privilege would be overbroad and unsubstantiated given the subject matter at issue and the roles of the SEC personnel who would likely be involved in the communications. Accordingly, given our respective positions, we believe it is particularly important that you prepare a document-by-

WILMERHALE

Nancy Brown
August 21, 2019
Page 3

==document privilege log for items responsive to this request so that we can assess the validity of your claims of privilege.==

We also write to memorialize certain additional matters we discussed during the meet and confer, as follows:

- You agreed to confirm whether there are any other errors on the producing party list in the SEC's initial disclosures (aside from the reference to Drew Ciccarelli as a producing party).

- We noted that the SEC's initial disclosures identify at least 13 individual investor witnesses. You agreed to provide a more realistic list of such witnesses.

- You agreed to identify any other proffer agreements or testimony that have been produced to us beyond those listed in my August 9, 2019 email to you.

- You agreed to provide us with a list of individuals whose FBI 302s you reviewed and took notes of.[2]

Please provide us with your responses to our aforementioned requests, as well as the information you previously agreed to provide, by August 27, 2019.

Very truly yours,

Chris Johnstone

---

[2] During our August 9, 2019 and August 12, 2019 meet and confers, you represented to us that the SEC is not in possession of the FBI 302s but did review them and take notes of them. You also represented that the SEC did not copy verbatim any portion of a witness statement in the FBI 302s while taking notes of them.