**EXHIBIT G**



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

August 8, 2019

**Via Email**

Chris Johnstone, Esq.
WilmerHale
950 Page Mill Road
Palo Alto, CA  94304

      Re:    SEC v. Honig, et al.;
              <u>No. 18 Civ. 8175 (ER)</u>

Dear Chris:

      We write in advance of our call today to respond to your letter of July 26, 2019.  For your reference, I have incorporated your letter below.

**SEC's Metadata**

In reviewing the SEC's productions, we have found at least 100 documents produced to us as PDFs without any metadata. Our Requests clearly define our request for "electronically stored information" as including "all associated metadata." You did not object to that requirement (not to mention that you criticized Mr. Ladd's production of certain documents that did not include metadata). We ask that you comply with our instructions as soon as possible.

<u>Response</u>:  We objected to the Requests "to the extent that they require the Commission to produce documents in an electronic or other format not previously agreed upon by Defendants and the Commission."  Nonetheless, we produced meta-data, as you know, when it was available to us or when it was not associated with redacted families of documents.  The documents you point to -- SEC-LIT-EPROD-004272526, SEC-LIT-EPROD- 004272535, SEC-LIT-EPROD-004272577, SEC-LIT-EPROD-004272582, and SEC-LIT-EPROD-004272583 – are all redacted documents and their associated families.  We will produce an overlay file that contains the meta-data for any document you identify.

**SEC's General Objections to RFP 1 and RFP 2**

In its response to Mr. Ladd's First RFP, the SEC objected to the request "to the extent that it seeks documents from Commission divisions or offices other than the Commission Division of Enforcement, or from persons or divisions or offices otherwise not involved in the Commission's investigation and litigation of this matter."  Similarly, in its responses to Mr. Ladd's Second RFP, the SEC objected to each request "to the extent that it purports to call

for documents and information from Commission divisions, offices, and persons not involved in the Commission's investigation and litigation of this matter, or uninvolved in the matters that are the subjects of the Requests." Mr. Ladd's requests are directed to the SEC as the plaintiff in this case, without limitation to only particular divisions and offices. Moreover, certain of Mr. Ladd's requests, including, but not limited to, Request Nos. 8, 15, 16, 18, 20, and 22, specifically request documents that are likely to be maintained by divisions and offices of the SEC other than the Division of Enforcement. Your unilateral decision to limit the scope of your discovery obligations to only certain parts of the Commission of your own choosing is unfounded. Mr. Ladd is entitled to any and all documents responsive to the requests that are in the custody, possession, or control of any of the divisions or offices of the SEC, as laid out in Mr. Ladd's definitions of the terms "Plaintiff," "SEC," "You," and "Your."

Your responses to Mr. Ladd's requests do not specify which Commission divisions and offices the SEC has decided are covered by Mr. Ladd's requests, nor do they state whether the SEC is in fact withholding responsive documents in the possession of the SEC on the basis of the above- referenced objections.

Response:  We have indicated in response to the First Request, dated May 23, 2019, that we will produce only what we have obtained in our investigation, that is:

"All documents that the Commission obtained originally through the investigations captioned NY-9240, NY-9507, and NY-9830 (prior to filing *SEC v. Honig*); and

All documents that the Commission staff collected for the NY-9240, NY-9507, and NY-9830 investigations files from other Commission, investigations, examinations or inspections.

Except as expressly provided in the Commission's individual responses to the Requests, the Commission objects on relevance and proportionality grounds to producing, and is not producing, any additional documents from SEC investigations other than NY-9240, NY-9507 and NY-9830.. . . If Commission counsel comes to learn of any previously-unproduced documents in its possession, custody or control that relate to *SEC v. Honig* (whether from other SEC investigation files or otherwise), the Commission will produce such documents to Defendant or identify them as withheld."

With respect to Ladd's Second Request, and Requests 8, 16, 18, 20 and 22, as we noted in our Responses, all of the Requests listed are facially improper because they do not include any date limitation.  However, we have made reasonable inquiries of other Divisions to the extent we understood what you were looking for.

With respect to Request 8, as stated in our Response to your Second Request, dated June 21, 2019, we have no non-privileged documents responsive to this Request.  We have not yet provided you with a privilege log with respect to our most recent productions, but we will do so in the near future.

With respect to Request 15, other than what we have already produced, we do not understand what kinds of communications, and between what Divisions of the Commission and self-regulatory agencies, you expect there to be? Please provide some additional specificity to your Request.

With respect to Request 16, we have already responded that we know of nothing in addition to what we have provided. We note that we have provided you with the blue sheet data for the relevant period (and will be producing shortly additional blue sheet data from 2011) that would allow you to identify short-sellers in MGT stock. We have also provided you with all of our non-privileged communications with third parties.

With respect to Request 18, we have consulted with the Divisions of Corporation Finance and Trading and Markets, and know of no responsive documents. But, as we advised in General Objection No. 4, we will neither search for nor produce publicly available documents on the grounds that they are equally available to Defendant.

In that regard, please provide a basis for asserting that statements made by Commission staff or individual Commissioners are relevant to the issues at hand. Every Commissioner and staff member begins his public remarks with some variant of the following disclaimer: "My words are my own and do not necessarily reflect the views of my fellow Commissioners or the SEC staff," including as a preface to testimony before Congress. See, e.g., "Testimony [of Chairman Clayton] before the Financial Services and General Government Subcommittee of the U.S. Senate Committee on Appropriations," May 8, 2019 at n.1 ("The views expressed in this testimony are those of the Chairman of the SEC and do not necessarily represent the views of the President, the full Commission or any other Commissioner.")

With respect to Request 20, see response with respect to Request No. 8, above.

With respect to Request 22, all responsive, non-privileged documents are equally available to you, and as noted in General Objection No. 4, we will neither search for nor produce any such documents. See also response with respect to Request No. 8, above.

**SEC Response to Request No. 2**

Mr. Ladd's Request No. 2 seeks all documents and communications concerning the allegations in the complaint, other than those already produced in response to Mr. Ladd's First RFP. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" concerning the allegations in the complaint, it would produce them. To the extent there are documents and communications concerning the allegations in the complaint in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  As we already stated in response to Request No. 2, which incorporates our response to Request No. 1 by reference:

"We have indicated in response to the First Request that we will produce only what we have obtained in our investigation that is

All documents that the Commission obtained originally through the investigations captioned NY-9240, NY-9507, and NY-9830 (prior to filing *SEC v. Honig*); and

All documents that the Commission staff collected for the NY-9240, NY-9507, and NY-9830 investigations files from other Commission, investigations, examinations or inspections.

Except as expressly provided in the Commission's individual responses to the Requests, the Commission objects on relevance and proportionality grounds to producing, and is not producing, any additional documents from SEC investigations other than NY-9240, NY-9507 and NY-9830.. . . If Commission counsel comes to learn of any previously-unproduced documents in its possession, custody or control that relate to *SEC v. Honig* (whether from other SEC investigation files or otherwise), the Commission will produce such documents to Defendant or identify them as withheld."

**SEC Response to Request No. 3**

Mr. Ladd's Request No. 3 seeks all documents and communications concerning a list of individuals and entities, other than those already produced in response to Mr. Ladd's First RFP. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non- privileged documents" concerning these individuals or entities, it would produce them. To the extent there are documents and communications concerning these individuals or entities in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  Subject to our objections stated in our Response to your First Request, dated May 23, 2019, we are not withholding any non-privileged responsive documents concerning *SEC v. Honig*.

**SEC Response to Request No. 4**

Mr. Ladd's Request No. 4 seeks all communications and documents concerning communications with third parties (including any self-regulatory organization or government entity) concerning the application or interpretation of Sections 13(d)(l), 13(d)(3), 13(g)(l), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. §

240.13d-l(a) and/or§ 240.13d-5 thereunder. The SEC responded that "responsive, non-privileged comment letters, no-action, interpretive and exemptive letters, compliance and disclosure interpretations and guidance, and EDGAR correspondence to third parties since 2004" concerning the application or interpretation of the relevant provisions can be found on the SEC's website. You also agreed that you will "undertake a reasonable inquiry to determine the feasibility of producing responsive, non- privileged, relevant documents, if any, proportional to the needs of the case." To the extent there are communications and documents concerning communications with third parties (including any self-regulatory organization or government entity) concerning the application or interpretation of the relevant provisions in the SEC's possession, custody, or control that are non-- public or that cannot be found on the SEC's website, Mr. Ladd is entitled to them.

We request that you clearly state (1) whether you are refusing to produce responsive documents that are publicly available, and (2) whether you are withholding non-public documents that are responsive to the request. If you are withholding non-public documents that are responsive to the request, we request that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019. We further request that you provide an update on the inquiry you agreed to conduct to determine the feasibility of producing responsive documents.

Response: Without agreeing with your view that Mr. Ladd is entitled to them, and reserving our objections, including relevance, burdensomeness, disproportionality, and lack of any date range, we have produced to you in our August 2, 2019 production certain non-privileged email correspondence with third parties since 2012 located in the files of the Division of Corporation Finance's OMA (Office of Mergers & Acquisitions), the group likely to have communications respecting Section 13(d), applying the search terms "13(d)", "13(g)", "13D" or "13G" and "group." We have not withheld any such correspondence except on privilege grounds. We have not yet provided you with a privilege log with respect to our most recent productions, but we will do so in the near future.

As noted above, we have already stated that we will neither look for, nor produce, publicly available documents responsive to this request.

**SEC Response to Request No. 5**
Mr. Ladd's Request No. 5 seeks all documents and communications concerning public statements or presentations by the SEC to third parties (including any self-regulatory organization or government entity) concerning Sections 13(d)(l), 13(d)(3), 13(g)(l), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-l(a) and/or§ 240.13d-5 thereunder. The SEC responded that "responsive, non-privileged public statements or presentations by SEC Commissioners and certain SEC staff members to third parties" concerning the relevant provisions can be found on the SEC's website. This response is inadequate. First, Mr. Ladd's request was not limited to public documents. Second, as you well know, not all public statements and presentations by SEC Commissioners and staff members are posted on the SEC's website. *All* documents and

communications concerning public statements or presentations by the SEC to third parties concerning the relevant provisions are relevant to the SEC's claims and must be produced.

We request that you clearly state (1) whether you are refusing to produce responsive documents that are publicly available, and (2) whether you are withholding non-public documents that are responsive to the request. If you are withholding non-public documents that are responsive to the request, we request that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  See Response with respect to Request No. 4.  We have not yet provided you with a privilege log with respect to our most recent productions, but we will do so in the near future.

**SEC Response to Request No. 6**

Mr. Ladd's Request No. 6 seeks all documents and communications reflecting a final decision or conclusion concerning Sections 13(d)(l), 13(d)(3), 13(g)(l), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-l(a) and/or § 240.13d-5 thereunder. The SEC responded that "responsive, non-privileged documents and communications reflecting a final decision or conclusion" concerning the relevant provisions can be found on the SEC's website. This response is inadequate, as Mr. Ladd's request was not limited to public documents. *All* documents and communications reflecting a final decision or conclusion concerning the relevant provisions are relevant to the claims and defenses in this case and should be produced.

We request that you clearly state (1) whether you are refusing to produce responsive documents that are publicly available, and (2) whether you are withholding non-public documents that are responsive to the request. If you are withholding non-public documents that are responsive to the request, we request that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  See Response with respect to Request No. 4. We have not yet provided you with a privilege log with respect to our most recent productions, but we will do so in the near future.

**SEC Response to Request No. 7**

Mr. Ladd's Request No. 7 seeks all documents and communications concerning issuing guidance, or concerning the decision not to issue guidance, concerning the interpretation of Sections 13(d)(l), 13(d)(3), 13(g)(l), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-l(a) and/or § 240.13d-5 thereunder. The SEC responded that "responsive, non-privileged documents and communications concerning issuing guidance" concerning the interpretation of the relevant provisions can be found on the SEC's website and that the SEC will "undertake a reasonable inquiry to determine the feasibility of producing responsive, non-privileged, relevant documents, if any, proportional to the needs of the case." To the extent there are documents and communications concerning issuing

guidance, or concerning the decision not to issue guidance, concerning the interpretation of the relevant provisions in the SEC's possession, custody, or control that cannot be found on the SEC's website, Mr. Ladd is entitled to them.

We request that you clearly state (1) whether you are refusing to produce responsive documents that are publicly available, and (2) whether you are withholding non-public documents that are responsive to the request. If you are withholding non-public documents that are responsive to the request, we request that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019. We further request that you provide an update on the inquiry you agreed to conduct to determine the feasibility of producing responsive documents.

Response:  See Response with respect to Request No. 4.  We have not yet provided you with a privilege log with respect to our most recent productions, but we will do so in the near future.

**SEC Response to Request No. 8**

Mr. Ladd's Request No. 8 seeks all internal SEC documents and communications concerning the application or interpretation of Sections 13(d)(l), 13(d)(3), 13(g)(l), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-l(a) and/or§ 240.13d-5 thereunder. The SEC responded that it "has no non-privileged documents responsive to this Request."

Please clarify whether you are taking the position that all internal SEC documents or communications concerning the application or interpretation of the relevant provisions are privileged, or that there exist no responsive documents (whether or not privileged). For any responsive documents you have withheld on the basis of privilege, please provide a privilege log identifying each withheld document and the basis for a claim of privilege.

Response:  See Response with respect to "SEC's General Objections to RFP 1 and RFP 2."

**SEC Response to Request No. 9**

Mr. Ladd's Request No. 9 seeks all documents and communications which might reasonably be considered exculpatory to Mr. Ladd in connection with the SEC's investigation, other than those already produced in response to Mr. Ladd's First RFP. The SEC objected to this request to the extent it "seeks to impose an obligation on the Commission to determine what documents in its possession may be considered by Defendant or anyone else as 'exculpatory,' on the grounds that 'exculpatory' is ambiguous, vague, and unintelligible." This objection is baseless. There is nothing ambiguous, vague, or unintelligible about the word "exculpatory," which is a concept frequently used in relation to the government's discovery obligations. *See, e.g., Kyles v. Whitley,* 514 U.S. 419, 432-33 (1995) (discussing exculpatory evidence in the context of *Brady v.Maryland,* 373 U.S. 83 (1963)).  Indeed, the SEC's own Rules of Practice governing enforcement and disciplinary proceedings brought by the Division of Enforcement provide that the Division may not withhold from production "documents that contain material exculpatory evidence" under the doctrine of *Brady v.*

*Maryland.* 17 C.F.R. § 201.230(b)(2). Surely you are not taking the position that the SEC's Rules of Practice are ambiguous, vague, and unintelligible.

We request that you clearly state whether you are withholding documents and communications that might reasonably be considered exculpatory to Mr. Ladd and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  As we stated in our Response, dated June 21, 2019, the Commission has not withheld any document on "the[] grounds [of its objections]."

**SEC Response to Request No. 10**
Mr. Ladd's Request No. 10 seeks all documents and communications evidencing or memorializing a formal and/or informal cooperation agreement between the SEC and any person the SEC gathered information from in connection with its investigation, other than those already produced in response to Mr. Ladd's First RFP. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" evidencing or memorializing a formal and/or informal cooperation agreement between the SEC and any person the SEC gathered information from in connection with its investigation, it would produce them. To the extent there are documents and communications evidencing or memorializing a formal and/or informal cooperation agreement between the SEC and any person the SEC gathered information from in connection with its investigation in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  As we stated in our Response, dated June 21, 2019, we have already produced all non-privileged responsive documents in response to your Request No. 1.  If we learn of others, we will produce them.

**SEC Response to Request No. 11**
Mr. Ladd's Request No. 11 seeks all documents and communications evidencing or memorializing the terms of any interview (including proffer agreements) of any person the SEC gathered information from in connection with its investigation, other than those already produced in response to Mr. Ladd's First RFP. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" evidencing or memorializing the terms of any interview (including proffer agreements) of any person the SEC gathered information from in connection with its investigation, it would produce them. To the extent there are documents and communications evidencing or memorializing the terms of any interview (including proffer agreements) of any person the SEC gathered

information from in connection with its investigation in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  As we stated in our Response, dated June 21, 2019, we have already produced all non-privileged responsive documents in response to your Request No. 1.  If we learn of others, we will produce them.

**SEC Response to Request No. 12**
Mr. Ladd's Request No. 12 seeks all documents concerning communications as referenced in the SEC's Request for Production No. 5. In turn, SEC's Request for Production No. 5 calls for documents concerning communications with 12 specific individuals or entities. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" concerning communications as referenced in the SEC's Request for Production No. 5, it would produce them. To the extent there are documents concerning communications as referenced in the SEC's Request for Production No. 5 in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  As we stated in our Response, dated June 21, 2019, we have already produced all non-privileged responsive documents in response to your Request No. 1.  If we learn of others, we will produce them.

**SEC Response to Request No. 13**
Mr. Ladd's Request No. 13 seeks all documents and communications concerning efforts to enhance investor awareness (through promotions or otherwise) of any corporation in which Ladd or MGT had an investment. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" concerning efforts to enhance investor awareness (through promotions or otherwise) of any corporation in which Ladd or MGT had an investment, it would produce them. To the extent there are documents and communications concerning efforts to enhance investor awareness (through promotions or otherwise) of any corporation in which Ladd or MGT had an investment in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  As we stated in our Response, dated June 21, 2019, we have already produced all non-privileged responsive documents in response to your Request No. 1.  If we learn of others, we will produce them.

**SEC Response to Request No. 14**

Mr. Ladd's Request No. 14 seeks all documents and communications concerning compliance by OPKO Health, Inc. and Alpha Capital Anstalt as related to each party's settlement in this action. In response, the SEC agreed to produce "all non-privileged documents responsive to the Request to Defendant in the manner the Commission keeps such documents in the usual course of the Commission's recordkeeping." It is unclear whether this is intended to be a limitation to the request, which seeks *all* documents and communications concerning compliance by OPKO Health, Inc. and Alpha Capital Anstalt as related to each party's settlement in this action, including the retention of an independent compliance consultant, the report of such consultant, the implementation or failure to implement recommendations of such consultant, and requests by the SEC for further evidence of compliance. Mr. Ladd is entitled to all documents and communications concerning these topics.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019. We also request that you clearly state when you intend to make the agreed-upon production of documents.

Response:  As promised in our Response, dated June 21, 2019, we produced non-privileged documents responsive to this Request in our production of July 8, 2019, and will produce others as we learn of them.  We have not yet provided you with a privilege log with respect to our most recent productions, but we will do so in the near future.

**SEC Response to Request No. 15**

Mr. Ladd's Request No. 15 seeks all documents and communications concerning communications between the SEC and any self-regulatory organization concerning MGT, other than those already produced in response to Mr. Ladd's First RFP. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" concerning communications between the SEC and any self-regulatory organization concerning MGT, it would produce them. To the extent there are documents and communications concerning communications between the SEC and any self-regulatory organization concerning MOT in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  See Response to "SEC's General Objections to RFP 1 and RFP 2" above.

**SEC Response to Request No.16**

Mr. Ladd's Request No. 16 seeks all documents and communications concerning communications with any individual or entity that the SEC is aware currently holds, or has ever initiated or closed, a short position in MOT securities. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" concerning communications with any individual or entity that the SEC is aware currently holds, or has ever initiated or closed, a short position in MOT securities. To the extent there are documents and communications concerning communications with any individual or entity that the SEC is aware currently holds, or has ever initiated or closed, a short position in MGT securities in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  See Response to "SEC's General Objections to RFP 1 and RFP 2" above.

**SEC Response to Request No. 17**

Mr. Ladd's Request No. 17 seeks all communications and documents concerning communications with third parties (including any self-regulatory organization or government entity) concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal. The SEC responded that "responsive, non- privileged comment letters, no-action, interpretive and exemptive letters, compliance and disclosure interpretations and guidance, and EDGAR correspondence to third parties since 2004" concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal can be found on the SEC's website. This response is inadequate, as Mr. Ladd's request was not limited to public documents or to documents available on the SEC's website. *All* documents and communications concerning communications with third parties (including any self-regulatory organization or government entity) concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal are relevant to the claims and defenses in this case and should be produced.

We request that you clearly state (1) whether you are refusing to produce responsive documents that are publicly available, and (2) whether you are withholding non-public documents that are responsive to the request. If you are withholding non-public documents that are responsive to the request, we request that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

**SEC Response to Request No. 18**
Mr. Ladd's Request No. 18 seeks all documents and communications concerning public statements or presentations by the SEC to third parties (including any self-regulatory organization or government entity) concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal. The SEC responded that "responsive, non-privileged public statements or presentations by SEC Commissioners and certain SEC staff members to third parties" concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal can be found on the SEC's website. This response is inadequate. First, Mr. Ladd's request was not limited to public documents. Second, not all public statements and presentations by the SEC are posted on its website. All documents and communications concerning public statements or presentations by the SEC to third parties concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal are relevant to the claims and defenses in this case and should be produced.

We request that you clearly state (1) whether you are refusing to produce responsive documents that are publicly available, and (2) whether you are withholding non-public documents that are responsive to the request. If you are withholding non-public documents that are responsive to the request, we request that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  With respect to Requests 17 and 18, we have consulted with the Divisions of Corporation Finance and Trading and Markets, and know of no responsive documents.  But, as we advised at General Objection No. 4, we will neither search for nor produce publicly available documents on the grounds that they are equally available to Defendant.   See also Response to "SEC's General Objections to RFP 1 and RFP 2" above.

We have not yet provided you with a privilege log with respect to our most recent productions, but we will do so in the near future.

Additionally, please supply a basis for the relevance of any information responsive to these Requests to any claim, defense or issue in this case.

**SEC Response to Request No. 19**
Mr. Ladd's Request No. 19 seeks all documents and communications concerning issuing guidance, or concerning the decision not to issue guidance, concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or

otherwise) are legal. The SEC responded that "responsive, non-privileged documents and communications concerning issuing guidance" concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal can be found on the SEC's website. This response is inadequate, as Mr. Ladd's request was not limited to public documents. *All* documents and communications concerning issuing guidance, or concerning the decision not to issue guidance, concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal are relevant to the claims and defenses in this case and should be produced.

We request that you clearly state (1) whether you are refusing to produce responsive documents that are publicly available, and (2) whether you are withholding non-public documents that are responsive to the request. If you are withholding non-public documents that are responsive to the request, we request that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  We note that you have misquoted our Response to your Request No. 19.  As we said there, "responsive, non-privileged documents and communications concerning issuing guidance concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise), *if any*, can be found on the Commission's website . . ." (emphasis added).

See also Response to Requests 17 and 18 above.

**SEC Response to Request No. 20**
Mr. Ladd's Request No. 20 seeks all internal SEC documents and communications concerning whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal. The SEC responded that it "has no non-privileged documents responsive to this Request." Please clarify whether you are taking the position that all responsive documents are privileged, or that there exist no responsive documents (whether or not privileged). For any responsive documents you have withheld on the basis of privilege, please provide a privilege log identifying each withheld document and the basis for a claim of privilege.

Response:  See Response to Requests 17 and 18 above.

**SEC Response to Request No. 21**
Mr. Ladd's Request No. 21 seeks all documents and communications concerning the acquisition, ownership, and/or trading by Robert Ladd in MGT securities. The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" concerning the acquisition, ownership, and/or trading by Robert Ladd in MGT securities, it would produce them. To the extent there are documents and communications concerning the acquisition, ownership, and/or trading by Robert Ladd in MGT securities in

the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  See Response to "SEC's General Objections to RFP 1 and RFP 2" above.

In addition, we note that the information you seek is within Mr. Ladd's own possession, custody and control.  Because he has only produced account statements for a three-month period, reflecting his trading, we expect additional information concerning his trading to be produced to us at your earliest convenience, in response to our own outstanding Document Requests.

**SEC Response to Request No. 22**
Mr. Ladd's Request No. 22 seeks all documents and communications concerning filings by MGT with the SEC (including, without limitation, periodic filings, *e.g.,* Forms 10-K and 10-Q, and filings to register the issuance or sale of securities). The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" concerning filings by MGT with the SEC (including, without limitation, periodic filings, *e.g.,* Forms 10-K and 10-Q, and filings to register the issuance or sale of securities), it would produce them. To the extent there are documents and communications concerning filings by MGT with the SEC (including, without limitation, periodic filings, *e.g.,* Forms 10-K and 10-Q, and filings to register the issuance or sale of securities) in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response:  See Response to "SEC's General Objections to RFP 1 and RFP 2" above.  In addition, and as we stated at General Objection No. 4, we will neither search for nor produce publicly available documents on the grounds that they are equally available to Defendant.

**SEC Response to Request No. 23**
Mr. Ladd's Request No. 23 seeks all documents and communications concerning communications with third parties (including any self-regulatory organization or government entity) concerning filings by MGT with the SEC (including, without limitation, periodic filings, *e.g.,* Forms 10-K and 10-Q, and filings to register the issuance or sale of securities). The SEC responded that it already made a production to Mr. Ladd of all non-privileged documents responsive to his First RFP and that if it "discover[ed] additional responsive, non-privileged documents" concerning communications with third parties

(including any self-regulatory organization or government entity) concerning filings by MGT with the SEC (including, without limitation, periodic filings, *e.g.*, Forms 10-K and 10-Q, and filings to register the issuance or sale of securities), it would produce them. To the extent, there are documents and communications concerning communications with third parties (including any self-regulatory organization or government entity) concerning filings by MGT with the SEC (including, without limitation, periodic filings, *e.g.*, Forms 10-K and 10-Q, and filings to register the issuance or sale of securities) in the SEC's possession, custody, or control that were not included in the SEC's investigative file, Mr. Ladd is entitled to them.

We request that you clearly state whether you are withholding documents and communications that are responsive to this request and, if so, that you provide a privilege log for any documents and communications that you are withholding on the basis of privilege that were not included in your log dated June 19, 2019.

Response: As we have stated, we have produced all non-privileged, responsive documents that concern *SEC v. Honig*. We have not yet provided you with a privilege log with respect to our most recent productions, but we will do so in the near future.

Please also identify with specificity the kinds of communications, and between what Divisions of the Commission, on the one hand, and self-regulatory agencies or other third parties on the other hand, you expect there to be?

Sincerely yours,

Nancy A. Brown