# EXHIBIT J



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

August 26, 2019

**Via Email**

Chris Johnstone, Esq.
WilmerHale
950 Page Mill Road
Palo Alto, CA 94304

      Re:    SEC v. Honig, et al.;
                No. 18 Civ. 8175 (ER)

Dear Chris:

      We write to respond to your letter of August 23, 2019. For your reference, I have incorporated your letter below.

Requests 4, 5, 6, 7, and 8: Each of these requests seeks information relating to the Commission's application and interpretation of Sections 13(d)(1), 13(d)(3), 13(g)(1), and/or 13(g)(3) of the Securities Exchange Act and/or 17 C.F.R. §§ 240.13d-1(a) and 240.13d-5 thereunder. During the meet and confer, you explained that your searches for documents responsive to these requests were limited to the Office of Mergers and Acquisitions within the Division of Corporation Finance, because you understood that that office was the group most likely to have responsive documents. We request that you expand your search to include the Office of Chief Counsel (OCC) within the Division of Corporation Finance. According to the SEC's website, OCC addresses questions submitted by an online form, telephone, and mail, and considers requests for no-action, interpretive and exemptive letters, among other activities. See https://www.sec.gov/divisions/corpfin/cflegalregpolicy.htm. Given OCC's role within the Division of Corporation Finance, we believe it is reasonable and appropriate to expand your search to include OCC. We also request that you describe the searches you have conducted, and will agree to conduct, with greater particularity, e.g., by identifying the relevant search terms and custodians used in responding to each of these five requests.[1]

*Response:* *We have consulted with Corp Fin and find that OCC simply redirects all questions about those provisions to the Office of Mergers and Acquisitions. Those emails were searched for responsive documents.*

---

[1]   As you should know, the SEC's internal emails are not exempt from discovery in federal litigation. See SEC v. Goldstone, 12-cv-257 (D.N.M.) ECF No. 209 at 2 (stating that the SEC produced 18,000 pages of emails from 19 SEC employees in response to Rule 34 document requests); see also ECF No. 276 (granting motion to compel searches of additional SEC emails).

Chris Johnstone, Esq. August 26, 2019
Page 2

*As to the searches we performed, we already provided that information. See my letter, dated August 8, 2019, where I described the search we have performed.*

Requests 4, 5, 6, 7, 17, 18, and 19: Each of these requests either explicitly or potentially calls for statements or presentations to third parties. In your August 8, 2019 letter, you stated that you "will neither look for, nor produce, publicly available documents." During the August 12, 2019 meet and confer, we asked you to explain how you were determining what was "publicly available." You stated that you were using the "commonly understood" definition, and you stated that if a document were available on the SEC's website or through Google, it was publicly available. We pointed out that not all SEC statements and presentations to third parties would necessarily be available on the SEC's website or through Google (for example, we noted that SEC officials frequently give speeches that are not on the website), and we asked what search you had conducted for any such materials. You responded that you were not aware of any repository of all public statements, did not search email for responsive documents, and did not make any other inquiries to find responsive documents. By your own admission, there may be responsive materials that you did not search for. We request that you search the emails of the Commissioners, their staff, and Senior Officers within the Divisions of Enforcement and Corporation Finance for responsive documents. This request is narrowly tailored to a small number of SEC officials who are most likely to be making public statements responsive to the requests at issue.

*Response: In my letter to you, dated August 8, 2019, I asked you to provide your explanation of the relevance of any such presentation or speech, particularly given the disclaimer that each Commissioner and staff member makes when presenting to third parties to the effect that the presenter speaks solely as an individual and not on behalf of the Commission. You have not provided that explanation.*

*I also requested that you explain the relevance of any documents that concern the legality of efforts to raise investor awareness to any claim or defense in this action. You have not done so to date.*

Requests 13, 19, and 20: These requests generally relate to "efforts to enhance investor awareness (through promotions or otherwise)" of a publicly traded security. During the meet and confer, you stated that you made certain "inquiries" of the Divisions of Corporation Finance and Trading and Markets for responsive documents, and that those divisions told you they did not understand the request. You also acknowledged that the language of our requests mirrored the language of one of the Commission's requests, and that you understood the intent was to seek documents relating to promotional activity concerning a stock. In light of that acknowledgement, we request that you make further inquiries within the Divisions of Corporation Finance and Trading and Markets (including by explaining the nature of what we are seeking), and that you specify more particularly what inquiries you have made to search for responsive materials.

Chris Johnstone, Esq.                                                                    August 26, 2019
                                                                                                Page 3

*Response: When I discussed the results of my inquiries to Corp Fin and Trading & Markets, I advised you that both told me that they had no responsive documents. In explaining the similarity between our two Requests, I advised you of what I was looking for, namely documents relating to promotional activity concerning a stock. As it appears that you are now clarifying that that is the material you too are seeking, we can go back to the relevant Divisions and inquire as to third-party communications about Section 17(b) of the Securities Act. Please advise.*

Request 15: This request seeks documents and communications between the SEC and any self-regulatory agency concerning MGT. In your August 8, 2019 letter and again during the August 12, 2019 meet and confer, you requested more specificity in our request, such as what Divisions of the Commission and which self-regulatory agencies may yield responsive documents. In response to your request, we ask that you specifically search for documents and communications involving the Commission's Division of Trading and Markets and/or Division of Corporation Finance, and the New York Stock Exchange or any of its markets.

*Response: We will make that inquiry. It would be helpful if you identified what you are looking for, and how what you are looking for has relevance to any claim or defense in this matter (which does not include MGT as a party), as I requested, as both Divisions are quite large. In addition, if you are looking for documents concerning particular filings, and can specify a time-frame, that will assist in our inquiry.*

Request 22: This request calls for documents and communications concerning filings by MGT with the SEC. During the meet and confer, you stated that you would be asserting privilege over all responsive internal communications. We explained that for this request, a blanket assertion of privilege would be overbroad and unsubstantiated given the subject matter at issue and the roles of the SEC personnel who would likely be involved in the communications. Accordingly, given our respective positions, we believe it is particularly important that you prepare a document-by-document privilege log for items responsive to this request so that we can assess the validity of your claims of privilege.

*Response: Again, we asked you for more specificity. For example, if there are certain filings in which you are interested, please let us know. We know of no claim or defense to which all internal communications at the Commission respecting MGT, a non-party, could relate.*

*In our meet and confer, you indicated that you had litigated this precise issue with success, and when I asked you to identify the case you litigated, you offered to provide it. You have not done so to date.*

We also write to memorialize certain additional matters we discussed during the meet and confer, as follows:

- You agreed to confirm whether there are any other errors on the producing party list in the SEC's initial disclosures (aside from the reference to Drew Ciccarelli as a

Chris Johnstone, Esq.  August 26, 2019
Page 4

producing party).

- We noted that the SEC's initial disclosures identify at least 13 individual investor witnesses. You agreed to provide a more realistic list of such witnesses.

  - *I agreed to advise you of additional witnesses as we located them, and as we are obligated to do under the Rules.*

- You agreed to identify any other proffer agreements or testimony that have been produced to us beyond those listed in my August 9, 2019 email to you.

  - *I was not responding to your list, by affirming it or otherwise. I undertook to provide you with a list of our notes on 302's and witness interviews in our updated privilege log, which I provided to you on August 21, 2019. As to the proffer agreements, they have been produced, and we will continue to update our production as required.*

- You agreed to provide us with a list of individuals whose FBI 302s you reviewed and took notes of.[2]

  - *See above. When you asked whether our notes on the 302s were verbatim, I told you, and can confirm here, that they are not. They include our selection of portions of the 302s to memorialize, some of which may be memorialized verbatim in part.*

Sincerely yours,

Nancy A. Brown

---

[2]  During our August 9, 2019 and August 12, 2019 meet and confers, you represented to us that the SEC is not in possession of the FBI 302s but did review them and take notes of them. You also represented that the SEC did not copy verbatim any portion of a witness statement in the FBI 302s while taking notes of them.