

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

October 16, 2019

**Via ECF and UPS Overnight**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

    Re:    SEC v. Honig, et al.;
              No. 18 Civ. 8175 (ER)

Dear Judge Ramos:

    Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this letter to state its position on Defendant Robert Ladd's proposed a Motion to Compel outlined in his October 11, 2019 letter requesting a pre-motion conference.

Motion to Compel an Itemized Privilege Log

    (1)    <u>Motion to Compel a Privilege Log of Each Internal Communication Regarding 13(d)</u>. Ladd seeks any internal SEC documents reflecting "uncertainty among market participants as to the meaning of the word 'group' [under Section 13(d)]." The Commission already has produced to Ladd its external communications regarding Section 13(d) and the word "group,", thus furnishing Ladd with any such concerns market participants have expressed to the Commission.[1] Ladd fails to explain how internal SEC communications would reveal (or further reveal) any such market "uncertainty," much less his need for an itemized privilege log of such internal communications. Moreover, Ladd cannot overcome the undue burden to the Commission of undertaking such an itemized privilege log -- OMA's electronic files contain more than 26,000 emails concerning "13(d)," or "(13(g)," or "13D," or "13G," and "group" exchanged among the staff from 2012 through September 7, 2018.

    (2)    <u>Motion to Compel a Privilege Log of Each Internal Communication Regarding MGT's Filings</u>. Ladd contends internal SEC communications regarding MGT's SEC filings "may be highly relevant to Mr. Ladd's defense of [fraud] allegations the SEC has made years later about those filings." (Letter at 1.) However, Ladd does not specify what defense he plans to

---

[1] The Commission produced such communications from its Division of Corporation Finance's Office of Mergers and Acquisitions ("OMA"), the Commission office charged with interpreting Section 13(d). As we also have advised Ladd, we are readying yet another production of internal summaries of communications with third parties whose calls were forwarded to OMA regarding questions concerning 13(d) and "group."

Hon. Edgardo Ramos　　　　　　　　　　　　　　　　　　　　　　　October 16, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

assert, nor how such internal SEC communications could be relevant to them. To the extent Ladd asserts "laches" or "equitable estoppel" – based on the Division of Corporation Finance's failure to object to the relevant MGT filings at the time they were made — such defenses are not viable in an SEC enforcement action. See SEC v. Sarivola, No. 95 Civ. 9270 (RPP), 1996 WL 304371, at *1 (S.D.N.Y. June 6, 1996) ("Laches is not an available defense in an SEC enforcement action seeking injunctive relief."); SEC v. KPMG, No. 03 Civ. 671 (DLC), 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003) (Commission claims not barred by equitable estoppel by virtue of any claimed "failure to prosecute at an earlier stage") (quoting Graham v. SEC, 222 F.3d 994, 1008 (D.C. Cir. 2000)). In any event, the absence of any Commission comment on MGT's filings is a matter of public record and, presumably, is evident from communications the staff did or did not send directly to MGT and, thus, Ladd.

Motion to Compel Public Statements and Presentations by SEC Officials

　　　　Ladd's Motion to Compel public statements and presentations by SEC officials misstates his own Request, and our response to it. Ladd's Request sought all "public statements or presentations *by the SEC* to third parties," not personal statements and presentations by SEC officials. (See Ladd's Second Request, No. 5, appended hereto as Exhibit A.) As we explained to Ladd's counsel, as a matter of SEC policy, any public statement, presentation, or testimony by an SEC official is preceded by a statement explicitly disclaiming his or her representation of the Commission or its views. (See, e.g., Remarks by Chairman Clayton at Central Michigan University, available at https://www.sec.gov/news/speech/clayton-remarks-central-michigan-university-091319, at n. 1("My views are my own and do not reflect the views of my fellow Commissioners or the SEC staff."). Thus, the Commission possesses none of the "SEC" statements or presentations Ladd requests.

　　　　Nor does Ladd counter the Commission's objection on the grounds of undue burden. As we noted in our Responses, public statements of Commission officials and staff – whatever their relevance to Ladd's defenses -- are equally available to Ladd and the Commission staff, and Ladd has not explained why the burden should be shifted to Commission counsel to find and produce them to him.

Motion to Compel Commission Third-party Communications Regarding "Group" or 13(d)

　　　　As noted, the Commission has already produced all communications between OMA and the public regarding the matters Ladd says are at issue in this case – namely, his aiding and abetting the Honig Defendants' violations of Exchange Act Section 13(d) by failing to disclose that Honig, et al., were acting as a "group" under that provision. (Letter at 1.)[2] Thus, the Commission searched OMA files for all third party communications regarding "13(d)" or "13(g)" or "13D" or "13G" AND "group."
　　　　Now Ladd claims that is not enough. He insists that the Commission produce all third-party communications regarding Section 13(d), all of its subsections, and each of the Rules

---

[2] Ladd ignores the Commission's claims that he aided and abetted MGT's violations of Section 13(a) of the Exchange Act by failing to disclose that the Honig Defendants were acting as a group. (Complaint (DE 144) at ¶¶266-69.)

thereunder, irrespective of whether such communications relate to the only relevant legal issue in this case – Section 13(d)'s "group" disclosure requirement. Conversely, and even more broadly, Ladd asks the Commission to produce all third-party communications containing the word "group," regardless of whether the communication concerns Section 13(d). Any such a production plainly would exceed the narrow focus of the Commission's claims in this case, which concern defendants' "group" status solely under Section 13(d).[3]

Motion to Compel Commission Notes on FBI 302s

The Commission has asserted both work product protection and law enforcement/common interest privileges for its notes of the FBI's notes ("302s") of witness proffers.[4] As "fact" work product, those notes are protected from disclosure unless Ladd can show a "substantial need" for them, and that he is unable "without undue hardship" to obtain the substantial equivalent of the materials by other means." SEC v. Nadel, 11 Civ. 215 (WFK)(AKT), 2012 WL 1268297, at *6 (E.D.N.Y. April 16, 2012) (citing, inter alia, In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007); accord SEC v. Stanard, 06 Civ. 7736 (GEL), 2007 WL 1834709, at *2 (S.D.N.Y. June 26, 2007) (denying defendant's motion to compel production of SEC notes of 302s); SEC v. NIR Grp., LLC, 283 F.R.D. 127, 135 (E.D.N.Y. 2012) (denying defendant's motion to compel SEC's interview notes); SEC v. Strauss, 09 Civ. 4150 (RMB)(HBP), 2009 WL 3459204, at *5 (S.D.N.Y. Oct. 28, 2009) (denying defendant's motion to compel production of SEC 302 summaries and noting that SEC v. Thrasher (relied on by Ladd, Letter at 3) "no longer reflects the current state of the law").

Ladd has made no effort to make this showing. Indeed, he fails to mention that he has issued a subpoena to the United States Attorney's Office for the Northern District of California ("USAO") for the 302s themselves, and we understand that the USAO has agreed to turn over at

---

[3] Ladd's additional request – that the SEC produce all of its public statements and third-party communications regarding "whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal" – is likewise overbroad and unduly burdensome. Ladd apparently is asking the Commission to produce every external communication it has ever had concerning every potentially false public statement by an issuer that the Commission has ever considered. In any event, Ladd omits that, as a compromise, the Commission agreed to run searches for third-party communications regarding Section 17(b) of the Securities Act of 1933 ("Securities Act") through the Division of Trading and Markets, Office of Interpretation and Guidance, with search terms we provided to Ladd and to which he did not object. We have told Ladd that we are readying a production of the responsive documents that resulted.

[4] The Commission is prepared to submit a declaration attesting that the notes are meant to be non-verbatim summaries of FBI 302s, that they reflect the note-taker's view of what was important to record, that they were prepared by Commission attorneys in anticipation or to prepare for this litigation, and that the Commission does not have access to the 302s. The Commission has not matched the 302s against its notes and, thus, cannot state with any certainty that the notes contain no verbatim portions of the 302s. The 302s themselves, however, are non-verbatim notes of the witness proffers. The Commission is also prepared to submit any or all of the notes to the Court for an in camera inspection.

least some of them to him.

Moreover, given the nature of the notes – selections made by Commission attorneys seeking to record information important to its case – they are "opinion" work product, thus heightening Ladd's burden. "[O]pinion work product reveals the 'mental impressions, conclusions, opinions, or legal theories of any attorney or other representative,' and is entitled to greater protection than fact work product." In re Grand Jury Subpoena, 510 F.3d at 183. An "attorney's mental processes are implicated when he or she exercises selective judgment in determining what is worthy of being written down." Greater NY Taxi Assoc. v. City of NY, 13 Civ. 3089 (VSB)(JCF), 2017 WL 4012051, at *15 (S.D.N.Y. Sept. 11, 2017) (quotations omitted). Here, the Commission's notes on the FBI's 302s reflect that exercise of selective judgment that renders them "opinion" work product. They are accordingly entitled to a more stringent showing of substantial need and an inability to obtain the substantial equivalent.

For all of these reasons, Defendant's Motion to Compel should be denied.

Respectfully submitted,

Nancy A. Brown

cc: All Defendants via ECF