# EXHIBIT A

RANDALL R. LEE
COOLEY LLP
1333 2nd Street
Suite 400
Santa Monica, CA
randall.lee@cooley.com
+1 310 883 6485
+1 213 369 2897

CHRIS JOHNSTONE
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
+1 650 858 6147

*Attorneys for Defendant Robert Ladd*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| -against- | : 18 Civ. 8175 (ER) |
| | : ECF CASE |
| BARRY C. HONIG, MICHAEL BRAUSER, JOHN STETSON, JOHN R. O'ROURKE III, ROBERT LADD, ELLIOT MAZA, BRIAN KELLER, JOHN H. FORD, ATG CAPITAL LLC, GRQ CONSULTANTS, INC., HS CONTRARIAN INVESTMENTS, LLC, GRANDER HOLDINGS, INC., and STETSON CAPITAL INVESTMENTS INC., | : |
| Defendants. | : |

---------------------------------------------------------------------x

<u>**DEFENDANT ROBERT LADD'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION**</u>

PROPOUNDING PARTY:   DEFENDANT ROBERT LADD
RESPONDING PARTY:    SECURITIES AND EXCHANGE COMMISSION
SET NO:              TWO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Robert Ladd requests that Plaintiff Securities and Exchange Commission (the "SEC" or "Plaintiff") produce the documents described below. Plaintiff shall make such production within thirty (30)

days after service of these requests, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, California 94304, or at such other time and place as may be mutually agreed upon by the parties.

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "COMMUNICATION(S)" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

2. "COMPLAINT" means the amended complaint filed by the SEC in the above-captioned matter on March 8, 2019.

3. "CONCERNING" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

4. "DOCUMENT(S)" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

5. "GOVERNMENT ENTITY" means any federal or state government agency or establishment, or any employee or agent thereof.

6. "INCLUDES" and "INCLUDING" means including, but not limited to.

7. "INQUIRY" refers to the investigations of individuals and entities that resulted in the filing of the Complaint, including, but not limited to, the SEC investigation captioned In the Matter of MGT Capital Investments, Inc. (NY-9507) and the SEC investigations related to "Company A," "Company B," and "Company C" referenced in the Complaint.

8. "MGT" means MGT Capital Investments, Inc., any of its subsidiaries (and any predecessors thereof), and any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf.

9. "SELF-REGULATORY ORGANIZATION" means the New York Stock Exchange LLC, the NYSE American LLC and its predecessors, or any other self-regulatory organization that is regulated by the SEC, or any employee or agent thereof.

10. The words "PLAINTIFF," "SEC," "YOU" or "YOUR" refer to the plaintiff in this action, as defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York. For the avoidance of doubt, that definition encompasses each of the Divisions and Offices of the SEC, including the Division of Enforcement, the Division of Corporate Finance, the Office of the Chief Accountant, and the Division of Economic and Risk Analysis.

11. The terms "all," "any," and "each" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Southern District of New York.

12. The connectives "and" and "or" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Southern District of New York.

### INSTRUCTIONS

1. The DOCUMENTS covered by these requests include all DOCUMENTS in YOUR possession, custody, or control.

2. Each request for the production of DOCUMENTS shall be deemed continuing in nature, and the SEC is under a duty to supplement or correct any responses that are incomplete or incorrect and otherwise supplement its responses in accordance with Federal Rule of Civil Procedure 26(e).

3. YOU shall produce all DOCUMENTS in the manner in which they are maintained in the usual course of YOUR business and/or YOU shall organize and label the DOCUMENTS to correspond with the categories in this request. A request for a DOCUMENT shall be deemed to include a request for any and all file folders within which the DOCUMENT was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the DOCUMENT, in addition to the DOCUMENT itself.

4. If and to the extent DOCUMENTS are maintained in a database or other electronic format, YOU shall produce along with the DOCUMENT(S) software that will enable access to the electronic DOCUMENT(S) or database as YOU would access such electronic DOCUMENT(S) or database in the ordinary course of YOUR business.

5. DOCUMENTS shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each DOCUMENT's custodian(s).

6. Any DOCUMENT withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of DOCUMENT, (2) the general subject matter of the DOCUMENT, (3) the date of the DOCUMENT, and (4) such other information as is sufficient to identify the DOCUMENT, INCLUDING the author of the DOCUMENT, the addressee of the DOCUMENT, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege for each individual document being withheld shall be set forth.

7. DOCUMENTS attached to each other should not be separated.

8. DOCUMENTS not otherwise responsive to this discovery request shall be produced if such DOCUMENTS mention, discuss, refer to, or explain the DOCUMENTS which are called for by this discovery request.

9. In producing DOCUMENTS and other materials, YOU are requested to furnish all DOCUMENTS or things in YOUR possession, custody or control, regardless of whether such DOCUMENTS or materials are possessed directly by YOU or YOUR agents, employees, representatives, managing agents, affiliates, accountants, investigators, or by YOUR attorneys or their agents, employees, representatives or investigators.

10. If YOU object to any part of any request, YOU shall state fully in writing the nature of the objection. Notwithstanding any objections, YOU shall nonetheless comply fully with the other parts of the request to which YOU are not objecting.

11. Each request for production shall be construed independently and not with reference to any other request for production for the purpose of limitation.

12. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13. If YOU do not understand any part of any request or the foregoing Definitions and Instructions, YOU should seek clarification from counsel for Mr. Ladd.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 2:**

Other than those already produced in response to Mr. Ladd's First Set of Requests for the Production of Documents, all DOCUMENTS and COMMUNICATIONS CONCERNING the allegations in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

Other than those already produced in response to Mr. Ladd's First Set of Requests for the Production of Documents, All DOCUMENTS and COMMUNICATIONS CONCERNING any of the following:

Robert Ladd

MGT

Barry Honig

Jonathan Honig

Alan Honig

Barry and Renee Honig Charitable Foundation

Michael Brauser

Ben Brauser

Mark Groussman

John Stetson

John O'Rourke

Elliot Maza

Rick Allison

George Antonopoulos

Yoav Roth

Richard Abbe

Joshua Silverman

Michael Rappaport

Harvey Kesner

Tara Guerneri-Ferrara

Jay Kaplowitz

Arthur Marcus

Avital Even-Shoshan

Brian Keller

John Ford

ATG Capital LLC

GRQ Consultants, Inc.

Four Kids Investment Funds LLC

HS Contrarian Investments, LLC

Grander Holdings, Inc.

Melechdavid Inc.

Stetson Capital Investments Inc.

John McAfee

D-Vasive Inc.

Sichenzia Ross Ference LLP

TSX Holdings, LLC

Drew Ciccarelli

    Seeking Alpha

    Stockbeast.com

    SmallCapleader

    Broadband Capital Management

    Chardan Capital Markets LLC

    Hudson Bay Capital Management LP

    Bay Capital

    White Trout Lake LLC

    Sandor Capital

    Miramar Investors

    Iroquois Capital Management, LLC

    Future Tense Secure Systems, Inc.

    TSX Ventures LLC

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS AND DOCUMENTS CONCERNING COMMUNICATIONS with third parties (including any SELF-REGULATORY ORGANIZATION or GOVERNMENT ENTITY), CONCERNING the application or interpretation of Sections 13(d)(1), 13(d)(3), 13(g)(1), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-1(a) and/or § 240.13d-5 thereunder.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS CONCERNING public statements or presentations by the SEC to third parties (including any SELF-REGULATORY ORGANIZATION or GOVERNMENT ENTITY) CONCERNING Sections 13(d)(1), 13(d)(3), 13(g)(1), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-1(a) and/or § 240.13d-5 thereunder.  For the avoidance of doubt, this Request for Production includes public statements and presentations made by any SEC employee or commissioner at conferences and statements and testimony before Congress or any committee thereof.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS reflecting a final decision or conclusion CONCERNING Sections 13(d)(1), 13(d)(3), 13(g)(1), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-1(a) and/or § 240.13d-5 thereunder.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS CONCERNING issuing guidance, or CONCERNING the decision not to issue guidance, CONCERNING the interpretation of Sections 13(d)(1), 13(d)(3), 13(g)(1), and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-1(a) and/or § 240.13d-5 thereunder.  For the avoidance of doubt, this Request for Production includes all DOCUMENTS and COMMUNICATIONS CONCERNING the SEC's *Compliance and Disclosure Interpretations for Exchange Act Sections 13(d) and 13(g) and Regulation 13D-G Beneficial Ownership Reporting*, including any drafts thereof or actual or proposed updates thereto.

**REQUEST FOR PRODUCTION NO. 8:**

All internal SEC DOCUMENTS and COMMUNICATIONS CONCERNING the application or interpretation of Sections 13(d)(1), 13(d)(3), 13(g1)(1) and/or 13(g)(3) of the Securities Exchange Act and/or Rules 17 C.F.R. § 240.13d-1(a) and/or § 240.13d-5 thereunder.

**REQUEST FOR PRODUCTION NO. 9:**

Other than those already produced in response to Mr. Ladd's First Set of Requests for the Production of Documents, all DOCUMENTS and COMMUNICATIONS which might reasonably be considered exculpatory to Mr. Ladd in connection with the INQUIRY.

**REQUEST FOR PRODUCTION NO. 10:**

Other than those already produced in response to Mr. Ladd's First Set of Requests for the Production of Documents, all DOCUMENTS and COMMUNICATIONS evidencing or memorializing a formal and/or informal cooperation agreement between YOU and any person YOU gathered information from in connection with the INQUIRY.

**REQUEST FOR PRODUCTION NO. 11:**

Other than those already produced in response to Mr. Ladd's First Set of Requests for the Production of Documents, all DOCUMENTS and COMMUNICATIONS evidencing or memorializing the terms of any interview (including proffer agreements) of any person YOU gathered information from in connection with the INQUIRY.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS CONCERNING COMMUNICATIONS as referenced in the SEC's Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS CONCERNING efforts to enhance investor awareness (through promotions or otherwise) of any corporation in which Ladd or MGT had an investment.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS CONCERNING compliance by OPKO Health, Inc. and Alpha Capital Anstalt as related to each party's settlement in this action, including the retention of an independent compliance consultant, the report of such consultant, the implementation or failure to implement recommendations of such consultant, and requests by the SEC for further evidence of compliance.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS and DOCUMENTS CONCERNING COMMUNICATIONS between YOU and any SELF-REGULATORY ORGANIZATION CONCERNING MGT.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS and DOCUMENTS CONCERNING COMMUNICATIONS with any individual or entity that YOU are aware currently holds, or has ever initiated or closed, a short position in MGT securities.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS and DOCUMENTS CONCERNING COMMUNICATIONS with third parties (including any SELF-REGULATORY ORGANIZATION or GOVERNMENT ENTITY), CONCERNING whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS CONCERNING public statements or presentations by the SEC to third parties (including any SELF-REGULATORY ORGANIZATION or GOVERNMENT ENTITY) CONCERNING whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal.  For the avoidance of doubt, this Request for Production includes public statements and presentations made by any SEC employee or commissioner at conferences and testimony before Congress or any committee thereof.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS CONCERNING issuing guidance, or CONCERNING the decision not to issue guidance, CONCERNING whether or when efforts to

enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal.

**REQUEST FOR PRODUCTION NO. 20:**

All internal SEC DOCUMENTS and COMMUNICATIONS CONCERNING whether or when efforts to enhance investor awareness of a publicly traded security (through promotions or otherwise) are legal.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the acquisition, ownership, and/or trading by Robert Ladd in MGT securities.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS and COMMUNICATIONS CONCERNING filings by MGT with the SEC (including, without limitation, periodic filings, *e.g.*, Forms 10-K and 10-Q, and filings to register the issuance or sale of securities).

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATIONS and DOCUMENTS CONCERNING COMMUNICATIONS with third parties (including any SELF-REGULATORY ORGANIZATION or GOVERNMENT ENTITY) CONCERNING filings by MGT with the SEC (including, without limitation, periodic filings, *e.g.*, Forms 10-K and 10-Q, and filings to register the issuance or sale of securities).

Dated: May 21, 2019                Respectfully submitted,

                                   */s/ Randall R. Lee*
                                   Randall R. Lee
                                   COOLEY LLP
                                   1333 2nd Street
                                   Suite 400
                                   Santa Monica, CA
                                   randall.lee@cooley.com
                                   +1 310 883 6485
                                   +1 213 369 2897

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 21, 2019, the foregoing document, entitled "Defendant Robert Ladd's Second Set of Requests for the Production of Documents to Plaintiff Securities and Exchange Commission," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the plaintiff in the above-entitled action by electronic mail.

DATED:  May 21, 2019
      New York, New York

                   By: */s/ Michael Berkovits*
                      Michael Berkovits