

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BrownN@sec.gov

October 28, 2019

**Via ECF and UPS Overnight**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    SEC v. Honig, et al.;
            <u>No. 18 Civ. 8175 (ER)</u>

Dear Judge Ramos:

      Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this letter to state its position on Defendant Michael Brauser's proposed Motion to Compel outlined in his October 23, 2019 letter requesting a pre-motion conference.

      Brauser's Motion seeks to impose upon the Commission document production requirements prohibited by the Federal Rules of Civil Procedure. The Commission produced its documents in the manner in which they are ordinarily maintained, but Brauser now wants the Commission to reproduce the same documents, organized and labeled to correspond to the categories in his document request. Fed. R. Civ. P. 34(b)(2)(E)(i), however, affords the Commission the choice to do one or the other, and explicitly relieves it from doing both. "A party must produce documents as they are kept in the usual course of business <u>or</u> must organize and label them to correspond to the categories in the request. . . . A party need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E)(i) & (iii) (emphasis added); <u>see also</u> Rule 34(b)(2)(E)(ii) (providing the option to produce electronically stored information ("ESI") in the manner in which it is maintained or in "reasonably useable form," but providing no categorization option).

      By way of background, at the parties' first Rule 26(f) conference on April 9, 2019 – before Defendants served their Document Requests – Defendants asked the Commission to produce all non-privileged documents in its entire "investigative file." The Commission declined, noting that certain Defendants might elect a more limited production. We suggested that the parties first exchange Initial Disclosures, which would provide information about the sources of the collected documents, so that Defendants each could decide what documents to request. Ignoring that invitation to serve narrow, targeted requests, Defendants – including Mr. Brauser – chose instead to serve Rule 34 document requests seeking all Commission documents collected in the pre-litigation investigation of this matter. (See Brauser's First Amended Request for Documents, dated April 24, 2019 ("Brauser's Request," submitted as Ex. A hereto), Request No. 1 ("The non-privileged portions of YOUR investigative file in connection with the

Hon. Edgardo Ramos  October 28, 2019
Page 2

INVESTIGATION, including but not limited to the following . . . ").

As requested, the Commission produced all documents it collected in its investigation of this matter. And it produced those materials in the manner in which it collected and has maintained them – in fully searchable electronic format (complete with native files where available), which allow searching by key word, producing party, document date, recipient, sender, document type, and several other fields. Indeed, that is the format Brauser himself dictated in his Request:

> Unless the parties agree otherwise, all ELECTRONICALLY STORED INFORMATION shall be produced in the form in which it is kept in its usual course. If ELECTRONICALLY STORED INFORMATION is produced in the form in which it is kept in its usual course but it is not reasonably useable in that form, then all software, instructions or tools necessary to make the information reasonably useable must also be provided or identified.

(Ex. A., Brauser First Amended Request at 3-4.)[1]

To the extent Brauser claims technical difficulty in searching the Commission's production, any such difficulty is the product of his own refusal to employ his firm's software for this purpose. During an August 16, 2019 telephone call, Brauser's counsel conceded that his firm has been employing its own software to search and produce Brauser's own documents. (Indeed, Brauser made his limited productions to the Commission in the same format as the Commission produced its documents.) Nonetheless, counsel contended that employing that same software for the Commission's production would be too expensive. The Commission suggested that Brauser could reduce that expense by culling documents not relevant to his defense, and we sent his counsel an index of the produced Commission documents, categorized by producing party and bates range for that purpose. (See Index provided to Brauser on August 19, 2019, appended hereto as Ex. B.) Using the index, Brauser could determine the smaller universe of documents relevant to his defenses, and consequently, the size (and cost) of the production he would have to maintain could be considerably smaller.[2]

Brauser has rejected that approach, apparently, although he does not explain why.

---

[1] The Commission objected to Brauser's formatting instructions, and in compliance with Rule 34(b)(2)(D), we identified the manner in which we intended to produce them, namely "in the manner in which [the Commission] received [the materials] during its investigation of this case, in a searchable electronic format." (See Brauser Pre-motion Letter, Ex. A, Commission Response at General Objections 9 and 10.) Having reached no agreement on format, the Commission was free to pick its production option under Rule 34(b)(2)(E)(ii). See Advisory committee notes to Fed. R. Civ. P. 34(b)(2)(E) 2006 amendments. ("If the form of production is not specified by party agreement,. . . the responding party must produce [ESI] either in a form . . . in which it is ordinarily maintained or in a form or forms that are reasonably usable.")

[2] For example, as the Commission noted at the Court's May 15, 2019 Scheduling Conference, over 700,000 of its 1.3 million produced documents (more than half) are from a single individual – the ex-husband of a former MGT employee. See DE 127, at 14.

Instead, he seeks an order shifting the burden to the Commission to search through its own production to find the documents Brauser seeks. That is not what the Rules require, particularly where Brauser himself sought (and has received) all of the documents in the Commission's files. Contrary to Brauser's contention, the Commission may choose from the methods of production set out in Rule 34(b)(2)(E)(ii) – to produce ESI in the form in which it ordinarily maintains it or in a reasonably useable form. The Rule offers this choice to all litigants, not just those that are commercial enterprises, and there is no reason why the Commission should be denied that choice. See Menard v. Chrysler Group LLC, 2015 WL 5472724 (S.D.N.Y. July 2, 2015) (Briccetti, J.) ("Rule 34(b)(2)(E)(i), by its own terms, does not limit a party's ability to produce documents kept in the usual course of business to commercial enterprises or to records that are the result of routine and regular activity.... Because the plain text of Rule 34(b)(2)(E)(i) provides no such limitation, this Court will not read this requirement into the statute.").

Brauser's reliance on SEC v. Collins & Aikman, 256 F.R.D. 403 (S.D.N.Y. 2009) is misplaced because the Court there was presented with circumstances not present here. First, defendants had made only targeted requests, not a broad request like the one Brauser made for all documents collected by the Commission. Id. at 406-07.[3] Second, the Commission's production in that case was not searchable; it was produced in 36 separate databases, using different metadata protocols. Defendants had no ability to locate relevant materials for themselves. Id. Brauser can make no similar contention here.

Nor does the Rule interpreted in Collins & Aikman even apply here, as the Commission's production consists solely of ESI. Bailey v. Brookdale Univ. Hosp. Medical Ctr., 16 Civ. 2195, 2017 WL 2616957 (E.D.N.Y. June 16, 2017) (ESI is governed by Rule 34(b)(2)(E)(ii), not (E)(i) which is applicable to documents, and different production options apply); accord Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc., 305 F.R.D. 247, 252-53 (D. Colo. 2014) (citing United States v. O'Keefe, 537 F. Supp. 2d 14, 23 (D.D.C. 2008)) (same). Categorizing ESI by request – as Brauser demands we do here – is not one of the options provided by Rule 34(b)(2)(E)(ii). "The drafters of 34(b)(2)(E) contemplated that parties requesting ESI would be able to organize it themselves – in their own way, to their own satisfactory level of thoroughness, and at their own expense – through the use of text-searching technologies like filtering, grouping and ordering." SolarCity Corp. v. Doria, 16 Civ. 3085, 2018 WL 467898, at *4 (S.D. Cal. Jan. 18, 2018) (quotations omitted and citing, inter alia, 7 James Wm. Moore et al., Moore's Fed'l Practice § 34.13[3], at 34-92.1 ("[T]he searchability of ESI makes such organization unnecessary.")). A party satisfies its obligations under Rule 34 when it "provides documents that are searchable, sortable and paired with relevant metadata." Lutzeier v. Citigroup Inc., No. 14 Civ. 183, 2015 WL 430196, at *8 (E.D.Mo. Feb. 2, 2015) (denying motion to compel defendant

---

[3] If the Commission's production size makes it a "document dump," it is one that Brauser himself requested. While Brauser pulls that phrase from Excellent Home Care Servs. LLC v. FGA Inc., No. 13 Civ. 5390 (ILG)(CLP), 2017 WL 973 2082 (E.D.N.Y. June 5, 2017), that case, too, is unhelpful to his argument because, there, the plaintiff conceded that it had not produced the documents "as they are kept in the ordinary course of business." Id. at *6. As a result, the Court ordered it to indicate "which documents were responsive to" Defendant's enumerated requests. Id. at *8.

to categorize production where it had produced fully searchable ESI).[4]

For these reasons, Brauser's Motion to Compel should be denied.

Respectfully submitted,

Nancy A. Brown

cc: All Defendants via ECF

---

[4] The Commission is prepared to offer Brauser whatever "reasonable amount of technical support, information on application software or other reasonable assistance" that the advisory committee notes to the 2006 amendments contemplate, but he has requested none.