# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

——————————————————————x
SECURITIES AND EXCHANGE COMMISSION,

            Plaintiff,

-- against --                Case No. 18-civ-08175-ER

BARRY C. HONIG, *et al.,*

            Defendants.
——————————————————————x

**DEFENDANT MICHAEL BRAUSER'S AMENDED FIRST SET
OF REQUESTS FOR THE PRODUCTION OF DOCUMENRS
TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION**

PROPOUNDING PARTY:   DEFENDANT MICHAEL BRAUSER

RESPONDING PARTY:    PLAINTIFF SECRURITIES AND EXCHANGE COMMISSION

SET NO.:                     ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Michael Brauser requests that Plaintiff Securities and Exchange Commission (the "SEC" or "Plaintiff") produce the documents described below. The SEC shall make such production within thirty (30) days after service of these requests, at the offices of Richard and Richard, P.A., 825 Brickell Bay Drive, Suite 1748, Miami, Florida 33131, or at such other time and place as may be mutually agreed upon by the parties.

**DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "COMMUNICATION(S)" means every manner or means of disclosure, transfer or exchange of ideas, messages, facts, inquiries or information, whether orally or by DOCUMENT, and whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise.

2. "COMPLAINT" means the amended complaint filed by the SEC in the above-captioned matter on March 8, 2019.

3. "CONCERNING" a given subject means, in whole or in part, constituting, containing, embodying, reflecting, identifying, stating, referring to, evidencing, or in any other way being relevant to that given subject matter.

4. "DOCUMENT(S)" is used herein in the broadest sense permitted under the Federal Rules of Civil Procedure and INCLUDES all originals, non-identical copies and copies with marginal notations or interlineations of any writing, sworn statement, deposition transcript, affidavit, recording, photograph, computer data, electronic mail or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form maintained. The term "DOCUMENT(S)" also includes all ELECTRONICALLY STORED INFORMATION. The term "DOCUMENT(S)" further means any DOCUMENT in the possession, custody, or control of the entities and individuals to whom this DOCUMENT request is directed (together with any employees, agents and attorneys). Without limitation to the term "control" as used in the preceding sentence, an entity or individual is deemed to be in control of a DOCUMENT if that entity or individual has the right to secure the DOCUMENT or a copy thereof from another entity or individual having actual possession thereof.

5. "ELECTRONICALLY STORED INFORMATION" is defined broadly to give the full scope of that term as contemplated by Rule 34 of the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. ELECTRONICALLY STORED INFORMATION includes information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. ELECTRONICALLY STORED INFORMATION includes: word-processing DOCUMENTS; electronic spreadsheets; electronic presentation DOCUMENTS; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database. ELECTRONICALLY STORED INFORMATION also includes all associated metadata that is maintained or saved, which includes: DOCUMENT title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information. ELECTRONICALLY STORED INFORMATION further includes: correspondence, telegrams, memoranda, COMMUNICATIONS, minutes or records of meetings and conferences, lists of persons attending meetings or conferences, summaries, records of conversations, drafts, notes, notebooks, logs, translations, drawings, graphs, charts, photographs, sound recordings, images, data compilations, computer records or printouts, specifications, reports, opinions, summaries, agreements, forecasts, expressions or statements of policy, consultations, brochures, pamphlets, advertisements, publications, circulars, trade letters, press releases, and drafts of any of the foregoing. Unless the parties agree otherwise, all ELECTRONICALLY STORED INFORMATION shall be produced in the form in which it is

kept in its usual course. If ELECTRONICALLY STORED INFORMATION is produced in the form in which it is kept in its usual course but it is not reasonably useable in that form, then all software, instructions, or tools necessary to make the information reasonably useable must also be provided or identified. To the extent that identical information is available as both a DOCUMENT and as ELECTRONICALLY STORED INFORMATION or in multiple forms of ELECTRONICALLY STORED INFORMATION, Plaintiff need only produce the ELECTRONICALLY STORED INFORMATION in one reasonably useable form.

6. "GOVERNMENT ENTITY" means any federal or state government agency or establishment, or any employee or agent thereof.

7. "INCLUDES" and "INCLUDING" means including, but not limited to.

8. "INVESTIGATION" refers to the matters under inquiry ("MUI") and investigations of individuals and entities that resulted in the filing of the Complaint, including, but not limited to, the SEC investigation captioned In the Matter of MGT Capital Investments, Inc. (NY-9507) and the SEC investigations related to "Company A," "Company B," and "Company C" referenced in the Complaint.

9. "BIOZONE" means BioZone Pharmaceuticals, Inc., any of its subsidiaries (and any predecessors thereof), and any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf, and was defined by the SEC as "Company A."

10. "MGT" means MGT Capital Investments, Inc., any of its subsidiaries (and any predecessors thereof), and any of its present or former directors, officers, employees, affiliates,

representatives, advisors, agents, attorneys, associates or any other person acting on its behalf, and was defined by the SEC as "Company B."

11. "MABVAX" means MabVax Therapeutics Holdings, Inc., any of its subsidiaries (and any predecessors thereof), and any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf, and was defined by the SEC as "Company C."

12. "SELF-REGULATORY ORGANIZATION" means the Financial Industry Regulatory Authority or any other self-regulatory organization that oversees the securities or mortgage industries, or any employee or agent thereof.

13. The words "PLAINTIFF," "SEC," "YOU" or "YOUR" refer to the United States Securities and Exchange Commission and its staff in each of its Divisions and Offices, INCLUDING the Division of Enforcement, the Division of Corporate Finance, the Office of the Chief Accountant, and the Office of Economic Analysis, and any of its present or former employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf.

14. The terms "all" and "each" shall be construed as "all and each."

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. The DOCUMENTS covered by these requests include all DOCUMENTS in YOUR possession, custody, or control.

2. Each request for the production of DOCUMENTS shall be deemed continuing in nature, and the SEC is under a duty to supplement or correct any responses that are incomplete or incorrect and otherwise supplement its responses in accordance with Federal Rule of Civil Procedure 26(e).

3. YOU shall produce all DOCUMENTS in the manner in which they are maintained in the usual course of YOUR business and/or YOU shall organize and label the DOCUMENTS to correspond with the categories in this request. A request for a DOCUMENT shall be deemed to include a request for any and all file folders within which the DOCUMENT was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the DOCUMENT, in addition to the DOCUMENT itself.

4. If and to the extent DOCUMENTS are maintained in a database or other electronic format, YOU shall produce along with the DOCUMENT(S) software that will enable access to the electronic DOCUMENT(S) or database as YOU would access such electronic DOCUMENT(S) or database in the ordinary course of YOUR business.

5. DOCUMENTS shall be produced in such fashion as to identify the department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each DOCUMENT's custodian(s).

6. Any DOCUMENT withheld from production based on a claim of privilege or any similar claim shall be identified by (1) the type of DOCUMENT, (2) the general subject matter of the DOCUMENT, (3) the date of the DOCUMENT, and (4) such other information as is sufficient to identify the DOCUMENT, INCLUDING the author of the DOCUMENT, the addressee of the DOCUMENT, and, where not apparent, the relationship of the author and the addressee to each other. The nature of each claim of privilege for each individual document being withheld shall be set forth.

7. DOCUMENTS attached to each other should not be separated.

8. DOCUMENTS not otherwise responsive to this discovery request shall be produced if such DOCUMENTS mention, discuss, refer to, or explain the DOCUMENTS which are called for by this discovery request.

9. In producing DOCUMENTS and other materials, YOU are requested to furnish all DOCUMENTS or things in YOUR possession, custody or control, regardless of whether such DOCUMENTS or materials are possessed directly by YOU or YOUR agents, employees, representatives, managing agents, affiliates, accountants, investigators, or by YOUR attorneys or their agents, employees, representatives or investigators.

10. If YOU object to any part of any request, YOU shall state fully in writing the nature of the objection. Notwithstanding any objections, YOU shall nonetheless comply fully with the other parts of the request to which YOU are not objecting.

11. Each request for production shall be construed independently and not with reference to any other request for production for the purpose of limitation.

12. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13. If YOU do not understand any part of any request or the foregoing Definitions and Instructions, YOU should seek clarification from counsel for Defendant Michael Brauser.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

The non-privileged portions of YOUR investigative file in connection with the INVESTIGATION, including but not limited to the following:

    (a) Subpoenas issued in connection with the INVESTIGATION;

    (b) Other written requests to provide documents or to be interviewed in connection with the INVESTIGATION;

    (c) Documents received in response to any such subpoenas or other written requests;

    (d) Transcripts and transcript exhibits from testimony taken in connection with the INVESTIGATION;

    (e) Any other documents obtained by YOU in connection with the INVESTIGATION;

    (f) All access requests received in connection with the INVESTIGATION (whether granted);

(g) All documents provided in response to any access request received in connection with the INVESTIGATION;

(h) Correspondence sent in connection with the INVESTIGATION;

(i) All documents which might reasonably be considered exculpatory to Mr. Brauser in connection with the INVESTIGATION;

(j) All documents evidencing a formal and/or informal cooperation between YOU and any person YOU gathered information in connection with the INVESTIGATION; and

(k) All factual portions of any notes or summaries prepared in connection with interviews YOU conducted or attended in the course of the INVESTIGATION.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning the acquisition, ownership, and/or trading by Defendant Michael Brauser and/or Defendant Grander Holdings, Inc. in BioZone, MGT, and/or MabVax between March 1, 2010 and March 1, 2018.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning matched, coordinated, contemporaneous, or simultaneous trading between Defendant Michael Brauser and any person or entity in BioZone, MGT, and/or MabVax between March 1, 2010 and March 1, 2018.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning or constituting any communications during the time period March 1, 2010 and March 1, 2018 between Defendant Michael Brauser and/or Defendant Grander Holdings, Inc. and any individual or entity identified by the SEC in the April 23, 2019 First Request for the Production of Documents to Defendant Michael Brauser.

Respectfully submitted,

*Attorneys for Defendants Brauser and Grander Holdings, Inc.*

| | |
|---|---|
| SALLAH ASTARITA COX LLC<br>3010 N. Military Trail<br>Suite 210<br>Boca Raton, FL  33431<br>T:  (561) 989-9080<br>F:  (561) 989-9020<br><br>By: /s/ *James D. Sallah*<br>    JAMES D. SALLAH<br>    jds@sallahlaw.com<br>    JOSHUA A. KATZ<br>    jak@sallahlaw.com<br><br>*Admitted Pro Hac Vice* | RICHARD AND RICHARD, P.A.<br>Tower III, Suite 1748<br>825 Brickell Bay Drive<br>Miami, FL  33131<br>T: (305) 374-6688<br>F: (305) 374-0384<br><br>By: /s/ *Dennis A. Richard*<br>    DENNIS A. RICHARD<br>    dennis@richardandrichard.com<br>    MELISSA L. MACKIEWICZ<br>    melissa@richardandrichard.com<br><br>*Admitted Pro Hac Vice* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this this 24th day of April, 2019, the foregoing Defendant Michael Brauser's Amended First Set of Requests for the Production of Documents to Plaintiff Securities and Exchange Commission was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the Plaintiff in the above-entitled action by electronic mail and copies were also served by electronic mail on all remaining counsel of record with hard copies made available by mail upon request.

/s/ *Dennis Richard*
DENNIS RICHARD