**RICHARD AND RICHARD**
**ATTORNEYS AT LAW**
**825 BRICKELL BAY DRIVE**
**MIAMI, FLORIDA 33131**

DENNIS RICHARD
E-mail: dennis@richardandrichard.com

PHONE (305) 374-6688

November 6, 2019

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

SET FOR PRE-MOTION
CONFERENCE 11/7/19 at 4:30 p.m.

      RE:    *SEC v. Honig, et al.*, No. 1:18-cv-08175

Dear Judge Ramos:

Defendant, Michael Brauser, replies to the SEC's October 28, 2019 letter response (ECF No. 190) and in further support of Brauser's October 23, 2019 letter brief (ECF No. 188). The matter will be heard at the November 7, 2019 pre-motion conference. *Order* (ECF No. 189).

The SEC admits that it produced over 4 million pages in the same disorganized manner it received them from multiple sources during its years-long investigation. *SEC Ltr. Resp.*, ECF No. 190, p. 2, n. 1 (admitting that it produced the mass "in the manner in which" it was "received . . . during its investigation . . . ." The SEC says that is how it "kept" them "in the usual course of business . . . ." *Id*., p. 1). The SEC ignores the actual holding of *SEC v. Collins*, 256 F.R.D. 403, 411 (S.D.N.Y. 2009), rejecting the SEC's contention that "it has the option of producing the complete, unfiltered, and unorganized investigatory file, as this is how the documents are maintained in the usual course of its business." "The documents can only be provided in a useful manner if the [SEC] organizes or labels them to correspond to each demand." *Id*. at 413.

The SEC also posits that it produced its mass of disorganized documents in response to Brauser's Request No. 1 for its investigative file. *SEC Ltr. Resp.*, p. 1. However, in quoting Brauser's Request No. 1 the SEC omits that the words "investigative file" are followed by a colon, thereafter listing eleven categories of documents. (ECF No. 188-1, p. 6). And, by designating its entire production in response to the opening phrase of Request No. 1, the SEC bypassed entirely Requests 2, 3, and 4. *Id.*, pp. 8-10. The SEC uses this device to argue that "If the SEC's production size makes it a 'document dump,' it is one that Brauser himself requested." *SEC's Ltr. Resp.,* ECF No. 190, p. 3, n. 3.

This device – designating the unorganized mass as all responsive to what the SEC deemed Brauser's broadest request and without correlating any of them to Brauser's narrow requests – has been tried before. *See Molinelli-Freytes v. University of Puerto Rico*, 2011 WL 13209604, at *2 (D.P.R. 2011) (rejecting producing party's position that "broad catchall" category in request for production allowed it to mark all production as responsive to catchall, instead of to the more specific, tailored requests; "Plaintiffs are hereby ordered to organize or categorize each and every document in the Doubledey production in a logical, coherent manner that corresponds to a specific interrogatory or discovery request by CHE. Reliance on a broad catchall request is inadequate."). Indeed here the instructions to the request provided that "[e]ach request for

production shall be construed independently and not with reference to any other request for production for the purpose of limitation." ECF No. 190-1, p. 8, ¶ 11.

The SEC also attempts to shift the blame by arguing that it "is the product of [Brauser's] own refusal to employ his [law] firm's software" which "would be too expensive." That misstates Brauser's position, which is in writing. *See, e.g.*, email to SEC's counsel, ECF No. 188-2, p. 2 (explaining that the high cost would be in processing the millions of pages "with an outside vendor, in order to gain any semblance of searchability"). Brauser's law firm does not have software to sensibly search the millions of pages. And in any event, as observed in *Collins*, documents which defendant "clearly must review to prepare his defense" will require a "page-by-page manual review of" millions of pages of SEC records which "is strikingly expensive in both monetary and human terms and constitutes 'undue hardship' by any definition." *Collins* at 410-411. The SEC must know where its supporting evidence is and, by any measure of law, procedure or fairness, should not continue to hide that information.

Surely the SEC has organized the documents into a reasonably usable form, having spent years parsing through the millions of pages as it received them. The SEC does not contest that it needed to review the disorganized mass, as it was received, to determine what claims it had against which defendants. The SEC does not contest that it was required to do so as part of its good faith pre-filing inquiry before it filed the claims against Brauser. *Brauser Ltr. Mot.*, p. 2. *See also Shelbyville Hospital Corporation v. Mosley*, 2017 WL 5586729, at *16 (E.D. Tenn. 2017) (court sanctioned party for responding to discovery request via a "thumb drive" that the court described as a "virtual warehouse" and a "data dump" that was not in keeping with Federal Rule of Civil Procedure 34(b)(2)(E)(ii), which states that parties have to produce electronically stored information "'in a reasonably usable form.'").

Brauser respectfully requests that this Court direct the SEC to remedy its production by identifying which documents are responsive to Brauser's straightforward requests.[1]

                                                      Respectfully submitted,

                                                      */s/ Dennis Richard*
                                                      DENNIS RICHARD

cc: Counsel of Record (via ECF)

W:\WDOX\CLIENTS\512\4467\00133070.DOCX

---

[1] The SEC spurned Brauser's alternative offer to the SEC – that it provide "a table of contents." ECF No. 188-8.