UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

BARRY C. HONIG, et al.,

    Defendants.

18 Civ. 8175 (ER)

ECF CASE

---

## STIPULATION AND CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff Securities and Exchange Commission ("Commission") and third parties OPKO Health, Inc., Phillip Frost, Frost Gamma Investments Trust, and Steven Rubin (collectively the "Third Parties" or individually "Third Party"), that the following provisions of this Stipulation and Confidentiality Order (the "Stipulation and Order") shall govern disclosure and use by the undersigned parties of all documents and other materials and information produced by the Third Parties in the above-captioned case.

1. When used in this Stipulation and Order, the word "document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof.

2. All documents produced by the Third Parties in connection with this action shall be deemed "Confidential Discovery Materials." Any person or entity in possession of Confidential Discovery Materials shall maintain those materials in a reasonably secure

1



manner, so as to avoid disclosure of their contents. Except as provided in Paragraph 8 below, Confidential Discovery Materials produced or disclosed in this case shall be used solely in connection with this above-captioned case (including an appeal therefrom) by the New York Regional Office of the Commission; provided, however, that nothing in this Stipulation and Order shall be construed to have any effect on the obligations of the Commission under the Freedom of Information Act, 5 U.S.C. § 552, et. seq., or on the discretion afforded to the Commission under 15 U.S.C. § 78u(a)(2), 15 U.S.C. §§ 78x(c) and (f), and 17 C.F.R. § 240.24c-1.

3. The inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, and no party shall be held to have waived any claims or arguments under the inadvertent production doctrine. If a Third Party discovers that a privileged document was inadvertently produced, the Third Party shall promptly notify the party to whom the document was produced in writing. If the receiving party discovers that it has received otherwise privileged materials, it shall promptly notify the producing Third Party. Upon either notice from the Third Party or the receiving party's discovery of inadvertent production by the Third Party, the receiving party shall promptly return, sequester or destroy all copies of any produced privileged material and make no further use of such material pending resolution of any objection to such a claim, within five (5) calendar days of receipt of such notification or discovery. The parties shall meet and confer in an effort to resolve any disagreements. If the parties cannot resolve their disagreement, the Third Party may apply to the Court within twenty (20) days of the meet-and-confer for a ruling on the Third Party's claim of inadvertent

2



production.

4. Except as provided in Paragraph 2, Confidential Discovery Materials shall not be disclosed to any person other than:

   a. The Court, necessary Court personnel, and jurors;

   b. The named parties (as well as their attorneys);

   c. Court reporters transcribing depositions or testimony in this case;

   d. Persons who were authors or recipients of the Confidential Discovery Materials;

   e. Any expert or consultant retained or consulted by any party in connection with this case and those working under their direction or control;

   f. Any person who is a potential fact witness or deponent in the litigation, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

   g. Outside photocopying, graphic reproduction services, litigation support services, data processing services, or investigators employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

   h. Any special master or mediator or other individual jointly appointed or selected to provide mediation or settlement services, and the staff thereof; and

   i. Any other person whom counsel for the Third Parties agree in writing may have access to Confidential Discovery Materials, and any other person whom the Court directs should have access to Confidential Discovery Materials.

5. All persons or entities to which Confidential Discovery Materials are disclosed, except the court, court reporters, jurors, or witnesses at trial or deposition as set out in paragraphs 4(a), (c), and (f) above, shall be required to execute a certification evidencing the agreement in the form attached as Exhibit A, a copy of which counsel shall retain and promptly produce to the Third Parties.



6. In connection with any pretrial motion or other pretrial proceeding, if any party intends to file with the Court any pleading, declaration or other paper containing, appending, summarizing, or excerpting Confidential Discovery Materials, the filing party shall notify the Third Parties no less than seven (7) days in advance of such proposed filing. If the Third Party then makes an application to the Court for an order directing that those portions of the filing be filed under seal, and such an order is granted, the filing party shall file such Confidential Discovery Materials in accordance with the Sealed Records Filing Instructions for the Southern District of New York. All materials filed under seal shall be available to the Court for viewing and/or copying, and shall be served upon counsel for the parties. Redacted pages shall be filed in the public record.

7. This Stipulation and Order shall not be construed to affect in any way the admissibility or use of any document, testimony or other information at trial or a pretrial hearing. Any document, testimony or information introduced or used at trial or a pretrial hearing, regardless of designation under this Stipulation and Order, will be presumptively available to the public.

8. Any person subject to this Stipulation and Order who receives a subpoena or other request for the production or disclosure of any Third Party's Confidential Discovery Materials shall promptly give written notice to the Third Party and enclose a copy of the subpoena or request. The person subject to the subpoena or other request also shall make all reasonable good faith efforts to provide the Third Party a reasonable period of time in which to seek to quash the subpoena, or move for protection of the Confidential Discovery Materials, before the person to whom the subpoena or request is directed takes action to comply with it. Nothing in Paragraph 2 shall prevent compliance with a lawful subpoena or

4



other compulsory process for the production or disclosure of any Third Party's Confidential Discovery Materials by a person subject to this Stipulation and Order.

9. Except as provided in Paragraph 2, or as may be necessary to satisfy the Commission's record-keeping obligations as required by law, within forty-five (45) days after entry of an Order terminating this action, including all appeals, all copies of Confidential Discovery Materials that were received from a Third Party shall be destroyed. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits, attorney notes, documents or correspondence containing attorney work product transcripts, or Court opinions and orders (although this obligation shall apply to any Confidential Discovery Materials appended to such documents).

10. Each party shall have the responsibility, through counsel, to advise each Third Party of any losses or compromises of the confidentiality of information or documents governed by the Stipulation and Order. It shall be the responsibility of the party that lost or compromised the Confidential Discovery Materials of the Third Party to take reasonable measures to limit the loss or unauthorized disclosure.

11. Nothing in this Stipulation and Order shall be construed to limit any Third Party's use or disclosure of its own documents, materials, or information designated hereto as confidential. In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use, or dissemination of any documents or information that are in the public domain or otherwise publicly available.

12. In the event that additional persons or entities become parties to this action, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Third Party until the newly-joined parties or their counsel execute a

5


RSA
5 of 7
10/14/19

certification evidencing the agreement in the form attached as Exhibit A, a copy of which counsel shall retain and promptly produce to the Third Parties.

13. This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Stipulation and Order, subject to the approval of the Court.

Dated: New York, NY
December 16, 2019

OPKO HEALTH, INC.

By: _____

David E. Brodsky
Matthew C. Solomon
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
212-225-2000

*Attorneys for OPKO Health, Inc.*

SECURITIES AND EXCHANGE COMMISSION

By: _____

Nancy A. Brown
200 Vesey Street
Suite 400
New York, New York 10281
212-336-1023

*Attorneys for Plaintiff Securities and Exchange Commission*



| PHILLIP FROST and FROST GAMMA INVESTMENTS TRUST | STEVEN RUBIN |
|---|---|
| By: /s/ Robert Anello<br>Robert Anello<br>Jodi Peikin<br>Morvillo Abramowitz Grand Iason & Anello P.C.<br>565 Fifth Avenue<br>New York, New York 10017<br>212-856-9600 | By: /s/ Norman A. Moscowitz<br>Norman A. Moscowitz<br>Moscowitz & Moscowitz, P.A.<br>2525 Ponce de Leon Blvd.<br>Suite 1000<br>Coral Gables, Florida 33134<br>305-379-8300 |
| *Attorneys for Phillip Frost and Frost Gamma Investments Trust* | *Attorneys for Steven Rubin* |

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: Dec. 17, 2019
New York, New York

7



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

BARRY C. HONIG, et al.,

Defendants.

18 Civ. 8175 (ER)

ECF CASE

## EXHIBIT A

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I have read the Stipulation and Confidentiality Order among the U.S. Securities and Exchange Commission and Third Parties OPKO Health, Inc., Phillip Frost, Frost Gamma Investments Trust, and Steven Rubin applicable to the above-captioned action. I understand its terms and agree to be bound by them, and hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of the enforcement of the Stipulation and Order. I further understand that failure to abide by the terms of the Stipulation and Order may result in legal action and sanctions.

Dated:_____     Agreed: _____

