# Cooley

Randall R. Lee                                                                                                                           By ECF
+1 310 883 6485
randall.lee@cooley.com

January 10, 2020

**VIA ECF**

The Honorable Edgardo Ramos
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 619
New York, New York 10007

*SEC v. Honig, et al.*, No. 1:18-cv-08175-ER

Dear Judge Ramos:

On behalf of Defendant Robert Ladd, and pursuant to Individual Rule of Practice 2.A(ii), we respectfully submit this letter requesting a pre-motion conference for a motion (1) to extend the discovery deadlines by three months; and (2) to continue Mr. Ladd's deposition, currently noticed for January 28, 2020, to a mutually agreeable date within the new discovery period. Should the Court determine that a hearing is necessary on this matter, Mr. Ladd requests that it be conducted telephonically, given travel costs and the straightforward nature of the requested relief.

The reason that a continuance of the discovery deadlines is necessary is simple: the SEC has informed Mr. Ladd that it intends to file a Second Amended Complaint ("SAC") containing entirely new charges with new factual bases against him. Specifically, in a Wells notice dated December 5, 2019, the SEC informed Mr. Ladd that it intends to recommend to the Commission that it amend the complaint in this matter to add additional charges, including violations of Section 5(a) and (c) of the Securities Act of 1933, Sections 13(d) and 16(a) of the Securities Exchange Act of 1934, and Rules 13d-1(a) and 16a-3 promulgated thereunder. The Wells notice also informed Mr. Ladd that the amendment may seek remedies that include an injunction, disgorgement, pre-judgment interest, civil monetary penalties, and bars on certain activities affecting Mr. Ladd's ability to earn a living. Although we generally understand that the additional charges will rest on allegations relating to technical volume limitations of sales by affiliates of issuers and multiple forms of disclosure of ownership of both Mr. Ladd's and his family's ownership interests in MGT, the Wells notice itself does not contain *any* factual allegations.



Although Mr. Ladd has informed the SEC that he will not object to the filing of a second amended complaint,[1] the SEC has declined to advise us as to the status of its recommendation to the Commission or when it intends to file its amended complaint. The current fact discovery deadline is February 25, 2020—just six weeks away. After the new charges are filed, Mr. Ladd will obviously need adequate time to prepare a defense and conduct reasonable discovery, which may include additional depositions, written discovery, and additional Rule 30(b)(6) topics (not to mention respond to the SAC itself). It is simply unfair for the SEC to take the position that it may add significant new charges to this case, but not allow Mr. Ladd to have a reasonable amount of time to litigate them. Given the SEC's injection of new claims under the securities laws and new factual allegations into this case, a three-month extension of the discovery deadlines is modest and entirely justified.[2]

Cases in this district routinely extend the discovery period when a new complaint is filed. For instance, in *In re AMF Bowling Securities Litigation*, plaintiffs sought leave to file an amended complaint. 2003 WL 2012401 (S.D.N.Y. May 2, 2003). The court granted the motion over the other party's objection, reasoning that "any prejudice to defendants may be remedied by a short extension of the discovery period." *Id.* at *2 (continuing the discovery deadline for over six months); *see also Tower Properties LLC v. Vill. of Highland Falls*, 2017 WL 519267, at *8 (S.D.N.Y. Feb. 7, 2017) (finding that there was no prejudice to defendants associated with allowing an amended complaint because discovery had been extended 6 months); *Russell v. Hilton Int'l of Puerto Rico, Inc*., 1995 WL 234886, at *1 (S.D.N.Y. Apr. 20, 1995). Mr. Ladd simply requests a similar modest extension of the discovery schedule to allow him adequate time to defend against the new charges against him.

An extension of the discovery deadline is also justified because the SEC has not completed its own discovery obligations related to the original charges against Mr. Ladd. For instance, Mr. Ladd has been seeking responsive documents from the SEC's Division of Corporation Finance ("Corp Fin") since April 2019. The parties appeared before the Court to discuss the issue on November 7, 2019. The SEC finally agreed to run searches for documents in Corp Fin's files on November 18, 2019. Just yesterday, the SEC stated that it is still in the process of running these searches and declined to provide a date of completion. Similarly, several significant deficiencies in the SEC's privilege log, including documents that the SEC is withholding on privilege grounds that on their face are plainly improper, such as communications with certain defense counsel, remain unresolved. Given the SEC's own significant delays in responding to Mr. Ladd's discovery requests, the Commission's refusal to agree to a modest extension of only three months is inexplicable.

---

[1] Although the SEC must seek leave to amend the complaint a second time, Mr. Ladd has made clear that he does not oppose such a request for leave when it is made.

[2] Although the SEC may claim that it has already produced all discovery that relates to the new charges, Mr. Ladd cannot assess the merits of that claim or the extent to which additional discovery may be warranted without having seen the Second Amended Complaint.



January 10, 2020
Page Three

For the same reason, Mr. Ladd requests that the Court quash the SEC's notice to depose him on January 28.  The parties had originally agreed to a deposition date of January 15.  After learning that the SEC intended to amend its complaint on an unknown date, Mr. Ladd proposed a new deposition date of February 20 or 21.  The SEC refused without explanation to consider those dates and unilaterally noticed Mr. Ladd's deposition for January 28, 2020—a date that counsel for Mr. Ladd is not available.  Fairness dictates that Mr. Ladd be given a reasonable amount of time to prepare for a deposition that will involve questions about charges that he has not yet even seen.  Accordingly, along with extending the discovery deadline, Mr. Ladd requests that the Court quash the SEC's notice to depose Mr. Ladd on January 28, 2020 and order the parties to meet and confer on a mutually agreeable date within the extended discovery period.

For the Court's consideration, Mr. Ladd proposes the following changes to the current schedule:

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| **Fact Discovery Cut-Off** | February 25, 2020 | May 22, 2020 |
| **Expert Reports Due** | March 10, 2020 | June 9, 2020 |
| **Rebuttal Expert Reports Due** | March 31, 2020 | June 30, 2020 |
| **Expert Discovery Cut-Off** | April 30, 2020 | July 31, 2020 |
| **Status Conference** | May 1, 2020 | August 21, 2020 |

Very truly yours,

*/s/ Randall R. Lee*

Randall R. Lee


CC:     Counsel of Record (via ECF)