UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

SECURITIES AND EXCHANGE COMMISSION,  :
                                     :
                    Plaintiff,       :
                                     :         18 Civ. 8175 (ER)
        – against –                  :
                                     :         ECF CASE
BARRY C. HONIG, MICHAEL BRAUSER,     :
JOHN STETSON, JOHN R. O'ROURKE III,  :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER, :
JOHN H. FORD, ATG CAPITAL LLC, GRQ   :
CONSULTANTS, INC., HS CONTRARIAN     :
INVESTMENTS, LLC, GRANDER HOLDINGS, INC., :
and STETSON CAPITAL INVESTMENTS INC., :
                                     :
                    Defendants.      :

------------------------------------------------------------------ x

### [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JOHN STETSON

The Securities and Exchange Commission having filed a Complaint and Defendant John

Stetson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction and

except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions

of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1(a) promulgated thereunder [17 C.F.R. § 240.13d-1(a)] by failing to file with the Commission a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred, for ten years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock (defined as any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1] ("Penny Stock")).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is prohibited, for ten years following the date of entry of this Final Judgment, from, directly or indirectly:

(a)     holding any beneficial ownership in any issuer of Penny Stock that amounts to greater than 4.99 percent of that issuer's outstanding stock as calculated pursuant to Rule 13d-3(d)(1)(i) under the Exchange Act [17 C.F.R. § 240.13d-3(d)(1)(i)];

(b)     advertising, marketing, or otherwise promoting any issuer of Penny Stock; causing the advertising, marketing or promotion of any issuer of Penny Stock; or deriving compensation from the advertising, marketing or promotion of any issuer of Penny Stock;

(c)     exercising control, including the power to direct or cause the direction of the management and policies, of any issuer of Penny Stock; and

(d)     providing funding to any issuer of Penny Stock, except funding that results in the issuance of debt securities with no current or future equity conversion feature; provided, however, that nothing herein shall prohibit Defendant from holding or selling the securities of any issuer of Penny Stock whose securities are owned by Defendant as of the date

of this Final Judgment, so long as any sale by Defendant of any such securities, at such time as

Defendant's direct or indirect beneficial ownership exceeds 4.99 percent of that issuer's

outstanding stock as calculated pursuant to Rule 13d-3(d)(1)(i) under the Exchange Act [17

C.F.R. § 240.13d-3(d)(1)(i)], comports with the volume limitations set out in Rule 144(e) under

the Securities Act [17 C.F.R. § 230.144(e)] regardless of whether Rule 144 would otherwise

apply to any such sale and regardless of whether Defendant is an affiliate of the issuer.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $837,509.98, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$157,159.30, and a civil penalty in the amount of $160,000 pursuant to Section 20(d)(2) of the

Securities Act [15 U.S.C. § 77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)].  Defendant shall satisfy this obligation by paying $1,154,669.28 to the Securities

and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; John Stetson as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,   :
                                             :

                          Plaintiff,   :

                                             :      **18 Civ. 8175 (ER)**

     – against –   :

                                             :      **ECF CASE**

BARRY C. HONIG, MICHAEL BRAUSER,   :
JOHN STETSON, JOHN R. O'ROURKE III,   :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,   :
JOHN H. FORD, ATG CAPITAL LLC, GRQ   :
CONSULTANTS, INC., HS CONTRARIAN   :
INVESTMENTS, LLC, GRANDER HOLDINGS, INC., :
and STETSON CAPITAL INVESTMENTS INC.,   :

                                      Defendants.   :

------------------------------------------------------------- x

### CONSENT OF DEFENDANT JOHN STETSON

1.      Defendant John Stetson ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)      permanently restrains and enjoins Defendant from violations of Section

                  17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]

                  and Sections 10(b) and 13(d) of the Securities Exchange Act of 1934

                  ("Exchange Act") [15 U.S.C. §§ 78i(a)(1) and (2); 78j(b), 78m(d)] and

                  Rules 10b-5 and 13d-1(a) thereunder [17 C.F.R. §§ 240.10b-5 and

240.13d-1(a)];

    (b)    bars Defendant, for a period of ten years following the date of entry of the Final Judgment, from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)], and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], and, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], associated conduct as specified in the Final Judgment;

    (c)    orders Defendant to pay disgorgement in the amount of $837,509.98, plus prejudgment interest thereon in the amount of $157,159.30; and

    (d)    orders Defendant to pay a civil penalty in the amount of $160,000 under Section 20(d)(2) of the Securities Act [15 U.S.C. § 78t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations.  Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization.  This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of

the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the

complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendant does not admit the allegations of the complaint, or that this Consent

contains no admission of the allegations, without also stating that Defendant does not deny the

allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in

this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely

for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

4

U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission

5

staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _10/29/19_                                   _____
                                                              John Stetson

On _October 29_, 2019, _John Stetson_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public State of Florida
Mary Jane Mathis
My Commission FF 993175
Expires 05/17/2020

_____
Notary Public
Commission expires:

6

Approved as to form:

George S. Canellos   /Adam Fee
Milbank LLP
55 Hudson Yards
New York, NY  10001-2163
(212) 530-5792

Attorney for Defendant