UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,  :
:
                      **Plaintiff,**  :
:  18 Civ. 8175 (ER)
           – against –  :
:  ECF CASE
BARRY C. HONIG, MICHAEL BRAUSER,  :
JOHN STETSON, JOHN R. O'ROURKE III,  :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,  :
JOHN H. FORD, ATG CAPITAL LLC, GRQ  :
CONSULTANTS, INC., HS CONTRARIAN  :
INVESTMENTS, LLC, GRANDER HOLDINGS, INC., :
and STETSON CAPITAL INVESTMENTS INC.,  :
:
                      **Defendants.**  :
---------------------------------------------------------------------- x

**[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT ATG CAPITAL LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant ATG Capital LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

        made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 9(a)(1) of the Exchange Act [15 U.S.C. § 78i(a)(1)], by using the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange, for the purpose of creating a false or misleading appearance of active trading in any security, or with respect to the market for any security, to effect (a) any transaction in a security which involves no change in the beneficial ownership thereof, or (b) to enter an order or orders for the purchase of a security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale of any such security has been or will be entered by or for the same or different parties, or (c) to enter any order or orders for the sale of any security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the purchase of such security has been or will be entered by or for the same or

different parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], by using the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange, to effect, alone or with one or more other persons, a series of transactions in any security other than a government security or in connection with any security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the

Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1(a) promulgated thereunder [17 C.F.R. § 240.13d-1(a)] by failing to file with the Commission a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rule 13d-1(a) promulgated thereunder [17 C.F.R. § 240.13d-1(a)] by failing to file with the Commission a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock (defined as any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1] ("Penny Stock")).

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently prohibited from, directly or indirectly:

(a) holding any beneficial ownership in any issuer of Penny Stock that amounts to greater than 4.99 percent of that issuer's outstanding stock as calculated pursuant to Rule 13d-3(d)(1)(i) under the Exchange Act [17 C.F.R. § 240.13d-3(d)(1)(i)];

(b) advertising, marketing, or otherwise promoting any issuer of Penny Stock; causing the advertising, marketing or promotion of any issuer of Penny Stock; or deriving compensation from the advertising, marketing or promotion of any issuer of Penny Stock;

(c) exercising control, including the power to direct or cause the direction of the management and policies, of any issuer of Penny Stock; and

(d) providing funding to any issuer of Penny Stock, except funding that results in the issuance of debt securities with no current or future equity conversion feature;

provided, however, that nothing herein shall prohibit Defendant from holding or selling the securities of any issuer of Penny Stock whose securities are owned by Defendant as of the date of this Final Judgment, so long as any sale by Defendant of any such securities, at such time as

Defendant's direct or indirect beneficial ownership exceeds 4.99 percent of that issuer's outstanding stock as calculated pursuant to Rule 13d-3(d)(1)(i) under the Exchange Act [17 C.F.R. § 240.13d-3(d)(1)(i)], comports with the volume limitations set out in Rule 144(e) under the Securities Act [17 C.F.R. § 230.144(e)] regardless of whether Rule 144 would otherwise apply to any such sale and regardless of whether Defendant is an affiliate of the issuer.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,  :
:
                     **Plaintiff,**  :
:  18 Civ. 8175 (ER)
     – against –  :
:  ECF CASE
:
BARRY C. HONIG, MICHAEL BRAUSER,  :
JOHN STETSON, JOHN R. O'ROURKE III,  :
ROBERT LADD, ELLIOT MAZA, BRIAN KELLER,  :
JOHN H. FORD, ATG CAPITAL LLC, GRQ  :
CONSULTANTS, INC., HS CONTRARIAN  :
INVESTMENTS, LLC, GRANDER HOLDINGS, INC.,  :
and STETSON CAPITAL INVESTMENTS INC.,  :
:
                     **Defendants.**  :
------------------------------------------------------------------------ x

## CONSENT OF DEFENDANT ATG CAPITAL LLC

1.     Defendant ATG Capital LLC ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)     permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Sections 9(a)(1) and (2), 10(b) and 13(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78i(a)(1) and (2); 78j(b) and 78m(d)] and Rules 10b-5 and 13d-1(a) thereunder [17 C.F.R. §§ 240.10b-

5 and 240.13d-1(a)]; and

(b) permanently bars Defendant from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)], and, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], associated conduct as specified in the Final Judgment.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that it neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: October 8th, 2019

ATG CAPITAL LLC

By: _____
John R. O'Rourke III
[Title] Authorized Signatory
[Address]

On Oct 8, 2019, John R. O'Rourke III, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of ATG Capital LLC as its Authorized Signatory.

THOMAS P LIGUORI
Commission # GG 194563
Expires April 13, 2022
Bonded Thru Budget Notary Services

_____
Notary Public
Commission expires: 04/13/2022

Approved as to form:

_____
Gregory Morvillo, Esq.
Orrick, Herrington & Sutcliffe LLP
51 W. 52nd Street
New York, NY 10019-6142
212.506.3552

Attorney for Defendant

5