# Exhibit A

RANDALL R. LEE
COOLEY LLP
1333 2nd Street
Suite 400
Santa Monica, CA
randall.lee@cooley.com
+1 310 883 6485
+1 213 369 2897

CHRIS JOHNSTONE
WILMER CUTLER PICKERING HALE
AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
+1 650 858 6147

*Attorneys for Defendant Robert Ladd*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| -against- | : 18 Civ. 8175 (ER)<br>ECF CASE |
| BARRY C. HONIG, MICHAEL BRAUSER, JOHN STETSON, JOHN R. O'ROURKE III, ROBERT LADD, ELLIOT MAZA, BRIAN KELLER, JOHN H. FORD, ATG CAPITAL LLC, GRQ CONSULTANTS, INC., HS CONTRARIAN INVESTMENTS, LLC, GRANDER HOLDINGS, INC., and STETSON CAPITAL INVESTMENTS INC., | : |
| Defendants. | : |

------------------------------------------------------------------x

## DEFENDANT ROBERT LADD'S NOTICE OF RULE 30(B)(6) TOPICS DIRECTED TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Robert Ladd will take the deposition upon oral examination under oath of the person(s) designated by Plaintiff Securities and Exchange Commission ("SEC") on day(s) and at a location to be decided by the parties.  The Rule 30(b)(6) deposition on the topics set forth below shall continue from day to day until completed.  The deposition will be taken before a qualified notary public or before some other officer authorized by law to administer oaths and will be recorded by stenographic, video, and audio means.

Mr. Ladd reserves the right to seek relief in the event that the designated deponents are not properly prepared to testify on behalf of the SEC on each of the identified topics.

## DEFINITIONS

1. "DOCUMENT(S)" is defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.

2. "INCLUDES" and "INCLUDING" means including, but not limited to.

3. "MGT" means MGT Capital Investments, Inc., any of its subsidiaries (and any predecessors thereof), and any of its present or former directors, officers, employees, affiliates, representatives, advisors, agents, attorneys, associates or any other person acting on its behalf.

4. "COMPLAINT" means the civil complaint filed by YOU against Robert Ladd and other defendants on September 7, 2018, in the case *Securities and Exchange Commission v. Honig, et al.*, Case No. 1:18-cv-08175-ER, in the Southern District of New York.

5. "AMENDED COMPLAINT" means the amended civil complaint filed by YOU against Robert Ladd and other defendants on March 8, 2019, in the case *Securities and Exchange Commission v. Honig, et al.*, Case No. 1:18-cv-08175-ER, in the Southern District of New York.

6. "DEFENDANTS" means Barry Honig, John Stetson, Michael Brauser, John O'Rourke, Mark Groussman, Phillip Frost, Robert Ladd, Elliot Maza, Brian Keller, and John Ford.

7. "INVESTOR DEFENDANTS" means Barry Honig, John Stetson, Michael Brauser, John O'Rourke, and Mark Groussman.

8. The words "PLAINTIFF," "SEC," "YOU" or "YOUR" refer to the plaintiff in this action, as defined according to the definition in Local Civil Rule 26.3 of the Southern District of New York.  For the avoidance of doubt, that definition encompasses each of the Divisions and

Offices of the SEC, including the Division of Enforcement, the Division of Corporation Finance, the Office of the Chief Accountant, and the Division of Economic and Risk Analysis.

9. The terms "all," "any," and "each" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Southern District of New York.

10. The connectives "and" and "or" shall be construed according to the relevant rule of construction in Local Civil Rule 26.3 of the Southern District of New York.

## TOPICS FOR EXAMINATION

**TOPIC FOR EXAMINATION NO. 1:**

YOUR interpretation and application of Sections 13(d)(1), 13(d)(3), 13(g)(1), and 13(g)(3) of the Exchange Act and Rules 17 C.F.R. § 240.13d-1(a) and § 240.13d-5 thereunder, including but not limited to:
- The meaning and application of the word "group";
- All public statements regarding YOUR interpretation and application of the foregoing sections and rules, including but not limited to the meaning and application of the word "group";
- The identification and contents of all communications between YOU and third parties regarding the interpretation and application of the foregoing sections and rules, including but not limited to the meaning and application of the word "group";
- The identification and contents of all internal communications regarding the interpretation and application of the foregoing sections and rules, including but not limited to the meaning and application of the word "group";
- The issuance of guidance, or decision not to issue guidance, regarding the foregoing sections and rules, including but not limited to YOUR Compliance and Disclosure Interpretations for Exchange Act Sections 13(d) and 13(g) and Regulation 13D-G Beneficial Ownership Reporting, including any drafts thereof or actual or proposed updates thereto.

**TOPIC FOR EXAMINATION NO. 2:**

All factual bases for the following allegations in the AMENDED COMPLAINT:

- Paragraph 2: That Mr. Honig and other INVESTOR DEFENDANTS "either explicitly or tacitly agreed to acquire, hold, vote and/or dispose of their shares in coordination with one another."

- Paragraph 2: That Mr. Honig and other members of the investor group 'directed [MGT's] management for their benefit."

- Paragraph 4: That Mr. Honig and his associates "ensur[ed] that the executives of [MGT] did not accurately report Defendants' collective control."

- Paragraph 8: That MGT's "pump and dump" generated more than $9.5 million for Honig and others.

- Paragraph 125: That MGT was "once a publicly traded shell."

- Paragraphs 125, 152: That Mr. Honig and his partners "exercise[d] control over the management and policies" of MGT," including that they "collectively exercised control over Ladd…."

- Paragraph 125: That there was a "false appearance that [MGT] was actually being controlled by its CEO."

- Paragraph 131: That Mr. Ladd "was aware of the promotional efforts of the Honig-led group," including that Mr. Ladd "knew, or was reckless in not knowing, that Ford was being compensated by Honig and his associates and that he was concealing that fact from his Seeking Alpha readers in the April 2013 article, just as he had concealed it in his November 2012 article."

- Paragraph 137: That Mr. Ladd knew the INVESTOR DEFENDANTS "were operating as a group."

- Paragraph 137: That Mr. Ladd knew the INVESTOR DEFENDANTS "were collectively exercising control over the company."

**TOPIC FOR EXAMINATION NO. 3:**

All statements made to YOU or to the Department of Justice by the INVESTOR DEFENDANTS concerning Mr. Ladd.

**TOPIC FOR EXAMINATION NO. 4:**

The nature and substance of all cooperation between YOU and any DEFENDANT named in the COMPLAINT or AMENDED COMPLAINT in this case, including but not limited to any statements made to YOU by any such DEFENDANT.

**TOPIC FOR EXAMINATION NO. 5:**

The terms of settlement, declination, non-prosecution agreement, or any other agreement or assurance between any INVESTOR DEFENDANT and YOU or the Department of Justice.

**TOPIC FOR EXAMINATION NO. 6:**

YOUR definition of the term "pump and dump" as that term is used in Paragraphs 1, 8, 48, 51, 54, 57, 98, 118, 125, 126, 133, 159, and 192 of the AMENDED COMPLAINT, including where it is defined, where that definition is found in the law, and what is its legal significance.

**TOPIC FOR EXAMINATION NO. 7:**

The circumstances of MGT's delisting and potential delisting from any exchange between 2012 and the filing of the COMPLAINT in this case.

**TOPIC FOR EXAMINATION NO. 8:**

The review conducted by the Division of Corporation Finance of all public filings made by MGT, including any public filing that YOU believe to be inaccurate, including but not limited to the Form 8-K filing on October 8, 2015 regarding the financing agreement, the Form 8-K filing and press release on May 9, 2016 regarding the proposed deal with Mr. McAfee, the May 23, 2016 Form 10-Q filing regarding the proposed deal with Mr. McAfee, the Form S-1 filing on November 6, 2015, and the Form 10-K filing on April 11, 2016.

**TOPIC FOR EXAMINATION NO. 9:**

All communications between YOU and any Self-Regulatory Organization ("SRO") regarding MGT or Mr. Ladd.

**TOPIC FOR EXAMINATION NO. 10:**

The scope of YOUR search for DOCUMENTS responsive to any DEFENDANT's discovery requests.

**TOPIC FOR EXAMINATION NO. 11:**

The steps YOU have taken to prepare answers on the foregoing topics.


Dated: January 13, 2020

Respectfully submitted,

/s/ Randall R. Lee
Randall R. Lee
COOLEY LLP
1333 2nd Street
Suite 400
Santa Monica, CA
randall.lee@cooley.com
+1 310 883 6485
+1 213 369 2897

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 13, 2020, the foregoing document, entitled "Defendant Robert Ladd's Notice of Rule 30(b)(6) Topics Directed to Plaintiff Securities and Exchange Commission," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of New York upon the attorneys for the plaintiff in the above-entitled action by electronic mail.

DATED:   January 13, 2020                                                        By: */s/ Michael Berkovits*
                                                                                                           Michael Berkovits