

**MEMO ENDORSED**

Randall R. Lee  By ECF
+1 310 883 6485
randall.lee@cooley.com

> The SEC is directed to respond by Monday, April 6, 2020.
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: __4/1/2020__
> New York, New York

March 30, 2020

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  **SEC v. Honig, et al.**, Case No. 1:18-cv-08175-ER (S.D.N.Y.)

Dear Judge Ramos:

We write on behalf of Defendant Robert Ladd pursuant to Individual Rule of Practice 2.A(ii) regarding the SEC's refusal to produce a representative to sit for a deposition on any of the eleven topics that were noticed pursuant to Federal Rule of Civil Procedure 30(b)(6).  Given the current challenges posed by the coronavirus and the non-emergency nature of this request, we understand that the Court may wish to modify the usual briefing schedule, hear argument by teleconference, and/or decide the matter on the papers.

**Summary of Dispute**

On January 13, 2020, Mr. Ladd served a Rule 30(b)(6) deposition notice on the SEC, listing 11 topics relevant to the SEC's claims.  Ex. A.  The SEC did not serve any formal or particularized objections to the notice.  Instead, on January 27, 2020, the SEC advised Mr. Ladd by email that it objected to the notice of deposition, apparently in its entirety, "for a number of reasons."  Ex. B.  While the SEC listed its purported objections, it did not state which objections were applicable to which topics of examination, or provide any rationale for why any of its objections applied.  *Id.*  On February 14, 2020, the parties met-and-conferred, and the SEC made clear that it would not produce a witness to sit for a Rule 30(b)(6) deposition on *any* of the topics set forth in the notice.

The SEC is not exempt from Rule 30(b)(6) depositions.  8A Fed. Prac. & Proc. Civ. § 2103 n.7 (3d ed.) ("Wright & Miller").  To the contrary, the Federal Rules of Civil Procedure expressly state that a party may name "a government agency" as a deponent.  Fed. R. Civ. P. 30(b)(6).  The government agency must then designate a representative witness or witnesses to testify on its behalf.  *Id*.  Accordingly, pursuant to a proper notice, a Rule 30(b)(6) deposition of the SEC must proceed, in its entirety, unless any <u>specific</u> topic of examination is objectionable.  *See SEC v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) (SEC has no "exemption" from Rule 30(b)(6)); *SEC v. Navellier & Assocs., Inc.*, 2019 WL 688164, at *2 (D. Mass. Feb. 19, 2019) (permitting Rule 30(b)(6) deposition of SEC on appropriate topics); *SEC v. Goldstone*, 2014 WL 4349507, at *41-*44 (D.N.M. Aug. 23, 2014) (same); *SEC v. Merkin*, 283 F.R.D. 689, 693-94 (S.D. Fla. 2012) (same); *SEC v. McCabe*, 2015 WL 2452937, at *3-*4 (D. Utah May 22, 2015) (same).  This is so because of the general principle that the SEC, when it decides to bring a civil action, must be treated like any other litigant.  *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009) (SEC "not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action"); *Francis v. City of New York*, 262 F.R.D. 280, 282 (S.D.N.Y. 2009)

# Cooley

March 30, 2020
Page Two

("Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure."). And like any other litigant, the SEC cannot evade discovery and simply refuse to comply with Rule 30(b)(6).

The SEC has made only generic and unparticularized objections to the pending notice of deposition: (1) "relevance and proportionality," and (2) privilege, specifically attorney-client, work product, and deliberative process. Ex. B. But Mr. Ladd's topics of examination are plainly relevant to this case and include the following:

- The factual bases for certain allegations the SEC has made in this case (Topic 2);

- The SEC's interpretation and application of Sections 13(d)(1), 13(d)(3), 13(g)(1), and 13(g)(3) of the Exchange Act and regulations thereunder, which are the rarely-litigated provisions of the securities laws at the core of the SEC's case (Topic 1);

- The SEC's communications about this matter, Mr. Ladd, or Mr. Ladd's company, MGT, with other defendants or with stock exchanges (Topics 3-5, 9);

- The SEC's and any stock exchange's review of MGT's public filings or potential delisting from an exchange (Topics 7-8).

As to the SEC's privilege objections, Mr. Ladd's topics of examination do not call for testimony about privileged communications, and thus there is simply no basis to object to the notice of deposition in its entirety. If a question at deposition calls for testimony that would reveal privileged communications, the SEC is free to make the appropriate objection or provide the witness with the appropriate caution.

As such, courts routinely reject generalized invocations of privilege and hold that the appropriate procedure is for the parties to address issues of privilege as they arise, on a question-by-question basis at the deposition. *See Foster v. Hill*, 188 F.3d 1259, 1264 (10th Cir. 1999) ("blanket claim" of privilege not permitted); *Dealer Computer Servs., Inc. v. Curry*, 2013 WL 499520, at *6 (S.D.N.Y. Feb. 7, 2013) ("Litigants usually cannot prohibit a 30(b)(6) deposition by arguing in advance that each and every question would trigger the disclosure of attorney-client and work product information."); *Kramer*, 778 F. Supp. 2d at 1328 (rejecting attempt to preemptively assert privileges); *Elkins v. District of Columbia,* 250 F.R.D. 20, 27 (D.D.C. 2008) (same); *Merkin*, 283 F.R.D. at 698 (holding that "[c]ounsel may protect against the disclosure of work product or privileged information in 30(b)(6) depositions by interposing appropriate objections and giving instructions on a question-by-question basis"). Here, the SEC has not explained how any, let alone all, of Mr. Ladd's topics of examination would call for privileged information, nor has it explained the specific manner in which the topics of examination implicate the attorney-client privilege or the deliberative process privilege, and thus the Court should not credit these objections. *See, e.g.*, *EEOC v. LifeCare Mgmt. Servs., LLC*, 2009 WL 772834, at *2 (W.D. Pa. Mar. 17, 2009) (holding that the agency "cannot seek protection from Defendants' 30(b)(6) Notice of Deposition by unilaterally declaring all information known" to the agency would invade the deliberative process privilege).

Nor is Mr. Ladd seeking the SEC's work product. Ten out of eleven of the topics of examination concern the SEC's knowledge of its own conduct and the conduct of related entities, such as communications between the SEC and third-parties, or the SEC's and other regulators' review of MGT's securities filings and listing on a securities exchange. These topics of examination deal with factual matters as to which the SEC has personal, direct knowledge and thus are no different from any factual deposition topics. While the SEC relies on cases in which courts have determined that certain topics of examination would constitute intrusions into the SEC's work product, *see* Ex. B, the topics of examination at issue in nearly

# Cooley

March 30, 2020
Page Three

all of those cases concern the SEC's knowledge about the <u>defendant's</u> conduct, and are therefore unlike Mr. Ladd's proposed topics dealing with the SEC's knowledge of the SEC's conduct.[1]

One of Mr. Ladd's topics, Topic 2, does relate to the SEC's contentions about Mr. Ladd's conduct. But while there are some cases that have declined to permit Rule 30(b)(6) testimony on a plaintiff's contentions, other courts have agreed that defendants in SEC enforcement actions should be permitted to question a representative of the agency about its claims and contentions. For example, in *SEC v. Goldstone*, a case alleging accounting and disclosure violations that proceeded to trial, the Court explained:

> The SEC is similar to the United States Attorney in a criminal case when only the Assistant United States Attorney knows the facts that support an allegation; the only way the Defendants in this civil case can obtain the necessary information for their defense is to implement a 30(b)(6) deposition, because the Defendants cannot depose anyone else to obtain . . . this information.

*Goldstone*, 2014 WL 4349507, at *20. *See also U.S., ex rel. Fry v. Health Alliance of Greater Cincinnati*, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("Parties are entitled to test assertions in questioning witnesses during depositions, and it is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules.") (internal brackets and quotation marks omitted).

Accordingly, Mr. Ladd's motion to compel a Rule 30(b)(6) deposition should be granted as to all eleven topics.

Respectfully,

*/s/ Randall R. Lee*

Randall R. Lee

---

[1] *See SEC v. Morelli*, 143 F.R.D. 42, 44 (S.D.N.Y. 1992) (topics concerned the defendant's conduct); *SEC v. McGinnis*, 2015 WL 13505396, at *2-*3 (D. Vt. Jan. 13, 2015) (topics concerned the facts supporting the SEC's contentions); *SEC v. Nacchio*, 614 F. Supp. 2d. 1164, 1177 (D. Colo. 2009) (same); *SEC v. Huff*, 2009 WL 10667889 (S.D. Fla. Sept. 9, 2009) (same); *SEC v. Ahmed*, 2017 WL 1347668, at *1 (D. Conn. Apr. 7, 2017) (same); *SEC v. Buntrock*, 2004 WL 1470278, at *1 (N.D. Ill. June 29, 2004) (same*); SEC v. SBM Inv. Certificates, Inc.*, 2007 WL 609888, at *24 (D. Md. Feb. 23, 2007) (topics "relate[d] to the SEC's investigation"); Order at 1, *SEC v. Gennity*, No. 17 Civ. 7424 (S.D.N.Y. Mar. 20, 2018) (topics were coextensive with "the factual allegations of the complaint"). Moreover, *NIR Group*, upon which the SEC relies, involved a Rule 30(b)(6) notice for a deposition related to the SEC's failure to comply with its own administrative procedures, which the court found were not binding on the SEC as a matter of law irrespective of what its 30(b)(6) witness would say. *SEC v. NIR Group*, 2013 WL 5288962, at *6 (E.D.N.Y. Mar. 24, 2013). *NIR Group* is therefore inapposite and the SEC's reliance on this case is misplaced.