

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

April 1, 2020

**Via ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    SEC v. Honig, et al.;
                <u>No. 18 Civ. 8175 (ER)</u>

Dear Judge Ramos:

      We represent the Plaintiff Securities and Exchange Commission ("Commission") in this action, and respectfully write to (1) seek a 60-day extension of the current fact discovery deadline (currently May 22, 2020 (DE 210)), as reflected in the parties' Stipulation and proposed Order submitted today by ECF; and (2) to respond to Defendant Ladd's pre-motion-to-compel Letter, dated March 30, 2020, with the Commission's anticipated grounds for opposing any such motion.

**I.    The Proposed Stipulation and Order.**

      Defendant and the Commission have conferred and agree that a 60-day extension of the fact discovery cut-off is appropriate in this environment, from May 22, 2020 to July 21, 2020. The parties have agreed to continue to discuss the feasibility of the amended schedule and will return to the Court should a further extension be necessary.  Pursuant to the Court's Individual Practice I(E), we have filed a Stipulation and proposed Order that amends the Civil Case Discovery Plan and reflects all of the dates changed by extending the fact discovery cut-off.  The Court approved the parties previous amended Civil Case Discovery Plan on January 22, 2020. (DE 210.)

**II.    The Commission Anticipates Opposing Ladd's
       Proposed Motion to Compel On Several Grounds.**

      As for Ladd's proposed motion to compel the Commission to prepare and produce a witness for a Rule 30(b)(6) deposition covering 24 discrete topics, the Commission will oppose any such motion on several grounds.[1]  Ladd's 30(b)(6) notice violates a fundamental tenet of the

---

[1]    In his pre-motion letter, Ladd claims that the Commission has not previously identified for Ladd "which objections were applicable to which topics of examination, or provide[d] any

Hon. Edgardo Ramos                                                                                       April 1, 2020
                                                                                                          Page 2

discovery rules: it is not the most efficient and least burdensome method of obtaining the information he purportedly needs.  See Fed. R. Civ. P. 26(b)(1)(C) (court must limit discovery "if it determines that the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive"); see also Fed. R. Civ. P. 26(b)(1) (discovery must be "proportional to the needs of the case").

      Many of Ladd's 24 topics seek testimony about contentions in the Commission's complaint (albeit the contentions from its First Amended Complaint, not the Second Amended Complaint filed March 16, 2020 (DE 233).  Any such questions can be more efficiently answered in responses to contention interrogatories, since the Commission's allegations are all derived from documents and witnesses outside the Commission, not the independent knowledge of the agency.  SEC v. Gennity, 17 Civ. 7424 (PKC) (S.D.N.Y. Mar. 20, 2018) (DE 32) (order granting Commission's motion for protective order regarding deposition notice of Commission employee regarding the basis of allegations in the complaint); SEC v. Ahmed, 15 Civ. 675 (JBA), 2017 WL 1347668, at *3 (D. Conn. April 7, 2017) (granting motion to quash 30(b)(6) deposition of Commission representative where topics sought basis for Commission's contentions).

      Other topics seek irrelevant information, including the Commission's view of the "meaning and application of the word 'group'" as used in Exchange Act Sections 13(d)(1), 13(d)(3), 13(g)(1) and 13(g)(3).  As Ladd has explained it, he seeks this information to challenge the Commission's claim that he acted with scienter because, if the Commission itself is unclear about the meaning of that term, then his own confusion about it supports his claim that he lacked scienter if he violated those provisions. (Tr. of Nov. 7, 2019 Conference (DE 198) at 5-9.)  But courts in this district have rejected just such discovery requests.  E.g., SEC v. Kik Interactive Inc., 19 Civ. 5244 (AKH) (S.D.N.Y. Nov. 12, 2019) (DE 36) (minute order granting motion to quash deposition notices for SEC officials to testify about the interpretation of Securities Act Section 5 and noting "[i]f the law is vague, or confusing, or arbitrary, as defendant argues, that can be argued objectively").

      Still other topics seek clearly privileged material or information Ladd can obtain himself directly.  For example, his requests for information from a Rule 30(b)(6) witness about the Commission's and U.S. Attorney's Office's communications with investor witnesses simply recast his document requests for the Commission's privileged notes of witness interviews.  In any event, the Commission has provided initial and supplemental disclosures of persons with knowledge of the matters at issue in this case, including investors.  Ladd's counsel is free to depose those witnesses directly and obtain the relevant information himself.  (The Commission has already turned over all of the FBI Form 302s that the U.S. Attorney's Office.made available to it.)

---

rationale for why any of its objections applied." During the parties' February 14, 2020 meet-and-confer telephone call, the Commission was prepared to discuss all of its specific objections, but Ladd's counsel waived off any such discussion, stating that they already understood the Commission's objections and felt no need to discuss them further.

Hon. Edgardo Ramos / April 1, 2020
Page 3

      Finally, at least one of Ladd's Rule 30(b)(6) topics requests information that the Commission has already advised Ladd it has no record of: information about the Commission's interactions with "stock exchanges" (presumably the NYSE, where MGT Capital Investments, Inc. ("MGT") was once listed) regarding MGT.[2]

      For all of these reasons, the Commission respectfully requests that the Court "so order" the Stipulation and proposed Order extending the discovery schedule by 60 days and deny Ladd's proposed motion to compel a Rule 30(b)(6) deposition of Commission staff.

Respectfully submitted,

/s/ Nancy A. Brown

Nancy A. Brown

cc:     All Defendants via ECF

---

[2]     Ladd's Letter claims to seek testimony about the SEC's communications with other "stock exchanges," but his Notice seeks information about communications with any SRO, including presumably FINRA. (Letter, Ex. A, Topic No. 9.) The Commission has already produced all non-privileged communications with FINRA relevant to this matter.