Randall R. Lee (*pro hac vice*)
COOLEY LLP
1333 2nd Street
Santa Monica, CA 90401
randall.lee@cooley.com
Telephone: (310) 883-6485
Facsimile: (310) 883-6500

Christopher Johnstone *(pro hac vice)*
WILMER CUTLER PICKERING HALE
  AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
chris.johnstone@wilmerhale.com
Telephone: (650) 858-6147
Facsimile: (650) 858-6100

*Attorneys for Defendant Robert Ladd*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                     Plaintiff,<br><br>vs.<br><br>BARRY C. HONIG,<br>*et al.*,<br><br>                     Defendants. | Case No. 1:18-cv-08175-ER |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT ROBERT LADD'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Robert Ladd respectfully submits this Request for Judicial Notice in support of his Motion to Dismiss the Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Memorandum of Law in support thereof (collectively, the "Motion to Dismiss").

Federal Rule of Evidence 201 provides that the Court "must take judicial notice" of information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" if "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b) and (d).  In the present case, Mr. Ladd requests that the Court take judicial notice of and consider the full text of seven documents submitted in support of his Motion to Dismiss, all of which are documents both cited by the Securities and Exchange Commission ("SEC") in the Second Amended Complaint ("SAC") and filed with the SEC by MGT Capital Investments, Inc. and/or Mr. Ladd.  The documents subject to judicial notice are attached to the Declaration of Randall Lee in Support of Defendant Robert Ladd's Motion to Dismiss.  For ease of reference, these documents are listed in Attachment A.

*First*, in ruling on a motion to dismiss under Rule 12(b)(6), the court may consider documents incorporated by reference into the complaint, *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010), even if the documents are not attached to the complaint, *In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 338 (W.D.N.Y. 2008) ("A court reviewing a motion to dismiss a securities fraud claim may take judicial notice of and consider the contents of . . . documents integral to and explicitly relied on in the complaint, including the full text of documents that are partially quoted." (citing *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000))); *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001) ("If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." (internal quotation marks and alterations omitted)).  The Court thus should consider the full text of documents which are referenced in, and are integral to the theories of, the SAC.

*Second*, in this litigation, this Court has already taken judicial notice of "the existence of the SEC filings" as well as "their contents."  *See* Amended Opinion & Order, Dkt. No. 212, at 3 n.4.  A court can take judicial notice of "regulatory filings."  *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *see also In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (judicial notice properly taken of "documents filed with the SEC").  Indeed, "a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC."  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d at 338 (a court "may take judicial notice of . . . documents that are required by law to be filed with the SEC"); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (in considering motion to dismiss in securities fraud cases, court properly may take judicial notice of relevant public documents required to be filed with the SEC).  The Court thus should consider the relevant documents as documents filed with the SEC by MGT Capital Investments, Inc. and/or Mr. Ladd.

Dated:  April 30, 2020

Respectfully submitted,

 /s/ Randall R. Lee
Randall R. Lee (*pro hac vice*)
COOLEY LLP
1333 2nd Street
Santa Monica, CA 90401
randall.lee@cooley.com
Telephone: (310) 883-6485
Facsimile: (310) 883-6500

Christopher Johnstone *(pro hac vice)*
WILMER CUTLER PICKERING HALE
  AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
chris.johnstone@wilmerhale.com
Telephone: (650) 858-6147
Facsimile: (650) 858-6100

*Attorneys for Defendant Robert Ladd*

## ATTACHMENT A

**Documents Cited in the Memorandum of Law in Support of Defendant Robert Ladd's Motion to Dismiss the Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

| DOCUMENT DESCRIPTION | EXHIBIT |
|---|---|
| *Documents Incorporated by Reference into the SEC's Complaint / Reports Filed with the SEC* | |
| Excerpts from Form S-1 filed with the SEC by MGT Capital Investments, Inc. on November 6, 2015 (cited at SAC ¶ 163) | A |
| MGT Capital Investments, Inc. Form 10-K Annual Report for the fiscal year ended December 31, 2015, dated April 14, 2016 (cited at SAC ¶ 164) | B |
| Form 144 filed with the SEC by Mr. Ladd on May 25, 2016 (cited at SAC ¶ 177) | C |
| Form 4 filed with the SEC by Mr. Ladd on October 9, 2015 (cited at SAC ¶ 182) | D |
| Form 4 filed with the SEC by Mr. Ladd on December 1, 2015 (cited at SAC ¶ 182) | E |
| Form 4 filed with the SEC by Mr. Ladd on May 31, 2016 (cited at SAC ¶ 179) | F |
| Form 144 filed with the SEC on behalf of Mr. Ladd's father by Mr. Ladd on May 10, 2016 (cited at SAC ¶ 175) | G |