Randall R. Lee (*admitted pro hac vice*)
COOLEY LLP
1333 2nd Street
Santa Monica, CA 90401
randall.lee@cooley.com
Telephone: (310) 883-6485
Facsimile: (310) 883-6500

Christopher Johnstone (*admitted pro hac vice*)
WILMER CUTLER PICKERING HALE
  AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
chris.johnstone@wilmerhale.com
Telephone: (650) 858-6147
Facsimile: (650) 858-6100

*Attorneys for Defendant Robert Ladd*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) | Case No. 1:18-cv-08175-ER |
| v. | ) ) ) | |
| BARRY C. HONIG, *et al.*, | ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ROBERT LADD'S MOTION TO COMPEL A RULE 30(B)(6) DEPOSITION OF THE SEC**

# TABLE OF CONTENTS

I.  INTRODUCTION ...............................................................................................1

II.  FACTUAL BACKGROUND ...........................................................................1

III.  LEGAL STANDARD......................................................................................3

IV.  ARGUMENT ..................................................................................................4

    A.  The SEC Is Not Exempt From Rule 30(b)(6) .......................................4

    B.  The Topics Are Relevant to the Claims and Defenses .........................5

    C.  The SEC's Blanket Privilege Objections Are Meritless and Premature.................8

    D.  A Rule 30(b)(6) Deposition Would Not Impose a Disproportionate Burden..........9

    E.  One-Sided Litigation Would Be Fundamentally Unfair .......................10

V.  CONCLUSION................................................................................................10

i

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Francis v. City of New York*, 262 F.R.D. 280 (S.D.N.Y. 2009)...................................................5

*SEC v. Collins & Aikman*, 256 F.R.D. 403 (S.D.N.Y. 2009) ....................................................5, 10

*SEC v. Goldstone*, 2014 WL 4349507 (D.N.M. Aug. 23, 2014) .....................................3, 4, 6, 8, 9

*SEC v. Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011)....................................................3, 4, 8, 9

*SEC v. McCabe*, 2015 WL 2452937 (D. Utah May 22, 2015) ..............................................3, 5, 10

*SEC v. Merkin*, 283 F.R.D. 689 (S.D. Fla. 2012) ................................................................3, 4, 8, 9

*SEC v. Navellier & Assocs., Inc.*, 2019 WL 688164 (D. Mass. Feb. 19, 2019) ....................3, 4, 9

## STATUTES, RULES, AND REGULATIONS

15 U.S.C. § 77s(c)...................................................................................................................10

15 U.S.C. § 78u(b) ..................................................................................................................10

Fed. R. Civ. P. 30(b)(1)...........................................................................................................10

Fed. R. Civ. P. 30(b)(6)...........................................................................1, 2, 3, 4, 5, 6, 8, 9, 10

## I.      INTRODUCTION

Defendant Robert Ladd served the SEC with a Rule 30(b)(6) deposition notice to elicit

information to help defend himself in this case.  The notice contains 11 topics, each of which are

tailored to focus on the most important issues in this action.  Instead of producing a witness, the

SEC made generic and blanket objections to all of the topics in the notice.  In essence, the SEC

has taken the position that it is exempt from the Federal Rules of Civil Procedure.

The Court should not permit the SEC to engage in such blatant stonewalling.  Rule

30(b)(6) expressly applies to a government agency.  Indeed, the SEC has been repeatedly ordered

by district courts to produce a witness in these same circumstances on many of the same topics.

The topics at issue are plainly relevant to this case and Mr. Ladd should not be deprived of a

critical discovery tool.  Defendant's motion to compel should be granted.

## II.     FACTUAL BACKGROUND

On January 13, 2020, Mr. Ladd served a notice for a Rule 30(b)(6) deposition.  The 11

topics fall into the following categories:

- **Factual Contentions**: Topic 2 calls for testimony concerning the key allegations in the complaint, including the factual basis for the SEC's claims that Mr. Honig and the Investor Defendants had an agreement to work as a group (SAC ¶ 2); that Mr. Ladd knew that they were all operating as a group (SAC ¶ 140); and that Mr. Honig and the Investor Defendants exercised control over MGT and its policies (SAC ¶¶ 127, 157).[1]

- **Section 13(d) of the Exchange Act**: Topic 1 calls for testimony on the SEC's interpretation and application of Sections 13(d)(1), 13(d)(3), 13(g)(1) and 13(g)(3) of the Exchange Act and the SEC regulations thereunder—i.e., the so-called "group" rules.

- **Cooperation with the Investor Defendants**: Topics 3-5 call for testimony concerning any cooperation agreements between the SEC and any of the Investor Defendants, as well as any statements they have made to the government about the underlying facts of this case.

---

[1] Mr. Honig, Mr. Stetson, Mr. Brauser, and Mr. O'Rourke are referred collectively throughout as the "Investor Defendants."

1

- **Review of MGT's Public Filings**: Topic 8 calls for testimony regarding the review conducted by the SEC's Division of Corporation Finance of MGT's SEC filings, including the filings the SEC alleges were inaccurate.

- **New York Stock Exchange (NYSE)**: Topics 7 and 9 call for testimony regarding the delisting of MGT on the NYSE in October 2016, and any of its communications with the SEC regarding MGT or Mr. Ladd.

- **Definition of a "Pump and Dump"**: Topic 6 calls for testimony on the definition of "pump and dump" as that term (which does not exist in the securities laws) is used in the SEC's complaint.

Ex. A.[2]

On January 23, 2020 Mr. Ladd requested dates that the SEC would make its witness or witnesses available for the deposition. Ex. B. The SEC responded four days later, stating that it objected to the notice "for a number of reasons, including relevance and proportionality, and because the information sought is protected by the work product doctrine, deliberative process privilege, and/or attorney-client privilege." *Id*. The SEC's e-mail did not address a single topic identified in Mr. Ladd's notice. Nor did it state which objections were applicable to which topics of examination. *Id*.

On February 14, 2020, the parties met-and-conferred regarding the Rule 30(b)(6) notice. The SEC made clear that it would not produce a witness to sit for a deposition on *any* of the topics set forth in the notice. On March 30, 2020, Mr. Ladd filed a pre-motion letter to compel the SEC to sit for a Rule 30(b)(6) deposition. Dkt. 235. Mr. Ladd's letter explained that the SEC was not exempt from Rule 30(b)(6) depositions and explained that courts routinely reject blanket invocations of privilege. *Id*.

On April 1, 2020, the SEC responded to Mr. Ladd's pre-motion letter. Dkt. 238. The SEC's letter did not address any of the cases cited by Mr. Ladd where the SEC was ordered to

---

[2] In addition to these major categories, Topics 10 and 11 call for testimony on the scope of the SEC's document searches and the steps taken to prepare for the Rule 30(b)(6) deposition.

produce a witness for a Rule 30(b)(6) deposition.  *Id*.  And once again, the SEC's opposition to

Mr. Ladd's pre-motion letter made no attempt to support its blanket claim of privilege or to

explain which of its objections applied to which topics.  *Id*.

On April 2, 2020, the Court granted Mr. Ladd leave to file a motion to compel and

ordered full briefing on this dispute.  Dkt. 240.

## III.   LEGAL STANDARD

By its plain terms, Rule 30(b)(6) applies to government agencies.  The Rule expressly

states: "…<u>a party may name as the deponent</u> a public or private corporation, a partnership, an

association, <u>a government agency,</u> or other entity and must describe with reasonable particularity

the matters for examination."  *Id*. (emphasis added).  Upon receiving notice, "[t]he named

organization must then designate one or more officers, directors, or managing agents, or

designate other persons who consent to testify on its behalf; and it may set out the matters on

which each person designated will testify."  *Id*.

For this reason, district courts have repeatedly ordered the SEC to sit for a deposition.

*See SEC v. Kramer*, 778 F. Supp. 2d 1320, 1327-28 (M.D. Fla. 2011) (denying SEC's motion for

a protective order over a Rule 30(b)(6) deposition); *SEC v. Goldstone*, 2014 WL 4349507, at

*41-44 (D.N.M. Aug. 23, 2014) (same); *SEC v. Navellier & Assocs., Inc*., 2019 WL 688164, at

*2 (D. Mass. Feb. 19, 2019) (same); *SEC v. McCabe*, 2015 WL 2452937, at *3-4 (D. Utah May

22, 2015) (same); *SEC v. Merkin*, 283 F.R.D. 689, 693-94 (S.D. Fla. 2012) (same).  "As a

general proposition, government agencies embroiled in litigation are subject to the same

discovery as private litigants, regardless of the level of government to which the agency

belongs."  *Id*.

Courts have also rejected the SEC's attempts to avoid a Rule 30(b)(6) deposition based

on a blanket claim of privilege.  *See Kramer*, 778 F. Supp. 2d at 1328 (magistrate's ruling

precluding a Rule 30(b)(6) deposition based on a blanket invocation of privilege was "clearly erroneous"); *Kovzan*, 2013 WL 653611, at *3 (rejecting the SEC's blanket invocation of privilege); *Goldstone*, 2014 WL 4349507, at *39 (same).  As the court explained in *Merkin*, "a blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege."  283 F.R.D. at 694.  Instead, "[c]ounsel may protect against the disclosure of work product or privileged information in [a] 30(b)(6) deposition[] by interposing appropriate objections and giving instructions on a question-by-question basis." *Navellier & Assoc.*, 2019 WL 688164, at *2 (quotations omitted).

Further, courts have rejected the SEC's argument that the information being sought should be obtained through other discovery tools, such as interrogatories.  "The parties have a right to choose their discovery method and do not have to follow a particular sequence." *Goldstone*, 2014 WL 4349507, at *38.  "Rule 30(b)(6) contains no requirement that [a defendant] first seek by other means of discovery the facts underlying the claim against him." *Kramer*, 778 F. Supp. 2d at 1328.  As the district court explained in *Goldstone*, "the discovery devices are different: there is no possibility of follow-up with interrogatories, while depositions allow both sides to get answers."  2014 WL 4349507, at *38

## IV.     ARGUMENT

### A.     The SEC Is Not Exempt From Rule 30(b)(6)

The record makes plain that the SEC has in essence taken the position that the Federal Rules should simply not apply to them.  The SEC did not make any serious attempt to evaluate the topics at issue.  Instead, it made generic objections to "proportionality" and "privilege" while failing to address a *single one* of the Rule 30(b)(6) topics individually.  Ex. B.  Despite repeated opportunities, the SEC has not explained which of its generic objections would apply to which

specific topics.  *Id.*  Indeed, the SEC has offered no explanation for how the factual basis for its claims could be privileged, nor has it offered any compromises or topics that it would consider acceptable.  The only inference that can be drawn is that it believes it is immune from Rule 30(b)(6).

But as a civil litigant, the SEC is not exempt from providing Rule 30(b)(6) testimony. The text of Rule 30(b)(6) could not be more clear that "government agencies"—like the SEC— must sit for a deposition.  And as this Court made clear, the SEC "is not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action." *SEC v. Collins & Aikman*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009); *see also Francis v. City of New York*, 262 F.R.D. 280, 282 (S.D.N.Y. 2009) ("Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure.").  The SEC's refusal to produce a witness on the basis of a blanket assertion of privilege is nothing more than a raw and baseless attempt to exempt itself from the Federal Rules of Civil Procedure.

### B.     The Topics Are Relevant to the Claims and Defenses

The SEC's boilerplate relevance objections to the 11 topics in the notice are without merit.  As set forth below, the topics at issue are directly relevant to the claims and defenses in this case.

**Factual Contentions**.  Topic 2 relates to the factual basis for the allegations in the complaint.  Few things could be more relevant than the factual basis for the SEC's allegations: (1) that Mr. Honig and the Investor Defendants had an agreement to trade in coordination with each other (SAC ¶ 2); (2) that Mr. Ladd "knew" that Mr. Honig and the Investor Defendants were operating as a "group" (SAC ¶ 140); and (3) that Mr. Honig and the Investor Defendants were exercising control over MGT and its policies (SAC ¶¶ 127, 157).  *See McCabe*, 2015 WL 2452937, at *3 ("[I]t is difficult to conceive of deposition topics more relevant and appropriate

than" the basis for the SEC's key factual contentions).  There is no credible argument that these subjects are not relevant to this case.

**Section 13(d) of the Exchange Act**.  Topic 1 relates to the SEC's interpretation and application of the rarely litigated sections of the securities laws at the center of this case.  The SEC's core claim is that Mr. Ladd knew or was reckless in not knowing that Mr. Honig and the Investor Defendants were operating as a "group" under Section 13(d) of the Exchange Act and the regulations promulgated thereunder.  SAC ¶ 140.  Yet the SEC has provided virtually no guidance to the public on the definition of a "group" under these provisions.  And it appears that the SEC has not issued *any* guidance on the steps an issuer must take, if any, to inquire into agreements made by third-party investors, including agreements made without the issuer's knowledge, in assessing whether a "group" exists.  Thus, the SEC's guidance on Section 13(d), or lack thereof, and any internal discussions on that subject, are relevant to the key question in this case: whether Mr. Ladd acted with scienter in not disclosing that Mr. Honig and the other Investor Defendants constituted a "group."

In a similar discovery dispute in a major SEC enforcement action, the district court determined that the SEC's past statements regarding the application of an accounting rule were relevant and fair game for a Rule 30(b)(6) deposition.  *Goldstone*, 2014 WL 4349507, at *40-41.  In that case, the court found that the agency's public statements concerning the accounting rule in question were relevant because they undermined the SEC's assertion that the defendants acted recklessly.  *Id*. ("This purpose meets the relevance standard, because this strategy is appropriate for trial and is fair game for litigation.").  Here, Mr. Ladd should be given the same opportunity to question the SEC about the key provision in this case upon which its claims rely.

**Cooperation with the Investor Defendants**.  Topics 3-5 relate to any cooperation agreements between the SEC and the Investor Defendants, and statements they have made to the government about the underlying facts of his case.  Ex.  A.  Any such agreements and communications are plainly relevant.  If the Investor Defendants are not cooperating with the SEC, any testimony on this subject will be brief.  On the other hand, any communications the SEC may be having with any of the Investor Defendants and their counsel may be directly relevant to their credibility at trial.

**Review of MGT's Public Filings**.  Topic 8 relates to the review conducted by the SEC's Division of Corporation Finance of the public filings made by MGT, including the public filings the SEC alleges were inaccurate.  Ex. A.  Any contemporaneous discussions by the SEC about the filings at issue are relevant to this case.  Furthermore, the SEC bases one of its fraud claims on a statement in MGT's May 9, 2016 Form 8-K regarding the sale of McAfee Associates in the mid-1990s, *see* SAC ¶ 149, the details of which had been reported in public filings and known by the public for 25 years.  Any attention that was given to this statement by the SEC, and any related communications, are relevant to Mr. Ladd's defense that it was not materially misleading and that he did not act with scienter in making that filing.

**New York Stock Exchange (NYSE)**.  Topics 7 and 9 relate to the de-listing of MGT on the NYSE, and any of its communications with the SEC concerning MGT or Mr. Ladd.  Ex. A.  In the complaint, the SEC refers to MGT as "once a publicly traded shell," which was used by the Investor Defendants as "another vehicle for their pump-and-dump schemes," and which was delisted by the NYSE in October 2016.  SAC ¶¶ 43, 127.  By contrast, Mr. Ladd contends that the McAfee deal was a legitimate transaction to build shareholder value, and that the NYSE's de-listing of the company caused the deal to implode (and the stock to fall).  The circumstances

surrounding the de-listing of MGT are therefore relevant to his defense, as are any communications between the SEC and the NYSE on this topic.

**Definition of a "Pump and Dump."**  Topic 6 relates to the term "pump and dump," including the definition of the term, where that definition is found in the law, and its legal significance.  Ex. A.  The SEC has used this vague and conclusory term—which appears nowhere in the federal securities laws—throughout the complaint.  *See* SAC ¶¶ 1, 8, 49, 53, 54, 56, 59, 127, 128, 135.  What the SEC means by this term, which it will presumably seek to use at trial, is therefore directly relevant to Mr. Ladd's defense.

### C.      The SEC's Blanket Privilege Objections Are Meritless and Premature

The SEC's claim of privilege is overbroad, meritless, and premature.  Given that none of the 11 topics, on their face, intrude upon protected material, the SEC has done nothing more than make an overbroad, blanket claim of privilege.  *Goldstone*, 2014 WL 4349507, at *39.  This is insufficient.  *See Kramer*, 778 F. Supp. 2d at 1328 (magistrate's ruling precluding a Rule 30(b)(6) deposition based on a blanket invocation of privilege was "clearly erroneous"); *Merkin*, 283 F.R.D. at 697 (collecting cases that reject sweeping arguments that a deposition could not go forward because of the possibility that some questions might seek protected information).

What's more, the SEC's blanket claim of privilege is easily refutable.  For example, the SEC cannot credibly claim that the factual basis for its allegations are privileged (Topic 2).  *See Kovzan*, 2013 WL 653611, at *3 ("the factual basis for the SEC's contentions … do[es] not, on [its] face, implicate the attorney-client privilege or the work-product doctrine.").  Nor can the SEC argue that its guidance on Section 13(d) is protected.  *See Goldstone*, 2014 WSL 4349507, at *41 (ordering the SEC to provide testimony on communications between the agency and third parties concerning the meaning of OTTI accounting rules under GAAP).  And nothing would allow the SEC to withhold information about cooperation agreements with potential witnesses

and statements made by third parties and their counsel about this case.  These obviously non-privileged areas of inquiry demonstrate that the SEC's blanket invocation of privilege is without merit.

Furthermore, the SEC ignores the normal method for making privilege objections: at the deposition.  Accepting the SEC's generalized claim "creates an unworkable circumstance in which a defendant loses a primary means of discovery without meaningful review of his opponent's claim of privilege."  *Merkin*, 283 F.R.D. at 695-97.  The proper practice is to interpose appropriate objections on a question-by-question basis.  *See Navellier & Assoc.*, 2019 WL 688164, at *2.  There is no reason to depart from that practice here.

### D.    A Rule 30(b)(6) Deposition Would Not Impose a Disproportionate Burden

Preparing a witness for a Rule 30(b)(6) deposition would not impose an undue burden on the SEC.  The notice focuses on a discrete set of topics, each of which are narrowly tailored to focus on key components of the SEC's case against Mr. Ladd.

Nevertheless, in opposing Mr. Ladd's pre-motion letter, the SEC asserts that it should not be required to sit for a deposition on *any* of the topics because the information at issue can be obtained through contention interrogatories.  Dkt. 240 at 2.  But courts have repeatedly rejected this argument, recognizing that most discovery tools overlap and that a Defendant has the right to sequence each discovery tool.  *See Kramer*, 778 F. Supp. 2d 1328 (stating that "Rule 30(b)(6) contains no requirement that Kramer first seek by other means of discovery the facts underlying the claim against him"); *Merkin*, 283 F.R.D. at 698; *Kovzan*, 2013 WL 653611, at *3.  Given the serious nature of the charges, Mr. Ladd should not be deprived of the opportunity to ask follow-up questions on the key subjects in the notice.  *See Goldstone*, 2014 WL 4349507, at *38 (noting the differences between interrogatories and Rule 30(b)(6) depositions).  Having initiated an

enforcement action that may destroy Mr. Ladd's career and reputation, the SEC's complaints of burden ring hollow.

### E.   One-Sided Litigation Would Be Fundamentally Unfair

Allowing the SEC to avoid a Rule 30(b)(6) deposition would be fundamentally unfair and result in one-sided discovery.  In enforcement actions, the SEC has <u>three</u> opportunities to obtain sworn testimony from a defendant.  Before a complaint is even filed, the SEC may issue a subpoena for investigative testimony.  *See* 15 U.S.C. § 78u(b); 15 U.S.C. § 77s(c).  Investigative testimony is unlimited in duration.  Next, after the complaint is filed, the SEC has an opportunity to depose the Defendant.  *See* Fed. R. Civ. P. 30(b)(1).  And of course at trial, the SEC may call the Defendant as a witness in their case-in-chief.

By contrast, a Defendant has only one shot to depose the SEC: through a Rule 30(b)(6) deposition.  Taking this discovery tool away from Mr. Ladd would allow the SEC to avoid scrutiny of its theories and engage in one-sided discovery.  As the court in *McCabe* explained, "[o]ne-sided discovery [is] like a boxing match in which only one boxer is allowed to throw punches."  2015 WL 2452937, at *3-4 (finding that "[s]uch an outcome would be fundamentally unjust and inefficient").  The SEC chose to file this case and it should abide by the basic rules applicable to all civil litigants.  *See Collins & Aikman*, 256 F.R.D. at 414 (stating that the SEC "is not entitled to special consideration concerning the scope of discovery").  Defendant's motion to compel should be granted.

## V.   CONCLUSION

For the foregoing reasons, Mr. Ladd respectfully requests that the Court grant his motion to compel a Rule 30(b)(6) deposition of the SEC.

Dated:  May 4, 2020                          Respectfully submitted,


                                             /s/ Randall R. Lee
                                             Randall R. Lee (*admitted pro hac vice*)
                                             COOLEY LLP
                                             1333 2nd Street
                                             Santa Monica, CA 90401
                                             randall.lee@cooley.com
                                             Telephone: (310) 883-6485
                                             Facsimile: (310) 883-6500

                                             Christopher Johnstone (*admitted pro hac vice*)
                                             WILMER CUTLER PICKERING HALE
                                               AND DORR LLP
                                             950 Page Mill Road
                                             Palo Alto, CA 94304
                                             chris.johnstone@wilmerhale.com
                                             Telephone: (650) 858-6147
                                             Facsimile: (650) 858-6100

                                             *Attorneys for Defendant Robert Ladd*