Christopher Johnstone (*admitted pro hac vice*)
WILMER CUTLER PICKERING HALE
  AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
chris.johnstone@wilmerhale.com
Telephone: (650) 858-6147
Facsimile: (650) 858-6100

*Attorney for Defendant Robert Ladd*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BARRY C. HONIG, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-08175-ER |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WILMER CUTLER PICKERING HALE AND DORR LLP AND CHRISTOPHER JOHNSTONE FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT ROBERT LADD**

**I.     INTRODUCTION**

Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") and Christopher Johnstone submit this Memorandum of Law in support of their motion for leave to withdraw as counsel to Defendant Robert Ladd in the above referenced case.  For the reasons stated below, WilmerHale and Johnstone respectfully submit that its motion for leave to withdraw be granted, and that WilmerHale and Johnstone be permitted to withdraw from representing Mr. Ladd.

**II.    FACTUAL BACKGROUND**

In this action brought by the Securities and Exchange Commission ("SEC") against Mr. Ladd, among other defendants, WilmerHale and Johnstone seek leave of this Court to withdraw as counsel for Mr. Ladd at the request of Mr. Ladd.  Mr. Ladd has retained new counsel, Adam Ford of Ford O'Brien, LLP, who entered his appearance on behalf of Mr. Ladd on May 18, 2020.  Declaration of Christopher Johnstone dated May 18, 2020 ("Johnstone Decl.") at ¶ 7.

On September 7, 2018, the SEC commenced this action by filing a Complaint against Mr. Ladd, among numerous other defendants, alleging various violations of the securities laws.  Johnstone Decl. at ¶ 3.

On September 20, 2018, Christopher Johnstone of WilmerHale moved to appear *pro hac vice* before this Court as co-counsel for Mr. Ladd, along with Randall Lee of the law firm Cooley LLP.  Johnstone Decl. at ¶ 4.  The Court granted the motions on September 21, 2018.  *Id.*

The SEC then filed a First Amended Complaint ("FAC") on March 8, 2019.  Johnstone Decl. at ¶ 5. Mr. Ladd moved to dismiss the FAC on June 19, 2019, which the Court granted in part and denied in part.  *Id.*  The SEC then filed a Second Amended Complaint ("SAC") against Mr. Ladd on March 16, 2020.  *Id.* at ¶ 6.  Mr. Ladd moved to dismiss the SAC on April 30, 2020.  *Id.*

1

On or about May 13, 2020, Mr. Ladd informed WilmerHale that another counsel would be taking over representation of Mr. Ladd in this action, and asked WilmerHale to discontinue further work as its legal representative with respect to said action. Johnstone Decl. at ¶ 7. On May 18, 2020, Adam Ford entered his appearance as co-counsel on behalf of Mr. Ladd. *Id.*

Discovery is ongoing. Fact discovery is scheduled to end on July 21, 2020, with expert discovery ending on October 6, 2020. *Id.* at ¶ 9. The parties are scheduled to participate in a status conference with the Court on October 21, 2020. *Id.*

### III. ARGUMENT

WilmerHale and Johnstone's motion for leave to withdraw should be granted and WilmerHale and Johnstone should be allowed to withdraw as counsel for Mr. Ladd.

Rule 1.4 of the Local Civil Rules of the United States District Court for the Southern District of New York states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

"While Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged – and agreed to the termination – the order to withdraw should issue except under the most compelling circumstances." *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 209, 311 (S.D.N.Y., 2003) (citing *Casper v. Lew Lieberbaum & Company. Inc*., 1999 U.S. Dist. LEXIS 7779, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999). And, as noted in *Young Am. Merch. Corp. v. Top Quality Prods*., 02 Civ. 5962 (CBM), 2004 U.S. Dist. LEXIS 5748, at *3 (S.D.N.Y. April 6, 2004), "the New York Code of Professional Responsibility mandates that an attorney withdraw if he or she has been discharged by the client." (citing 22 NYCRR 1200.15(b)(4)). *See also Matter*

2

*for First City Nat'l Bank & Trust Co.*, 759 F. Supp. 1048, 1051 (S.D.N.Y. 1991) ("Under New York law, a client has an absolute right to change attorneys.").

Here, Mr. Ladd has requested that WilmerHale and Johnstone withdraw from representation of Mr. Ladd on this matter.  In fact, Mr. Ladd has already retained substitute counsel, Adam Ford of Ford O'Brien, LLP.  Johnstone Decl., at ¶ 7.  WilmerHale and Johnstone are not asserting a retaining or charging lien against Mr. Ladd.  *Id.* at ¶ 8.  Therefore, pursuant to Rule 1.4, WilmerHale and Johnstone have made the required showing that withdrawal from representation is mandatory.

### IV.     CONCLUSION

For the foregoing reasons, this Court should grant WilmerHale and Christopher Johnstone's motion for leave to withdraw.


Dated:  May 21, 2020                               Respectfully submitted,


                                                   /s/ Christopher Johnstone

                                                   Christopher Johnstone (*admitted pro hac vice*)
                                                   WILMER CUTLER PICKERING HALE
                                                      AND DORR LLP
                                                   950 Page Mill Road
                                                   Palo Alto, CA 94304
                                                   chris.johnstone@wilmerhale.com
                                                   Telephone: (650) 858-6147
                                                   Facsimile: (650) 858-6100

                                                   *Attorney for Defendant Robert Ladd*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 21, 2020, a copy of the foregoing Motion for Leave to Withdraw as Counsel for Defendant Robert Ladd and Declaration of Christopher Johnstone was filed electronically with the Clerk of the Court which caused it to be served upon registered users of the Court's ECF system who are participants in these proceedings.  I have also served Mr. Ladd with the foregoing documents as required by Local Rule 1.4.

Dated:  May 21, 2020                                    /s/ *Christopher Johnstone*

                                                                               Christopher Johnstone