# EXHIBIT C

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Securities and Exchange Commission, )<br>*Plaintiff* )<br>v. )<br>Honig, et al. )<br>)<br>*Defendant* ) | Civil Action No. 18 Civ. 8175 (ER) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  United States Attorney's Office for the Northern District of California, c/o Ben Kingsley
Federal Courthouse, 450 Golden Gate Avenue, 11th Floor, San Francisco, CA 94102

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
　　See Addendum A.

| Place: Cooley LLP, c/o Randall Lee<br>3175 Hanover Street<br>Palo Alto, CA 94304 | Date and Time:<br>09/13/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/30/2019

　　　　　　　　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　　OR　　　　　　　　　　　/s/ Randall Lee
　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robert Ladd , who issues or requests this subpoena, are:

Randall Lee, Cooley LLP, 1333 2nd St Ste 400, Santa Monica, CA 90401, randall.lee@cooley.com, (310) 883-6485

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18 Civ. 8175 (ER)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

Case 1:18-cv-08175-ER   Document 260-3   Filed 06/04/20   Page 4 of 8

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Addendum A
## Subpoena Duces Tecum to United States Attorney's Office for the Northern District of California

**I.      DEFINITIONS**

Words in capital letters are defined as follows:

**1.**     YOU and YOUR means the United States Attorney's Office for the Northern District of California and any of its past or present agents, employees, or representatives acting on its behalf.

**2.**     CONCERNING has the definition ascribed to that term in Local Civil Rule 26.3 of the Southern District of New York.

**3.**     DOCUMENT has the definition ascribed to that term in Local Civil Rule 26.3 of the Southern District of New York.

**4.**     COMMUNICATION has the definition ascribed to that term in Local Civil Rule 26.3 of the Southern District of New York.

**5.**     COMPLAINT means the Amended Complaint, filed March 8, 2019 in the action *Securities and Exchange Commission v. Barry Honig, et al.*, No. 18 Civ. 8175 (S.D.N.Y. 2019).

**II.     INSTRUCTIONS**

**1.**     DEFENDANT ROBERT LADD incorporates by reference as though fully set forth herein Federal Rule of Civil Procedure 45 and the Local Rules of the United States District Court for the Southern District of New York.  This subpoena seeks DOCUMENTS and things to the full extent of the Federal Rules of Civil Procedure and Local Rules.

**2.**     The DOCUMENTS covered by these requests include all DOCUMENTS in YOUR possession, custody or control, including DOCUMENTS in the possession, custody or control of YOUR counsel.

**3.**     Each request for the production of DOCUMENTS shall be deemed to be continuing in nature.  If at any time additional DOCUMENTS come into YOUR possession, custody or control or are brought to YOUR attention, prompt supplementation of YOUR response to these

1

requests is required.

4. YOU shall produce all DOCUMENTS in the manner in which they are maintained in the usual course of YOUR business and/or YOU shall organize and label the DOCUMENTS to correspond with the categories in this request. A request for a DOCUMENT shall be deemed to include a request for any and all file folders within which the DOCUMENT was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the DOCUMENT, in addition to the DOCUMENT itself.

5. All electronic DOCUMENTS should be produced in their original format, with any metadata or similar information preserved. If production of DOCUMENTS in their original format is not possible, production of DOCUMENTS must be done in a format that is searchable, and must be accompanied by an index documenting the original format of the DOCUMENT and its origin: server, drive and path information, or equivalent information. If files are not produced in their original format, any metadata should be preserved and included in an accompanying DOCUMENT.

6. If you withhold from production any information, DOCUMENTS, or things requested on the grounds of attorney-client privilege, work product immunity, or any other claim of privilege or immunity, YOU are requested to provide a log identifying each such DOCUMENT by date, sender, recipients, general subject matter, and privilege claimed.

7. DOCUMENTS attached to each other should not be separated.

8. DOCUMENTS not otherwise responsive to this discovery request shall be produced if such DOCUMENTS mention, discuss, refer to, or explain the DOCUMENTS which are called for by this discovery request.

9. In producing DOCUMENTS and other materials, YOU are requested to furnish all DOCUMENTS or things in your possession, custody or control, regardless of whether such DOCUMENTS or materials are possessed directly by YOU or YOUR agents, employees, representatives, managing agents, affiliates, accountants, investigators, or by YOUR attorneys or their agents, employees, representatives, or investigators.

10. If YOU object to any part of any request, YOU shall state fully in writing the nature

of the objection. Notwithstanding any objections, YOU shall nonetheless comply fully with the other parts of the request to which YOU are not objecting.

11. Each request for production shall be construed independently and not with reference to any other request for production for the purpose of limitation.

12. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

13. If YOU do not understand any part of any request or the Instructions or Definitions, YOU should seek clarification from counsel for Mr. Ladd.

### III. DOCUMENTS TO BE PRODUCED

Please produce the following DOCUMENTS for inspection and copying:

1. All unredacted versions of FD-302s CONCERNING the individuals, entities, or events described in the COMPLAINT (a) that YOU shared with the Securities and Exchange Commission (either by providing a copy of the FD-302 to the Staff of the Securities and Exchange Commission or allowing the Staff of the Securities and Exchange Commission to review the FD-302), or (b) that reflect interviews which the Securities and Exchange Commission attended. This includes, but is not limited to, the following interviews:

- ███████ on March 2, 2016
- ███████ on April 5, 2017
- ███████ on May 4, 2017
- ███████ on January 26, 2018
- ███████ on March 30, 2018
- ███████ on April 30, 2018
- ███████ on June 14, 2018
- ███████ on June 22, 2018
- ███████ on July 5, 2018
- ███████ on October 4, 2018
- ███████ on October 18, 2018

3

- ▉▉▉▉▉▉ on November 1, 2018
- ▉▉▉▉▉▉ on November 2, 2018
- ▉▉▉▉▉▉ on December 12, 2018
- ▉▉▉▉▉▉ on February 14, 2019
- ▉▉▉▉▉▉ on April 23, 2019

For the avoidance of doubt, the term "FD-302s" means the forms used by the FBI to record investigative activity, including, but not limited to, reports or summaries of FBI interviews.