**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

**SECURITIES AND EXCHANGE COMMISSION,**       :

                                              :

                              **Plaintiff,**  :

                                              :       **18 Civ. 8175 (ER)**

                    **– against –**           :

                                              :       **ECF CASE**

**BARRY C. HONIG, ROBERT LADD,**              :

**ELLIOT MAZA, BRIAN KELLER,**                :

**JOHN H. FORD, GRQ CONSULTANTS, INC.**       :

**and HS CONTRARIAN INVESTMENTS, LLC,**       :

                                              :

                              **Defendants.** :

------------------------------------------------------------------------x


### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANT ROBERT LADD <u>TO COMPEL A RULE 30(b)(6) DEPOSITION OF THE SEC</u>


SECURITIES AND EXCHANGE
COMMISSION
        Nancy A. Brown
        Jack Kaufman
        Katherine Bromberg
200 Vesey Street, Suite 400
New York, New York 10281
(212) 336-1023 (Brown)

Attorneys for Plaintiff

June 4, 2020

TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

Preliminary Statement ...................................................................................................... 1

ARGUMENT ........................................................................................................................ 1

I.      Topic 1 Improperly Seeks the SEC's Interpretation of Statutes
        and Rules ............................................................................................................... 1

II.     Topic 2 Seeks Contentions Properly Discovered Through Contention
        Interrogatories ........................................................................................................ 5

III.    Topics 3, 4, and 5 Seek Witness Statements, an Inappropriate
        Rule 30(b)(6) Topic ............................................................................................... 6

IV.     Topic 6 Seeks Irrelevant Information: the Definition of "Pump and Dump" ......... 8

V.      Topic 7 Seeks Irrelevant Communications about Delisting from the NYSE ........... 9

VI.     Topic 8 Seeks Matters of Public Record and Irrelevant Information ..................... 10

CONCLUSION .................................................................................................................... 11

TABLE OF AUTHORITIES

**Page**

CASES

Basic Inc. v. Levinson, 485 U.S. 224 (1988) .................................................................................10

City of NY v. Coastal Oil NY, Inc., 96 Civ. 8667 (RPP),
    2000 WL 97247 (S.D.N.Y. Jan. 28, 2000)...............................................................................5

Gambale v. Deutsche Bank AG, 377 F.3d 133 (2d Cir. 2004)....................................................4

Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473 (2d Cir. 1999) ............................................3

Hopkins v. HUD, 929 F.2d 81(2d Cir. 1991) .........................................................................3-4

In re Friedman, 350 F.3d 65 (2d Cir. 2003) ...............................................................................4

In re Grand Jury Proceedings, 43 F.3d 966 (5th Cir. 1994) .....................................................8

JPMorgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. 361 (S.D.N.Y. 2002) ................6

King Pharm., Inc. v. Eon Labs, Inc., 04 Civ. 5540 (DGT)(RLM),
    2008 WL 5111005 (E.D.N.Y. Dec. 4, 2008) ..........................................................................6

Liveperson, Inc. v. 24/7 Customer, Inc., 14 Civ. 1559 (RWS),
    2015 WL 4597546 (S.D.N.Y. July 30, 2015) .........................................................................6

Mackey v. IDT Energy, Inc., 19 Misc. 29 (PAE),
    2019 WL 2004280 (S.D.N.Y. May 7, 2019) ..........................................................................8

Nat'l Cong. for Puerto Rican Rights v. City of N.Y., 194 F.R.D. 88 (S.D.N.Y. 2000).................3-4

SEC v. Ahmed, 15 Civ. 675 (JBA), 2017 WL 1347668 (D. Conn. April 7, 2017)...................6

SEC v. Gennity, 17 Civ. 7424, slip op. (PKC) (S.D.N.Y. Mar. 20, 2018) ..............................6

SEC v. Goldstone, 301 F.R.D. 593 (D.N.M. 2014) ..................................................................8

SEC v. Jasper, C 07-06122 JW (HRL),
    2009 WL 1457755 (N.D. Cal. May 26, 2009)........................................................................8

SEC v. Kik Interactive Inc., 19 Civ. 5244 (AKH) (S.D.N.Y. Nov. 12, 2019) ......................2, 3

SEC v. McGinnis, 14 Civ. 6, 2015 WL 13505396 (D. Vt. Jan. 13, 2015) .............................6, 8

SEC v. Morelli, 143 F.R.D. 42 (S.D.N.Y. 1992)......................................................................6

Page

SEC v. Nadel, 11 Civ. 214 (WFK) (AKT),
   2012 WL 1268297 (E.D.N.Y. Apr. 16, 2012) ...................................................................7

SEC v. NIR Grp., LLC, 11 Civ. 4723 (JFB) (GRB),
   2013 WL 5288962 (E.D.N.Y. Mar. 24, 2013) .................................................................6

SEC v. Rosenfeld, No. 97 Civ. 1467 (RPP), 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997) ..................6, 8

SEC v. SBM Inv. Certificates, Inc., 06 Civ. 0866 (DKC),
   2007 WL 609888 (D. Md. Feb. 23, 2007) .......................................................................8

SEC v. Stanard, 06 Civ. 7736 (GEL), 2007 WL 1834709 (S.D.N.Y. June 26, 2007) .............................7

SEC. v. Strauss, 09 Civ. 4150 (RMB) (HBP), 2009 WL 3459204 (S.D.N.Y. Oct. 28, 2009) .................7

Shim-Larkin v. City of NY, 16 Civ. 6099 (AJN),
   2018 WL 4636839 (S.D.N.Y. Sept. 27, 2018) ................................................................4

Tigue v. DOJ, 312 F.3d 70 (2d Cir. 2002) ...........................................................................3

United States v. Carroll, 19 Cr. 00545 (CM),
   2020 WL 1862446 (S.D.N.Y. Apr. 14, 2020) ..............................................................2-3

US Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3,.00 Civ. 4763 (RMB)(JCF),
   2002 WL 31296430 (S.D.N.Y. Oct. 11, 2002) ...............................................................7

Vaigasi v. Solow Mgmt. Corp., 11 Civ. 5088 (RMB)(HBP),
   2016 WL 616386 (S.D.N.Y. Feb. 16, 2016) ..............................................................1, 8-9

STATUTES AND RULES

Securities Act of 1933

   Section 5, 15 U.S.C. § 77e .............................................................................................2

Securities Exchange Act of 1934

   Section 13(d), 15 U.S.C. § 78m(d)...................................................................1, 3, 4, 5

   Section 13(d)(1), 15 U.S.C. § 78m(d)(1) .......................................................................1

   Section 13(d)(3), 15 U.S.C. § 78m(d)(3) .......................................................................1

   Section 13(g)(1), 15 U.S.C. § 78m(g)(1).......................................................................1

**Page**

Section 13(g)(3), 15 U.S.C. § 78m(g)(3)...........................................................................1

Fed. R. Civ. P. 1 ...............................................................................................................5

Fed. R. Civ. P. 26(b)(1)...............................................................................................4, 5

Fed. R. Civ. P. 26(b)(2)....................................................................................................5

Fed. R. Civ. P. 26(c)........................................................................................................4

Fed. R. Civ. P. 30(b)(6)............................................................................................passim

Fed. R. Evid. 401 .........................................................................................................8-9

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Memorandum of Law in Opposition to Defendant Robert Ladd's Motion to Compel a Rule 30(b)(6) Deposition of the SEC.[1]

Preliminary Statement

Rule 30(b)(6) depositions are designed to seek facts — not legal theories, work product, or otherwise privileged material. But most of Ladd's proposed deposition topics concern the SEC's contentions, legal theories, and work product. What few facts Ladd seeks through a SEC 30(b)(6) deposition are irrelevant to any claim or defense, would intrude on the SEC's privilege and protections, or should be sought through the much less burdensome methods of document requests and interrogatories. Ladd's motion to compel should therefore be denied.[2]

ARGUMENT

## I.   Topic 1 Improperly Seeks the SEC's Interpretation of Statutes and Rules

Topic 1 seeks Rule 30(b)(6) deposition testimony from the SEC concerning its "interpretation and application of Sections 13(d)(1), 13(d)(3), 13(g)(1) and 13(g)(3) of the Exchange Act and the SEC regulations thereunder" (Br. at 1) and encompasses five separate sub-categories. (Lee Decl., Ex. A at 4 of 7.) These subcategories include the "identification and contents of all internal communications regarding the interpretation and application of [the enumerated Section 13(d) subsections and Rules]" and the "issuance of guidance, or decision not to issue guidance,

---

[1] "Br." refers to Ladd's Memorandum of Law in Support, filed May 4, 2020 (DE 247). "Lee Decl." refers to the Declaration of Randall R. Lee, executed May 4, 2020 (DE 248). "SAC" or "Complaint" refers to the Second Amended Complaint, filed March 16, 2020 (DE 233). "MGT" refers to MGT Capital Investments, Inc., the issuer referred to as "Company B" in the SAC. "Brown Decl." refers to the Declaration of Nancy A. Brown, executed June 3, 2020.

[2] The Court should deny Ladd's motion for an independent reason: his failure to meaningfully meet and confer on these issues. See Vaigasi v. Solow Mgmt. Corp., 11 Civ. 5088 (RMB)(HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) ("Plaintiff's failure to meet and confer with defense counsel in good faith is sufficient reason by itself to deny plaintiff's motion to compel." (emphasis in original)). As detailed in Brown Decl. ¶3, during the only telephone call regarding these issues, Ladd's counsel advised the SEC that he understood our position and that no further discussion was necessary and then turned the meeting to other matters.

regarding the foregoing sections and rules. . . ." (<u>Id.</u>) Topic 1 lacks relevance to any claims or defenses because legal interpretations are simply not relevant, discoverable information. Moreover, the Court has already ruled that one of the subcategories is unduly burdensome, several of the subcategories seek material protected by the deliberative process privilege, and any relevance Ladd could establish as to any of Topic 1's subjects is outweighed by the enormous burden he seeks to impose on the SEC staff, as courts in this District have recognized in similar situations.

First, the SEC's interpretation of these statutory provisions and rules is not relevant to any claims or defenses in this action. In <u>SEC v. Kik Interactive Inc.</u>, 19 Civ. 5244 (AKH) (S.D.N.Y. Nov. 12, 2019), Judge Hellerstein rejected the defendant's similar attempt to notice a Rule 30(b)(6) deposition of the SEC which sought testimony about the SEC's application and interpretation of Section 5 of the Securities Act of 1933. Defendant sought the information for its affirmative defense that a Section 5 claim was void for vagueness as applied against defendant. In a minute order denying defendant's motion for reconsideration of the court's earlier order quashing the notice, Judge Hellerstein ruled:

> [A]s I originally held, the deliberations within an agency sheds no light on the application of the statute or regulation in issue. If the law is vague, or confusing, or arbitrary, as defendant argues, that can be argued objectively. Proper discovery should be focused on what defendant did, and not why the agency decided to bring the case.

<u>Id.</u> (DE 36.)

Similarly, in a recent criminal case, defendant sought to compel the prosecutors' disclosure of SEC internal deliberations on the materiality of a particular accounting metric and argued that the SEC's views were <u>Brady</u> material. <u>United States v. Carroll</u>, 19 Cr. 00545 (CM) (S.D.N.Y.) (DE 72 (Defendant Carroll's Reply Brief, filed Feb. 7, 2020), at 23 ("the views of SEC officials may *themselves* be exculpatory facts, as a jury might find highly relevant an SEC official's doubts about materiality") (emphasis in original)). Chief Judge McMahon denied the motion and ruled: "The evidence that matters is not any attorney's opinion, but the underlying facts." <u>Carroll</u>, 2020 WL 1862446, at *10

2

(S.D.N.Y. Apr. 14, 2020).

Like the Kik defendants, Ladd is free to argue that Section 13(d) is confusing (though it is not) based on the statutory language and objective case law. Far from being "rarely litigated," as Ladd contends (Br. at 6), Section 13(d) and the group concept enjoy a rich body of case law interpretation — including this Court's own February 24, 2020 Opinion and Order in this action (DE 211). Approximately 331 securities cases address what constitutes a "group" under Section 13(d), according to a Westlaw search for decisions in which Section 13(d) and "group" are analyzed in the same paragraph. (Brown Decl. ¶21.) The briefing on Ladd's and Brauser's Motions to Dismiss attest to the depth of the precedent in this Circuit alone. (DE 155 (at 13-22); DE 156 (at 17-23).) Indeed, if the Court were to adopt Ladd's position, in every SEC Rule 10b-5 case, the SEC would be expected to produce witnesses to testify to staff interpretations of the terms "offer" or "sale" or other securities law terms regularly interpreted by courts.

Second, Topic 1 at least partly seeks information protected by the deliberative process privilege: specifically, the requests for testimony on internal communications about the interpretation and application of Section 13(d) and rules thereunder and the issuance of guidance or decisions not to issue guidance about the same provisions. (Lee Decl., Ex. A at 4.) These subcategories call for testimony about classic deliberative process information — that is, pre-decisional, deliberative information that reflect "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Tigue v. DOJ, 312 F.3d 70, 76 (2d Cir. 2002) (quotations omitted). "[Information] is predecisional when it is 'prepared in order to assist an agency decisionmaker in arriving at his decision.'" Id. at 80 (quoting Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999)). It is considered deliberative if it is "'actually ... related to the process by which policies are formulated.'" Nat'l Cong. for Puerto Rican Rights v. City of N.Y., 194 F.R.D. 88, 92 (S.D.N.Y.

2000) (quoting Hopkins v. HUD, 929 F.2d 81, 84 (2d Cir. 1991)). Internal discussions about

whether the SEC should issue guidance on Section 13(d)'s interpretation is both pre-decisional by

definition and deliberative because it relates to the formation of policy.[3]

Third, preparing a 30(b)(6) witness to testify about Topic 1 and all its subcategories would

impose a significant burden on the SEC and does not satisfy Rule 26(b)(1)'s proportionality

balancing test. Even if the discovery is relevant (which Topic 1 is not) it must be "'proportional to

the needs of the case.'" Shim-Larkin v. City of NY, 16 Civ. 6099 (AJN), 2018 WL 4636839, at *3

(S.D.N.Y. Sept. 27, 2018) (quoting Fed. R. Civ. P. 26(b)(1)). "Rule 26(c) permits a district court to

'make any order which justice requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense'" upon a showing of good cause. Gambale v. Deutsche

Bank AG, 377 F.3d 133, 142 (2d Cir. 2004). A court may thereby "limit '[t]he frequency or extent of

use of the discovery methods otherwise permitted under [the federal] rules" if it determines that . . .

the burden or expense of the proposed discovery outweighs its likely benefit." In re Friedman, 350

F.3d 65, 69 (2d Cir. 2003) (quoting Rule 26(b)(1) and (b)(2)(C)(iii)).

Indeed, the Court has already ruled here that production of even the SEC's "public

statements" regarding its interpretation of Section 13(d) and the "group" concept (Lee Decl., Ex. A

at 4) would be overly burdensome. See Tr. of Conf. on Ladd's Mot. to Compel (DE 198) at 21

(ruling that Ladd's document request for all public statements about the issue of the interpretation

or application of the group rules "is too broad, too burdensome"). The Rule 30(b)(6) Notice

improperly seeks an end-run around the Court's ruling and indeed seeks to impose an even greater

burden on the SEC by requiring it to prepare and produce a witness to testify about the legal

interpretation of these provisions. The universe of materials the SEC would have to review in order

to prepare a witness is vast, amounting to over 16,000 communications, of which more than 13,000

---

[3] The SEC is not asserting that privilege now but would likely do so if questioned at a deposition.

are internal communications among the staff of the SEC's Division of Corporation Finance ("Corp.
Fin."), or between the staff and other regulators. (Brown Decl. ¶¶13-14.)

Given the history of this case, Ladd's decision to press his Rule 30(b)(6) Notice appears
tactically designed to impose the most significant burdens on the SEC that the Court will allow. In
October 2019, Ladd first sought to move to compel the SEC to provide an itemized, document-by-
document privilege log of its internal Corp. Fin. emails regarding just the Section 13(d) and group
topics Ladd presses now. (DE 185 (Ladd's Oct. 11, 2019 Pre-Motion Ltr. to the Court) at 1.) When
the SEC pointed to the undue burden of creating an itemized log for some 26,000 internal emails
(DE 186 (SEC's Oct. 16, 2019 Ltr. Response) at 1), Ladd sought to negotiate a compromise, and so
advised the Court. See Nov. 25, 2019 Conf. Tr. at 7-8. Now, however, Ladd changes tacks, seeking
to avoid the SEC's burden arguments attendant to preparing an itemized privilege log, but trying to
impose the same burden on the SEC by ensuring that counsel reviews all 16,000 documents,
including the 13,000 internal communications.[4] Ladd breaches the "'duty imposed upon counsel to
deal fairly and sincerely with the court and opposing counsel so as to conserve the time and expense
of all.'" City of NY v. Coastal Oil NY, Inc., 96 Civ. 8667 (RPP), 2000 WL 97247, at *2 (S.D.N.Y.
Jan. 28, 2000) (internal quotation marks and citation omitted); see also Fed. R. Civ. P. 1 (requiring
parties to "construe, administer, and employ the rules to secure the just speedy and inexpensive
determination of every action"); Fed. R. Civ. P. 26(b)(2)(C) (allowing restrictions on  discovery
"otherwise allowed" where it is outside the scope "permitted by Rule 26(b)(1)").

## II.     Topic 2 Seeks Contentions Properly Discovered Through Contention Interrogatories

Topic 2 purports to seek the factual bases for ten separate SAC allegations. (Lee Decl., Ex.
A, at 4-5.) But Topic 2 actually seeks SEC work product, since the SAC allegations represent

---

[4] Ladd's compromise search terms ultimately reduced the internal email hits from 26,000 internal emails to
more than 13,000. (Brown Decl. ¶¶9-10, 12-14.)

counsels' selection and compilation of facts the SEC investigative staff gathered. As district courts in this Circuit repeatedly have held, to the extent a proposed Rule 30(b)(6) deposition topic seeks the factual bases for a complaint's allegations, the appropriate discovery method is less burdensome contention interrogatories (which Ladd already has served on the SEC), not a Rule 30(b)(6) deposition. E.g., Liveperson, Inc. v. 24/7 Customer, Inc., 14 Civ. 1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015); King Pharm., Inc. v. Eon Labs, Inc., 04 Civ. 5540 (DGT)(RLM), 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008). As Judge Rakoff put it in JPMorgan Chase Bank v. Liberty Mut. Ins. Co., "depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." 209 F.R.D. 361, 362 (S.D.N.Y. 2002).[5]

The rule favoring discovery by means other than a Rule 30(b)(6) deposition has special force in a case brought by a federal agency, which has marshalled the facts from third parties and has no independent knowledge of them. That applies particularly where, as here, a defendant makes no claim that the agency has failed to turn over non-privileged information pursuant to document requests. In such situations, courts in this Circuit routinely prohibit a Rule 30(b)(6) deposition. SEC v. Ahmed, 15 Civ. 675 (JBA), 2017 WL 1347668, at *3 (D. Conn. April 7, 2017); SEC v. Gennity, 17 Civ. 7424, slip op. (PKC) (S.D.N.Y. Mar. 20, 2018) (appended as Appendix A); Morelli, 143 F.R.D. at 47; McGinnis, 2015 WL 13505396, at *7; cf. SEC v. NIR Grp., LLC, 11 Civ. 4723 (JFB) (GRB), 2013 WL 5288962, at *5 (E.D.N.Y. Mar. 24, 2013).

## III.   Topics 3, 4, and 5 Seek Witness Statements, an Inappropriate Rule 30(b)(6) Topic

Topics 3 through 5 seek testimony about (a) statements made to the SEC or the Department

---

[5] Contrary to Ladd's contention (Br. at 3-4), a claim of work product protection can be adjudicated before a deposition where the identified topics seek protected work product. SEC v. Rosenfeld, No. 97 Civ. 1467 (RPP), 1997 WL 576021, at *4 (S.D.N.Y. Sept. 16, 1997); accord SEC v. Morelli, 143 F.R.D. 42, 47 (S.D.N.Y. 1992); SEC v. McGinnis, 14 Civ. 6, 2015 WL 13505396, at *4 (D. Vt. Jan. 13, 2015).

of Justice ("DOJ") by current and former Defendants Barry Honig, Michael Brauser, John Stetson or John O'Rourke; (b) the terms of settlement or any other agreement between the SEC or the DOJ and those individuals; and (c) the "nature and substance of all cooperation" between the SEC and any Defendant. (Lee Decl., Ex. A, at 5.) To the extent relevant and not otherwise protected by the work product doctrine, the SEC already has produced to Ladd all documents on these topics. Thus, a Rule 30(b)(6) deposition on these topics could only attempt to elicit protected information, and Ladd fails to explain otherwise.

Ladd does not deny that he already has the full written record regarding these topics. He has received all non-privileged documents in response to his document requests, including "all documents and communications evidencing or memorializing a formal and/or informal cooperation agreement between [the SEC] and any person [it] gathered information from in connection with" its investigation. (Brown Decl., Ex A.) The SEC also has produced all "settlement" agreements with Defendants and related non-privileged documents. As to statements Defendants made to the SEC and DOJ, the SEC has given Ladd all FBI 302s in its possession, as well as its own notes of an SEC interview with Honig.[6] (Brown Decl. ¶¶18, 20.)

Furthermore, the work product doctrine protects from deposition discovery the substance of attorneys' witness interviews. US Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, 00 Civ. 4763 (RMB)(JCF), 2002 WL 31296430, at *5 (S.D.N.Y. Oct. 11, 2002) (collecting cases);

---

[6] If Ladd seeks SEC testimony regarding witness proffer sessions attended jointly by the SEC and DOJ and if the DOJ has not already provided Ladd with 302s of such sessions, he should seek the 302s from the DOJ. SEC v. Stanard, 06 Civ. 7736 (GEL), 2007 WL 1834709, at *3 (S.D.N.Y. June 26, 2007). As to any SEC witness interview notes taken outside a joint proffer with the DOJ, courts have long held that such notes are protected by the work product doctrine, and that to obtain them, a party must demonstrate a "substantial need" for them — that a party is unable "without undue hardship" to obtain the substantial equivalent of the materials by other means. SEC v. Nadel, 11 Civ. 214 (WFK) (AKT), 2012 WL 1268297, at *6 (E.D.N.Y. Apr. 16, 2012); accord SEC. v. Strauss, 09 Civ. 4150 (RMB) (HBP), 2009 WL 3459204, at *5-7 (S.D.N.Y. Oct. 28, 2009) (collecting cases).

McGinnis, 2015 WL 13505396, at *3, 7 (quashing Rule 30(b)(6) deposition notice seeking testimony about witness interviews); cf. In re Grand Jury Proceedings, 43 F.3d 966, 970 (5th Cir. 1994) ("stricter limits on disclosure of work product which results from oral communications with third parties is also necessary due to the likelihood that such [recollections] will reveal the attorney's mental processes or litigation strategy").

Thus, where (as here) a litigant makes no showing of "substantial need," courts have denied motions to compel SEC Rule 30(b)(6) testimony regarding the agency's communications with witnesses. E.g., McGinnis, 2015 WL 13505396, at *4, 8.[7] Indeed, in a case Ladd cites (Br. at 6), the court quashed a 30(b)(6) deposition seeking SEC testimony about its witness interviews. SEC v. Goldstone, 301 F. R.D. 593, 664-65 (D.N.M. 2014). The court held that the notice (issued by the same defense counsel as appeared here) improperly intruded into the SEC's work product, particularly where the witnesses were available for depositions. Id. at 664.

## IV.   Topic 6 Seeks Irrelevant Information: the Definition of "Pump and Dump"

Topic 6 seeks testimony regarding the SEC's definition of a "pump and dump." (Lee Decl., Ex. A at 5-6.) Although Ladd bears the burden to establish relevance, Mackey v. IDT Energy, Inc., 19 Misc. 29 (PAE), 2019 WL 2004280, at *3 (S.D.N.Y. May 7, 2019), he makes no effort to do so.

In fact, such testimony is plainly irrelevant. First, the information could not be relevant to any of Ladd's defenses because he has yet to assert any. Second, the SAC (¶49) already defines the term "pump and dump." Third, in any event, the particular terminology the SEC uses to describe the scheme is irrelevant to its claims against Ladd. "Information is relevant if '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" Vaigasi, 2016 WL 616386, at *11 (quoting Fed. R. Evid.

---

[7] Accord Rosenfeld, 1997 WL 576021, at *3; SEC v. Jasper, C 07-06122 JW (HRL), 2009 WL 1457755, at *3 (N.D. Cal. May 26, 2009); SEC v. SBM Inv. Certificates, Inc., 06 Civ. 0866 (DKC), 2007 WL 609888, at *23-24 (D. Md. Feb. 23, 2007).

401). The SAC details a scheme by Honig and others to surreptitiously gain control of companies like MGT, arrange for a publicity-generating event (like the McAfee transaction), and either pay for undisclosed paid promotions to tout those events or otherwise artificially inflate the stock price to sell their shares at inflated prices to unsuspecting buyers. (SAC ¶¶1-7.) And the SAC alleges that Ladd aided and abetted that scheme by failing to disclose Honig's and others' undisclosed control over the company. (Id. ¶¶6-7.) Whatever label the SEC uses to describe the scheme—a "pump and dump," "market manipulation," or otherwise — has no bearing on whether the SAC's fact allegations state securities law claims against Ladd. Ladd's mere assertion that the discovery is relevant because the SEC will "presumably seek to use [the term] at trial" (Br. at 8) does not establish factual relevance. Indeed, nothing prohibits him from raising objections to the SEC's use of the term at trial.

## V.     Topic 7 Seeks Irrelevant Communications about Delisting from the NYSE

Similarly irrelevant are any communications the SEC may have had with the New York Stock Exchange ("NYSE") about MGT's delisting in October 2016, seven months after the relevant events. As an initial matter, although Ladd fails to mention it, the SEC notified him last October that its search through five years of SEC emails with the NYSE turned up no responsive documents concerning MGT. (Brown Decl. ¶8.) A deposition of an SEC employee reiterating that no communications occurred can serve no legitimate purpose. Even leaving that aside and assuming the Court were to credit Ladd's argument that "the NYSE's delisting of the company [in October 2016] caused the May 2016 deal to implode (and the stock to fall)" (Br. at 7), Ladd fails to explain how the delisting is relevant to the false press release he wrote and issued in May 2016 reporting on a deal involving MGT and John McAfee. (SAC ¶149.) The SAC does not allege that the May 2016 deal was a sham; it alleges that the May 2016 press release falsely inflated McAfee's prior business success to

aid Ladd's and the Honig group's scheme. (SAC ¶¶149-152.) Topic 7 is therefore irrelevant.

## VI.    Topic 8 Seeks Matters of Public Record and Irrelevant Information

Topic 8 seeks testimony about Corp. Fin.'s review of "all public filings made by MGT,"
(Ladd Decl., Ex. A at 6), with specific reference to those the SAC alleges are false and misleading:
MGT's November 2015 Form S-1, its April 2016 Form 10-K, its May 9, 2016 8-K attaching the
McAfee press release, and its May 23, 2016 Form 10-Q. (SAC ¶¶149, 154, 163-65.)

Even if relevant, Corp. Fin.'s review of those filings is largely a matter of public record,
reflected in the letters of Corp. Fin. staff to MGT, filed on Edgar. As to internal communications
regarding Corp. Fin.'s review of MGT filings, Ladd makes no relevance showing, asserting only that
"discussions by the SEC about the filings at issue are relevant to this case." (Br. at 7.) Ladd can seek
to disprove the SAC's allegations that MGT's relevant public filings fraudulently omitted the Honig
group's collective ownership of MGT stock (SAC ¶¶163-64) by adducing evidence that the Honig
group did not actually act as a group or to show that Ladd lacked the requisite scienter. Whatever
Corp. Fin. staff might have known about MGT's disclosures can have no bearing on the claims (or
defenses) here.

Ladd also claims that testimony regarding Corp. Fin.'s reaction to the fraudulent May 2016
Form 8-K (SAC ¶149) is relevant to his "defense that it was not materially misleading and that he
did not act with scienter in making that filing," but fails to explain how so. (Br. at 7.) Such internal
SEC communications could not be relevant to Ladd's scienter if he did not rely on them, which he
presumably did not because they were internal. Nor, as a matter of law, could such communications
be relevant to materiality. Materiality is viewed from the perspective of the "reasonable investor,"
Basic Inc. v. Levinson, 485 U.S. 224, 231-32 (1988), not the SEC staff, who neither advises investors
nor makes investment decisions.[8]

---

[8] The Commission assumes that Ladd withdraws the remaining topics in his Notice not raised in his Motion.

<u>CONCLUSION</u>

For the foregoing reasons, Ladd's Motion to Compel should be denied.

Dated:  New York, New York
        June 4, 2020

                                SECURITIES AND EXCHANGE
                                COMMISSION


                                By:      s/ Nancy A. Brown
                                         Nancy A. Brown
                                         Jack Kaufman
                                         Katherine Bromberg

                                New York Regional Office
                                200 Vesey Street, Suite 400
                                New York, New York 10281-1022
                                (212) 336-1023 (Brown)

                                Attorneys for Plaintiff

Appendix A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                                Plaintiff,                      17 Civ. 7424(PKC)

        -against-

                                                      <u>ORDER</u>

WILLIAM C. GENNITY and ROCCO
ROVECCIO,
                               Defendants.
-----------------------------------------------------------x

CASTEL, District Judge:

           Defendant Gennity has subpoenaed Ms. Lynne Eagan to testify as a fact witness

in this action.  It appears from her affidavit that Ms. Eagan has no personal knowledge of the

facts underlying this action and that her knowledge is limited to that acquired as Deputy

Securities Commissioner of the State of Montana.   The Court will grant a provisional protective

order in this action until such time as the Court concludes that defendant Gennity has made a

showing that Ms. Eagan has non-work product knowledge that is relevant to this matter.

           Similarly, the defendant seeks testimony from a witness designated by the

Securities and Exchange Commission ("SEC") under Rule 30(b)(6), Fed. R. Civ. P., on subjects

as broad as the factual allegations of the complaint.   There is no indication that any person

employed by the SEC has non-work product knowledge that is relevant to this matter.  The

documents and testimony that support the SEC's allegations are fair ground for discovery.  A

provisional protective order is granted until such time as the Court concludes that defendant

Gennity has made a showing that the SEC or any employee of the SEC has non-work product

knowledge that is relevant to this matter.

Letter motions, Doc 29 and 30, are terminated.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        March 20, 2018