UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                      Plaintiff,    :
                                                                    :    18 Civ. 8175 (ER)
              – against –    :
                                                                      :    ECF CASE
BARRY C. HONIG, ROBERT LADD,    :
ELLIOT MAZA, BRIAN KELLER,    :
JOHN H. FORD, GRQ CONSULTANTS, INC.    :
and HS CONTRARIAN INVESTMENTS, LLC,    :
                                      Defendants.    :
------------------------------------------------------------------------x

# STIPULATION AND [PROPOSED] ORDER

      **WHEREAS**, pursuant to Rules 29 and 30(b)(4) of the Federal Rules of Civil Procedure ("Rules"), Plaintiff Securities and Exchange Commission (the "Commission") and Defendant Robert Ladd ("Ladd") (each a "Party," and together, the "Parties"), wish to enter into stipulations as to the conduct of depositions in the litigation of this matter that are taken remotely;

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties hereto, by their respective attorneys, that:

      1.    The deponent will appear by audio-video teleconference from a location of his or her choosing. Any Party, or counsel for any Party, may appear by audio or audio-video teleconference. The court reporter and any videographer will participate by audio-video teleconference.

2. The deposition session may be recorded by audio-video, or stenographic means, or both. If recorded by video, the recording will focus on the deponent, not on anyone else who may be visible on a computer screen.

3. The oath of the deponent will be administered remotely by the court reporter, through audio-video means, and this oath shall have the same effect as if given in the physical presence of the deponent.

4. Only the official court reporter and videographer engaged for the deposition will create an audio or visual record of the deposition, and no attendee will attempt to separately create an audio or video record of the deposition through the use of the teleconference platform/application or otherwise. This paragraph is not intended to and does not prevent the attorneys or participants to the deposition from taking their own notes during the deposition.

5. At the request of any Party, at a mutually agreeable time within a week prior to the deposition date, the deponent, court reporter, and/or videographer shall conduct a "test run" to confirm that there are no technical problems associated with conducting the deposition remotely. Representatives from each Party will be permitted to attend any such test runs.

6. Counsel for the Party taking the deposition ("Taking Counsel") may supply a binder of expected exhibits in hard copy to the deponent at least one business day in advance of the deposition, and to the deponent's counsel if he or she so requests, <u>provided</u>, <u>however</u>, that any person receiving such binder agrees to open the package containing such binder only on the record at the deposition and not prior to that time. If any Party determines during the deposition that it will use any additional exhibit(s), such Party shall provide an electronic copy via email or file transfer protocol during the deposition, and may begin asking questions about any such

2

exhibit as soon as all other Parties attending the deposition have confirmed receipt of the exhibit and been afforded a reasonable opportunity to review it.

7. Counsel for the non-taking Party and the deponent's counsel who do not request a binder of expected exhibits will have all marked exhibits accessible in .pdf format during the deposition and prior to questioning on that exhibit in a dedicated folder maintained by the court reporter, unless the parties come to some other agreement regarding the pre-deposition provision of exhibits.

8. The deposition shall not commence until counsel for both Parties and for the deponent have been joined to the platform through which the deposition will take place.

9. To ensure optimal audio quality and minimize the risk of disruption, all attendees (other than the deponent) who are not actively involved in questioning shall mute their microphones unless and until they speak.

10. Once the deposition begins, if any counsel for either Party or for the deponent becomes inadvertently disconnected from the deposition—by audio, video, or both, because of technical difficulties—the fact of his or her being disconnected shall be noted on the record as soon as any attendee becomes aware of that issue and the deposition must immediately be suspended until the affected counsel has re-joined and has full access to both audio and video. The suspended time will not count against the seven-hour time limitations in Rule 30(d)(1), or those agreed to in advance by the Parties and deponent. The provisions of this paragraph do not apply to any purposeful disconnection from the deposition by counsel.

11. The court reporter and/or videographer will provide a telephone number for use by the attendees to inform the court reporter or videographer if counsel for any Party or the deponent becomes disconnected or is otherwise experiencing technical difficulties.

12. Any portion of the deposition that has been transcribed while counsel for any Party or the deponent is absent or experiencing technical difficulties as set forth in paragraph 9 must be re-read upon the resolution of the technical difficulty and that counsel must be given an opportunity to object to any questions that occurred in his or her absence.

13. If at any time the court reporter indicates that he or she is unable to effectively transcribe the deposition, the deposition shall be paused and the Parties will attempt to resolve the issues. The suspended time will not count against the seven-hour time limitations in Rule 30(d)(1), or those agreed to in advance by the Parties and the deponent. If the issues cannot be resolved to the satisfaction of the court reporter, the deposition will be suspended. The same rule applies to any technical difficulty that prevents the deponent or counsel for any Party or the deponent from hearing or seeing the deposition. If the issues cannot be resolved, then the deposition shall be suspended until the issues are resolved by the Court or through other means.

14. During the entirety of the deposition, the deponent will not view nor have access to any document or other data or material that was not one of the pre-marked exhibits provided or identified in advance of the deposition, unless the document is first identified and made part of the record.

15. While on the record during the deposition, there will be no communication by any counsel with the deponent, by text, chat, or otherwise, except for communications on the record.

16.     While on breaks during the deposition and off the record, however, the deponent may speak privately with the counsel representing him or her.  The deponent may also request, on the record, to speak privately to counsel if a pending question raises concerns for privilege or work product.  Such communications will take place by a separate, private audio or audio-visual conference that may not be accessed by the Parties.  During all breaks, the virtual deposition "room" shall remain open for the court reporter, videographer, or any other attendees who are not participating in a separate conference.  The suspended time will not count against the seven-hour time limitations in Rule 30(d)(1), or those agreed to in advance by the Parties and the deponent.

17.     Within one week following a deposition, the Parties will coordinate and agree on the exhibits marked or used during the deposition.  Because the Taking Party will pre-number the exhibits, but may not introduce all of them at the deposition, the parties agree that the final exhibits may not be sequentially numbered and that some gaps in the numbering of exhibits may exist.

18. The Parties agree that no deponent shall be required to have his or her signing of the errata sheet notarized to be deemed effective.

Dated:  New York, New York
        September 18, 2020

| ROBERT LADD | SECURITIES AND EXCHANGE COMMISSION |
|---|---|
| By:    s/ Adam C. Ford_____<br>            Adam C. Ford<br>Ford O'Brien, LLP<br>575 Fifth Avenue, Fl 17<br>New York, NY  10017<br><br>Attorneys for Defendant Robert Ladd | By:    s/ Nancy A. Brown_____<br>            Nancy A. Brown<br>200 Vesey Street<br>Suite 400<br>New York, NY  10281<br>212-336-0106<br><br>Attorneys for Plaintiff Securities and Exchange Commission |

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

6