UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION

                        Plaintiff,                Case No. 1:18-cv-08175-ER

v.

BARRY C. HONIG,
*et al.*

                        Defendants.
-------------------------------------------------------------x

## DEFENDANT ROBERT LADD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF SEC'S SECOND AMENDED COMPLAINT

      Defendant Robert Ladd ("Defendant"), through and by his counsel, Ford O'Brien, LLP, files this Answer and Affirmative Defenses to Plaintiff Securities and Exchange Commission's ("Plaintiff") Second Amended Complaint ("Complaint") as follows.  To the extent not explicitly admitted, all allegations of the Complaint are denied.[1]

## INTRODUCTION

      The Commission's first Complaint, filed in September 2018, alleged an elaborate pump-and-dump scheme involving twenty Defendants, purportedly masterminded by a well-known wall street investor, Barry Honig, involving three companies and their management, and conduct

---

[1] Defendants denies all titles, headings, footnotes, subheadings, and any other material not contained in numbered paragraphs unless otherwise noted.  Defendant also does not admit to the propriety of the various pseudonyms set forth in the Complaint.  When a document (or statements, conclusions, or other material references therefrom) is referenced in this Answer or the Complaint, it speaks for itself and Defendant denies any allegations or characterizations based on the document.  Defendant reserves all rights with regard to the existence, authenticity, accuracy, and admissibility of such documents.

that spanned six years.  As of today, the other nineteen Defendants have reached settlement agreements with the SEC, in which they neither admit nor deny any wrongdoing.  The sole remaining Defendant, Robert Ladd, has not reached an agreement with the SEC, because he has done nothing wrong.

Indeed, the SEC does not allege that Mr. Ladd was one of the investors led by Mr. Honig, or was a member of his "group."  Nor does it allege that Mr. Ladd engaged in any manipulative trading or false promotions.  As such, the Defendant lacks knowledge or information sufficient to form a belief about the truth of sweeping categories of allegations hereunder.  Instead, the SEC relies upon its allegations of wholly legal conduct by Mr. Ladd, which taken together, simply do not amount to a securities law violation.  At this stage of the litigation, after completing exhaustive discovery, including the extended deposition of Mr. Ladd, while simultaneously declining to depose any witness who might have first-hand knowledge of the allegations, the SEC will be unable to prove the truth of its allegations at trial.

The Commission's attempt to cast Mr. Ladd's conduct as acts of impropriety was rightfully thwarted from the outset, when this Court dismissed significant allegations of fraud against Mr. Ladd.  Further, agreeing to settle with the other nineteen Defendants without any Defendant admitting wrongdoing, and having had its allegations against Mr. Ladd trimmed in two decisions by this Court, the SEC cannot prove any violation of the securities laws.

The gravamen of the SEC's allegations is that Mr. Ladd failed to disclose in public filings that Mr. Honig and others investing with him were a "group" as defined under Section 13(d) of the Exchange Act.  But the filings at issue were all vetted by competent counsel aware of all material facts, and the SEC has not procured any evidence during discovery that either Honig and others were acting as a "group," or that the filings made by counsel were erroneous.  Instead,

the Commission points to just two emails where it found the word "group" used in a colloquial manner.  But as the SEC itself admits, Mr. Ladd was well versed in the requirements of Section 13(d), and his short-hand comments hardly constitute incriminating evidence that Mr. Ladd knew Mr. Honig and the other investors were operating as a group under Section 13(d).  Moreover, the Commission chooses to ignore the numerous other times that Mr. Honig's counsel and "Company B's" counsel told Mr. Ladd that Honig and the others were *not* investing as a group under the legal requirements of Section 13(d).  Mr. Ladd had no intention to violate the securities laws, nor did he do so.

In a similar approach, the Commission takes a laser focus to a single clause within a sentence in a press release, released by Mr. Ladd's company, referred to in the Complaint as "Company B," announcing a merger deal with an industry icon known worldwide as a technology innovator, John McAfee.  The Commission focuses on a drafting error that resulted in a singular inarticulate description of Mr. McAfee's past business dealings.  This remark was an aside and *pertained to information which was readily available in the public domain.*  In any event, it was corrected one week later.  The SEC attributes Company B's initial stock price increase to this one single clause, ignoring the entirety of the press release which was accurate. It now seeks to hold Mr. Ladd liable for violating the securities laws on account of this one unintentional drafting error.  In addition to promptly correcting the mistake, the press release had been sent to counsel for review prior to its release.  The fact that the mistake in the press release—on which the SEC now singularly relies—went undetected by counsel upon a final review speaks volumes to its insignificance, and certainly to its immateriality to an investor.

 Most damaging to this SEC red herring is a commonsense analysis of the price and volume of Company B's stock: The allegation completely ignores that at the time of the press

release and for the subsequent two years (indeed until the SEC filed its misguided Complaint

against Mr. Ladd), the performance of Company B's shares was consistently higher than at the

time of the initial press release.  The stock price also continued to rise, even after Mr. Ladd filed

forms publicly announcing the shares that he (and his father) sold.  The undisputable stock

market performance confirms the myopia of the SEC in its allegations of securities fraud against

Mr. Ladd.

With all other substantive allegations having fallen away, the Commission is now left

with nothing but its accusations of Mr. Ladd having filed forms publicly containing immaterial

inaccuracies regarding the number of shares he sold and the date they were sold.  These

immaterial mistakes simply cannot and do not amount to securities fraud.  Mr. Ladd's previously

unblemished career and reputation have been indelibly scarred by this lawsuit, and Company B

stockholders have suffered irreparable harm by the over-zealousness of the SEC.  It is

unfortunate that an agency created for the purpose of protecting investors continues to prosecute

its case against Mr. Ladd, knowing that it lacks any evidence, other than proof of what amounts

to some immaterial filing errors.

## ANSWER

1 through 5.

To the extent the allegations in Paragraphs 1 through 5 concern other parties, Defendant

lacks knowledge or information sufficient to form a belief about the truth of the allegations and

therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraphs 1

through 5 of the Complaint.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.  To the extent the allegations in Paragraph 6 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.  To the extent the allegations in Paragraph 7 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations. Plaintiff mischaracterizes the contents of Company B's public filings and to the extent the allegations in Paragraph 7 refer to those filings, Defendant refers to the documents themselves for an accurate and complete statement of their contents.  Defendant otherwise denies the allegations in Paragraph 7 of the Complaint.

8.      To the extent the allegations in Paragraph 8 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 8 of the Complaint.

9.       Defendant denies the allegations in Paragraph 9.  Pursuant to the Court's January 27, 2021 Opinion and Order (the "1/27/21 Order"), the claims against Defendant in Paragraph 9 with respect to the Relatives' accounts and those regarding SEC Forms filed in 2015 have been dismissed, and therefore, cannot form the basis for any claim against Defendant.  Therefore, Defendant is not required to respond to such allegations.

## VIOLATIONS[2]

10.     Paragraph 10 contains no allegations and therefore no response is necessary. Insofar as Paragraph 10 contains any allegations which require a response, Defendant denies all allegations.

11 through 14.

To the extent the allegations in Paragraphs 11 through 14 state legal conclusions, no response is required.  To the extent the allegations in Paragraphs 11 through 14 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraphs 11 through 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16 through 23.

To the extent the allegations in Paragraphs 16 through 23 state legal conclusions, no response is required.  To the extent the allegations in Paragraphs 16 through 23 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraphs 16 through 23 of the Complaint.

24.     Paragraph 24 of the Complaint contains a summary of the Complaint to which no responsive pleading is required.  Defendant denies that Plaintiff is entitled to any relief sought in the Complaint.

---

[2] Mr. Ladd notes that with respect to the Commission's alleged violations of law by the other nineteen defendants, those defendants may not admit or deny those allegations pursuant to their settlement agreements.

25.     To the extent the allegations in Paragraph 25 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations. Defendant otherwise denies the allegations in Paragraph 25 of the Complaint.

## JURISDICTION AND VENUE

26.     To the extent the allegations in Paragraph 26 state legal conclusions, no response is required.

27.     To the extent the allegations in Paragraph 27 state legal conclusions, no response is required.  To the extent the allegations in Paragraph 27 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 27 of the Complaint.

28.     To the extent the allegations in Paragraph 28 state legal conclusions, no response is required.  To the extent the allegations in Paragraph 28 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 28 of the Complaint.

## THE DEFENDANTS

29 through 31.

Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraphs 29 through 31 of the Complaint and therefore denies the allegations.

32.     Defendant admits that he was born in 1958, and that he is a resident of Raleigh, North Carolina.  Defendant further admits that at all relevant times, he was a resident of Chappaqua, New York.  To the extent that the allegations in Paragraph 32 refer to Company B Commission filings, Defendant refers to the Commission filings themselves for an accurate and complete statement of their contents.

33.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and therefore, denies the allegations.

34 through 41.

Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraphs 34 through 41 of the Complaint and therefore denies the allegations.

## OTHER RELEVANT PERSONS AND ENTITIES

42.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint and therefore denies the allegations.

43.     Defendant admits that "Company B" is a Delaware corporation headquartered in Durham, North Carolina, formerly headquartered in Harrison, New York, and was incorporated in 2000.  Defendant further admits that at all relevant times, its common stock was registered with the Commission pursuant to Exchange Act Section 12(b) [15 U.S.C. § 78l(b)], and it is now registered under Exchange Act Section 12(g) [15 U.S.C. 78l(g)].  Defendant also admits that Company B's common stock was listed on NYSE-MKT from 2007 until October 19, 2016, and that its stock is currently quoted on OTC Link.  To the extent that the allegations in Paragraph 43 refer to Company B's periodic reports, including Forms 10-K and 10-Q, filed with the Commission, Defendant refers to those reports.

44 through 45.

Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraphs 44 through 45 of the Complaint and therefore denies the allegations.

46.     To the extent the allegations in Paragraph 46 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 46 of the Complaint.

47 through 48.

Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraphs 47 through 48 of the Complaint, and therefore, denies the allegations.

## BACKGROUND

49 through 56.

To the extent the allegations in Paragraphs 49 through 56 state legal conclusions, no response is required.  To the extent the allegations in Paragraphs 49 through 56 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraphs 49 through 56 of the Complaint.

## FACTS

57 through 128.

To the extent the allegations in Paragraphs 57 through 128 concern other parties, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraphs 57 through 128 of the Complaint, and therefore, denies the allegations.

129.     Defendant admits that in October 2012, Company B engaged in a $4.5 million PIPE transaction.  Plaintiff mischaracterizes the terms of that transaction and Defendant therefore denies any such allegations in Paragraph 129.  Defendant further admits that Honig emailed him on October 11, 2012.  To the extent the allegations in Paragraph 129 refer to that email, Defendant refers to the document itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 129 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 129 of the Complaint.

130.     To the extent the allegations in Paragraph 130 refer to a website, Defendant refers to the website itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 130 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 130 of the Complaint.

131.     To the extent the allegations in Paragraph 131 refer to a Form S-3 Registration Statement, Defendant refers to the Statement itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 131 concern other parties, Defendant lacks

knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 131 of the Complaint.

132.    To the extent the allegations in Paragraph 132 refer a website, Defendant refers to the website itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 132 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 132 of the Complaint.

133.    Defendant admits that he agreed to be interviewed by Ford for the November 2012 *Seeking Alpha* article, and spoke to Ford several times before the article's publication.  To the extent any of the allegations in Paragraph 133 allege or insinuate impropriety by Defendant, Defendant denies each and every such allegation.  To the extent the allegations in Paragraph 133 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 133 of the Complaint.

134.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 134 of the Complaint, and therefore, denies the allegations, except admits that Company B settled its patent lawsuits after April 11, 2013.

135 through 136.

To the extent the allegations in Paragraphs 135 through 136 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations, and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraphs 135 through 136 of the Complaint.

137.    Defendant admits that on October 1, 2015, he emailed Honig regarding an NYSE MKT inquiry.  To the extent the allegations in Paragraph 137 refer to that email, Defendant refers to the email itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 137 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 137 of the Complaint.

138.    Defendant admits that on October 4, 2015, Ladd emailed Company B's Directors. To the extent the allegations in Paragraph 138 refer to that email, Defendant refers to the email itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 138 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 138 of the Complaint.

139.    Defendant admits that on October 8, 2015, Company B filed a Form 8-K with the Commission.  To the extent the allegations in Paragraph 139 refer to that Form 8-K, Defendant refers to the Form 8-K itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 139 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 139 of the Complaint.

140.    Defendant admits that on September 29, 2015, he emailed Company B counsel, Stetson, Honig and Company B's CFO.  Defendant further admits that he emailed Company B's Directors on October 4, 2015.  To the extent the allegations in Paragraph 140 refer to either the September 29, 2015 email or the October 4, 2015 email, Defendant refers to those emails themselves for an accurate and complete statement of their contents.  Defendant further admits that he emailed Honig in November 2015.  To the extent the allegations in Paragraph 140 refer to that email, Defendant refers to the email itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 140 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations. Defendant otherwise denies the allegations in Paragraph 140 of the Complaint.

141.    Defendant admits that by September 2015, he had a general awareness of the requirements of Section 13(d).  Defendant further admits that he reviewed a letter dated July 3, 2014.  To the extent the allegations in Paragraph 141 refer to that letter, Defendant refers to the letter itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 141 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 141 of the Complaint.

142.    Defendant admits that in late November 2015, he opened an account at E*Trade and placed Company B stock into that account.  Defendant otherwise denies the allegations in Paragraph 142 of the Complaint.

143.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 143 of the Complaint, and therefore, denies the allegations.

144.    Defendant admits that on or around January 21, 2016, Company B wired $125,000 to an individual engaged in investor awareness.  To the extent any of the allegations in Paragraph 144 allege or insinuate impropriety by Defendant, Defendant denies each and every such allegation.  To the extent the allegations in Paragraph 144 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 144 of the Complaint.

145.    Defendant admits that between February 3 and April 6, 2016, he sold 96,072 Company B shares for proceeds of $39,204.12.  To the extent the allegations in Paragraph 145 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 145 of the Complaint.

146.    To the extent the allegations in Paragraph 146 concern other parties, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 146 of the Complaint, and therefore, denies the allegations.

147.    To the extent the allegations in Paragraph 147 concern other parties, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 147 of the Complaint, and therefore, denies the allegations.

148.    Defendant admits that Company B and the Cybersecurity Innovator agreed to terms on May 8, 2016.  To the extent the allegations in Paragraph 148 concern other parties, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 148 of the Complaint, and therefore, denies the allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 148 of the Complaint.

149.    Defendant admits that on May 9, 2016, Company B issued a press release announcing its merger with CI Company, and attached it to a Form 8-K, signed by Defendant, filed that same day with the Commission.  To the extent the allegations in Paragraph 149 refer to that press release and/or that Form 8-K, Defendant refers to the documents themselves for an accurate and complete statement of their contents.  To the extent the allegations in Paragraph 149 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 150 of the Complaint, and therefore, denies the allegations.

151.    Defendant admits that Company B had paid StockBeast.com for the article released that same day.  To the extent the allegations in Paragraph 151 refer to that article, Defendant refers to the document itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 151 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 151 of the Complaint.

152.    To the extent the allegations in Paragraph 152 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 152 of the Complaint.

153.    Defendant admits that each of Honig, Brauser, Stetson and O'Rourke negotiated with him from May 10 to May 12, 2016 regarding exercising their Company B warrants.  To the

extent any of the allegations in Paragraph 153 allege or insinuate impropriety by Defendant, Defendant denies each and every such allegation.  Pursuant to the 1/27/21 Order, the allegations in Paragraph 153 which refer to Defendant's "Relatives" do not support any claims in the Complaint against Defendant, and therefore, Defendant is not required to respond to such allegations.  To the extent the allegations in Paragraph 153 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 153 of the Complaint.

154.    Defendant admits that Company B filed a Form 10-Q with the Commission on May 23, 2016.  To the extent the allegations in Paragraph 154 refer to that Form 10-Q, Defendant refers to the document itself for an accurate and complete statement of its contents. To the extent the allegations in Paragraph 154 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 154 of the Complaint.

155.    To the extent the allegations in Paragraph 155 refer to any Company B public filings, Defendant refers to such filings themselves for an accurate and complete statement of their contents.  Defendant denies that the contents of any such public filings lacked any legally required disclosures.  To the extent the allegations in Paragraph 155 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 155 of the Complaint.

156.    Defendant admits that Company B filed an August 14, 2015 Form 10-Q.  To the extent the allegations in Paragraph 156 refer to that Form 10-Q, Defendant refers to the Form 10-Q itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 156 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 156 state purported legal conclusions, no response is required.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 156 of the Complaint.

157.    Defendant admits that on October 1, 2015, he exchanged emails with Honig.  To the extent the allegations in Paragraph 157 involve that email exchange, Defendant refers to the document itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 157 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 157 of the Complaint.

158.    To the extent the allegations in Paragraph 158 concern other parties, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 158 of the Complaint, and therefore, denies the allegations.  Defendant denies the remaining allegations in Paragraph 158 of the Complaint.

159.    To the extent the allegations in Paragraph 159 state purported legal conclusions, no response is required.  To the extent the allegations in Paragraph 159 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations, and therefore, denies such allegations.  Defendant denies the remaining allegations in Paragraph 159 of the Complaint.

160.    To the extent the allegations in Paragraph 160 state purported legal conclusions, no response is required.  To the extent the allegations in Paragraph 160 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant denies the remaining allegations in Paragraph 160 of the Complaint.

161 through 162.

To the extent the allegations in Paragraphs 161 through 162 concern other parties, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraphs 161 through 162 of the Complaint, and therefore, denies the allegations.  To the extent the allegations in Paragraphs 161 through 162 state purported legal conclusions, no response is required.  Defendant denies the remaining allegations in Paragraphs 161 through 162 of the Complaint.

163.    Defendant admits that on November 6, 2015, Company B filed a Form S-1 registration statement with the Commission.  Defendant denies the Form S-1 filed with the Commission lacked legally required disclosures.  To the extent the allegations in Paragraph 163 refer to that SEC filing, Defendant refers to the document itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 163 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 163 state purported legal conclusions, no response is required.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 163 of the Complaint.

164.     Defendant admits that Company B's 2015 Form 10-K was filed with the Commission on April 14, 2016.  Defendant denies the Form 10-K filed with the Commission lacked legally required disclosures.  To the extent the allegations in Paragraph 164 refer to that SEC filing, Defendant refers to the document itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 164 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 164 state purported legal conclusions, no response is required.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 164 of the Complaint.

165.     Defendant denies the allegations in Paragraph 165 of the Complaint.  To the extent the allegations in Paragraph 165 state purported legal conclusions, no response is required.  To the extent the allegations in Paragraph 165 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.

166.     Defendant admits that he held three brokerage accounts in his own name through which he traded Company B securities: an IRA account at TD Ameritrade that he opened in December 2008; another TD Ameritrade account that he opened in January 2013; and an account at E*Trade that he opened in November 2015.  To the extent the allegations in Paragraph 166 refer to the application in connection with the account at E*Trade that he opened in November 2015, Defendant refers to the document itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 166 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and

therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 166 of the Complaint.

167.    Pursuant to the 1/27/21 Order, the allegations in Paragraph 167 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations.

168.    Defendant admits that between May 9 and May 12, 2016, he sold 435,000 Company B shares in his E*Trade Account, for proceeds of $414,448.39.  Pursuant to the 1/27/21 Order, the remaining allegations in Paragraph 168 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations. Except as explicitly admitted, Defendant denies the allegations in Paragraph 168 of the Complaint.

169.    Pursuant to the 1/27/21 Order, the allegations in Paragraph 169 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations.

170.    To the extent the allegations in Paragraph 170 state purported legal conclusions, no response is required. Pursuant to the 1/27/21 Order, the allegations in Paragraph 170 which refer to Ladd's Relatives' Account cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations.  Defendant otherwise denies the allegation in Paragraph 170.

171.    To the extent the allegations in Paragraph 171 state purported legal conclusions, no response is required.  Pursuant to the 1/27/21 Order, the remaining allegations in Paragraph 171 cannot form the basis for any claim against Defendant, and therefore, Defendant is not

required to respond to such allegations.  Defendant otherwise denies the allegations in Paragraph 171 of the Complaint.

172.     Defendant admits that: on May 9, 2016, 40,000 Company B shares were sold from Robert B. Ladd's E*TRADE Account; on May 10, 2016, 120,000 Company B shares were sold from Robert B. Ladd's E*TRADE Account; on May 11, 2016, 230,000 Company B shares were sold from Robert B. Ladd's E*TRADE Account, and; on May 12, 2016, 45,000 Company B shares were sold from Robert B. Ladd's E*TRADE Account.  Pursuant to the 1/27/21 Order, the remaining transactions in Paragraph 172 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations.  Except as explicitly admitted, Defendant denies all allegations in Paragraph 172 of the Complaint.

173.     Defendant admits that during the week of May 9, Company B stock's average trading volume was 31 million shares.  To the extent the allegations in Paragraph 173 state purported legal conclusions, no response is required.  To the extent the allegations in Paragraph 173 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations. Except as explicitly admitted, Defendant denies all allegations in Paragraph 173 of the Complaint.

174.     To the extent the allegations in Paragraph 174 state purported legal conclusions, no response is required.  To the extent the allegations in Paragraph 174 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 174 of the Complaint.

175.    Pursuant to the 1/27/21 Order, the allegations in Paragraph 175 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations.  Defendant otherwise denies the allegations in Paragraph 175 of the Complaint.

176.    Defendant admits that he filed a Form 144 within the time frame alleged.  To the extent the allegations in Paragraph 176 refer to that Form 144, Defendant refers to the document itself for an accurate and complete statement of its contents.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 176 of the Complaint.

177.    Defendant admits that he signed and submitted the Ladd Form 144 on or about May 25, 2016.  To the extent the allegations in Paragraph 177 refer to the Ladd Form 144, Defendant refers to the document itself for an accurate and complete statement of its contents. Except as explicitly admitted, Defendant denies the allegations in Paragraph 177 of the Complaint.

178.    Defendant admits that he signed and submitted the Ladd Form 144 on or about May 25, 2016.  To the extent the allegations in Paragraph 178 refer to the Ladd Form 144, Defendant refers to the document itself for an accurate and complete statement of its contents. Pursuant to the 1/27/21 Order, the remaining allegations in Paragraph 178 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 178 of the Complaint.

179.    Defendant admits that on or about May 31, 2016, he filed a Form 4 with the Commission.  To the extent the allegations in Paragraph 179 refer to the Ladd Form 144, Defendant refers to the document itself for an accurate and complete statement of its contents.

Defendant further admits that he made no Company B stock sales on May 25, 20016.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 179 of the Complaint.

180.    Defendant denies the allegations in Paragraph 180 of the Complaint.  Pursuant to the 1/27/21 Order, the allegation in Paragraph 180 which refers to Relative B's Form 144 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations. To the extent the allegations in Paragraph 180 state purported legal conclusions, no response is required.

181.    To the extent the allegations in Paragraph 181 state purported legal conclusions, no response is required.  To the extent the allegations in Paragraph 181 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 181 of the Complaint.

182.    Pursuant to the 1/27/21 Order, the allegations in Paragraph 182 which pertain to Forms 4 filed on October 7, 2015 and December 1, 2015 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations. Defendant denies the remaining allegations in Paragraph 182 of the Complaint.

183.    Defendant admits that on or about May 31, 2016, he filed a Form 4 with the Commission.  To the extent the allegations in Paragraph 183 refer to the Ladd Form 4, Defendant refers to the document itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 183 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 183 of the Complaint.

184.     To the extent the allegations in Paragraph 184 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 184 of the Complaint.

185.     Defendant admits that on January 10, 2012, he filed a Schedule 13D/A with the Commission.  To the extent the allegations in Paragraph 185 refer to that Schedule 13D/A, Defendant refers to the Schedule itself for an accurate and complete statement of its contents. Defendant further admits that Company B's 2015 Form 10-K was filed on April 14, 2016.  To the extent the allegations in Paragraph 185 refer to that Form 10-K, Defendant refers to the Form 10-K itself for an accurate and complete statement of its contents.  To the extent the allegations in Paragraph 185 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  Except as explicitly admitted, Defendant denies the allegations in Paragraph 185 of the Complaint.

186 through 221.

Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 186 through Paragraph 221 of the Complaint and therefore denies the allegations.

**FIRST CLAIM FOR RELIEF**
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5**
**(Against Honig, GRQ, HSCI and Maza)**

222.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 221 above.

223 through 226.

To the extent the allegations in Paragraphs 223 through 226 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 223 through 226 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 223 through 226 of the Complaint.

## SECOND CLAIM FOR RELIEF
### Violations of Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c)
### (Against Brauser, Stetson, O'Rourke, Grander, SCI and ATG)

227.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 226 above.

228 through 232.

To the extent the allegations in Paragraphs 228 through 232 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 228 through 232 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 228 through 232 of the Complaint.

## THIRD CLAIM FOR RELIEF
### Violations of Section 17(a)(1) - (3) of the Securities Act
### (Against Honig, GRQ, HSCI and Maza)

233.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 232 above.

234 through 237.

To the extent the allegations in Paragraphs 234 through 237 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 234 through 237 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 234 through 237 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**Violations of Sections 17(a)(1) and (3) of the Securities Act**
**(Against Brauser, Stetson, O'Rourke, Grander, SCI and ATG)**

238.     Defendant repeats and re-alleges and incorporates by reference each of the

answers in Paragraphs 1 through 237 above.

239 through 243.

To the extent the allegations in Paragraphs 239 through 243 are directed to or concern

other parties, Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in

Paragraphs 239 through 243 state legal conclusions, no response is required.  Defendant

otherwise denies the allegations in Paragraphs 239 through 243 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**Violations of Section 10(b) of the Exchange Act and Rule 10b-5(b)**
**(Against Ford, Ladd and Keller)**

244.     Defendant repeats and re-alleges and incorporates by reference each of the

answers in Paragraphs 1 through 243 above.

245 through 246.

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations, and therefore, denies such allegations.  To the extent the allegations in

Paragraphs 245 through 246 state purported legal conclusions, no response is required.

Defendant otherwise denies the allegations in Paragraphs 245 through 246 of the Complaint.

247.     Defendant denies the allegations in Paragraph 247.  Pursuant to the 1/27/21 Order,

the allegations in Paragraph 247 with respect to the Relative A's and Relative B's accounts and

those regarding SEC Forms filed in 2015 cannot form the basis for any claim against Defendant,

and therefore, Defendant is not required to respond to such allegations.  To the extent the

allegations in Paragraph 247 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 247 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 247 of the Complaint.

248.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 248 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 248 of the Complaint.

249.    To the extent the allegations in Paragraph 249 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  Defendant otherwise denies the allegations in Paragraph 249 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### Violations of Section 17(a)(2) of the Securities Act
### (Against Ford, Ladd and Keller)

250.    Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 249 above.

251.    To the extent the allegations in Paragraph 251 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  To the extent the allegations in Paragraph 251 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 251 of the Complaint.

252.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  To the extent the allegations in Paragraph 252 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 252 of the Complaint.

253.     Defendant denies the allegations in Paragraph 253.  Pursuant to the 1/27/21 Order, the allegations in Paragraph 253 with respect to the Relative A's and Relative B's accounts and those regarding SEC Forms filed in 2015 cannot form the basis for any claim against Defendant, and therefore, Defendant is not required to respond to such allegations.  To the extent the allegations in Paragraph 253 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 253 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 253 of the Complaint.

254 through 255.

To the extent the allegations in Paragraphs 254 through 255 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 254 through 255 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 254 through 255 of the Complaint.

### SEVENTH CLAIM FOR RELIEF
### Aiding and Abetting Violations of Section 10(b) of the Exchange Act
### and Rules 10b-5(a) and (c)
### (Against Ladd and Keller)

256.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 255 above.

257 through 260.

To the extent the allegations in Paragraphs 257 through 260 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 257 through 260 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 257 through 260 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
**Aiding and Abetting Violations of Sections 17(a)(1) and (a)(3) of the Securities Act**
**(Against Ladd and Keller)**

261.    Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 260 above.

262.    To the extent the allegations in Paragraph 262 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 262 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 262 of the Complaint.

263.    Defendant denies the allegations in Paragraph 263 of the Complaint.

264.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 264, and therefore, denies such allegations.  To the extent the allegations in Paragraph 264 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 264 of the Complaint.

265.    To the extent the allegations in Paragraph 265 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 265 state purported

legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 265 of the Complaint.

## NINTH CLAIM FOR RELIEF
### Violations of Section 9(a)(1) of the Exchange Act
### (Against Honig)

266.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 265 above.

267 through 269.

To the extent the allegations in Paragraphs 267 through 269 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 267 through 269 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 267 through 269 of the Complaint.

## TENTH CLAIM FOR RELIEF
### Violations of Section 9(a)(2) of the Exchange Act
### (Against Honig)

270.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 269 above.

271 through 273.

To the extent the allegations in Paragraphs 271 through 273 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 271 through 273 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 271 through 273 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF
### Unregistered Offering or Sale of Securities in
### Violation of Sections 5(a) and (c) of the Securities Act
### (Against Honig and Ladd)

274.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 273 above.

275.     To the extent the allegations in Paragraph 275 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 275 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 275 of the Complaint.

276.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 276 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 276 of the Complaint.

277.     To the extent the allegations in Paragraph 277 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 277 of the Complaint.

278.     To the extent the allegations in Paragraph 278 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 278 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 278 of the Complaint.

**TWELFTH CLAIM FOR RELIEF**
**Violations of Section 13(d) of the Exchange Act and Rule 13d-1(a)**
**(Against Honig, Brauser, Stetson, O'Rourke, ATG, GRQ, Grander, HSCI and SCI)**

279.    Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 278 above.

280.    To the extent the allegations in Paragraph 280 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 280 of the Complaint.

281 through 284.

To the extent the allegations in Paragraphs 281 through 284 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 281 through 284 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 281 through 284 of the Complaint.

285.    To the extent the allegations in Paragraph 285 are directed to or concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  To the extent the allegations in Paragraph 285 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 285 of the Complaint.

**THIRTEENTH CLAIM FOR RELIEF**
**Violations of Section 13(d) of the Exchange Act and Rule 13d-2**
**(Against Ladd)**

286.    Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 285 above.

287.     To the extent the allegations in Paragraph 287 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 287 of the Complaint.

288.     To the extent the allegations in Paragraph 288 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 288 of the Complaint.

289.     Defendant denies the allegations in Paragraph 289 of the Complaint.

**FOURTEENTH CLAIM FOR RELIEF**
**Aiding and Abetting Violations of Section 13(a) of the Exchange Act**
**and Rules 12b-20 and 13a-1**
**(Against Ladd)**

290.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 289 above.

291.     To the extent the allegations in Paragraph 291 state purported legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 291 of the Complaint.

292.     To the extent the allegations in Paragraph 292 concern other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraph 292 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 292 of the Complaint.

293.     Defendant denies the allegations in Paragraph 293 of the Complaint.

## FIFTEENTH CLAIM FOR RELIEF
### Aiding and Abetting Violations of Section 15(d) of the Exchange Act
### and Rule 15d-1
### (Against Maza and Keller)

294.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 293 above.

295 through 297.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  To the extent the allegations in Paragraphs 295 through 297 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 295 through 297 of the Complaint.

## SIXTEENTH CLAIM FOR RELIEF
### Violations of Section 17(b) of the Securities Act
### (Against Ford)

298.     Defendant repeats and re-alleges and incorporates by reference each of the answers in Paragraphs 1 through 297 above.

299 through 300.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore, denies such allegations.  To the extent the allegations in Paragraphs 299 through 300 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraphs 299 through 300 of the Complaint.

301.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore, denies such allegations.  To the extent the allegations in Paragraph 301 state legal conclusions, no response is required.  Defendant otherwise denies the allegations in Paragraph 301 of the Complaint.

## SEVENTEENTH CLAIM FOR RELIEF
### Violations of Exchange Act Section 16(a) and Rule 16a-3 Thereunder
### (Against Ladd)

302.    Defendant repeats and re-alleges and incorporates by reference each of the

answers in Paragraphs 1 through 301 above.

303.    To the extent the allegations in Paragraph 303 state legal conclusions, no response

is required.  Defendant otherwise denies the allegations in Paragraph 303 of the Complaint.

304.    Defendant denies the allegations in Paragraph 304 of the Complaint.

## PRAYER FOR RELIEF

305.    To the extent that any response is required to Plaintiff's Prayer for Relief,

Defendant denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

306.    Plaintiff fails to state a cause of action upon which relief may be granted.

307.    The claims are barred, in whole or in part, by the equitable principles of laches,

waiver and/or estoppel.

308.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands and

lack of good faith.

309.    Plaintiff's claims are barred in whole or in part because Defendant acted in good

faith and with good cause at all times.

310.    Plaintiff's claims are barred in whole or in part because Defendant relied in good

faith upon the judgment, advice, and counsel of professionals.

311.    At all relevant times, any information alleged to have been false or misleading

was publicly disclosed or in the public domain and, as such, was at all times accurately reflected

in the statements or press releases issued by Defendant or by Company B at Defendant's direction.

312.    Defendant reserves the right to assert additional defenses which may arise during the course of this litigation.

## JURY TRIAL

Defendant hereby requests a trial by jury on all claims asserted against him in the Complaint.

WHEREFORE Defendant respectfully requests that the Court enter an order:

a.    Dismissing each of Plaintiff's claims with prejudice;

b.    Awarding Defendant the costs of this action, including attorney's fees, court costs and collection expenses; and

c.    Awarding Defendant such further relief as the Court deems just and proper.

Dated: February 26, 2021

Respectfully submitted,

FORD O'BRIEN, LLP

Adam C. Ford, Esq.
Kevin J. O'Brien, Esq.
575 Fifth Ave, Fl. 17
New York, NY 10017
Tel: (212) 858-0040
aford@fordobrien.com
kobrien@fordobrien.com