

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 4/1/2021

March 31, 2021

**Via ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**, last page.

Re:   SEC v. Honig, et al., No. 18 Civ. 8175 (ER) (S.D.N.Y.)

Dear Judge Ramos:

In advance of the scheduled April 6, 2021 conference, pursuant to the Court's Individual Practice Rule 2.A.ii., Plaintiff Securities and Exchange Commission ("Commission") respectfully requests a pre-motion conference regarding its proposed motions (1) to strike an affirmative defense under Fed. R. Civ. P. 12(f); and (2) for partial summary judgment (as previously outlined in the Commission's January 8, 2021 letter (DE 271)).

The grounds for the Commission's proposed motion for partial summary judgment remain unchanged.[1]  As to its proposed motion to strike, the Commission seeks to strike from Defendant Ladd's Amended Answer (DE 281 ("Answer")) his affirmative defense that he "relied in good faith upon the judgment, advice, and counsel of professionals" — as well as all references in his Answer to such reliance — in light of Ladd's refusal to waive attorney-client privilege, or obtain such a waiver from applicable third parties, regarding his communications with such "professionals."  In asserting that defense, Ladd has put at issue the alleged legal advice he received.  If allowed to bar the Commission from full discovery regarding the nature and circumstances of that advice, Ladd would unfairly wield the privilege as both sword and shield:  Ladd could present to the jury a version of events that serves his defense, but insulate himself from pertinent cross examination that could negate his good faith, resulting in undue prejudice to the Commission.

**Relevant Background**

The Commission's Second Amended Complaint alleges in part that Ladd, the CEO and director of MGT Capital Investments, Inc. ("MGT"), fraudulently failed to disclose in MGT's SEC filings that Defendant Barry Honig and his co-investors (the "Honig Group") were acting as a "group" to control MGT's management and policies.  (E.g., Complaint ¶¶ 163-65.)  In its January 27, 2021 Opinion & Order, the Court denied Ladd's motion to dismiss that claim.  (DE 275 at 15-16.)

**Ladd's Answer, Deposition Testimony and Claims of Privilege**

Ladd's Answer asserts the following "affirmative defense":  "Plaintiff's claims are barred in

---

[1] In the interests of efficiency and because Ladd has advised that his advice-of-counsel defense does not apply to any non-scienter-based claims, we now plan to move for partial summary judgment on all aspects of our Section 5 claims against Ladd, including those relating to his sales in his father's account.

Hon. Edgardo Ramos  March 31, 2021
Page 2

whole or in part because Defendant relied in good faith upon the judgment, advice and counsel of professionals." (Id. ¶ 310.)  The Answer elsewhere makes it plain that, by "professionals," Ladd means at least attorneys (either his own, MGT's, or others').  And, in the narrative "Introduction," Ladd alleges that he "had no intention to violate the securities laws," because there were "times that Mr. Honig's counsel and [MGT's] counsel told Mr. Ladd that Honig and the others were *not* investing as a group under the legal requirements of Section 13(d)." (Id., at 3 (emphasis in original).)  Elsewhere, Ladd's Answer alleges that "the filings at issue were all vetted by competent counsel *aware of all material facts*," (id., at 2) (emphasis supplied); and that Ladd's allegedly fraudulent May 9, 2016 press release "had been sent to counsel for review prior to its release." (Id., at 3.)

Consistent with his Answer, Ladd testified at his deposition that he relied on advice of counsel.  Asked for the basis on which Ladd concluded that Honig and his co-investors had not acted as a "group," Ladd testified that he had sought and obtained advice of counsel that they had not:

Q: You said . . . that it had been represented to you that they weren't acting as a legal group or acting in concert.  Who made those representations to you?

A: . . . Based on the advice of my counsel, that was also a conclusion that I was able to reach.  My counsel had the luxury, if you will, of also having a partner who was counsel for that, for Barry Honig, and that advice, or the outcome of that advice, was also that they were not acting in concert.

Nonetheless, Ladd has steadfastly claimed privilege over any of the details underlying and relating to the advice.  At his deposition, immediately following the testimony quoted above, Commission counsel asked Ladd whether he was thus "waiving privilege as to your communications with counsel about this topic."  Ladd's counsel responded that Ladd was not waiving the privilege.

Ladd likewise invoked the privilege in response to SEC document requests. According to his privilege log, Ladd withheld, among other things, communications "gathering and providing information for the purpose of requesting and rendering legal advice regarding [MGT] SEC filings" and regarding "review of draft press release [and] trading activity."[2]

In a meet and confer on March 8, 2021, the Commission asked Ladd to waive his attorney-client privilege regarding withheld documents and testimony relating to his Affirmative Defense and to obtain such waivers from applicable third parties.[3]  Ladd's counsel declined, maintaining that his Affirmative Defense did not trigger such a waiver.

**The Court Should Either Strike Ladd's Reliance Defense or Order Ladd to Obtain All Privilege Waivers Necessary to Permit the Commission to Take Full Discovery.**

Ladd's Answer asserts a classic advice-of-counsel defense, which requires waiver of all

---

[2] From his production and his privilege log, it appears that Ladd has made a selective waiver by producing some substantive communications on which MGT's or Honig's lawyers are copied, and withholding others.  If so, Ladd has waived any privilege, and he should produce all communications pertaining to the subject matter of the produced documents.  Stolarik v. NY Times Co., No. 17 Civ. 5083 (PGG), 2019 WL 4565070, at *3 (S.D.N.Y. Sept. 20, 2019) ("[W]hen there has been a selective disclosure . . . , courts typically find the party has waived privilege as to all documents pertaining to the subject disclosed.") (quotations omitted).

[3] Ladd's privilege log does not indicate that the asserted privilege is MGT's, but at least as to MGT's SEC filings, the counsel listed represented the company, not Ladd.

Hon. Edgardo Ramos March 31, 2021
Page 3

applicable privileges.[4] In re Kidder Peabody Secs. Litig., 168 F.R.D. 459, 470 (S.D.N.Y. 1996) (assertion of defense deems waiver of privilege). In claiming that he relied on the advice of his, MGT's, or Honig's counsel to conclude that Honig and his co-investors were not acting as a "group," Ladd seeks to rebut the Commission's evidence that he acted with intent to defraud by hiding the Honig Group's status from investors. To permit the Commission to take adequate discovery on that defense, fairness dictates that Ladd both (1) waive any personal attorney-client privilege applicable to such allegations; and (2) to the extent Ladd asserts reliance on MGT's or Honig's counsel, obtain privilege waivers from both of those parties as well. See United States v. Wells Fargo, 132 F. Supp. 3d 558, 566 (S.D.N.Y. 2015) (employee barred from asserting reliance on advice of corporation's counsel in light of corporation's "refusal to waive its attorney-client privilege").

These waiver requirements apply even if Ladd's defense raises something short of a classic advice-of-counsel defense (although it is difficult to see how it could). A claim of good faith that puts counsel's advice at issue – as Ladd's does here by citing the advice as the basis for his good faith -- waives the privilege, so that the nature and circumstances surrounding that advice can be explored. See Abromavage v. Deutsche Bank Secs., Inc., No. 18 Civ. 6621 (VEC), 2019 WL 6790513, at *3 (S.D.N.Y. Dec. 11, 2019) (defendant "invoking his good faith may place his privileged communications at issue even if he does not specifically plead or argue that he relied on an attorney's advice"). As the Second Circuit held on facts much like those here, where a defendant testifies that he believed his conduct complied with the securities laws, he waives attorney-client privilege as to any attorney communications that relate to that state of mind, even if he does not testify that he relied on any advice from an attorney. United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991).

A privilege waiver in these circumstances is "'premised on the *unfairness* to the adversary of *having to defend* against the privilege holder's claim without access to pertinent privileged materials that might refute the claim.'" Abromavage, 2019 WL 6790513, at *4 (internal quotations omitted) (emphasis in the original); see also Arista Records LLC v. Lime Grp., LLC, No. 06 Civ. 5936 (KMW), 2011 WL 1642434, at *4 (S.D.N.Y. Apr. 20, 2011) (quotations omitted) (holding waiver necessary for fairness since "the legal advice that a party received may well demonstrate the falsity of its claim of good faith belief") (quotations omitted). Only a waiver of the privilege — allowing the Commission to review the full extent of Ladd's communications with the professionals he claims informed his belief that his conduct was lawful — will ensure that Ladd does not use the privilege as both sword and shield.

Thus, Ladd's "advice of professionals" Affirmative Defense should be stricken unless he immediately and fully waives privilege over all communications with his lawyers — and obtains such waivers from any necessary third parties — as to any claims to which he asserts that Affirmative Defense.

            Respectfully submitted,

            /s/  Nancy A. Brown
            Nancy A. Brown

---

[4] A classic advice-of-counsel defense requires the party asserting it to offer sufficient facts to establish that he (1) made a complete disclosure to counsel; (2) sought advice as to the legality of his conduct; (3) received advice that his conduct was legal; and (4) relied on that advice in good faith. See generally Markowski v. SEC, 34 F.3d 99, 105 (2d Cir. 1994).

Hon. Edgardo Ramos

March 31, 2021
Page 4

cc:   Counsel for Defendant (via ECF)

---

This matter will be heard at the April 6 conference. Plaintiff is directed to submit a written response not longer than 3 pages by 12 p.m. on April 5, 2021.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: ___4/1/2021_____
New York, New York