

April 5, 2021

**VIA ECF**
The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>SEC v. Honig, et al.</u>, No. 18 Civ. 8175 (ER) (S.D.N.Y.)

Dear Judge Ramos:

     As Your Honor is aware, we represent Robert Ladd in the above referenced matter and write pursuant to the Court's directive to respond to the SEC's March 31, 2021 letter (Dkt. No. 282) noting its intention to move to strike one of Mr. Ladd's affirmative defenses or seek a waiver of privilege and reopen discovery.[1] Mr. Ladd strenuously opposes the SEC's proposed relief because it is premised on a misrepresentation of his position and is legally untenable. The SEC's letter and requested relief is disingenuous and appears to be grounded in the fact that the SEC has not obtained any evidence during discovery to support its scienter-based fraud claims against Mr. Ladd. For this reason, in addition to responding to the SEC's position here, Mr. Ladd also wishes to raise at tomorrow's conference his intention to move for summary judgment as to scienter-based claims 5, 6, 7, 8, and 14 and requests simultaneous briefing schedules for the competing motions for summary judgment.

     As the SEC is well aware from our prior discussions over the past several months, Mr. Ladd is not asserting the classic "advice of counsel" defense.[2] Rather, his defense is the simple one that he lacked the knowledge and intent necessary to prove he violated the intent-based

---

[1] The SEC also re-raises its request to move for summary judgment as to the non-fraud claims it asserted against Mr. Ladd. As to that motion, Mr. Ladd's position remains unchanged from that explained in his January 14, 2021 letter.

[2] As the Commission itself points out, a classic advice-of-counsel defense requires the party asserting it to offer sufficient facts to establish that he (1) made a complete disclosure to counsel; (2) sought advice as to the legality of his conduct; (3) received advice that his conduct was legal; and (4) relied on that advice in good faith. See generally *Markowski v. SEC*, 34 F.3d 99, 105 (2d Cir. 1994). But in its letter, the SEC points to Mr. Ladd's "communications" with, among others, *Honig's* counsel, and Mr. Ladd's communications with MGT's counsel in which they disclosed communications received from Honig's counsel. None of these communications are protected by the attorney-client privilege and plainly do not suggest a reliance on the classic advice-of-counsel defense.

securities laws claims. To the extent Mr. Ladd referenced a reliance on professionals in the affirmative defense section of his Amended Answer it was for preservation purposes only.[3]

      I have explicitly told the SEC on several occasions that Mr. Ladd was not asserting the classic advice-of-counsel defense, but rather his defense was based on the absence of any evidence proving: (1) that Barry Honig and others were acting as a formal "group" as defined under Section13(d) of the Securities and Exchange Act of 1934, and (2) that Mr. Ladd had any knowledge those individuals had agreed to act as a "group" to acquire, hold, vote, or dispose of MGT's stock. Indeed, with discovery completed, not only is there is no testimony or documentary evidence to support these allegations, but all of the evidence proves the opposite—that Mr. Ladd did not believe Honig and the others were acting as a group and believed the SEC filings filed by MGT counsel were proper in all respects. That this assertion was conveyed by Honig's counsel to MGT's counsel is not a privileged fact and Mr. Ladd may rely on it—without waiving privilege—in presenting his defense.

      The law firm of Sichenzia Ross Ference LLP represented both Barry Honig and MGT in connection with the relevant transactions, specifically the October 2015 financing deal (disclosed in the October 8, 2015 8-K). Different Sichenzia lawyers acted as long time-counsel for both Honig and MGT in various and unrelated matters, with Harvey Kesner being the primary lawyer representing Honig and Jay Kaplowitz being the primary lawyer representing MGT. When Honig and MGT were on opposite sides of a transaction, the law firm sought and received waivers from its clients and provided separate and appropriate representation to both. Specifically, Sichenzia filed on behalf of MGT the October 8, 2015 8-K, the November 6, 2015 S-1, the April 14, 2016 10-K, and the May 9, 2016 8-K. It was also responsible for filing Honig's SEC filings. These filings underpin the SEC allegations that Mr. Ladd defrauded investors by hiding the "Honig Group" and mischaracterizing John McAfee's role in his prior company. In addition to pointing out the lack of evidence against him, Mr. Ladd can certainly highlight the non-privileged information that Sichenzia (1) is a well-respected law firm with significant experience in advising public companies in connection with public SEC filings; (2) was responsible for filing and did actually file the relevant SEC filings in this case; (3) represented both MGT and Barry Honig; (4) did not have information suggesting that Honig and the others were acting as a group; (5) would not have made a false filing with the SEC; further there is no allegation that Sichenzia knowingly made a false SEC filing. The SEC is aware of all of these facts because, among other reasons, it subpoenaed Sichenzia in this case and in response Sichenzia produced thousands of pages of non-privileged documents to the SEC including over 402 non-privileged emails in which Sichenzia lawyers representing Honig had communications with Sichenzia lawyers representing MGT. The SEC is well aware of the position that Sichenzia took *vis a vi* privilege when responding to its subpoena. All of these non-privileged communications and facts further support Mr. Ladd's defense that he lacked knowledge and intent to violate the securities laws.

---

[3] Significantly, "[t]he general rule in federal courts is that a failure to plead an affirmative defense results in a waiver." *Travellers Int'l, A.G. v. Trans World Airlines, Inc*., 41 F.3d 1570, 1580 (2d Cir. 1994)). "[W]hether a [particular] claim is properly characterized as an affirmative defense" is not the issue at the pleading stage: "it must be set forth in the pleadings to provide a basis for relief . . . ." *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 42 (2d Cir. 2009) (citation omitted). To preserve his rights, Mr. Ladd raised the affirmative defense in his Answer.

As for the purported existence of a Section 13(d) group at all, the purported members have all reached agreements with the SEC in which they neither admit nor deny they acted as a group.  Even though the establishment of the existence of a Section 13(d) group for statutory purposes is fact intensive and a central question of fact at issue in this case, the SEC declined to seek testimony from anyone in the alleged "Honig Group" or any witness who might have evidence of the existence of such a group. Instead it satisfies itself by making a conclusory allegation supported with nothing more than two e-mails in which Mr. Ladd colloquially uses the word "group" plainly not in the Section 13(d) context, one in which Honig himself asserts he is not investing as a member of a group.  By way of example, the SEC is aware of and ignores an email between two Sichenzia attorneys—one representing MGT (Arthur Marcus) and one representing Honig (Kesner)—in which Kesner emphatically clarified to his partner that Honig and the other investors *were not investing as a Section 13(d) group*. [Attached hereto]. Obviously Honig's attorney was not providing legal advice to Mr. Ladd, nor was the communication between two lawyers on opposite sides of a deal privileged, even when transferred by MGT's counsel to Mr. Ladd.

With respect to the 2016 transaction, the SEC also points to Mr. Ladd's testimony where he states that "[Mr. Ladd's] counsel had the luxury, if you will, of also having a partner who was counsel for that, for Barry Honig, and that advice, or the outcome of that advice, was also that they were not acting in concert."  In other words, Mr. Ladd conveyed through his testimony that professionals on both sides of the transaction engaged in *non-privileged* communications with one another and made the appropriate SEC filings in good faith according to knowledge in their possession. Mr. Ladd did not intend to, nor did he, convey to the SEC that he received advice through a privileged communication with his attorney and acted thereupon. Since Mr. Ladd was referencing the substance of non-privileged communications between counsel on opposite sides of a deal, Mr. Ladd's counsel promptly advised the SEC that privilege was not being waived.

The law in this Circuit is unambiguous that Mr. Ladd is entitled to present his defense that he lacked knowledge and intent to violate the securities laws based on non-privileged communications—without MGT or Mr. Ladd waiving privilege.  As explained by Judge Cogan in *U.S. v. Nordlicht, et al*. 1:16 Cr. 640 (BMC) (E.D.N.Y. 2016), a defendant is entitled to present evidence of the involvement of counsel as evidence that, if believed, can cast doubt on whether the plaintiff has proved the required element of the offense that the defendant had an unlawful intent. Judge Cogan made this exact ruling after counsel for a defendant explained that the "[defendant] has no current intention of raising an advice of counsel defense[,]" but that counsel expected to offer "non-privileged evidence relating to the work of lawyers on many aspects of what [wa]s charged in the Indictment, and [would] point to that work as a basis for arguing to the jury that [defendant] lacked criminal intent and otherwise conducted himself in good faith." Judge Cogan agreed that defendants were permitted to present non-privileged communications involving the lawyers who worked on the relevant transactions to prove lack of intent and good faith and that no waiver was appropriate. (*US v. Nordlicht,* Dkts. 623, 640). There is no reason for the defendant here to be precluded from this presentation or being compelled to waive privilege.

Given this, the SEC's concerns that "Ladd would unfairly wield the [advice of counsel] privilege as both sword and shield [, . . .] resulting in undue prejudice to the Commission" (SEC Ltr. at 1) are unfounded, as is the bizarre suggestion that Mr. Ladd must compel Honig to waive his privilege because Mr. Ladd intends on pointing to non-privileged statements made by his counsel to MGT's.  There is simply no evidence that Mr. Ladd possessed additional information regarding Honig and the others status as a group beyond what Honig's attorney communicated to his law firm partner and Mr. Ladd's attorney in non-privileged communications while structuring the transaction and filing the SEC forms. Mr. Ladd was obviously not privy to attorney-client communications between Honig and his attorney and so the disclosure of such communications now would be irrelevant.  That the SEC seeks this waiver suggests they are not interested in these communications for this case, but perhaps for another, unrelated matter. In any event, the request is improper and should be denied.

For the foregoing reasons, Mr. Ladd respectfully requests that the Court deny the SEC's request to strike the affirmative defense or find a waiver or reopen discovery.  Should this letter be insufficient to make such a finding, Mr. Ladd respectfully requests an opportunity to fully brief the issue prior to any such order being issued.  Mr. Ladd also respectfully requests that the court direct the parties to agree to mutually acceptable briefing schedule for the competing motions for summary judgment.

Respectfully submitted,

*Adam Ford*
Adam C. Ford
Kevin J. O'Brien
FORD O'BRIEN LLP
575 Fifth Avenue, Floor 17
New York, NY 10017
aford@fordobrien.com

cc: All counsel of record (by ECF)

attachment

| | |
|---|---|
| **From:** | Arthur Marcus |
| **Sent:** | Thursday, October 18, 2012 11:35 PM EDT |
| **To:** | Robert Ladd; Robert Traversa |
| **CC:** | Harvey Kesner |
| **Subject:** | Fwd: (no subject) |

See investor list in stream below

Sent from my iPhone

Begin forwarded message:

> **From:** Harvey Kesner <hkesner@SRFF.COM>
> **Date:** October 18, 2012, 7:24:57 PM EDT
> **To:** Arthur Marcus <amarcus@srff.com>
> **Subject: Re: (no subject)**
>
> No!
>
> Sent from my iPhone
>
> On Oct 18, 2012, at 7:24 PM, "Arthur Marcus" <amarcus@srff.com> wrote:
>
>> Are they acting as a group
>>
>> Sent from my iPhone
>>
>> On Oct 18, 2012, at 7:22 PM, "Harvey Kesner" <hkesner@SRFF.COM> wrote:
>>
>>> Sent from my iPhone
>>>
>>> Begin forwarded message:
>>>
>>>> **From:** "BRHonig@aol.com" <BRHonig@aol.com>
>>>> **Date:** October 18, 2012, 6:32:09 PM EDT
>>>> **To:** Harvey Kesner <hkesner@SRFF.COM>
>>>> **Cc:** "Pdox74@hotmail.com" <Pdox74@hotmail.com>, "rabbe@icfund.com" <rabbe@icfund.com>, "yroth@hudsonbaycapital.com" <yroth@hudsonbaycapital.com>, "gantonopoulos@hudsonbaycapital.com" <gantonopoulos@hudsonbaycapital.com>, "tom@baycapitalag.com"

**Confidential**                                                                                                                                                        LADD-MGT-00003193

<tom@baycapitalag.com>, "stetson.john@gmail.com" <stetson.john@gmail.com>
**Subject: (no subject)**

Harvey

Below is the allocation for MGT, Rich Abbe will give you his friends name for the shelf

| | | |
|---|---|---|
| **Preferred Allocation** | **$4,500,000** | |
| Iriquois | $1,000.000 | Rich Abbe |
| Hudson Bay | 1,000,000 | Yoav Roth |
| HS Contrarian | 1,000,000 | John Stetson |
| Bay Capital | 1,000,000 | |
| Ronald Lowe | 70,000 | |
| Suzanne Adams | 100,000 | |
| Jill Strauss | 20,000 | |
| White Trout Lake LLC | 30,000 | Alex Berger |
| Melech David | 60,000 | Mark Groussman |
| Sandor Capital | 100,000 | John Lemak |
| LH Financial | 100,000 | |
| Nachum Stein | 30,000 | |
| John Orourke | 10,000 | |
| **Shelf** | **$1,300,000** | |
| Miramar Investors inc | 100,000 shares | |
| Jonathan Honig | 230,000 shares | |
| Rich Abbe friend | 100,000 shares | |

---

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

For more information please visit http://www.giotech.co.uk

---

**Confidential**                                                                                                                                                    **LADD-MGT-00003195**