# EXHIBIT B



## Fwd: SEC v. Honig
2 messages

---------- Forwarded message ---------
From: **Adam Ford** <aford@fordobrien.com>
Date: Mon, Jul 13, 2020 at 12:10 PM
Subject: Re: SEC v. Honig
To: Brown, Nancy A <BrownN@sec.gov>
Cc: Kaufman, Jack <KaufmanJa@sec.gov>, Bromberg, Katherine <BrombergK@sec.gov>, Suzanne Pope <spope@fordobrien.com>, M. Aaron Ford <mford@fordobrien.com>, Anjula Prasad <aprasad@fordobrien.com>

Nancy,

Mr. Ladd has not waived privilege with respect to these communications. In terms of explaining how Mr. Ladd would rely on communications without waiving privilege the answer is that he would rely on communications not subject to privilege, for example, communications involving a third party or the public, otherwise not intended to remain privileged, or other types of non-privileged communications. If a decision to waive privilege in any regard is made, we will let you know.

Regarding the McAfee articles, I can look into that question. I believe these were produced prior to my getting involved in the case, and so it will require our firm to recreate what was collected and produced.

Adam

On Fri, Jul 10, 2020 at 1:46 PM Brown, Nancy A <BrownN@sec.gov> wrote:

> Adam,
>
> In looking at Defendant's Supplemental Initial Disclosures, we note that prior counsel listed lawyers at Sichenzia as persons with discoverable information that Mr. Ladd may use to support his claims and defenses, including, for example, "understanding of Honig and other investors as a 'group'; and "accuracy of public statements by MGT and Mr. Ladd." Similarly, prior counsel listed as documents in Ladd's possession that he may use to support his claims and defenses: "Correspondence between Mr. Ladd and Sichenzia attorneys." In your production, however, you have asserted privilege over most of the communications between MGT/Ladd and his Sichenzia lawyers. Has Mr. Ladd waived privilege over those communications? If not, could you explain how Mr. Ladd will rely on the communications identified in the Supplemental Initial Disclosures?
>
> Finally, please confirm that you have already produced all "public articles regarding John McAfee, his reputation and his business experience" in Mr. Ladd's possession, custody or control as reflected in the Supplemental Initial Disclosures.
>
> Thank you.

--
Ford O'Brien, LLP
575 Fifth Avenue, Fl. 17.
New York, NY 10017
aford@fordobrien.com
(212) 858-0040 (office)

--
Ford O'Brien, LLP
575 Fifth Avenue, Fl. 17.
New York, NY 10017
aford@fordobrien.com
(212) 858-0040 (office)

