UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                            Plaintiff,       :
                                             :   18 Civ. 8175 (ER)
          – against –                        :
                                             :   ECF CASE
BARRY C. HONIG, ROBERT LADD,                 :
ELLIOT MAZA, BRIAN KELLER,                   :
JOHN H. FORD, GRQ CONSULTANTS, INC., and     :
HS CONTRARIAN INVESTMENTS, LLC,              :
                                             :
                            Defendants.      :
------------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE

SECURITIES AND EXCHANGE COMMISSION
Nancy A. Brown
Jack Kaufman
Katherine Bromberg
200 Vesey Street, Suite 400
New York, New York 10281
(212) 336-1023 (Brown)

Attorneys for Plaintiff

May 24, 2021

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT .............................................................................................................................2

A. The Commission's Motion to Strike Is Timely Because Ladd Denied
   That He Would Assert the Defense Until He Asserted It in His Answer ...................2

B. The Motion to Strike Certain Allegations and the Reliance-on-Counsel
   Defense from Ladd's Answer Should Be Granted as Without Opposition
   Because Ladd Has Disavowed the Defense .................................................................3

C. Controlling Law Requires Ladd to Either Obtain Waivers of the Privilege
   or Drop the Advice-of-Counsel or Good Faith Defense ..............................................5

D. The Discovery that the Commission Seeks Is Appropriate .........................................9

CONCLUSION .........................................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

Arista Records LLC v. Lime Grp. LLC, No. 06 Civ. 5936 (KMW),
    2011 WL 24341642434 (S.D.N.Y. Apr. 20, 2011) ...................................................................5

Barbini v. First Niagara Bank N.A., 331 F.R.D 454 (S.D.N.Y. 2019)............................................7

Bodega Invs. LLC v. United States, No. 08 Civ. 4065 (RMB)(MHD),
    2009 WL 2634765 (S.D.N.Y. Aug. 21, 2009)...........................................................................8

GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92 (2d Cir. 2019) ........................................4

In re Cty. of Erie, 546 F.3d 222 (2d Cir. 2008) ...............................................................................7

Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co., 14 Civ. 4394 (AJN)(BCM),
    2017 WL 9802844 (S.D.N.Y. Sept. 15, 2017) ..........................................................................5

SEC v. Lek Secs. Corp., No. 17 Civ. 1789 (DLC),
    2019 WL 5703944 (S.D.N.Y. Nov. 5, 2019)...........................................................................10

SEC v. Welliver, No. 11 Civ. 3076, 2012 WL 8015672 (D. Minn. Oct. 26, 2012) .........................7

United States v. Bilzerian, 926 F.2d 1285 (2d Cir. 1991) ...................................................... passim

United States v. Wells Fargo Bank N.A., 132 F. Supp. 3d 558 (S.D.N.Y. 2015) ...........................9

**STATUTES AND RULES**

Securities Exchange Act of 1934

    Section 10(b), 15 U.S.C. § 78j(b) ............................................................................................5, 7

    Section 13(d), 15 U.S.C. § 78m(d) .......................................................................................6, 8, 9

Fed. R. Civ. P. 12(f)........................................................................................................................4

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this reply memorandum in further support of its Motion to strike Defendant Ladd's Answer to the extent that Ladd asserts any defense to any of the Commission's claims in this case related to, or based on, his good faith reliance on any advice of counsel. In the alternative, if Ladd were to obtain all necessary privilege waivers, the Commission would request an order scheduling discovery for the limited period necessary for the Commission to explore the defense.[1]

## PRELIMINARY STATEMENT

Ladd's Opposition to the Motion disclaims any intent (at least for now) to assert the advice-of-counsel defense that his Answer includes. In doing so, Ladd ignores his own deposition testimony that he relied on Honig's and his own counsel's advice, and his April 5, 2021 Letter to the Court (DE 284), in which he made various claims he now disavows about Honig's counsel's advice and how he planned to rely on both it and MGT's counsel's advice to support his defense. If the Court takes Ladd at his word, then the Court should strike Ladd's defense of reliance on counsel because Ladd now claims he is not asserting such a defense. To the extent Ladd seeks to "preserve" his ability to rely on the advice of counsel later (Ladd Br. at 10) by asserting that defense at trial but foreclosing the Commission from obtaining discovery on that issue now, fundamental fairness should preclude Ladd from doing so.

Nor should Ladd be permitted to recast his defense as one of "good-faith" without waiving privilege and allowing the Commission discovery into his state of mind. In arguing that if his actions "violate[d] the law . . . he did not know it" (Ladd Br. at 16) because Honig's

---

[1] Capitalized terms in this Reply Brief have the same meaning as in the Commission's Memorandum in Support of Its Motion to Strike, dated April 27, 2021 (DE 289)("Moving Mem."). "Ladd Br." refers to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike (DE 291).

counsel "told him that Honig was not investing as a group" (id. at 19), Ladd puts advice of counsel at issue under settled case law in this Circuit holding that a defendant who asserts his good-faith belief in the lawfulness of his conduct waives the privilege over advice he received from any lawyer on the same topic.  That is so for good reason:  a defendant cannot argue that he did not believe he was breaking the law while he forecloses his adversary from discovering any advice he actually obtained from a lawyer on the topic.  Ladd has voluntarily injected his knowledge of the law and put it at issue;  fairness dictates that the Commission be allowed to explore the bases for the good faith he asserts.

## ARGUMENT

**A.     The Commission's Motion to Strike Is Timely Because Ladd Denied That He Would Assert the Defense Until He Asserted It in His Answer.**

The Commission's Motion is not untimely.  When the Commission first learned that Ladd was asserting a defense by which he put his state of mind as to the lawfulness of his conduct at issue—whether it be as an advice-of-counsel defense or a defense of good-faith reliance—it moved to strike the defense if Ladd would not make available the privileged communications his defense puts at issue.

The Commission sought to protect itself from just this kind of post-discovery assertion of a defense that raised new issues for discovery.  In negotiating the original and amended Scheduling Orders, the Commission agreed to the Defendants' request that discovery proceed while their Motions to Dismiss were pending.  But it also sought and obtained a provision in the those Scheduling Orders that reserved a period for additional discovery once the Defendants answered, should additional discovery be required, precisely for the reasons addressed in the instant motion. (See Scheduling Order, entered May 20, 2019 (DE 126) ¶ 13; see also Amended Scheduling Order, entered June 10, 2020 (DE 263) ¶ 6.)  Thus, when Ladd insisted during

discovery (on July 13, 2020) that he would not waive the privilege—and did not identify the "communications not subject to privilege" on which he intended to rely—the Commission had no issue to bring to the Court for resolution.[2]  It was only after Ladd served his Answer (on February 26, 2021) that the Commission learned of his assertion of reliance on counsel.  (Answer ¶ 310.)  Almost immediately thereafter, on March 8, 2021, the Commission asked Ladd's counsel to waive the privilege.  (Brown Decl. ¶ 4.)  After he declined to waive, the issue was ripe, and the Commission filed its pre-motion letter on March 31, 2021(DE 282).

**B.     The Motion to Strike Certain Allegations and the Reliance-on-Counsel Defense from Ladd's Answer Should Be Granted as Without Opposition Because Ladd Has Disavowed the Defense.**

Throughout his Brief, Ladd disclaims any intention to pursue a reliance-on-counsel defense to certain of the Commission's claims and, as to others, is silent and makes no objection to the Commission's motion.  Consequently, the Commission's Motion should be granted as without objection, given his disavowal of an intention to assert the defense.

First, Ladd maintains that he will not assert reliance on counsel in defense of the Commission's claims that he failed to disclose the group status of Honig and others in MGT's filings:  "Ladd is not asserting the defense of the affirmative defense [sic] of advice of counsel.  Rather, his position has always been, and remains now, that there is no evidence that Honig and the others were in fact acting as a group, or if they were, there is no evidence that Ladd knew this, and as a result MGT did not have a reporting obligation."  (Ladd Br. at 9.)

Ladd also expressly disclaims any intention to raise the defense with respect to the

---

[2]   When Ladd testified that he had in fact relied on both his and Honig's counsel on the question of whether Honig and his confederates were acting as a group (Brown Decl., Ex. B), the Commission again asked counsel whether Ladd was waiving privilege and was again told that he was not.

3

Commission's claim that he issued a false press release on May 9, 2016 in connection with the second MGT pump-and-dump scheme. "Ladd has no intention of arguing that counsel gave him advice regarding [the May 9, 2016] press release or the mistaken language." (Ladd Br. at 12 n.7.)[3]  If the Court is to take him at his word, Ladd's defense should be stricken with respect to this claim as well.

As to Ladd's false Forms 4 and 144, Ladd's Brief makes no argument at all against striking the advice-of-counsel defense or any allegation that he received counsel's advice on those filings. (Answer at 2 ("the filings at issue were all vetted by competent counsel aware of all materials facts.")  Thus, given Ladd's disavowal of his advice-of-counsel defense either explicitly or by his silence, the Commission's motion to strike should be granted as without objection since Ladd has effectively withdrawn the defense.

To be sure, Ladd continues to hedge his bets — something that the law prohibits in this context.  While proclaiming that he will assert no advice-of-counsel defense, he adds that he raised the affirmative defense of advice of professionals "to preserve his rights," hinting that he might still decide to pursue the defense at a later date. (Ladd Br. at 10.)  But Ladd cannot hold the defense in his back pocket and pull it out only after summary judgment or at trial.  As Ladd admits, prejudice sufficient to strike a defense under Fed. R. Civ. P. 12(f) exists "'where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation.'"  (Id. at 12 (quoting GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 99 (2d Cir. 2019)).)  And in this context, where the defense requires a waiver of the privilege and a

---

[3]  Ladd's Answer speaks to a different intention:  "[T]he filings at issue [including, presumably, the May 9, 2016 8-K that attached the press release] were all vetted by competent counsel aware of all materials facts." (Answer at 2.)  With specific reference to the May 9 press release, he alleges that it "had been sent to counsel for review prior to its release." (Answer at 3 (emphasis supplied).)

renewed discovery period, such a delay is highly prejudicial. As Judge Wood ruled in Arista Records, where she precluded the defendant from raising the defense for the first time as part of his testimony at trial, "'[h]aving blocked his adversary from conducting discovery on this issue, [the defendant] will not now be heard to advance reliance on counsel.'" Arista Records LLC v. Lime Grp. LLC, No. 06 Civ. 5936 (KMW), 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011)(quotations omitted); accord Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co., 14 Civ. 4394 (AJN)(BCM), 2017 WL 9802844, at *6 (S.D.N.Y. Sept. 15, 2017) (striking advice-of-counsel defense where defendant refused to waive privilege, citing, in part, prejudice to plaintiff where defendant sought to leave open the possibility that it might one day assert it).

**C.     Controlling Law Requires Ladd to Either Obtain Waivers of the Privilege or Drop the Advice-of-Counsel or Good-Faith Defense.**

While disavowing any intention of asserting reliance on the advice of any counsel, Ladd continues to assert that if Honig and his co-investors were acting as a group, "he did not know it" (Ladd Br. at 16) because he was told by Honig's counsel that Honig and others were not acting as a group (id. at 19). (See also Answer at 3.) But that position is no different from the good-faith defense that the Second Circuit long ago ruled triggers a waiver of privilege and allows the inquiry into advice Ladd received from any source on the same topic.

The Second Circuit's Bilzerian rule — that a defendant asserting a good-faith belief in the lawfulness of his actions waives the privilege — is controlling here, and Ladd offers nothing to escape its application. United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991). There, like here, the defendant was accused of violating the securities laws, including Section 10(b) of the Securities Exchange Act of 1934. Id. at 1296-97; SAC (DE 233) ¶¶ 51, 247. There, like here, the defendant sought to affirmatively assert his good faith belief that his actions were lawful. Id. at 1291-92; Answer at 3 (Ladd "had no intention to violate the securities laws"

5

because "Mr. Honig's counsel and [MGT's] counsel told Mr. Ladd that Honig and the others were not investing as a group under the legal requirements of Section 13(d)"). There, like here, the defendant insisted that his testimony regarding his good-faith reliance would not involve revelation of any privileged communications.[4] Id. at 1291; Ladd Br. at 15 ("Ladd did not rely on the legal advice of his attorney, or Honig's attorney, to conclude Honig had not entered into a 13(d) group, but rather relied [on] non-privileged facts and documents in the record.").[5] On those facts, the Court concluded that the defendant's testimony about his good faith belief in the lawfulness of his actions opened the door to questioning about advice he had received from his counsel about his conduct:

> . . . Bilzerian's testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required in issue. His conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent.

Bilzerian, 926 F.2d at 1292. Given the near identity of the circumstances, no different rule should apply here, and the Court should not wait until Ladd testifies at trial to rule that he has thereby waived the privilege.

Ladd's efforts to distinguish Bilzerian should fail. Although Ladd claims that the defendant in Bilzerian acknowledged that he "made a misstatement or violated the law in some way," (Ladd Br. at 16), nowhere in the opinion does the Second Circuit mention such an

---

[4]   Ladd's claim that Bilzerian, unlike Ladd, had relied on his counsel's advice (Ladd Br. at 16) is unsupported. In Bilzerian, the Court noted that Bilzerian assured the lower court that he would not testify as to any advice he received from counsel. Bilzerian, 926 F.2d at 1291.

[5]   This is directly contradicted by Ladd's Answer, his response to the Commission's pre-motion letter, and his own deposition testimony. In his Answer, Ladd alleges that his belief that he was not violating the law derived directly from the "times that . . . [MGT's] counsel" told him that Honig and the others were not a group "under the legal requirements of Section 13(d)." (Answer at 3; see also Letter at 2; Brown Decl., Ex. B (Ladd Tr.) at 342:22-343:10.)

admission or hold that such an admission is a prerequisite for application of its rule.[6]  In any event, the purported distinction will not help Ladd here; if Bilzerian only applied where the defendant admitted to making false statements, it would still require waiver of the privilege concerning the advice Ladd received on the May 9 press release, as Ladd now admits that that release was false.  (Id. at 12 n.7.)[7]

Nor does it matter whether Ladd's defense is a classic advice-of-counsel defense or a good-faith defense. (See Moving Mem. at 11-16.)  So long as the defendant asserts that he believed in good faith he was acting in compliance or otherwise in a way that puts his state of mind at issue, he necessarily puts the advice he got from any lawyer at issue, too.  Barbini v. First Niagara Bank N.A., 331 F.R.D 454, 461-62 (S.D.N.Y. 2019)(bank's disclaimer of reliance on advice-of-counsel defense would not preclude discovery of attorney's advice where bank asserted its good faith in defense of employment discrimination claims); see also SEC v. Welliver, No. 11 Civ. 3076, 2012 WL 8015672, at *10 (D. Minn. Oct. 26, 2012) (relying on Bilzerian, court held that even where defendant amends answer to remove advice-of-counsel defense, remaining defenses of good faith required "inquiry into the full range of advice received").[8]

---

[6]    Like Ladd, Bilzerian argued that if his disclosures were improper, he did not know that they were and acted in good faith because he believed that the structure of his investments allowed him "legally to avoid disclosure."  Bilzerian, 926 F.2d at 1291.  Similarly, Ladd maintains that if he wrongly failed to disclose that Honig was acting with others as a group, he did so in good faith because he relied on Honig's lawyer's representation that Honig was not acting as a group. (Ladd Br. at 19.)

[7]    The Second Circuit has never restricted the Bilzerian rule to statutory defenses of good faith, as Ladd seems to contend.  (Ladd Br. at 17-18, 23.)  Indeed, Bilzerian, as here, involved violations of Section 10(b), a statute that does not expressly provide for a good-faith defense.  But, as confirmed in In re Cty. of Erie, 546 F.3d 222, 228-29 (2d Cir. 2008), "the assertion of [any] good-faith defense involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege."

[8]    Ladd misinforms the Court when he claims that he hopes to "argue[] good faith only

Calling Kesner's representation in his 2012 email a "fact" rather than "advice" (Ladd Br. at 19) does not save Ladd from the application of the Bilzerian rule. Bilzerian holds that Ladd's testimony of good-faith reliance gives the Commission license to inquire into any other sources of information Ladd had that might color that state of mind, regardless of whether what he relied on was something other than legal advice. Bilzerian, 926 F.2d at 1291; see also Bodega Invs. LLC v. United States, No. 08 Civ. 4065 (RMB)(MHD), 2009 WL 2634765, at *2 (S.D.N.Y. Aug. 21, 2009) (defendant's reliance on statement of a non-lawyer opened the door to discovery of his communications with his lawyer on the same topic).

Ladd's late-in-the-day labeling of Kesner's representation as a "fact," rather than advice, is disingenuous, and marks a 180-degree departure from what he told the Court little more than a month ago. In his Letter, Ladd argued that when he called Honig and his co-investors a "group" in 2015 (SAC ¶ 140), it was a "colloquial[]" use of the word. (Letter at 3; see also Answer at 3.) But, Ladd continued, when Kesner wrote his 2012 email that Honig was not part of a group, it was a statement of legal interpretation: "Kesner emphatically clarified to his partner that Honig and the other investors were not investing as a Section 13(d) group." (Letter at 3 (emphasis in the original); see also Answer at 3 (Honig's counsel and MGT counsel told Ladd that "Honig and others were not investing as a group under the legal requirements of Section 13(d)." (emphasis in

---

through defense counsel and the examination of witnesses." (Ladd Br. at 16.) As he maintains throughout his brief (and as he did in his Answer and his deposition testimony), Ladd will assert that he "relied" on Kesner's representation and the 13G filing Kesner made on Honig's behalf (id. at 14-15) to show that he believed Honig was not acting as a group— an assertion that only his own testimony can support. Indeed, without Ladd's testimony that he so relied, Kesner's email would likely be barred as hearsay, and Honig's 13G filings would be irrelevant. But once Ladd testifies to that reliance, he will trigger the Bilzerian rule to permit inquiry into all of the sources of his state of mind. Put another way, Ladd can freely maintain that he did not know that Honig was acting with an undisclosed group, but once he testifies that his knowledge derived from, or that he relied on, Kesner's representation in his 2012 email, he has waived the privilege over any communications with counsel on that topic.

8

original)).) Indeed, contrary to Ladd's latest argument, Kesner's email would be of no relevance to Ladd's alleged defense unless, and except to the extent that, it was authored by an attorney, concerning a legal matter, upon which Ladd now claims to have relied. Such reliance upon counsel, without the requisite privilege waiver, is precisely what the Bilzerian rule is designed to guard against.

**D.     The Discovery that the Commission Seeks Is Appropriate.**

As part of any discovery that may be ordered, the Commission seeks to learn what attorneys told Ladd about his disclosure obligations, and the existence of a Section 13(d) group, and what Ladd told them about what he, himself, knew about Honig's co-investments with others. (Moving Mem. at 15.) The Commission does not, as Ladd contends (Ladd Br. at 20), seek to find out from counsel what Ladd knew about Honig's group status; the Commission already has that information from Ladd's deposition testimony— at least what Ladd was told by non-lawyers. The Commission seeks only information that will inform an assessment of the reasonableness of Ladd's reliance on Honig's counsel's 2012 representations and that will, in turn, inform an assessment of his good faith.

While the Commission should also be entitled to discover the basis of Kesner's 2012 opinion on which Ladd intends to rely, it does not demand that Ladd procure Honig's waiver of the privilege, as Ladd argues. (Ladd Br. at 18-23.) If Ladd's ability to proffer his good faith reliance on Kesner's advice requires an inquiry into the basis for that opinion (as it does), and, if that is not possible because Ladd cannot obtain Honig's waiver, Ladd may not assert his defense. That is the rule of United States v. Wells Fargo Bank N.A., 132 F. Supp. 3d 558, 566 (S.D.N.Y. 2015) (Moving Mem. at 10), and Ladd's attempt to confine that case to situations involving an employee's reliance on his employer's privilege makes no sense. (Ladd Br. at 21.) Indeed, where

the parties are more distant, and have fewer aligned interests than an employee and employer, as here, even less reason supports recognizing a good-faith defense based on one party's reliance on the other party's counsel's advice. As Judge Cote determined in SEC v. Lek Secs. Corp., No. 17 Civ. 1789 (DLC), 2019 WL 5703944, at *1, 4 (S.D.N.Y. Nov. 5, 2019), reliance on a counter-party's counsel cannot "establish good faith as a matter of law." In so ruling, she assumed what Ladd asserts now (Ladd Br. at 18-19): that the relying party could not know "what information the [other party] shared with their attorneys and what those attorneys said to their clients in the context of privileged communications." Id., 2019 WL 5703944, at *4.[9] If Ladd did not know the basis of Kesner's advice, he could not have relied on it in good faith.

## CONCLUSION[10]

For the foregoing reasons and those cited in the Commission's Moving Memorandum, the Court should grant Plaintiff's Motion to strike Ladd's Answer to the extent it asserts as an affirmative defense any good faith reliance on professionals, and all references to such reliance in his Answer, or, in the alternative, order Ladd to procure all necessary privilege waivers and re-open discovery for the limited purpose of exploring Ladd's good-faith defense.

---

[9] It is true that in Lek, the party who procured the advice had a statutory defense, while the party claiming reliance on the advice did not. (Ladd Br. at 22-23.) But that distinction appears nowhere in the court's opinion as a basis for its determination that reliance on another party's counsel's advice fails to establish good faith as a matter of law. Even if the distinction were significant, the rule would still apply here since Ladd, too, asserts a non-statutory defense and is the party seeking to assert good faith reliance.

[10] Ladd's tacked-on request in his Conclusion (Ladd Br. at 24-25) that the Court order the Commission to produce all evidence regarding Kesner's co-investments with Honig is misplaced and unjustified. The Commission has turned over all relevant information on this topic in its possession. Further, Ladd himself must know that Kesner invested alongside Honig because Kesner was an investor in the entities MGT sought to acquire in 2016 as part of the McAfee transaction.

Dated:  May 24, 2021  
       New York, NY

Respectfully submitted,

/s/ Nancy Brown  
Nancy A. Brown  
Jack Kaufman  
Katherine Bromberg  
200 Vesey Street, Suite 400  
New York, NY 10281  
(212) 336-1023 (Brown)  
Attorneys for Plaintiff Securities and Exchange Commission