Appendix A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
SECURITIES AND EXCHANGE COMMISSION,  :
                                                             :
                      Plaintiff,                             :
                                                             :
             -v.-                                            :
                                                             :
JAMES N. STANARD, MARTIN J. MERRITT,         :
and MICHAEL W. CASH,                                 :
                                                             :
                      Defendants.                          :
                                                             :
-------------------------------------------------------------x

06 Civ. 7736  (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

       On June 20, 2007, the Court received a joint submission from the parties, pursuant to
Section 2.F of the undersigned judge's Individual Practices, relating to two discovery disputes.
This order resolves the lesser of the two disputes; the other, which is somewhat more
complicated, will be resolved in due course.

       The parties disagree on the sequence in which depositions are to be held.  The Securities
and Exchange Commission ("SEC") has noticed the deposition of defendant Michael W. Cash
for July 23, 2007.  Cash seeks an order directing that Cash's deposition not be held until Cash
has had the opportunity to depose defendant Martin Merritt and non-party Jonathan Reiss.  Cash
contends that because of the SEC's investigative and resource advantages, it would be unfair for
him to be deposed "(1) before the defense even knows what Messrs. Merritt and Reiss have to
say about the key issues in the case; and (2) before the defense has had an opportunity to fully
digest the mountains of documents that have required review."  (Joint Submission at 12.)

       As to the first point, the defendant identifies no particular prejudice that could arise from
his being deposed before Merritt and Reiss.  The Court sees none, other than the risk that their
stories could differ.  Cash's argument that the SEC has enjoyed a substantial investigative
advantage has little bearing on whether fairness requires that he be allowed to hear other
witnesses' testimony before giving his own.  Accordingly, the Court will not direct that Cash be
deposed before any other witness.  Any reasonable date for the deposition will be enforced.  The
same is true, however, of the depositions of Merritt and Reiss: provided Cash notices a
reasonable date, before or after his own deposition, that date will also be enforced.

       As to the second issue, Cash's opportunity to review the "mountain" of documents
provided in discovery, Cash does not specify how much time he believes is necessary for him to
adequately review them.  Elsewhere in the joint submission, Cash states that "[t]he preparation
for and taking of Mr. Cash's deposition is expected to take a full week" (Joint Submission at 14

n.10), from which it might be inferred that the proposed date of July 23 may allow adequate time for preparation. If a brief additional postponement is required for adequate preparation, the Court assumes that the parties will be able to arrive at an appropriate accommodation.

Accordingly, defendant Cash's application for an order directing that his deposition be held after the depositions of Merritt and Reiss is denied.

SO ORDERED.

Dated: New York, New York
       June 25, 2007

GERARD E. LYNCH
United States District Judge

2