

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

July 15, 2022

**Via ECF**
Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

**MEMO ENDORSED**, last page.

    Re:    SEC v. Honig, et al., No. 18 Civ. 8175 (ER) (S.D.N.Y.)

Dear Judge Ramos:

    Pursuant to the Court's Individual Practice Rule 2.A.i, Plaintiff Securities and Exchange Commission ("Commission") respectfully requests a pre-motion conference regarding its proposed motion (1) to compel Defendant Robert Ladd to comply with the Commission's Notice of Deposition and appear for a deposition on August 5, 2022, pursuant to Fed. R. Civ. P. 37(a)(1); and (2) to extend the deposition period previously ordered in this case by nine days, to August 9, 2022.

    On April 22, 2022, the Court so-Ordered the parties' proposed July 31 cut-off to depose attorney witnesses regarding Ladd's good-faith reliance defense to the Commission's claims that he violated Section 13(d) of the Securities Exchange Act of 1934.  (DE 300.) Thus far, the Commission has deposed five attorneys involved in the pertinent transactions.

    At issue is the order in which the parties will depose the final two witnesses—Ladd and Harvey Kesner, Defendant Honig's lawyer, and the author of the email on which Ladd contends he relied to determine that Honig and his co-investors were not acting as a group under Section 13(d). The Commission has scheduled Ladd's deposition before Mr. Kesner's, but Ladd has refused to appear if his deposition precedes Mr. Kesner's.  Because the Commission believes that its deposition of Mr. Kesner will be more efficient if informed by Ladd's testimony on these issues, the Commission seeks an order compelling Ladd to appear on August 5.[1]

    On July 14, 2022, I sent an email to Ladd's counsel proposing that the parties discuss these issues by telephone.  Ladd's counsel declined to meet and confer, reiterating that Ladd would appear on any one of three different dates — all outside the current discovery period —

---

[1]    As detailed below, Ladd has agreed to this date, but it is outside the current discovery period.  The Commission therefore also seeks to expand the deposition schedule to August 9, 2022.

Hon. Edgardo Ramos  July 15, 2022
Page 2

so long as Mr. Kesner's deposition went forward first.

Background

On November 30, 2021, the Court ruled that Ladd must either waive his attorney client privilege as to certain matters, or his "good faith defense" would be struck. *See* Order (DE 295). Thereafter, Ladd made a limited waiver of privilege and agreed to make a full production of documents pursuant to that waiver by April 7, 2022.[2] (DE 298.)

The parties then proposed a deposition schedule and notified the Court, by letter dated April 21, 2022, that the Commission planned to take the depositions of six current and former Sichenzia lawyers who had represented Ladd and his company MGT Capital Investments, LLC ("MGT"), in the transactions involving Mr. Honig and his co-investors alleged in the complaint. The parties also notified the Court that Ladd would be taking the deposition of Mr. Kesner, the former "Sichenzia lawyer who represented Honig" in the transactions. (DE 299.)

In April and early May, the Commission worked with Ladd's counsel to schedule the depositions and repeatedly requested a date when Ladd could sit for his deposition. On May 10, 2022, Ladd's counsel offered July 27 or 28--the last week of the schedule. The parties agreed to July 27, 2022.

Ladd, however, never noticed Mr. Kesner's deposition. Therefore, on June 15, 2022, the Commission sought dates from Ladd's counsel so that it could subpoena Mr. Kesner to appear within the time period set by the Court. We advised Ladd's counsel that the Commission could depose Mr. Kesner on July 28 (which counsel previously had indicated was available), or July 29, if counsel preferred.

On June 20, having heard nothing from Ladd, we noticed Mr. Kesner's deposition for July 29. On June 21, counsel responded that the Kesner date would be fine, but that Ladd was now "moving homes" on July 27 and could not sit for his deposition until the week of August 8. Because August 8 was after the deadline that the Court ordered, and we wished to take Mr. Ladd's deposition first (and because Commission counsel assigned to this matter has a trial beginning in the fall for which we need time in August to prepare), we advised Ladd's counsel that we could not agree to put Ladd's deposition off until August 8, and asked him to pick a different date within the scheduled time period – *i.e.*, a date between June 21 and the end of July.

It was not until July 12, 2022 that Ladd's counsel responded. In that email, he offered no earlier date and pressed for a date in August.

On July 14, after a series of emails in which Ladd's counsel rejected all of the Commission's proposed dates between July 15 and July 28, we asked counsel to provide a few dates in August that worked for counsel and Ladd so that we could rearrange our schedules to

---

[2] That production is, to date, still not complete, although Ladd's counsel promised it would be by today.

Hon. Edgardo Ramos  
July 15, 2022  
Page 3

accommodate him. Using the dates counsel identified as acceptable, the Commission provided an Amended Notice of Deposition that set Ladd's deposition for August 5, 2022 and Mr. Kesner's for August 9, 2022.

Thereafter, Ladd's counsel advised that Ladd would appear only on a date that followed Mr. Kesner's deposition.

<u>Ladd Should Not Be Permitted to Set the Sequence of Discovery Unilaterally</u>

Ladd cannot dictate the order of the Commission's depositions. Fed. R. Civ. P. 26(d)(3)(A) provides that "methods of discovery may be used in any sequence." There is no rule of priority. 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2047 (April 2022). As a corollary, no party has the right unilaterally to set the sequence of depositions. *See Hamilton Sundstrand Corp. v. Aircraft Propeller Serv.*, No. 19 Civ. 6472 (RA) (OTW), 2020 WL 8838031, at *1 (S.D.N.Y. June 22, 2020). This Court has already held as much when it rejected the provision in Defendants' first proposed scheduling order that sought to delay all of Defendants' depositions until after all other discovery had concluded. *See* Transcript of May 15, 2019 Conference (DE 127) at 16.

Ladd's counsel has identified no prejudice from having his deposition precede Mr. Kesner's. If his concern is that he should be given the opportunity to know what Mr. Kesner would say before he testifies, the only risk of prejudice he could cite is that Mr. Kesner's story could differ from his own. That is not a sufficient showing of prejudice. *See SEC v. Stanard*, No. 06 Civ. 7736 (GEL), slip op. at 1 (S.D.N.Y. June 25, 2007) (appended hereto as Appendix A) (rejecting defendant's application for an order directing that his deposition be held after the depositions of other witnesses, citing a lack of sufficient prejudice from the possibility that defendant's testimony might deviate from the other deponents').

Ladd has already ensured that his deposition was preceded by all the other witnesses the Commission noticed. Because the Commission believes that its deposition of Mr. Kesner would be more efficient after Ladd's testimony, and because the Commission has duly noticed both deponents for dates and times acceptable to them, Ladd should not be permitted to dictate the order of depositions, and he should be compelled to appear on August 5, 2022.

Respectfully submitted,

/s/ Nancy A. Brown  
Nancy A. Brown

cc: Counsel for Defendant (via ECF)

---

A pre-motion conference will be held on July 29, 2022 at 11 a.m. by telephone. Ladd is directed to file a response not longer than 3 pages by July 22, 2022. The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.

SO ORDERED.

_____  
Edgardo Ramos, U.S.D.J  
Dated: 7/15/2022  
New York, New York