

July 22, 2022

**VIA ECF**
Honorable Edgardo Ramos
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>SEC v. Honig et. al. (Ladd), 1:18-cv-08175 (ER)</u>

Dear Judge Ramos:

     As Your Honor is aware, we represent Robert Ladd in the above referenced matter and write in response to the SEC's letter dated July 15, 2022, seeking court assistance in scheduling the order of the remaining depositions. The SEC does so by entirely misrepresenting what occurred. It is noteworthy that the SEC did not actually attach any evidence supporting its description of events and the reason for that is simple, the written record tells a different story than the one the SEC concocted in its letter. In order to support our truthful accounting of what transpired, we attach the relevant emails hereto as Exhibits A and B.

     The SEC proclaims that "Ladd should not be able to dictate the order of depositions" and asks this Court for assistance in ensuring that the SEC is able to depose Ladd before Kesner, asserting, without any evidence that Ladd has objected to this ordering. But Ladd has never objected to the order of depositions, nor does he do so here. What Ladd told the SEC was that he was objecting to the SEC staff attorney being dishonest. After both parties agreed that Kesner would be July 29 and Ladd would be August 5, the SEC tricked Ladd's counsel into a different schedule by straight out lying. Indeed, on July 14, the SEC stated in an email to the undersigned: "[i]t appears that your objection is to Mr. Ladd going before Mr. Kesner…" (Ex. A). In response, I made clear that Ladd was not objecting to the order of depositions, and did not care who went first, but "[w]hat I object to is being misled by another attorney, which is what you [Nancy Brown] did to me yesterday when you pretended you needed more dates for Mr. Ladd when that was not your intention. Had you asked about Mr. Kesner we could have discussed it. But you chose to go about it by being dishonest with me about your intentions. That is not how I am used to being treated by adversaries and I find extremely distasteful." (Id.).

     As Exhibits A and B demonstrate, the lead up to this exchange started when Mr. Ladd asked the SEC if he could rescheduled his deposition by one week because he was moving his home from South Carolina to Ohio and, as it turned out, the scheduled move dates was the week of his deposition. SEC counsel refused to this slight adjournment, insisting for weeks that SEC staff attorneys were busy on another matter after July 30 and could not be available for any deposition after that date. Eventually, after noting that we would seek judicial intervention to request that the discovery cut-off and Ladd deposition be adjourned for just a few days so that he

1

could move, the SEC agreed to adjourn Ladd's deposition.  After we selected a date for his deposition, August 5, the SEC requested that I provide even more dates that *Ladd would be available for his deposition*.  While providing more dates made no sense given we had all just agreed on August 5, SEC counsel insisted they needed more dates while they reworked their schedule.  After we provided more dates in response to their request for additional dates that Ladd could be deposed, the SEC served us with notice that they were unilaterally changing the date of Kesner's deposition—from July 29 to August 9.  Ladd objected to the SEC's unilateral change of dates because they were dishonest about the reason for the need for additional dates— he never objected to the ordering.

The SEC suggests that Ladd might want to be deposed after Kesner so that he "be given the opportunity to know what Mr. Kesner would say before he testifies." (SEC Ltr. at 3).  But this makes no sense.  Indeed, Ladd has sat through all five of the previous depositions with the SEC never once suggesting it was concerned how it would affect Ladd's testimony.  Nor could it.  Indeed, every lawyer to testify so far has entirely eviscerated the SEC's 13(d) allegations against Ladd and we expect Kesner to testify in a way that is similar to the other five lawyers from Sichenzia by testifying in no uncertain terms that Honig and the others did not constitute a Section 13(d) group and as such Ladd was no under no legal obligation to list them as one.

For the reasons set forth herein, Ladd does not object to the proposed order of depositions.  That said, he does believe it would be appropriate for the Court to order Kesner's deposition on August 4 and Ladd on August 5 because of the SEC's underhanded tactics, and because at this point, it appears that the SEC is not using these depositions for this litigation, but for a different investigation into Harvey Kesner. We stand ready to answer any questions Your Honor may have at the July 29 conference.  Thank you for your attention to this matter.

Respectfully Submitted,

*/s/ Adam Ford*

Ford O'Brien LLP
Adam C. Ford, Esq.
aford@fordobrien.com
Anjula Prasad
aprasad@fordobrien.com
275 Madison Avenue, 24th Fl.
New York, NY 10016
Telephone: (212) 858-0040

# EXHIBIT A



Adam Ford <aford@fordobrien.com>

## 2022.07.13 Amended Notice of Deposition -- Ladd and Kesner.pdf

**Adam Ford** <aford@fordobrien.com>         Thu, Jul 14, 2022 at 2:01 PM
To: "Brown, Nancy A" <BrownN@sec.gov>
Cc: Anjula Prasad <aprasad@fordobrien.com>, "Kaufman, Jack" <KaufmanJa@sec.gov>

Nancy,

What I object to is being misled by another attorney, which is what you did to me yesterday when you pretended you needed more dates for Mr. Ladd when that was not your intention. Had you asked about Mr. Kesner we could have discussed it. But you chose to go about it by being dishonest with me about your intentions. That is not how I am used to being treated by adversaries and I find extremely distasteful.

We are available to do Mr. Kesner on the 29, and on the 4th as are you, and Ladd on the 5. At this time, there is nothing to meet and confer about.

Adam

On Thu, Jul 14, 2022 at 8:24 AM Brown, Nancy A <BrownN@sec.gov> wrote:

> Thank you for your email.
>
> We still don't understand your objection to the schedule set out in the Notice we sent yesterday. We have offered to rearrange our schedule to put Mr. Ladd's deposition (which we expect will not last much longer than ½ a day) on any day between now and the end of the month. It appears that your objection is to Mr. Ladd going before Mr. Kesner, but we believe that Mr. Kesner's deposition will be more efficient and productive if it is informed by Mr. Ladd's testimony. We are available for a meet and confer between noon and one, two and three and after four.
>
> Sent from my iPhone
>
>> On Jul 13, 2022, at 9:56 PM, Anjula Prasad <aprasad@fordobrien.com> wrote:
>>
>> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>>
>> Hi Nancy,
>>
>> We will agree to move Mr. Kesner's deposition to August 4, which is a better time for us, and a time you indicated you're available. If that date does not work for you, then let's stay with Mr. Kesner's currently scheduled deposition date.
>>
>> Best,
>> Anjula
>>
>> Sent from my iPhone
>>
>>> On Jul 13, 2022, at 9:20 PM, Brown, Nancy A <BrownN@sec.gov> wrote:

Adam,

We don't understand your objection. We think a call tomorrow would be useful. When can you make yourself available.

Thank you.

---

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Wednesday, July 13, 2022 6:13 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>
**Cc:** Anjula Prasad (aprasad@fordobrien.com) <aprasad@fordobrien.com>; Kaufman, Jack <KaufmanJa@SEC.GOV>
**Subject:** Re: 2022.07.13 Amended Notice of Deposition -- Ladd and Kesner.pdf

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nancy,

We did not agree to extend out the discovery deadline to move Harvey's deposition for no known reason. We propose that we keep the same date for Harvey. I don't understand the bait and switch you are attempting to pull, but we are not agreeing to it. That was really dirty and underhanded. Please confirm we are doing Ladd on the 5th and Harvey on the 29th.

Adam

On Wed, Jul 13, 2022 at 6:09 PM Brown, Nancy A <BrownN@sec.gov> wrote:

> Adam,
>
> Please see attached. Please note that we have also moved Mr. Kesner to a better time for us, but on a date that works for you.

--

Ford O'Brien Landy, LLP

275 Madison Avenue, 24th Floor

New York, NY 10016

aford@fordobrien.com

# EXHIBIT B



Adam Ford <aford@fordobrien.com>

## SEC v. Honig

**Adam Ford** <aford@fordobrien.com>                                                                Wed, Jul 13, 2022 at 5:31 PM
To: "Brown, Nancy A" <BrownN@sec.gov>
Cc: Anjula Prasad <aprasad@fordobrien.com>, "Kaufman, Jack" <KaufmanJa@sec.gov>

We are all available the 5, 8, 9. Let me know if you need more dates, but they will be the following week.

On Wed, Jul 13, 2022 at 5:14 PM Brown, Nancy A <BrownN@sec.gov> wrote:

> I need more than one day, preferably a few, since, as I've said, we have to re-arrange our schedules to accommodate your schedule.
>
> Pick a few days, let me know what they are, and I'll send you a notice.
>
> Then you can write to the court and ask for the schedule to be extended.  We'd like to see the letter before it goes in if you plan to note our consent.
>
> Thank you.
>
> ---
>
> **From:** Adam Ford <aford@fordobrien.com>
> **Sent:** Wednesday, July 13, 2022 5:07 PM
> **To:** Brown, Nancy A <BrownN@SEC.GOV>; Anjula Prasad <aprasad@fordobrien.com>
> **Subject:** Re: FW: SEC v. Honig
>
> > **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Nancy,
>
> I said most days in August after August 2. You proposed the 3 or 5th. and I agreed to the 5th.  So we have a day.  After we both agreed to the 5th you picked a new day. the 4th, I don't know why.
>
> Does the 5th now work for you?  Did your plans change? If so and if it doesn't, no problem at all.  I understand that happens. Just let me know if any days that work for you the following week and we can agree to one.
>
> Adam
>
> On Wed, Jul 13, 2022 at 5:01 PM Brown, Nancy A <BrownN@sec.gov> wrote:
>> Adam,

If you read to the bottom of the chain, you said you were available almost any day in August. But now you have blacked out all but one day in the first week of the month (along with the recent black out of the entire week you committed to producing your client). So, please just list the days you are available.

We have offered separate days between now and August 5 by rearranging our schedules to do so. You appear to have made little effort to accommodate us.

Please give us the dates in August on which you are available by 6 p.m. so that we can seek relief from the Court if need be.

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Wednesday, July 13, 2022 4:55 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>
**Subject:** Re: FW: SEC v. Honig

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

We are not available the 4th.

Also, BDO confirms production going out Friday and apologize for the delays.

On Wed, Jul 13, 2022 at 2:59 PM Brown, Nancy A <BrownN@sec.gov> wrote:

> Are you available on the 4th?
>
> **From:** Adam Ford <aford@fordobrien.com>
> **Sent:** Wednesday, July 13, 2022 2:34 PM
> **To:** Brown, Nancy A <BrownN@SEC.GOV>
> **Cc:** Anjula Prasad (aprasad@fordobrien.com) <aprasad@fordobrien.com>
> **Subject:** Re: FW: SEC v. Honig
>
>> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> We are not all available on the 3rd. But if the 5th I am sure we can find a day the following week.
>
> i've asked about that dumb production a hundred times, i don't know what the issue is at this point. I'll ask again.

On Wed, Jul 13, 2022 at 2:30 PM Brown, Nancy A <BrownN@sec.gov> wrote:

Also august 3rd correct? We're trying to see what we can do to accommodate.

And please advise on the production.

---

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Wednesday, July 13, 2022 2:28 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>
**Cc:** Kaufman, Jack <KaufmanJa@SEC.GOV>; Anjula Prasad (aprasad@fordobrien.com) <aprasad@fordobrien.com>
**Subject:** Re: FW: SEC v. Honig

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nancy,

We can all do August 5.

Adam

On Wed, Jul 13, 2022 at 2:21 PM Brown, Nancy A <BrownN@sec.gov> wrote:

Adam,

You gave his moving days as July 28 through August 2. Are you telling us that he is not available on those days but is on August 3? Is he also available on August 5?

---

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Wednesday, July 13, 2022 2:19 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>
**Cc:** Kaufman, Jack <KaufmanJa@SEC.GOV>; Anjula Prasad (aprasad@fordobrien.com) <aprasad@fordobrien.com>
**Subject:** Re: FW: SEC v. Honig

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nancy,

Why do you keep writing "since you note that Mr. Ladd is available on both July 26 and 27"? Where did I write that?

Adam

On Wed, Jul 13, 2022 at 12:13 PM Brown, Nancy A <BrownN@sec.gov> wrote:

> Adam,
>
> Please confirm by the close of business today which of those two dates you'd like us to move Mr. Ladd's deposition to.
>
> Also, please advise on the status of the production you have not yet made to us.
>
> Thank you.
>
> **From:** Brown, Nancy A
> **Sent:** Wednesday, July 13, 2022 7:37 AM
> **To:** 'Adam Ford' <aford@fordobrien.com>
> **Cc:** Anjula Prasad (aprasad@fordobrien.com) <aprasad@fordobrien.com>; Kaufman, Jack <KaufmanJa@SEC.GOV>
> **Subject:** RE: SEC v. Honig
>
> Adam,
>
> Since you note that Mr. Ladd is available on both July 26 and 27, we will rearrange our own schedules to make a deposition happen on one of those days.  Please confirm which one.
>
> Thank you.
>
> **From:** Adam Ford <aford@fordobrien.com>
> **Sent:** Tuesday, July 12, 2022 5:44 PM
> **To:** Brown, Nancy A <BrownN@SEC.GOV>
> **Cc:** Anjula Prasad (aprasad@fordobrien.com) <aprasad@fordobrien.com>; Kaufman, Jack <KaufmanJa@SEC.GOV>
> **Subject:** Re: SEC v. Honig
>
> > **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Nancy,

I did, because when we selected that date it worked.  Afterwards, life changes led Mr. Ladd to sell his home in Raleigh and to buy a new home in Columbus, Ohio where he is scheduled to move his entire belongings, and his mother-in-law, who lives with him, over the four days of July 28-August 2.  I assure you these move dates were not on account of trying to move his deposition one week.  As for the dates next week, while we appreciate it, they do not work for any of Anjula, Rob, or I.  I would again propose that we agree to a date anytime after August 3, with a joint request to the court that discovery be extended this de minimus amount of time.

Adam

On Tue, Jul 12, 2022 at 4:29 PM Brown, Nancy A <BrownN@sec.gov> wrote:

> Adam,
>
> You accepted the date some months ago, which indicates that Mr. Ladd made the arrangements to move after the date was set.
>
> As we explained to you, neither Jack nor I is available after July 30, 2022.  Therefore, we will agree to take his deposition next week on either Thursday or Friday or the originally scheduled date.  Please advise.
>
> Thank you.
>
> ---
>
> **From:** Adam Ford <aford@fordobrien.com>
> **Sent:** Tuesday, July 12, 2022 3:46 PM
> **To:** Brown, Nancy A <BrownN@SEC.GOV>
> **Cc:** Anjula Prasad (aprasad@fordobrien.com) <aprasad@fordobrien.com>
> **Subject:** Re: SEC v. Honig
>
> > **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Nancy,
>
> Circling back on this, Mr. Ladd is not available that last week of July due to his moving homes and he needs to reschedule for a later date.  I understand that the current cut-off is July 31 by unfortunately my client cannot make it that that week.  We can do it most any day in August. Please let us know if there is another date that works for you.
>
> Adam
>
> On Tue, Jun 21, 2022 at 1:37 PM Brown, Nancy A <BrownN@sec.gov> wrote:
>
> > Sorry, Adam.  Neither I nor Jack is available after the last week in July because we are preparing for a trial in a different matter.  In addition, as you know, the period for this discovery ends July 31.  So please pick a different date.

**From:** Adam Ford <aford@fordobrien.com>
**Sent:** Tuesday, June 21, 2022 1:34 PM
**To:** Brown, Nancy A <BrownN@SEC.GOV>
**Cc:** Anjula Prasad (aprasad@fordobrien.com) <aprasad@fordobrien.com>
**Subject:** Re: SEC v. Honig

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nancy,

Sorry for the delayed response, I was out Friday and yesterday was a federal holiday that my firm observes.

Re Kesner, we can do him the day you noticed.

But, Rob Ladd is moving homes that week and as a result needs to reschedule his deposition. Can we do it any day the week of August 8?

Adam

On Mon, Jun 20, 2022 at 11:21 AM Brown, Nancy A <BrownN@sec.gov> wrote:

> Adam,
>
> We did not hear back from you regarding the scheduling of the Kesner deposition, so we've prepared the attached notice.
>
> Thank you.

--

Ford O'Brien Landy, LLP

275 Madison Avenue, 24th Floor

New York, NY 10016

aford@fordobrien.com

(212) 858-0040 (office)