UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
            Plaintiff,                 :
                                       :        18 Civ. 8175 (ER)
        – against –                    :
                                       :        ECF CASE
BARRY C. HONIG, ROBERT LADD,           :
ELLIOT MAZA, BRIAN KELLER,             :
JOHN H. FORD, GRQ CONSULTANTS, INC.    :
and HS CONTRARIAN INVESTMENTS, LLC,    :
                                       :
            Defendants.                :
------------------------------------------------------------------------x

## DECLARATION OF CHRISTOPHER PETRANIS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT ROBERT LADD AND IN OPPOSITION TO <u>LADD'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

I, Christopher Petranis, declare pursuant to 28 U.S.C. §1746, as follows:

1. I am currently a resident of Brooklyn, New York and have been a resident of Brooklyn and Manhattan, New York on and off since 1992. I work at Golden Equities LLC, a private real estate investment and development firm, where I have worked for almost 20 years. I have been investing in the stock market on and off since approximately 2007.

2. I bought 100,000 shares in MGT Capital Investments, Inc. ("MGT") on May 16, 2016 for $323,192.52 because it seemed like a great opportunity to make money quickly. Prior to my purchase, I read MGT's May 9, 2016 press release announcing that John McAfee would be joining MGT as CEO as part of a transaction with D-Vasive, and claiming that McAfee had sold his McAfee anti-virus software company to Intel for $7.6 billion.

3. Learning that McAfee had sold his company for billions of dollars and that he would now be joining MGT as CEO was information that was important to my decision to invest

in MGT because it indicated to me that McAfee was a serious, successful man who would be able to bring that expertise and success to MGT to make it as successful.

4. I was especially influenced by the amount of money McAfee reportedly made – $7.6 billion – in the sale of his company to Intel. I thought it was a massive win and it definitely swayed me to pull the trigger and buy MGT shares. I was not aware that McAfee had left his company many years prior to its sale to Intel.

5. I was not aware that Mr. Ladd sold more than 335,000 shares of MGT from November 30, 2015 to May 3, 2016. Nor was I aware that he sold 435,000 shares between May 9, 2016 (the day the D-Vasive transaction was announced) and May 12, 2016 for $414,448.39, or that he was selling hundreds of thousands of MGT shares in his parents' account in May 2016. As I consider investing in a company, it is important to me to know whether that company's insiders are buying or selling the company's shares. If they are selling shares, it indicates to me that the insider may not have confidence in his company's prospects. If I had known that Mr. Ladd was a seller of MGT stock prior to my purchase, I would have questioned his confidence in the MGT D-Vasive transaction and the company's prospects for the future.

6. I also was not aware that there was a group of investors in MGT who owned more than 5% of MGT's shares who were acting together and acting with management in failing to disclose their group activity. I have an expectation that the U.S. securities markets are

transparent. Had I known in making my decision to buy MGT stock on May 16, 2016 that there was an undisclosed group acting together owning more than 5% of MGT's shares and acting with management that would be a huge red flag for me and nefarious.

I declare under penalty of perjury that the foregoing is true and correct.

Executed January 18, 2023
[place of execution]
NY, NY

_____
Christopher Petranis

3