UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,  :
:
                        Plaintiff,  :
:    18 Civ. 8175 (ER)
           – against –  :
:    ECF CASE
BARRY C. HONIG, ROBERT LADD,  :
ELLIOT MAZA, BRIAN KELLER,  :
JOHN H. FORD, GRQ CONSULTANTS, INC., and  :
HS CONTRARIAN INVESTMENTS, LLC,  :
:
                        Defendants.  :
-----------------------------------------------------------------------x

### DECLARATION OF NANCY A. BROWN IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Nancy A. Brown, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the bar of this Court. I am employed as a Senior Trial Counsel in the New York Regional Office of the Plaintiff, Securities and Exchange Commission ("Commission"). In that role, I assisted in the investigation leading up to the filing of this action against Defendant, and have been participating in its litigation. I am familiar with the facts and circumstances herein.

2. I submit this declaration in opposition to the motion of Defendant Ladd for Partial Summary Judgment, primarily with respect to the Commission's claims against him for his failure to disclose that Defendant Barry Honig, Michael Brauser, Mark Groussman, John Stetson and John O'Rourke, or their respective investment vehicles,[1] were acting as a group under

---

[1] Each of the members of the group (and their respective investment vehicles) was originally charged by the Commission in this case. All have consented to judgments resolving the merits of the Commission's claims. (*See* DE 93, 94, 151, 152, 224, 225, 226, 227, 228, 229 and 230.) In the partial judgments that Stetson's entity, HS Contrarian Investments, Inc.

Section 13(d) of the Securities Exchange Act of 1934 ("Exchange Act') in the November 6, 2015 Form S-1, and April 14, 2016 Form 10-K of MGT Capital Investments, Inc. ("MGT"), as required by Regulation S-K of the Securities Act of 1933 ("Securities Act"), Item 403, 17 C.F.R. § 229.403, and his failure to aggregate those investors' holdings in those filings, pursuant to Exchange Act 13(d)(3) and Rule 13d-5(b)(1) thereunder, 17 C.F.R. § 242.13d-5(b)(1).  The Commission has alleged that those omissions were made by Ladd intentionally or recklessly in violation of Exchange Act Section 10(b), and Rule 10b-5(b) thereunder, and Securities Act Section 17(a)(2).  The Commission has further alleged that Ladd aided and abetted the pump-and-dump scheme of Honig, Brauser, Groussman, Stetson and O'Rourke in knowingly or recklessly making those omissions, as well as in his issuance of a materially false press release on May 9, 2016.

   3.  Appended hereto as <u>Exhibit A</u> is a true and correct copy of the November 30, 2012 Form S-3 filed by MGT.

   4.  Appended hereto as <u>Exhibit B</u> is a true and correct copy of a December 7, 2011 email from Stetson to Honig, regarding the balance sheet of HS Contrarian Investments, LLC ("HSCI").  The document was produced by Stetson pursuant to the Commission's document request.  All documents included with this declaration Bates numbered with "SD-SEC-(18Civ8175)" prefix were produced to the Commission by Stetson in this litigation.

   5.  Appended hereto as <u>Exhibit C</u> is a true and correct copy of an email chain ending June 21, 2012, involving Ladd, Honig, MGT's CFO, a representative of Chardan Capital Markets LLC, and a representative of Hudson Bay Capital Management LP.  It was produced to the Commission by the FBI, which, I understand, had executed a search warrant for Honig's

---

("HSCI") (DE 230) and Honig (DE 151, 152) entered into, whether and how much monetary relief against them should be awarded remains to be resolved.

email account in its parallel criminal investigation in this matter. It was not produced by Ladd or MGT in response to any subpoenas or document requests to them. All documents included with this declaration Bates numbered with "SEC-FBI-E" prefix were originally collected by the FBI and shared with the Commission as part of our parallel investigations.

6. Appended hereto as Exhibit D is a true and correct copy of MGT's October 26, 2012 Form 8-K.

7. Appended hereto as Exhibit E is a true and correct copy of a Ladd October 12, 2012 email to Honig, Stetson and various lawyers at Sichenzia Ross Ference ("SRF"), attaching counter-signed terms sheets for the October 2012 private placement and a Registered Direct offering. It was produced to the Commission by SRF pursuant to subpoena.

8. Appended hereto as Exhibit F is a true and correct copy of a Ladd October 11, 2012 email exchange with Honig.

9. Appended hereto as Exhibit G is a true and correct copy of a Ladd October 11, 2012 email exchange with Honig.

10. Appended hereto as Exhibit H is a true and correct copy of an October 14-15, 2012 email exchange between Harvey Kesner, Arthur Marcus, Ladd, and others at SRF and MGT.

11. Appended hereto as Exhibit I is a true and correct copy of an email chain ending October 17, 2012 involving Jay Kaplowitz, Ladd, MGT's CFO, Kesner, Marcus and Tara Guarneri-Ferrara.

12. Appended hereto as Exhibit J is a true and correct copy of a Ladd October 19, 2012 email to MGT's CFO.

13. Appended hereto as Exhibit K is a true and correct copy of a Honig October 21,

2012 email to Ladd, Kesner, and other investors. It was produced to the Commission from the FBI, who I understand, executed a search warrant on Stetson's email accounts. All documents bearing the Bates number prefix "FBI_Stetson" are documents collected from the FBI pursuant to their search warrant on Stetson's email accounts and were shared with the Commission by the FBI as part of our parallel investigations. A copy of it was produced by Ladd or MGT.

14. Appended hereto as <u>Exhibit L</u> is a true and correct copy of relevant excerpts from the transcript of the deposition of Harvey Kesner on August 8, 2022.

15. Appended hereto as <u>Exhibit M</u> is a true and correct copy of relevant excerpts from the transcript of the deposition of Robert Ladd on October 15, 2020, October 16, 2020, November 10, 2020 and August 5, 2022.

16. Appended hereto as <u>Exhibit N</u> is a true and correct copy of relevant excerpts from the transcript of the deposition of Avital Perlman on June 15, 2022.

17. Appended hereto as <u>Exhibit O</u> is a true and correct copy of relevant excerpts from the transcript of the deposition of Tara Guarneri-Ferrara on July 12, 2022.

18. Appended hereto as <u>Exhibit P</u> is a true and correct copy of an email chain ending October 23, 2012, involving Ladd, Kesner, Guarneri-Ferrara, Marcus, Kaplowitz and an SRF associate.

19. Appended hereto as <u>Exhibit Q</u> is a true and correct copy of an October 23, 2012 email from MGT's CFO to Stetson, copying Ladd.

20. Appended hereto as <u>Exhibit R</u> is a true and correct copy of an October 22, 2012 email from Sandor Capital, one of the investors in the 2012 financing, to Stetson.

21. Appended hereto as <u>Exhibit S</u> is a true and correct copy of a Stetson October 24, 2012 email to Jill Strauss—an investor in the 2012 financing— and her representatives.

22. Appended hereto as <u>Exhibit T</u> is a true and correct copy of an email chain ending November 2, 2012, involving Ladd, Stetson, MGT's CFO, Marcus, and representatives of VP Bank —an investor in the 2012 financing.

23. Appended hereto as <u>Exhibit U</u> is a true and correct copy of an email chain ending November 15, 2012 involving Ladd, Stetson, and lawyers at SRF, among others.

24. Appended hereto as <u>Exhibit V</u> are true and correct copies of Notices of Conversion submitted to MGT by HSCI (April 2, 2013), Honig (April 4, 2013) and Melechdavid, Inc. ("Melechdavid"), Groussman's entity (April 8, 2013).

25. Appended hereto as <u>Exhibit W</u> is a true and correct copy of an email exchange ending April 8, 2013 between Jonathan Honig and MGT's controller, Reginald Averilla.

26. Appended hereto as <u>Exhibit X</u> is a true and correct copy of an email exchange ending April 8, 2013 between Ladd and Honig.

27. Appended hereto as <u>Exhibit Y</u> is a true and correct copy of an April 26, 2013 email from Ladd to the investors in the 2012 financing.

28. Appended hereto as <u>Exhibit Z</u> is a true and correct copy of a Stetson April 26, 2013 email to Ladd and MGT's controller.

29. Appended hereto as <u>Exhibit AA</u> is a true and correct copy of a Groussman May 9, 2013 email to MGT's controller.

30. Appended hereto as <u>Exhibit BB</u> is a true and correct copy of a Ladd May 20, 2013 email to representatives of MGT's transfer agent.

31. Appended hereto as <u>Exhibit CC</u> is a true and correct copy of an email exchange ending May 30, 2013 between Ladd and Honig. It was not produced by Ladd or MGT.

32. Appended hereto as <u>Exhibit DD</u> is a true and correct copy of an email exchange

ending October 1, 2015 among Ladd, Honig, Stetson and Brauser.

33. Appended hereto as Exhibit EE is a true and correct copy of a Ladd October 4, 2015 email to Joshua Silverman, Robert Holmes and Michael Onghai (MGT Board members), copying MGT's CFO and Kaplowitz and Perlman. It was produced pursuant to Commission subpoena by Iroquois Capital Management ("ICM"), an adviser to one of the investors in the 2012 and 2015 financings.

34. Appended hereto as Exhibit FF is a true and correct copy of an email chain ending October 7, 2015 involving Ladd, Honig, Groussman, Stetson and SRF attorneys.

35. Appended hereto as Exhibit GG is a true and correct copy of a Stetson October 5, 2015 email to Ladd.

36. Appended hereto as Exhibit HH is a true and correct copy of a Stetson October 6, 2015 email to Groussman.

37. Appended hereto as Exhibit II is a true and correct copy of an email chain ending October 7, 2015 involving Ladd, Stetson, Groussman and SRF attorneys.

38. Appended hereto as Exhibit JJ is a true and correct copy of an email chain ending October 8, 2015, involving Stetson, Ladd, Groussman, and representatives of Brauser.

39. Appended hereto as Exhibit KK is a true and correct copy of an email chain ending October 7, 2015 involving Ladd, Stetson, Groussman and SRF attorneys.

40. Appended hereto as Exhibit LL is a true and correct copy of an email chain ending October 7, 2015 involving Ladd, Stetson, Groussman and Perlman.

41. Appended hereto as Exhibit MM is a true and correct copy of an email chain ending October 15, 2015 involving Ladd, Stetson and Groussman.

42. Appended hereto as Exhibit NN is a true and correct copy of MGT's October 9,

2015 Form 8-K, with MGT October 9, 2015 press release.

43. Appended hereto as Exhibit OO is a true and correct copy of Honig's October 16, 2015 Schedule 13G.

44. Appended hereto as Exhibit PP is a true and correct copy of a Perlman email to representatives of New York Stock Exchange ("NYSE"), copying Ladd and Kaplowitz, and attaching list of investors.

45. Appended hereto as Exhibit QQ is a true and correct copy of a Jonathan Honig December 8, 2015 email to Honig.

46. Appended hereto as Exhibit RR is a true and correct copy of a piece appearing in the *Small Cap Leader* on February 3, 2016.

47. Appended hereto as Exhibit SS is a true and correct copy of an email chain ending April 4, 2016 involving O'Rourke, Ladd and McAfee.

48. Appended hereto as Exhibit TT is a true and correct copy of an email exchange ending April 5, 2016 between O'Rourke and Ladd.

49. Appended hereto as Exhibit UU is a true and correct copy of MGT's May 9, 2016 Form 8-K and all attachments.

50. Appended hereto as Exhibit VV is a true and correct copy of a May 9, 2016 promotional piece on MGT published by *Stock Beast.*

51. Appended hereto as Exhibit WW is a true and correct copy of a Ladd May 10, 2016 email to Brauser, Honig, Stetson, O'Rourke, Groussman, copying Kaplowitz.

52. Appended hereto as Exhibit XX is a true and correct copy of a Ladd May 10, 2016 email to Honig, copying Kaplowitz.

53. Appended hereto as Exhibit YY is a true and correct copy of the Notices of

Exercise submitted on May 10, 2016 by Groussman for Melechdavid, and Stetson for GRQ Roth and Stetson Capital Investments, Inc. ("SCI"), and submitted on May 12, 2016 by O'Rourke for ATG Capital LLC ("ATG") and Brauser for Grander Holdings Inc., 401K ("Grander").

54. Appended hereto as Exhibit ZZ is a true and correct copy of a July 3, 2014 email sent by MGT's CFO to Silverman and an attorney at Olshan Frome Wolosky LLP, and copying Kaplowitz and an MGT employee and director.

55. Appended hereto as Exhibit AAA is a true and correct copy of a Ladd October 11, 2016 email to Silverman, copying Perlman.

56. Appended hereto as Exhibit BBB is a true and correct copy of an email exchange ending November 29, 2015 between Ladd and Honig. It was not produced by Ladd or MGT.

57. Appended hereto as Exhibit CCC is a true and correct copy of an email exchange ending October 15, 2012 among Ladd, MGT's CFO, and SRF attorneys.

58. Appended hereto as Exhibit DDD is a true and correct copy of an email exchange ending November 14, 2012 between Ladd and David Einhorn.

59. Appended hereto as Exhibit EEE is a true and correct copy of a piece authored by John Ford and published on April 11, 2013 in *Seeking Alpha.*

60. Appended hereto as Exhibit FFF is a true and correct copy of a piece authored by John Ford and published on November 5, 2012 in *Seeking Alpha.*

61. Appended hereto as Exhibit GGG is a true and correct copy of an email chain ending November 21, 2012 involving Ladd, MGT's controller, MGT's CFO and Stetson.

62. Appended hereto as Exhibit HHH is a true and correct copy of an email chain ending June 10, 2016 involving Wu, Kaplowitz, Ladd and representatives of the NYSE, and attaching MGT's response, signed by Ladd, to NYSE's information requests.

63. Appended hereto as Exhibit III is a true and correct copy of an email chain ending October 12, 2012, involving Ladd, Kaplowitz, Marcus, Kesner and Guarneri-Ferrara.

64. Appended hereto as Exhibit JJJ is a true and correct copy of relevant excerpts from the transcript of the deposition of Jay Kaplowitz on June 14, 2022.

65. Appended hereto as Exhibit KKK is a true and correct copy of a Kaplowitz December 4, 2015 letter to MGT, Attn:  Robert B. Ladd.

66. Appended hereto as Exhibit LLL is a true and correct copy of a Honig October 16, 2012 email to Stetson.

67. Appended hereto as Exhibit MMM is a true and correct copy of a Honig October 9, 2015 email to Stetson, copying O'Rourke and Kesner.

68. Appended hereto as Exhibit NNN is a true and correct copy of an October 10, 2015 email from a SRF associate to MGT's Edgarizer, copying Kesner, Perlman and Kaplowitz.

69. Appended hereto as Exhibit OOO is a true and correct copy of relevant excerpts from the transcript of the deposition of Arthur Marcus on June 21, 2022.

70. Appended hereto as Exhibit PPP is a true and correct copy of an email chain ending October 14, 2012, involving Ladd, Kaplowitz, Marcus, Kesner and Honig.

71. Appended hereto as Exhibit QQQ is a true and correct copy of an email chain ending October 14, 2012, involving Ladd, Kaplowitz, Marcus, Kesner and Honig.

72. Appended hereto as Exhibit RRR is a true and correct copy of relevant excerpts from the transcript of the deposition of Joan Wu on June 22, 2022.

73. Appended hereto as Exhibit SSS is a true and correct copy of an email chain ending October 19, 2012 involving Ladd, Marcus, Kaplowitz, Honig, and other investors in the 2012 financing.

74. Appended hereto as <u>Exhibit TTT</u> is a true and correct copy of an MGT Selling Securityholder Notice and Questionnaire, dated October 22, 2012 and submitted by Hudson Bay Master Fund, Ltd.

75. Appended hereto as <u>Exhibit UUU</u> is a true and correct copy of an email exchange ending October 23, 2012 between Ladd and a representative of the NYSE, copying Marcus and MGT's CFO.

76. Appended hereto as <u>Exhibit VVV</u> are true and correct copies of two emails: (1) Perlman January 8, 2016 email to MGT auditors, copying Ladd, an MGT employee and Kaplowitz; and (2) an April 14, 2016 email to Perlman, Ladd, and Kaplowitz, among others, from an MGT employee.

77. Appended hereto as <u>Exhibit WWW</u> is a true and correct copy of relevant excerpts from the transcript of the deposition of H. Robert Holmes on January 28, 2020.

78. Appended hereto as <u>Exhibit XXX</u> is a true and correct copy of MGT's Form 10-Q, filed May 23, 2016.

79. Appended hereto as <u>Exhibit YYY</u> are true and correct copies of the relevant excerpts from an Amended Complaint Kesner filed in *Kesner v. Buhl*, 20 Civ. 3454 (PAE) (S.D.N.Y.) (DE 36); Kesner's October 14, 2019 Declaration in that action, (i*d.* (DE 49-1)); and relevant excerpts from Kesner's Response to a defendant's Local Rule 56.1 statement, also filed in that action. (*Id.* (DE 150-1).)

80. Appended hereto as <u>Exhibit ZZZ</u> is a true and correct copy of the February 10, 2016 Schedule 13G that Brauser filed on May 3, 2016.

81. Appended hereto as <u>Exhibit AAAA</u> is a true and correct copy of a June 27, 2013 email exchange between Stetson and Jonathan Honig.

82. In a phone call I had with SRF's Counsel, Sameer Rastogi, on July 19, 2022, I asked him whom Kesner represented. Rastogi told me that the firm had an attorney client relationship with Honig and a couple of investors, so any communications between Kesner and Honig would be privileged, and if Honig did not waive privilege he would not produce their communications.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: January 31, 2023
New York, New York

                                                        s/ *Nancy A. Brown*
                                                        Nancy A. Brown