# EXHIBIT ZZ

From: Robert Traversa
Sent: Thu 7/03/2014 5:43 PM (GMT-05:00)
To: jsilverman@icfund.com; AFreedman@olshanlaw.com
Cc: Jay Kaplowitz; Stuart Van Leenen; Bob Holmes
Bcc:
Subject: Response to Nomination Letter
Attachments: IC letter 3July2014.pdf

Mr. Silverman:

Please see the attached correspondence.

Regards,

Robert



Robert P. Traversa

CFO

MGT Capital Investments, Inc.

500 Mamaroneck Avenue, Suite 204

Harrison, NY 10528

(914) 630-7431 office

(914) 630-7532 fax

(917) 822-8453 cell



FOIA Confidential Treatment Requested by MGT Capital Investments, Inc.        MGT_SEC_00015488


MGT Capital Investments, Inc.

July 3, 2014

**VIA E-MAIL AND OVERNIGHT DELIVERY**

Iroquois Master Fund Ltd.
c/o Iroquois Capital Management, LLC
641 Lexington Avenue, 26th Floor
New York, New York 10022
Attn: Joshua Silverman

Re: MGT Capital Investments, Inc.

Dear Mr. Silverman:

This letter responds to the letter, dated June 27, 2014, delivered to MGT Capital Investments, Inc. ("MGT" or the "Company") under the subject line "Notice of Stockholder Nomination of Individuals for Election as Directors at the 2014 Annual Meeting of Stockholders of MGT Capital Investments, Inc." (the "Nomination Letter") on behalf of Iroquois Master Fund Ltd. ("Iroquois") with respect to the shares of common stock, $0.001 par value per share, of MGT (the "Shares"). In the Nomination Letter, Iroquois stated that its purpose was to provide notice to MGT of its intent to nominate four individuals for election to the board of directors of MGT at the 2014 annual meeting of stockholders of MGT (including any other meeting of stockholders held in lieu thereof, and any adjournments, postponements, reschedulings or continuations thereof, the "Annual Meeting").

We have conducted a careful review of the Nomination Letter, and, based on such review, it appears that the Nomination Letter may not satisfy the applicable requirements for a stockholder's notice of its nomination (a "Stockholder's Notice") of one or more persons for election as a director of MGT as set forth in MGT's By-Laws (the "By-Laws"), as it appears to us that certain information required to be included in a Stockholder's Notice—information that would be material to our stockholders—may have been improperly omitted. The reasons for this belief are set forth in more detail below.

As you know, one of the purposes of the advance notice provisions of the Company's By-laws is to provide for full, correct, complete and timely disclosure of relevant information by stockholders that intend to nominate directors at a meeting of the Company's stockholders. Because the deadline for delivering the information was the day immediately following the delivery of the Nomination Letter required by Section 11 of the By-Laws, to the extent that we

DOC ID - 21573617.4

FOIA Confidential Treatment Requested by MGT Capital Investments, Inc.                MGT_SEC_00015489

July 3, 2014
Page 2

finally determine that the Nomination Letter was indeed deficient, the nominations cannot thereafter be properly brought before the Annual Meeting pursuant to such section.

Disclosure of Preferred Stock and Derivative Instruments

Section 11(a)(iii)(A)(2)(a) of Article II of the By-Laws requires that a Stockholder's Notice set forth, as to each "Stockholder Associated Person" (as defined in the By-Laws), the "class or series and number of shares of [MGT] which are, directly or indirectly, owned beneficially" by such person. While we note that page 1 and Section I.B of the Nomination Letter reference Shares issuable to Iroquois upon the conversion of Preferred Stock, we cannot locate any disclosure of the number of shares of preferred stock of MGT beneficially owned by Iroquois or any other Stockholder Associated Person.

In addition, Section 11(a)(iii)(A)(2)(b) of Article II of the By-Laws requires that a Stockholder's Notice set forth (or describe the material terms of), as to each "Stockholder Associated Person," any "Derivative Instrument" (as defined in the By-Laws), including warrants. Although we note a reference to Shares issuable upon exercise of warrants held by Iroquois in the Nomination Letter, the Nomination Letter fails to disclose which MGT warrants Iroquois or any other Stockholder Person beneficially owns and the amount of such warrants held.

Disclosure of Material Terms of "Short Interests"

Section 11(a)(iii)(A)(2)(d) of Article II of the By-Laws requires, as to each "Stockholder Associated Person", a description of "the material terms of . . . any agreement, arrangement, understanding, relationship or otherwise, including any repurchase or similar so-called "stock borrowing" agreement or arrangement, engaged in, directly or indirectly, by any Stockholder Associated Person, the purpose or effect of which is to mitigate loss to, reduce the economic risk (of ownership or otherwise) of any class or series of the shares of [MGT] by, manage the risk of share price changes for, or increase or decrease the voting power of, such stockholder with respect to any class or series of the shares of [MGT], or which provides, directly or indirectly, the opportunity to profit in any share profit derived from any decrease in the price or value of any class or series of the shares of [MGT] (any of the foregoing, "Short Interests")." While it appears Section I.B of the Nomination Letter discloses that Iroquois is short 62,200 Shares and thus is party to "Short Interests", there is no description of the material terms of the agreement, arrangement, understanding or relationship pursuant to which Iroquois shorted the Shares, such as a "stock borrowing" agreement or arrangement, as required by Section 11(a)(iii)(A)(2)(d) of Article II of the By-Laws.

Section 14 of the Exchange Act Disclosures

Section 11(a)(iii)(A)(3) of Article II of the By-Laws requires, as to each "Stockholder Associated Person," "any information that would be required to be disclosed in a proxy statement . . . pursuant to Section 14 of the [Exchange] Act and the rules and regulations promulgated thereunder." Item 5(b)(1)(vi) of Schedule 14A under the Exchange Act requires one to "[s]tate with respect to all securities of the registrant purchased or sold within the past two

DOC ID - 21573617.4

FOIA Confidential Treatment Requested by MGT Capital Investments, Inc.                    MGT_SEC_00015490

July 3, 2014
Page 3

years, the dates on which they were purchased or sold and the amount purchased or sold on each such date." For the reasons described in further detail below, the Nomination Letter fails to disclose all of the information required by Section 11(a)(iii)(A)(3) of Article II of the By-Laws.

    A.    Although Exhibit A of the Nomination Letter purports to disclose all purchases and sales of the Shares during the past two years by Iroquois, there appear to be numerous omissions, inconsistencies between Exhibit A and the body of the Nomination Letter, as well as contradictions between Exhibit B and the Schedule 13D initially filed with the SEC by Iroquois and certain of its affiliates on December 16, 2013 (the "Iroquois 13D"):

    1.    On page 1, in Section I.B, and in numerous other places throughout the Nomination Letter, Iroquois claims that it is the beneficial owner of 765,196 Shares (excluding Shares issuable upon the conversion or exercise of other securities of MGT) and is short 62,200 Shares. However, the net total of Shares in the transactions listed on Exhibit A of the Nomination Letter is 753,603 Shares. Unless Iroquois acquired 50,607 Shares prior to June 28, 2012, it appears that either, or both of, the number of shares Iroquois claims to beneficially own (as required to be disclosed pursuant to Section 11(a)(iii)(A)(2)(a) of Article II of the By-Laws) or the transactions required to be disclosed pursuant to Item 5(b)(1)(vi) of Schedule 14A under the Exchange Act (and therefore by Section 11(a)(iii)(A)(3) of Article II of the By-Laws) are inaccurate.

    2.    Exhibit A of the Nomination Letter does not list any transactions in the Shares for December 10, 2013 and lists two transactions in the Shares for December 11, 2013—an acquisition of 613,496 Shares and a *disposition* of 17,000 Shares. However, The Iroquois 13D lists two transactions on December 10, 2013—an acquisition of 613,496 Shares and an *acquisition* of 11,200 Shares—and no transactions on December 11, 2013. Even after putting aside the inaccurate date in either the Nomination Letter or the Iroquois 13D, it appears that the Nomination Letter fails to disclose all purchases or sales of the Shares as required under Item 5(b)(1)(vi) of Schedule 14A (and therefore by Section 11(a)(iii)(A)(3) of Article II of the By-Laws).

    3.    Exhibit A of the Nomination Letter includes at least one transaction in the Shares that exceed the reported volume transacted in the Shares on such days as reported by NYSE MKT. For example, Exhibit A of the Nomination Letter lists a sale of 30,000 Shares on February 6,. However, according to NYSE MKT data, the total volume of all trades in the Shares on February 6 was 27,170 Shares.

    4.    Although Exhibit A of the Nomination Letter lists three transactions in the Shares on May 9, 2014, Amendment No. 2 to the Iroquois 13D, filed on June 9, 2014, lists only one transaction in the Shares on May 9, 2014.

    B.    The Nomination Letter also appears to fail to properly disclose transactions in MGT's warrants and preferred stock as required under Item 5(b)(1)(vi) of Schedule 14A (and therefore by Section 11(a)(iii)(A)(3) of Article II of the By-Laws). As noted above, Item 5(b)(1)(vi) requires the disclosure of the dates of purchases and sales within the last two years and the amount purchased or sold on each such date with respect to all securities of MGT,

DOC ID - 21573617.4

FOIA Confidential Treatment Requested by MGT Capital Investments, Inc.    MGT_SEC_00015491

July 3, 2014
Page 4

including warrants. While we note that footnote 2 in Section I.B of the Nomination Letter states that Iroquois acquired its present ownership of MGT warrants in a private placement on October 22, 2012, we have no record of issuing these securities to Iroquois on that date. In addition, the Nomination Letter fails to disclose the amount of warrants and amount of preferred stock acquired on such date, as is required by Schedule 14A.

Missing Stockholder Associated Persons and Related Disclosures

In addition to the matters summarized above, it does not appear that the Nomination Letter contains the required identification of all "Stockholder Associated Persons" and the necessary disclosures for each such person. Section 11(a)(iii)(A)(1) of Article II of the By-Laws requires that a Stockholder's Notice set forth the name and address of any of affiliates or associates or others acting in concert with the stockholder submitting the notice and any "Beneficial Owners" (as defined in the By-Laws). Based on Company records, American Capital Management LLC ("ACM") became the beneficial owner of 200,000 Shares at some point between October 22, 2012 and November 16, 2012. According to SEC filings, ACM is a retirement vehicle for the benefit of Mr. Silverman, Mr. Abbe, and another member of Iroquois Capital Management, LLC ("Iroquois Capital"). As recently as December 2013, ACM has listed its address for notice as "c/o Iroquois Capital Management, LLC, 641 Lexington Avenue, 26th Floor, New York, NY 10022, Attention: Joshua Silverman" (emphasis added). Numerous filings list either Kimberly Page, an executive officer (Chief Operation Officer) of Iroquois Capital, or Philip Mirabelli, an employee of Iroquois Capital, as the "managing member" or "manager of investments" of ACM. Based upon our review of SEC filings, we cannot escape the conclusion that ACM, a retirement vehicle for three members of Iroquois Capital (including at least one "Beneficial Owner") that shares an office with Iroquois, directs important communications directly to a person who is a Beneficial Owner and the Managing Partner of Iroquois Capital, and is managed by an executive officer of Iroquois Capital is a "Stockholder Associated Person".

Notwithstanding ongoing direct questioning by the Company, the Nomination Letter fails to identify ACM or set forth the information required to be disclosed about its interests and the other information required to be disclosed under Section 11(a)(iii)(A) of Article II of the By-Laws and by Schedule 14A. In addition, the size of this undisclosed holding by ACM would have required one or more SEC filings by Iroquois under Section 13 of the Exchange Act, none of which were ever filed. Moreover, the undisclosed holdings by ACM, when combined with the voting power of the preferred stock owned simultaneously by Iroquois, would have required one or more SEC filings under Section 16 of the Exchange Act. The apparent concealment by Iroquois of the ownership interests and trading activity of ACM, not only to the Company in the Nomination Letter, but to the SEC, creates a materially misleading communication to the Company's stockholders. Furthermore, we are seriously concerned by what we believe are violations of the federal securities laws, including Sections 13 and 16 of the Exchange Act.

Updates and Supplements to a Stockholder's Notice

There is no basis for your conclusion that the requirement to update and supplement a Stockholder's Notice, if necessary under Section 11(c)(iii) of Article II of the By-Laws is "unenforceable unless [MGT] provides written notice of the record date to Iroquois not later than

DOC ID - 21573617.4

FOIA Confidential Treatment Requested by MGT Capital Investments, Inc.                    MGT_SEC_00015492

July 3, 2014
Page 5

the date set as the record date for the Annual Meeting." Consistent with MGT's historical practice, there will be a "public announcement" (as defined in the By-Laws) of the record date for the Annual Meeting no later than the date set as such record date.

\*   \*   \*

Please be advised that the foregoing discussion is based on our review to date of publicly available information. Please note that the Company has not conceded or waived any right to raise additional objections. Further, neither the delivery of this letter nor further communications, if any, by or on behalf of MGT or any of its affiliates from and after the date hereof shall be deemed to constitute an admission as to the validity of the Nomination Letter for purposes of the By-Laws or any other matter, or any waiver by MGT or an affiliate of its rights to enforce any provision of the By-Laws or of any other matter.

If you wish to set forth any explanation or additional details regarding the above matters, we respectfully request that you respond to us in writing on or prior to 6:00 p.m. (Eastern Daylight Time) on July 10, 2014 so that we could consider all of the relevant information when making a final determination with respect to the Nomination Letter's compliance with the By-Laws.

Sincerely,

Robert P. Traversa

cc:   Andrew Freedman, Esq.

DOC ID - 21573617.4

FOIA Confidential Treatment Requested by MGT Capital Investments, Inc.            MGT_SEC_00015493