# EXHIBIT YYY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

Case No. 19-61370-CIV-SMITH/VALLE

| | | |
|---|---|---|
| HARVEY J. KESNER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:19-cv-61370-RS |
| | ) | |
| | ) | **TRIAL BY JURY** |
| DOW JONES & COMPANY, INC. | ) | **IS DEMANDED** |
| d/b/a BARRON'S | ) | |
| WILLIAM "BILL" ALPERT | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| TERI BUHL | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AMENDED COMPLAINT**

Plaintiff, Harvey J. Kesner ("Kesner" or "Plaintiff"), by counsel, pursuant to Rule

15(a)(1)(B) of the Federal Rules of Civil Procedure (the "Rules"), files the following

Amended Complaint against Defendants, Dow Jones & Company, Inc. d/b/a Barron's

("Barrons"), William "Bill" Alpert ("Alpert"), and Teri Buhl ("Buhl"), jointly and

severally.

Plaintiff seeks (a) compensatory damages and punitive damages in a sum not less

than **$25,000,000.00**, (b) prejudgment interest on the principal sum awarded by the

Jury from October 4, 2018 to the date of Judgment at the rate of 6.89 percent per year, (c)

reasonable attorney's fees, and (d) costs – arising out of the Defendants' defamation,

1

Case 1:18-cv-08175-ER Document 318-77 Filed 01/31/23 Page 3 of 14

commercial disparagement, deceptive acts and unfair practices in trade or commerce, tortious interference with contract and business expectancies, and common law conspiracy.

## I. INTRODUCTION

1.      This case is about an ongoing coordinated campaign by the Defendants to destroy the 36-year, previously untarnished, legal career of a successful corporate and securities attorney who lives in South Florida – an attorney who the Defendants knew serviced a large number of clients and companies based in Florida. It was the Defendants' intent, through concerted acts of defamation and commercial disparagement directed at Plaintiff and Plaintiff's practice in Florida, to permanently harm Plaintiff's reputation, rendering him unemployable.

2.      Over a year after the Securities and Exchange Commission ("SEC") brought an action against certain persons, but ***NOT*** the Plaintiff, and in spite of the pendency of this action, the Defendants continue to publish scandalous statements about Plaintiff. The Defendants continue to assert that Plaintiff orchestrated a scheme to defraud and that he acted dishonestly, unethically, and that he is not fit to practice law. In flagrant disregard for the truth, the Defendants continue to publish false statements that disparage Plaintiff's professional reputation, integrity and standing in the Florida community in which Plaintiff lives and works. The Defendants continue to proclaim that numerous government efforts to investigate and charge a broad swath of individuals and companies are somehow all tied to Plaintiff. The Defendants falsely proclaim that Plaintiff is the central figure in the cases. He is not. Never was.

2

3.      The Defendants recklessly disregard and run roughshod over matters of public record. They maliciously attack Plaintiff for the sole purpose of garnering money, assisting their benefactors, increasing internet traffic to their sites, advancing sales of their publications, selling advertising, and increasing their own reputations in the nebulous world of short sellers and pump-and-dump artists with whom they, directly or indirectly, are engaged in the manipulation of stocks for financial gain. The Defendants worked together[1] to generate false and misleading information, harm investors and profit through the creation of sensational, click-bait headlines and deceitful "reveals" designed to panic investors in public companies, resulting in panic selling that reduces stock prices, so that they can profit (financially and reputationally) on the false stories.

4.      Plaintiff is but one (of dozens) of lawyers that represented companies that were in the sights of the SEC during a multi-year, multi-company investigation. Defendants chose to target Plaintiff. The Defendants used the mere fact that Plaintiff was counsel to publish stories, such as "**SEC Charges Against Phillip Frost Might Just Be the Tip of the Iceberg**" and "**The Lawyer at the Center of SEC Pump and Dump Case**", during 2018.

5.      In addition to Plaintiff, Defendants' articles and blogs focus attention on other Floridians. Dr. Phillip Frost ("Dr. Frost") is a Miami billionaire whose charitable works include hundreds of millions of dollars to support charitable, educational and scientific endeavors, including the namesake of the Phillip and Patricia Frost Museum of

---

[1]      [*See, e.g.,* https://www.barrons.com/articles/sec-charges-phillip-frost-1536608366 ("The remarkable penny stock successes of Frost, Honig, and Brauser have also been the subject of dogged investigation by independent journalist Teri Buhl, who self-publishes her work and had to defend against two lawsuits … over her stories, including a libel suit.")].

3

Science. South Florida Business Journal reported that Dr. Frost is Florida's most charitable donor, having donated $170 million to charity in 2017, including $100 million donation to the University of Miami's applied sciences and engineering programs and $33 million to the Phillip and Patricia Frost School of Music at the University of Miami. Dr. Frost served as the chairman and CEO of Miami, Florida, Ivax Pharmaceuticals prior to its sale to a large Israeli consortium.

6.        For a year, the Defendants have asserted (without any evidentiary support) that alleged ties to alleged illegal and unethical acts by others will lead to fines, charges and penalties against Plaintiff. The Defendants besmirch Plaintiff's reputation by associating him, wrongly, with the unproven charges against persons and companies involved in the ongoing SEC lawsuit that does not name Plaintiff. The Defendants falsely proclaim that Plaintiff has acted illegally himself, and also facilitated illegal acts through his legal representation, through identification of businesses he has supported (damaging their reputations as well), through mere association with third parties (who have been defamed as well) and other professionals, stating or implying that it is just a matter of time before Plaintiff is caught. The Defendants act as if they possess superior knowledge of "leaked" government information from investigators and prosecutors. They possess no such information because none exists.

7.        The Defendants' smear campaign has all but destroyed any prospects for Plaintiff to provide legal services to clients and continue his life's work. The Defendants have reduced to shambles a highly successful law practice. The Defendants caused innumerable third-parties who are necessary to Plaintiff's practice to shun Plaintiff. Plaintiff's calls to former clients, investment bankers, accountants, auditors, brokers,

4

financial printers and others – readily answered in the past – now go unreturned. Without the ability to interact with these persons, it is impossible to represent clients raising capital, perform securities law work, or pursue regulatory actions. Plaintiff previously maintained extraordinary relationships and was sought out by companies and these financial service providers for his skills, contacts, and expertise. The Defendants' acts caused a loss of relationships, referrals and terminations. Even his law firm colleagues, partners, associates and administrators with whom he worked for 10 years, have refused to work with him after reading Defendants' "hit pieces". New and old prospects and colleagues avoid his calls for fear they, too, will be the next one named in a salacious story, as occurred in August 2019, when Buhl insisted Plaintiff "has made statements in other court filings and in press reports that he does not think he is under SEC investigation. The new court filing could show otherwise" – an article in which Buhl included several other partner names to her story.

## II.  THE BARRONS ARTICLE AND THE BUHL BLOGS

8.      On October 4, 2018, Barrons published a bombshell online article that tied Plaintiff to numerous defendants in an SEC investigation of three public companies and over 20 defendants. The article prominently displayed the following false and defamatory headline:



MARKETS    FEATURE

# The Lawyer at the Center of SEC Pump-and-Dump Case

By Bill Alpert    October 4, 2018

Confidentiality is the cornerstone of a lawyer's integrity. Every client has the irrefutable right to seek confidential advice of counsel under the protections afforded by attorney-client privilege. Buhl implied or insinuated that the reason Plaintiff would have been left out of the SEC Action was that Plaintiff breached or was willing to breach the duty of confidence to his clients by assisting the SEC in prosecuting his own clients. By casting Plaintiff as an attorney who would turn in his clients, Buhl has soiled Plaintiff's reputation for confidentiality beyond repair without any factual support. In truth, at no time has Plaintiff been approached by any regulatory authority to serve as or act as a confidential informant or witness of any kind in the SEC investigation.

14. On August 20, 2019, Buhl prominently (and without consent) displayed Plaintiff's photograph in his law office in a blog entitled, "**SEC looking at New Names in Barry Honig Pump and Dump Scheme**". [https://www.teribuhl.com/2019/08/20/sec-looking-at-new-names-in-barry-honig-pump-and-dump-scheme-mgt-mbvx/]. In this blog, Buhl's big reveal was that the SEC had subpoenaed (from a defendant in the SEC Action) documents and communications with multiple persons, including three (3) attorneys with Plaintiff's old law firm, who over a decade had worked with Plaintiff on multiple assignments. Buhl noted that the SEC had had to file a motion to compel against one entity, MGT Capital. Kesner has never served as counsel for MGT. Buhl falsely stated that the motion to compel was evidence that the SEC intended or was taking action against Plaintiff, and reported it as so. Buhl singled out Plaintiff out of 20 names and stated that "Kesner has made statements in other court filings and in press reports that he does not think he is under SEC investigation." Buhl then knowingly misrepresented that the SEC's motion to compel "could show otherwise." No reading of

Plaintiff alleges the foregoing based upon personal knowledge, public statements of others, and records in his possession. Plaintiff believes that substantial additional evidentiary support, which is in the exclusive possession of Barrons, Alpert and Buhl, their sources (if any), and their agents and other third-parties, will exist for the allegations and claims set forth above after a reasonable opportunity for discovery.

Plaintiff reserves the right to amend this Complaint upon discovery of additional instances of the Defendants' defamation and wrongdoing.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Harvey J. Kesner respectfully requests the Court to enter Judgment against Barrons, Alpert and Buhl, jointly and severally, as follows:

A.     Compensatory damages in the amount of $20,000,000.00;

B.     Punitive damages in the amount of $5,000,000.00 as a result of the Defendants' specific intent to harm Plaintiff and the actual harm inflicted on Plaintiff;

C.     Prejudgment interest on the principal sum awarded to Plaintiff by the Jury from October 4, 2018 to the date of Judgment at the maximum rate allowed by law;

D.     Postjudgment interest at the maximum rate allowed by Florida law;

E.     Costs and such other relief as is just and proper.

## TRIAL BY JURY IS DEMANDED

DATED:     September 16, 2019

37

HARVEY J. KESNER


By:  /s/ Robert C. Buschel
       Robert C. Buschel, Esq.
       Florida Bar No. 0063436
       BUSCHEL GIBBONS, P.A.
       One Financial Plaza
       100 S.E. Third Avenue, Suite 1300
       Fort Lauderdale, Florida 33394
       Tele: (954) 530-5301
       **Buschel@BGlaw-pa.com**

       *Counsel for the Plaintiff*

       Steven S. Biss (VSB # 32972)
       300 West Main Street, Suite 102
       Charlottesville, Virginia 22903
       Telephone:     (804) 501-8272
       Facsimile:     (202) 318-4098
       Email:         **stevenbiss@earthlink.net**

       *Counsel for the Plaintiff*
       *(Application for Admission Pro Hac Vice*
              *To be Filed)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

Case No. 19-61370-CIV-SMITH/VALLE

HARVEY J. KESNER )
          )
       Plaintiff, )
          )
v. )       <u>Case No. 0:19-cv-61370-RS</u>
          )
          )
DOW JONES & COMPANY, INC. )
      d/b/a BARRON'S )
      <u>et al</u> )
          )
       Defendants. )
          )

## <u>DECLARATION OF HARVEY J. KESNER</u>

I, Harvey J. Kesner, state as follows, under penalty of perjury:

1.      I am over 21 years of age and otherwise competent to make this Declaration. I have personal knowledge of the statements contained herein based upon (a) documents and information in my possession and control, (b) my personal observations, memory, and experiences, (c) public information, articles, blogs, tweets, and statements by the Defendants on the Internet, and (d) documents known or reasonably believed to be in the possession, custody and control of others. The statements in this Declaration are true and accurate to the best of my knowledge, information and belief.

2.      I am the Plaintiff in this action. I reviewed my amended complaint before it was filed. I have also reviewed my memorandum in opposition to Defendants' motions

21

to dismiss for lack of personal jurisdiction, improper venue or to transfer, to which this

Declaration is attached.  I affirm that the facts stated in my amended complaint and in my

memorandum in opposition are truthful and accurate to the best of my knowledge and

belief.  Those facts are incorporated herein by reference.

3.      I make this Declaration in support of my memorandum in opposition to

Defendants' motions to dismiss for lack of personal jurisdiction, improper venue or

transfer.

Further the affiant saith not.

In accordance with 28 U.S.C. § 1746, I declare, certify, verify, and state under

penalty of perjury that the foregoing is true and correct.

Executed in Fort Lauderdale, Florida, on October 14, 2019.


_/s/_ _____
                    HARVEY J. KESNER

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                    :

HARVEY J. KESNER                  :

                                      :

      Plaintiff,                 :

                                      :

v.                                  :           Case 1:20-cv-03454-PAE

                                      :

                                      :

DOW JONES & COMPANY, INC.   :
    d/b/a BARRON'S et al       :

                                      :

      Defendants             :

_____x

# PLAINTIFF'S VERIFIED RULE 56.1(b) RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS

Plaintiff, Harvey J. Kesner ("Kesner"), by counsel, pursuant to Rule 56(c)(1) and of the Federal Rules of Civil Procedure, Local Civil Rule 56.1(b) of the United States District Court for the Southern District of New York, and § 3(H)(i) of the Court's Individual Practices, respectfully submits the following verified response to Defendant, Teri Buhl's ("Buhl") statement of material facts in support of her motion for summary judgment [*ECF No. 146*]:[1]

**Parties**

1.     Kesner is an attorney and a member of the State Bar of New York.

[Admitted].

---

[1]     Additional paragraphs containing separate, short and concise statements of additional material facts are included in bold immediately below each numbered paragraph of Kesner's response to Buhl's statement. Kesner Rule 56(c)(2) objections are duly noted. This Response is verified by Kesner in accordance with 28 U.S.C. § 1746.

15a. SEC Am Compl does not mention Kesner or SRFK in any manner. At the time she published the false statements in this case, Buhl did not know who or when Kesner and SRFK served as counsel for any person. For an approximate 2 year period prior to SRFK serving as counsel to MabVax, for example, the precise time in which the SEC Am Compl alleges improprieties at that company commenced, neither SRFK nor Kesner had any association with MabVax or the transactons involved in the allegations which at the time was known as Telik, Inc. and involved other representations by lawyers at other major national law firms, and not Kesner. Even during SRFK's representation, MabVax was represented by other counsel who handled all matters involving negotiations with the persons named in the SEC Am Compl. While Kesner performed routine securities and corporate work. Similarly, SRFK and Kesner had no association as counsel or otherwise to MGT until a significant time after the SEC alleges improper investments were made. Rather, attorney Jay Kaplowitz represented MGT during the period relevant to the SEC Action. Mr. Kaplowitz later joined SRFK but was directed by the executive committee to minimize contact and decline further representation. As for Biozone, during a significant period in question, after changing to Co-Crystal Pharma, for example, other counsel represented the company. Neither counsel Wesley Paul nor Defendant Buhl possesses first-hand knowledge of any of these dates or times, or the work done by a multitude of others, which demonstrates their actual malice, and to the extent that other cases have references these matters, Buhl and Paul fail to correctly cite those matters to the Court.

**V-E-R-I-F-I-C-A-T-I-O-N**

I am the Plaintiff in this action. I am over the age of 18 and I have personal knowledge of the matters stated above in this Rule 56.1 Response. I have reviewed the above Responses and I swear or affirm that the statements are truthful and accurate to the best of my knowledge and belief based upon documents and information in my possession and control, based upon my personal observations, memory, and experiences, and based upon documents produced in discovery by Defendant Buhl and the SEC.

In accordance with 28 U.S.C. § 1746, I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on August 30, 2021.

/s/ _Harvey Kesner_
HARVEY J. KESNER

24