# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION

                          Plaintiff,                    Case No. 1:18-cv-08175-ER

        v.


BARRY C. HONIG,
*et al.*


                          Defendants.
-------------------------------------------------------------x


**DEFENDANT ROBERT LADD'S RESPONSES AND OBJECTIONS TO THE SEC'S
FIRST SET OF INTERROGATORIES**

        Defendant Robert Ladd submits the following responses and objections to Plaintiff

Securities and Exchange Commission's (the "Commission's") First Set of Interrogatories.

**PRELIMINARY STATEMENT**

        1.      Defendant Ladd reserves the right at any time to revise, supplement, correct,

clarify, or add to his responses and objections, as the Defendant deems necessary and appropriate

and as additional facts are ascertained and information collected in the course of this litigation.

        2.      Defendant Ladd's responses and objections do not constitute an admission or

acknowledgement that any particular Interrogatory seeks relevant, non-privileged, or admissible

evidence, or that any statement or characterization of the facts, events, circumstances, or issues

described in the Interrogatories is relevant, accurate, or complete.

        3.      Defendant Ladd makes these responses and objections subject to, and without

1

waiving, all objections as to competence, relevance, materiality, propriety, privilege, authenticity, or admissibility, and any and all other objections on any grounds that may be applicable at a trial of this action or any other proceeding, all of which objections and grounds Defendant expressly reserves and may interpose at any time in this action or in any other proceeding.

## GENERAL OBJECTIONS

Defendant Ladd asserts the following objections to the Interrogatories in their entirety:

1.      Defendant objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek to expand upon or alter, or are inconsistent with, the Defendant's obligations under the Federal Rules of Civil Procedure, the Local Civil Rules, or other applicable law or rules or Orders entered in this matter. Defendant will respond to the Interrogatories to the extent required by the Federal Rules of Civil Procedure, the Local Civil Rules, other applicable law or rules, and the terms of the Court's Orders.

2.      Defendant objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information outside the time period relevant to this action, except as otherwise required by the Federal Rules of Civil Procedure.

3.      Defendant objects to the Interrogatories to the extent that they seek information publicly available or equally available to, or within the knowledge, possession, custody or control of the Commission.

4.      Defendant objects to the Interrogatories to the extent they seek information not relevant to any party's claims or defenses or that are not proportional to the needs of the case.

5.      Defendant objects to the Interrogatories to the extent they are overly broad, duplicative, unduly burdensome, ambiguous, vague, seek information that is not described with

reasonable particularity or accurately premised, lack a readily discernible meaning, or require the Defendant to speculate as to the information sought.

6.      Defendant objects to the Interrogatories to the extent that they seek information protected by any privilege, protection or immunity, including without limitation the attorney-client privilege, work product doctrine, deliberative process privilege, common interest privilege, confidential informant privilege, or law enforcement privilege. To the extent information that is protected from disclosure is inadvertently disclosed in response to the Interrogatories, such disclosure shall not constitute a waiver of any privilege or any other ground for objection with respect to such information or the subject matter thereof. Inadvertent disclosure of such information shall not waive Defendant's right to object to the use of such information during any subsequent proceeding, whether related to this case or not. Upon the Defendant's notification to the Commission of such inadvertent disclosure, or upon discovery thereof, the Commission shall refrain from using, sharing or disclosing such information.

7.      Defendant objects to the Interrogatories to the extent that they require the Defendant to respond by compiling, analyzing, computing, and/or summarizing voluminous data or information on the ground that they are unduly burdensome. The Defendant further objects to the Interrogatories to the extent that responding to them would entail unreasonable expense by the Defendant.

8.      Each of the General Objections above is incorporated into each of the Specific Responses and Objections below to the Interrogatories.

on that statement as a guarantee of some concrete fact or outcome" and therefore it cannot be

considered material for the claims alleged by the SEC.

Interrogatory No. 4
Identify the short seller who claimed that the MGT press release, issued May 9, 2016, contained a false statement, the nature of the falsity he identified, the date on which he made his claim, and the circumstances by which You became aware of his claim.

    Response to Interrogatory No. 4
    Ladd identifies the short-seller as Maj Soueidan at Geo Investing:

*https://geoinvesting.com/maj-soueidan-geoinvesting/*

    Geo Investing published two articles, one on May 18, 2016 and one on May 28, 2016 found online at *https://geoinvesting.com/mgt-capital-investments-mgt-stock-spike-gets-rude-awakening/*, https://medium.com/@DEFCON_2015/why-i-would-not-invest-in-mgt-capital-investments-inc-ffb9813df263 and MGT_SEC_00012409, which Ladd become aware of in or around their publish date through internet searches starting May 9, 2016 and communications with individuals associated with MGT.

Interrogatory No. 5
Identify the investors in Laddcap Value Partners III, LLC ("Laddcap III") from January 1 to December 31, 2014.

    Response to Interrogatory No. 5
- Michael S. Bukiet
- Kelly Holmes Trust
- Benjamin William Holmes Trust
- Sharon Denner Horowitz
- Kopin 1996 Dynasty Trust f/b/o Zachary Kopin
- Kopin 1996 Dynasty Trust f/b/o Joshua Kopin
- Laddcap Value Partners LP
- Phi Beta Capital, LLC

Interrogatory No. 6
Identify the investors in Laddcap Value Partners, LP ("Laddcap I"), at any time during the Relevant Period.

    Response to Interrogatory No. 6
- Robert Ladd
- Robert Ladd IRA
- Sharon Ladd
- Sharon Ladd IRA
- Dorothy Karpf IRA
- Nancy Karpf IRA

- Leonard Karpf IRA
- Residuary Trust u/w Henry Karpf 12/21/93
- Shirley Ladd
- Daniel Waxler
- Steven Ladd
- Steven Ladd IRA

Interrogatory No. 7
Identify each investor to whom Laddcap I or Laddcap III made a distribution of MGT stock during the Relevant Period.

   Response to Interrogatory No. 7
   - Laddcap Value Partners LP
   - Robert Ladd
   - Steven Ladd
   - Steven Ladd IRA

Interrogatory No. 8
Identify each investor to whom Laddcap I or Laddcap III made a distribution of money during the Relevant Period.

   Response to Interrogatory No. 8

   - Daniel Waxler
   - Michael Bukiet
   - Sharon Denner Horowitz
   - Phi Beta Capital, LLC
   - Dorothy Karpf, IRA

Dated:   November 23, 2020


                                        Respectfully submitted,


                                        FORD O'BRIEN, LLP



                                        Adam C. Ford, Esq.
                                        575 Fifth Ave, Fl. 17
                                        New York, NY 10017
                                        Tel: (212) 858-0040
                                        aford@fordobrien.com