# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION

        Plaintiff,        Case No. 1:18-cv-08175-ER

v.

BARRY C. HONIG,
*et al.*

        Defendants.
-------------------------------------------------------------x

## DEFENDANT ROBERT LADD'S RESPONSES AND OBJECTIONS TO THE SEC'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant Robert Ladd submits the following responses and objections to Plaintiff Securities and Exchange Commission's (the "Commission's") First Set of Requests for Admissions.

### PRELIMINARY STATEMENT

1. Defendant Ladd reserves the right at any time to revise, supplement, correct, clarify, or add to his responses and objections, as the Defendant deems necessary and appropriate and as additional facts are ascertained and information collected in the course of this litigation.

2. Defendant Ladd's responses and objections do not constitute an admission or acknowledgement that any particular Request seeks relevant, non-privileged, or admissible evidence, or that any statement or characterization of the facts, events, circumstances, or issues described in the Requests is relevant, accurate, or complete.

3. Defendant Ladd makes these responses and objections subject to, and without

waiving, all objections as to competence, relevance, materiality, propriety, privilege, authenticity, or admissibility, and any and all other objections on any grounds that may be applicable at a trial of this action or any other proceeding, all of which objections and grounds Defendant expressly reserves and may interpose at any time in this action or in any other proceeding.

## GENERAL OBJECTIONS

Defendant Ladd asserts the following objections to the Requests in their entirety:

1.      Defendant objects to the Requests, including the Definitions and Instructions, to the extent that they seek to expand upon or alter, or are inconsistent with, the Defendant's obligations under the Federal Rules of Civil Procedure, the Local Civil Rules, or other applicable law or rules or Orders entered in this matter. Defendant will respond to the Requests to the extent required by the Federal Rules of Civil Procedure, the Local Civil Rules, other applicable law or rules, and the terms of the Court's Orders.

2.      Defendant objects to the Requests, including the Definitions and Instructions, to the extent they seek information outside the time period relevant to this action, except as otherwise required by the Federal Rules of Civil Procedure.

3.      Defendant objects to the Requests to the extent that they seek information publicly available or equally available to, or within the knowledge, possession, custody or control of the Commission.

4.      Defendant objects to the Requests to the extent they seek information not relevant to any party's claims or defenses or that are not proportional to the needs of the case.

5.      Defendant objects to the Requests to the extent they are overly broad, duplicative, unduly burdensome, ambiguous, vague, seek information that is not described with

reasonable particularity or accurately premised, lack a readily discernible meaning, or require the Defendant to speculate as to the information sought.

6. Defendant objects to the Requests to the extent that they seek information protected by any privilege, protection or immunity, including without limitation the attorney-client privilege, work product doctrine, deliberative process privilege, common interest privilege, confidential informant privilege, or law enforcement privilege. To the extent information that is protected from disclosure is inadvertently disclosed in response to the Requests, such disclosure shall not constitute a waiver of any privilege or any other ground for objection with respect to such information or the subject matter thereof. Inadvertent disclosure of such information shall not waive Defendant's right to object to the use of such information during any subsequent proceeding, whether related to this case or not. Upon the Defendant's notification to the Commission of such inadvertent disclosure, or upon discovery thereof, the Commission shall refrain from using, sharing or disclosing such information.

7. Defendant objects to the Requests to the extent that they require the Defendant to respond by compiling, analyzing, computing, and/or summarizing voluminous data or information on the ground that they are unduly burdensome. The Defendant further objects to the Requests to the extent that responding to them would entail unreasonable expense by the Defendant.

8. Each of the General Objections above is incorporated into each of the Specific Responses and Objections below to the Requests.

Request for Admission No. 5
Admit that prior to May 9, 2016, You knew that McAfee had not sold his company to Intel for $7.6 billion.

    Response to Request for Admission No. 5
Defendant objects to this Request on the grounds that it is vague. Subject to and without waiving this objection, Defendant responds as follows. Defendant avers that prior to May 9, 2016, Defendant knew that McAfee had not sold his company to Intel for $7.6 billion. Defendant further avers that, as he testified, the language in the press release was intended to convey, not that McAfee personally sold his company to Intel for $7.6 billion, but that the company he founded was eventually sold to Intel for that amount. This correction was promptly made in a subsequent SEC filing.

Request for Admission No. 6
Admit that You told no one who reviewed the final draft of the MGT May 9, 2016 press release that McAfee had not sold his company to Intel for $7.6 billion.

    Response to Request for Admission No. 6
Defendant objects to this Request on the grounds that it is vague. Subject to and without waiving this objection, Defendant responds as follows. Defendant avers that he told no one who reviewed the final draft of the MGT May 9, 2016 press release that McAfee had not sold his company to Intel for $7.6 billion.

Dated:   November 23, 2020

    Respectfully submitted,

    FORD O'BRIEN, LLP

    */s/ Adam Ford*
    Adam C. Ford, Esq.
    575 Fifth Ave, Fl. 17
    New York, NY 10017
    Tel: (212) 858-0040
    aford@fordobrien.com