NCLfSECc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

         v.                              18 Cv. 8175 (ER)

BARRY C. HONIG, et al.,
                                         Telephone Conference
              Defendants.

------------------------------x
                                         New York, N.Y.
                                         December 21, 2023
                                         11:30 a.m.

Before:

                   HON. EDGARDO RAMOS,

                                         District Judge

                        APPEARANCES

JACK KAUFMAN
KATHERINE S. BROMBERG
     Attorneys for Plaintiff

FORD O'BRIEN LANDY LLP
     Attorneys for Defendant Ladd
BY:  ADAM C. FORD
     ANJULA PRASAD
```

1       (Case called; appearances noted)

2       THE COURT:  This matter is on for a conference as
3  scheduled, after I issued the last opinion granting, in part,
4  and denying, in part, the SEC's cross-motions.  I believe there
5  was a prior request for an extension or an adjournment of this
6  conference so that the SEC can determine how it wished to
7  proceed with this prosecution.

8       Mr. Kaufman, let me ask you, what have you decided?

9       MR. KAUFMAN:  We have made a decision or decisions,
10  and we've shared them with Mr. Ladd's counsel, and the parties
11  have conferred and agreed on a basic approach going forward and
12  a proposed schedule.

13       What the SEC has determined is to proceed only on the
14  claims that have won on summary judgment as described in your
15  Honor's September 29, 2023, summary judgment decision and to
16  proceed on relief on those claims by motion practice.  And
17  we've agreed with Mr. Ladd's counsel on a proposed briefing
18  schedule for that.

19       I'm happy to describe the specific claims we intend to
20  proceed on in more detail, if it pleases your Honor.

21       THE COURT:  Why don't you tell me what those are.

22       MR. KAUFMAN:  Okay.  And I'll have to say it with the
23  caveat that this is subject to correction if I'm either
24  overstating or understating the claims that the SEC prevailed
25  upon, but we believe that this is what your Honor has decided

1  on summary judgment where claims of the SEC won.
2          The SEC prevailed on its primary liability claims
3  against Mr. Ladd under Securities and Exchange Act, § 10(b),
4  and Securities Act, § 17(a)(2), the SEC's fifth and sixth
5  claims in its complaint, and more specifically on the following
6  four categories of claims:
7          The November 22, 2015 Etrade new account form claim;
8  the May 9, 2016, MGT press release regarding Mr. McAfee; the
9  May 26 form 144; and the May 31, 2016, form four.
10         So those are the fraud claims, the claims under SEC
11 claims five and six, that the SEC would proceed on.  In
12 addition, we intend to proceed on our Securities Act § 5
13 claims, which is our eleventh claim, both with respect to
14 Mr. Ladd's MGT stock sales in his own account and in his parent
15 account.
16         And finally, we intend to proceed on our Exchange Act,
17 § 16(a) and Rule 16(a)(3) claim, our 17th claim for relief
18 regarding the 25 stock purchases for which Mr. Ladd failed to
19 file forms for, that is from August 20 to October 2, 2015.
20         So those are the claims that we intend to proceed on
21 and to the relief by motion.
22         THE COURT:  Okay.
23         Mr. Ford.
24         MR. FORD:  Yes.  Thank you, your Honor.
25         So, yeah, we certainly haven't had the chance to

1   crosscheck Mr. Kaufman's statement, but they certainly sound --
2   and obviously our understanding is that the SEC plans to
3   proceed only on those claims in which it was successful in the
4   summary judgment motion and to not pursue any claims that were
5   not successful in your Honor's summary judgment motion and were
6   subject to continuing litigation and trial.
7            I think we agree that proceeding by way of briefing on
8   the remedy phase makes sense, and we've discussed a briefing
9   schedule we can get to in a moment.
10           The only comment that I'll raise for your Honor's main
11  consideration now or thoughts -- Mr. Kaufman and I did discuss
12  this; we agreed that future discussions were likely
13  appropriate, but I'll just flag it for the Court -- which is
14  that we had believed that given that the SEC has decided not to
15  go forward on the remaining claims, in order to keep the record
16  clean, we suggested that the SEC should, in some way, sort of
17  formally withdraw the claims and/or allegations with respect to
18  those parts that it did not win on, that way the record was
19  sort of clean in terms of there was a summary judgment.  The
20  SEC won those parts of it that it did, and with respect to
21  everything else, those claims are withdrawn -- or whatever the
22  proper terminology is -- to make sure that those allegations
23  are no longer in the record.
24           Mr. Kaufman said he sort of needed to take it under
25  advisement and speak internally.  I said that that was fine,

1  for the parties to confer on this point and come back to your
2  Honor with some sort of agreement or request for some sort of
3  judicial determination on just the practicality on how to
4  accomplish what we're all trying to accomplish.  I think we all
5  have the same goal.
6          THE COURT:  Okay.  Well, Mr. Kaufman, have you come to
7  a determination with respect to that issue?
8          MR. KAUFMAN:  No, your Honor.
9          I'm sorry.  We haven't -- that was a discussion we had
10 this morning, and I just haven't had time with that particular
11 issue to confer internally, and I will need to do that before
12 coming up with a position on that particular detail of exactly
13 what my client wants me to say or not say in terms of those
14 claims that we are not intending to pursue.
15         THE COURT:  Okay.
16         Very well.  I mean, I don't know that that needs to be
17 resolved at this point, but what is the schedule that you folks
18 have agreed upon?
19         MR. KAUFMAN:  Thank you, your Honor.
20         We thought the SEC was open with its position on
21 relief, and then Mr. Ladd responded and then the SEC would have
22 a reply, so we had the opening brief for February 23, 2024, the
23 opposition or response from Mr. Ladd March 22, 2024, and then
24 two weeks later for the SEC's reply, April 25, 2024.
25         THE COURT:  Any objection to that schedule, Mr. Ford?

NCLfSECc

1       MR. FORD:  No.  That's what we agreed upon.
2       THE COURT:  Okay.  That seems reasonable to me, so
3  we'll go ahead and -- what is the nature of the relief that
4  you'll be seeking in that motion, Mr. Kaufman?
5       MR. KAUFMAN:  Thank you, your Honor.
6       We would be seeking, against Mr. Ladd, injunctions
7  against future violations of the securities laws and rules that
8  we prevailed on on summary judgment, a civil money penalty -- I
9  should say penalties -- a public company officer and director
10 bar, and a bar prohibiting Mr. Ladd from participating in
11 offering a penny stock.
12      THE COURT:  Okay.  So we'll go ahead and put that
13 schedule on the docket.
14      And with that, is there anything else that we should
15 do today, Mr. Kaufman?
16      MR. KAUFMAN:  Not from the SEC, your Honor.
17      Thank you.
18      THE COURT:  Mr. Ford.
19      MR. FORD:  Nothing further from our side.
20      Thank you, your Honor.
21      THE COURT:  In that event, we are adjourned.
22      Happy holidays, everyone.
23      MR. FORD:  Happy holidays.
24      MS. PRASAD:  Happy holidays.
25      (Adjourned)